IN WITNESS WHEREOF, the undersigned have executed this First Amendment as of the date first set forth above.

GENERAL PARTNER:

Aspen Venture Management III, L.L.C.

By: _____

_____

SERIES A LIMITED PARTNERS:

_____

Name: Santa Clara University

By: ~~ROBERT D WARREN~~

VICE PRESIDENT FOR

Its: ADMINISTRATION AND FINANCE

_____

GDSVF&H#407448v8

IN WITNESS WHEREOF, the undersigned have executed this First Amendment as of the date first set forth above.

GENERAL PARTNER:

Aspen Venture Management III, L.L.C.

By: _____

_____

SERIES A LIMITED PARTNERS:

Name: Jeffery M. Nash & Kathleen L. Nash Trustees of the Jeffery M. Nash and Laura L. Nash Declaration of Trust Dated 3/18/80 As Ammended

By: _J. M. Nash E K. L. Nash_

Its: _Trustees_

IN WITNESS WHEREOF, the undersigned have executed this First Amendment as of the date first set forth above.

GENERAL PARTNER:                      SERIES A LIMITED PARTNERS:

Aspen Venture Management III, L.L.C.

By: _____        Name:  The Love Living Trust Agreement
                                      Dated March 9, 1983
    _____        By: _____

                                      Its: _____

IN WITNESS WHEREOF, the undersigned have executed this First Amendment as of the date first set forth above.

GENERAL PARTNER:                       SERIES A LIMITED PARTNERS:

Aspen Venture Management III, L.L.C.

                                       _____

By: _____            Name: Dean Witter, custodian for Joel
                                       Becker

    _____            By: _____

                                       Its: _____

IN WITNESS WHEREOF, the undersigned have executed this First Amendment as of the date first set forth above.

GENERAL PARTNER:

Aspen Venture Management III, L.L.C.

By: _____

_____

SERIES A LIMITED PARTNERS:

Name: James G. Bass

By: _James G. Bass_

Its: _____

IN WITNESS WHEREOF, the undersigned have executed this First Amendment as of the date first set forth above.

GENERAL PARTNER:

Aspen Venture Management III, L.L.C.

By: _____

_____

SERIES A LIMITED PARTNERS:

_____

Name:  Alexander P. Cilento

By: _____

Its: _____

IN WITNESS WHEREOF, the undersigned have executed this First Amendment as of the date first set forth above.

GENERAL PARTNER:

Aspen Venture Management III, L.L.C.

By: _____

_____

SERIES A LIMITED PARTNERS:

_____

Name: Venkatesh Family Living Trust

By: _____G . VENKATESH_____

Its: _____TRUSTEE_____

IN WITNESS WHEREOF, the undersigned have executed this First Amendment as of the date first set forth above.

GENERAL PARTNER:                        SERIES A LIMITED PARTNERS:

Aspen Venture Management III, L.L.C.

By: _____            Name:  CrossFire Ventures, LLC

_____                By: _John D. Dunning_

                                       Its: _General Manager_

IN WITNESS WHEREOF, the undersigned have executed this First Amendment as of the date first set forth above.

GENERAL PARTNER:                    SERIES A LIMITED PARTNERS:

Aspen Venture Management III, L.L.C.

_____

By: _____        Name:  Small 1988 Living Trust
                                    By: _____
_____
                                    Its: _Trustee_____

IN WITNESS WHEREOF, the undersigned have executed this First Amendment as of the date first set forth above.

GENERAL PARTNER:

Aspen Venture Management III, L.L.C.

By: _____

_____

SERIES A LIMITED PARTNERS:

*Pauline Lo Alker*

Name: Pauline Lo Alker

By: _PAULINE LO ALKER_

Its: _____

IN WITNESS WHEREOF, the undersigned have executed this First Amendment as of the date first set forth above.

GENERAL PARTNER:

Aspen Venture Management III, L.L.C.

By: _____

_____

SERIES A LIMITED PARTNERS:

Name: SandHill Capital Partners IV, LLC

By: _Tim Johnson_____

Its: _General Partner_____

IN WITNESS WHEREOF, the undersigned have executed this First Amendment as of the date first set forth above.

GENERAL PARTNER:                          SERIES A LIMITED PARTNERS:

Aspen Venture Management III, L.L.C.

By: _____            Name:  Robert L. Corey

   _____             By: _____

                                         Its: _____

IN WITNESS WHEREOF, the undersigned have executed this First Amendment as of the date first set forth above.

GENERAL PARTNER:

Aspen Venture Management III, L.L.C.

By: _____

_____

SERIES A LIMITED PARTNERS:

_____

Name: The Valorie Cook Carpenter Trust
Dated 7/29/97

By: _____

Its: _____

IN WITNESS WHEREOF, the undersigned have executed this First Amendment as of the date first set forth above.

GENERAL PARTNER:

Aspen Venture Management III, L.L.C.

By: _____

_____

SERIES A LIMITED PARTNERS:

_____

Name:  Henry I. Feir Living Trust

By: _____

Its: _____

IN WITNESS WHEREOF, the undersigned have executed this First Amendment as of the date first set forth above.

GENERAL PARTNER:

Aspen Venture Management III, L.L.C.

By: _____

_____

SERIES A LIMITED PARTNERS:

Name:  John M. and Linda C. Stedman
By: _____

Its: _____

IN WITNESS WHEREOF, the undersigned have executed this First Amendment as of the date first set forth above.

GENERAL PARTNER:                        SERIES A LIMITED PARTNERS:

Aspen Venture Management III, L.L.C.     _____

By: _____     Name: Harold V. Feeney

    _____     By: _____

                                         Its: _____

IN WITNESS WHEREOF, the undersigned have executed this First Amendment as of the date first set forth above.

GENERAL PARTNER:                              SERIES A LIMITED PARTNERS:

Aspen Venture Management III, L.L.C.

By: _____                  Name:  Jean A. Kovacs & Brooks Stough,
                                              as Community Property

_____                       By: _____

                                              Its: _____

IN WITNESS WHEREOF, the undersigned have executed this First Amendment as of the date first set forth above.

GENERAL PARTNER:

Aspen Venture Management III, L.L.C.

By: _____

_____

SERIES A LIMITED PARTNERS:

_____

Name:  Salvador A. Liccardo & Laura S. Liccardo FBO The Liccardo 1983 Trust

By: _____

Its: _____

IN WITNESS WHEREOF, the undersigned have executed this First Amendment as of the date first set forth above.

GENERAL PARTNER:

Aspen Venture Management III, L.L.C.

By: _____

_____

SERIES A LIMITED PARTNERS:

_____

Name:  Donald A. Lee & Amanada J. Lee,
Trustees of the *Lee Family Trust* UDT
dated March 16, 2001

By:  *Trustees*  _____

Its:  _____

IN WITNESS WHEREOF, the undersigned have executed this First Amendment as of the date first set forth above.

GENERAL PARTNER:

Aspen Venture Management III, L.L.C.

By: _____

_____

SERIES A LIMITED PARTNERS:

Name:  Allan R. Ferguson

By: _____

Its: _____

IN WITNESS WHEREOF, the undersigned have executed this First Amendment as of the date first set forth above.

GENERAL PARTNER:

Aspen Venture Management III, L.L.C.

By: _____

_____

SERIES A LIMITED PARTNERS:

*Eugene C. Y. Duh*

Name:  Eugene C.Y. Duh

By: _____

Its: _____

IN WITNESS WHEREOF, the undersigned have executed this First Amendment as of the date first set forth above.

GENERAL PARTNER:                    SERIES A LIMITED PARTNERS:

Aspen Venture Management III, L.L.C.

By: _____         Name: John R. Simoneaux
                                    By: _____
    _____         Its: _____

IN WITNESS WHEREOF, the undersigned have executed this First Amendment as of the date first set forth above.

GENERAL PARTNER:

Aspen Venture Management III, L.L.C.

By: _____

_____

SERIES A LIMITED PARTNERS:

_____

Name: John W. Ward

By: _John W. Ward_

Its: _____

IN WITNESS WHEREOF, the undersigned have executed this First Amendment as of the date first set forth above.

GENERAL PARTNER:                           SERIES A LIMITED PARTNERS:

Aspen Venture Management III, L.L.C.        *[signature: Donna L. Whitney]*

By: _____        Name: Donna L. Whitney Trust U/A DTD
                                            05/22/96
    _____
                                            By *[signature: Donna L. Whitney]*

                                            Its: *Trustee*

IN WITNESS WHEREOF, the undersigned have executed this First Amendment as of the date first set forth above.

GENERAL PARTNER:

Aspen Venture Management III, L.L.C.

By: _____

_____

SERIES A LIMITED PARTNERS:

_Samuel L. Delcamp_

Name: The Fuller Foundation

By: SAMUEL L. DELCAMP

Its: EXECUTIVE DIRECTOR

IN WITNESS WHEREOF, the undersigned have executed this First Amendment as of the date first set forth above.

GENERAL PARTNER:

Aspen Venture Management III, L.L.C.

SERIES A LIMITED PARTNERS:

By: _____

_____

Name:  Peter V. Kuhn

By: _____

Its: _____

IN WITNESS WHEREOF, the undersigned have executed this First Amendment as of the date first set forth above.

GENERAL PARTNER:

Aspen Venture Management III, L.L.C.

By: _____

_____

SERIES A LIMITED PARTNERS:

_____

Name:  The Louis & Jolene Cole 1988
Revocable Trust, Dated 11/7/88

By: _____ *Louis C. Cole* ___

Its: _____ *TRUSTEE* ___

IN WITNESS WHEREOF, the undersigned have executed this First Amendment as of the date first set forth above.

GENERAL PARTNER:

Aspen Venture Management III, L.L.C.

By: _____

_____

SERIES A LIMITED PARTNERS:

_Michael A. Volkema_

Name: Michael A. Volkema

By: _____

Its: _____

IN WITNESS WHEREOF, the undersigned have executed this First Amendment as of the date first set forth above.

GENERAL PARTNER:                    SERIES A LIMITED PARTNERS:

Aspen Venture Management III, L.L.C.

Name: Fairway Ventures

By: _____         By: _____

_____             Its: _____

## EXHIBIT B

## SECURITY AGREEMENT

In order to secure payment of all obligations of [_____] (the "Borrower") to [_____] (the "Pledgee"), under the promissory note dated [_____], 200_, in the original principal amount of [$_____.___] (the "Note"), Borrower hereby grants to Pledgee a security interest in that portion of Borrower's limited partnership interest in Aspen Ventures III, L.P., a Delaware limited partnership (the "Partnership"), purchased by Borrower from Pledgee, not including that portion of such purchased interest for which Borrower has made, or has assumed the obligation to make, capital contributions (such security interest, along with the assets described in Section 2 below shall collectively be referred to as the "Collateral").

Borrower shall hold the Collateral in accordance with the following terms and provisions:

1.    Rights and Powers.

(a)    As long as there exists no event of default under Section 5 of this Agreement, Borrower shall have the following rights:

(i)    The right to vote with respect to the Collateral;

(ii)    The right to sell the securities or other assets included in the Collateral, provided the proceeds of such sale shall become part of the Collateral;

(iii)    The right to direct investment of the proceeds of a sale of the securities or other assets included in the Collateral;

(iv)    The right at any time to pay in cash to Pledgee all or any portion of indebtedness evidenced by the Note, which payment shall be applied to the payment of the principal of the Note;

(v)    The right to withdraw any portion of the Collateral and thereby release it from the security interest hereunder, provided, however that no such partial withdrawal may be made if it would reduce the value of the remaining Collateral below one hundred thirty-five percent (135%) of the balance of the Note remaining unpaid after any payment made by Borrower. The value of the Collateral shall be calculated pursuant to the valuation provisions of the Partnership Agreement; and

(vi)    Notwithstanding Section 1(a)(v) above, the right to withdraw an amount of cash from the Collateral which may be necessary to satisfy any income tax liabilities arising out of ownership of the Collateral and/or the transaction generating the cash.

(b)    All proxy statements and other stockholder materials pertaining to the Collateral shall be delivered to Borrower at the address indicated below.

2.    Duty to Deliver.  Any new, additional or different securities or cash that are distributed to Borrower with respect to the Collateral including (i) any distribution by the Partnership, (ii) any stock dividend, stock split or reclassification of the capital stock of any corporation whose shares are secured hereunder or (iii) any merger, consolidation or other reorganization affecting the capital structure of any corporation whose shares are secured hereunder shall, upon receipt by Borrower, become part of the Collateral hereunder.

3.    Payment of Taxes and Other Charges.  Borrower shall pay out of the Collateral, prior to the delinquency date, all taxes, liens, assessments and other charges against the Collateral.

4.    Release of Collateral.  Provided that all indebtedness secured hereunder has at the time been paid in full or cancelled, the Collateral shall be immediately released from the security interest hereunder.

5.    Event of Default.

(a)    If the Note is not paid or satisfied on the date for payment set forth in the Note, such event shall constitute an event of default under this Agreement.  Upon the occurrence of such event of default, Borrower shall give the Collateral to Pledgee and Pledgee may, at its election, declare the Note to be immediately due and payable and may exercise any or all of the rights and remedies granted to a secured party under the provisions of the Uniform Commercial Code (as now or hereafter in effect), including (without limitation) the power to dispose of the Collateral by public or private sale or to accept the Collateral in full payment of the Note.

(b)    Any proceeds realized from the disposition of the Collateral pursuant to the foregoing power of sale shall be applied first to the payment of any income tax liabilities generated by such disposition, then applied to any reasonable expenses incurred by Pledgee in connection with the disposition, and finally to the payment of the Note.  Any surplus proceeds shall be paid over to Borrower.  In the event such proceeds prove insufficient to satisfy all obligations of Borrower under the Note, Borrower shall nevertheless have no further obligations under the Note.

6.    Applicable Law.  This Agreement shall be governed by and construed in accordance with the laws of the State of Delaware (except their choice-of-law provisions) and shall be binding upon the executors, administrators, heirs and assigns of the parties hereto.

7.    Arbitration.  Any controversy between the parties hereto involving the construction or application of any terms, covenants or conditions of this Agreement or the Note, or any claims arising out of or relating to this Agreement or the Note, or the breach hereof or thereof, will be submitted to and settled by final and binding arbitration in Palo Alto, California, in accordance with the rules of the American Arbitration Association then in effect, and judgment upon the award rendered by the arbitrator may be entered in any court having jurisdiction thereof.  In the event of any arbitration under this Agreement or the Note, the prevailing party shall be entitled to recover from the losing party reasonable expenses, attorneys' fees and costs incurred therein or in the enforcement or collection of any judgment or award rendered therein.  The "prevailing party" means the party determined by the arbitrator to have most nearly prevailed, even if such

party did not prevail in all matters, not necessarily the one in whose favor a judgment is rendered.

8.    <u>Severability</u>. If any provision of this Agreement is held to be invalid under applicable law, then such provision shall be ineffective only to the extent of such invalidity, and neither the remainder of such provision nor any other provisions of this Agreement shall be affected thereby.

9.    <u>Counterparts</u>. This Agreement may be executed in two or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

IN WITNESS WHEREOF, this Agreement has been executed by the duly authorized representatives of the parties effective as of the date first written above.

[BORROWER]

By:_____

Name:_____

Title:_____

Address:

Agreed to and Accepted by:

[PLEDGEE]

By:_____

Name:_____

Title:_____

Address:

## SCHEDULE OF SERIES B LIMITED PARTNERS

**General Partner**                                        Capital Commitment

Aspen Ventures Management III, L.L.C.                     $ _____
1000 Fremont Avenue, Suite 200
Los Altos, CA 94024


**Limited Partners**

                                                          $ _____


Total Limited Partners                                    $_____

Total All Partners

**EXHIBIT D**

**ASPEN VENTURES III, L.P.**
**SERIES B ADMISSION AND AMENDMENT AGREEMENT**

Pursuant to Paragraph 7.6 of the Aspen Ventures III, L.P. (the "Partnership") Amended and Restated Limited Partnership Agreement, dated as of August 20, 1999, a copy of which is attached hereto as Exhibit A (the "Agreement"), as amended by that certain First Amendment to the Agreement, dated as of the date hereof, a copy of which is attached hereto as Exhibit B (the "Amendment"), the undersigned, by execution and delivery hereof, agrees to become a Series B Limited Partner of the Partnership and agrees to be bound by all of the terms and conditions of, and makes the representations of the Limited Partners set forth in, the Agreement and the Amendment.

On the effective date of this Series B Admission and Amendment Agreement (this "Admission Agreement"), the Partnership and Aspen Ventures Management III, L.L.C., the general partner of the Partnership (the "General Partner"), agree forthwith to take all such other steps as may be necessary or desirable to admit the undersigned as a Series B Limited Partner of the Partnership and to effectuate fully the intent of this Admission Agreement. Notwithstanding the foregoing, the General Partner reserves the right to accept or deny all or any portion of any subscription for an interest in the Partnership by the undersigned Series B Limited Partner prior to the effective date of this Admission Agreement, and this Admission Agreement shall only become effective upon its execution by the General Partner. This Admission Agreement may be signed in one or more counterparts.

Pursuant to Section 2(k) of the Amendment, upon the effectiveness of this Admission Agreement, Schedule B of the Agreement shall be amended and restated in the form forth on Exhibit C.

IN WITNESS WHEREOF, this Admission Agreement is made and entered into as of April 1, 2002.

**SERIES B LIMITED PARTNER:**

REDLEAF GROUP, INC.

By: _____

Title: _____ CO - CEO

**GENERAL PARTNER:**

APSEN VENTURES III, L.P.
By: Aspen Ventures Management III, L.L.C.

By: _____
Managing Member

TAXPAYER ID NO.: 77 - 0552590

Limited Partner to complete the information required below:

The undersigned hereby executes this Admission Agreement on behalf of the Series B Limited Partner and represents as follows:

(i)   Is such Series B Limited Partner (a) an "employee benefit plan," as defined in Section 3(3) of ERISA, (b) a plan described in Section 4975(e)(1) of the Internal Revenue Code of 1986, as amended, or (c) an entity whose underlying assets include plan assets by reason of a plan's investment in such Series B Limited Partner?

_____ Yes    ✓ No

(ii)  Is such Series B Limited Partner (a) an employee benefit plan subject to Part 4 or Subtitle B of Title I of ERISA or (b) an entity whose underlying assets are considered "plan assets" of an employee benefit plan which is subject to Part 4 of Subtitle B of Title I of ERISA and which invested in such entity?

_____ Yes    ✓ No

By: _____

Title: _____ Co - CEO

## EXHIBIT A

Aspen Ventures III, L.P. Amended and Restated Limited Partnership Agreement

**See Tab 2**

EXHIBIT B

First Amendment to the Aspen Ventures III, L.P.
Amended and Restated Limited Partnership Agreement

**See Tab 8**

EXHIBIT C

Schedule B

## SCHEDULE OF SERIES B LIMITED PARTNERS

**General Partner**                                                    Capital Commitment

Aspen Ventures Management III, L.L.C.                           $151,515.15
1000 Fremont Avenue, Suite 200
Los Altos, CA 94024


**Limited Partners**

Redleaf Group, Inc.                                              $15,000,000.00


  Total Limited Partners                                         $15,000,000.00

  Total All Partners                                             $15,151,515.15