Gregory C. Nuti (Bar No. 151754)
Schnader Harrison Segal & Lewis LLP
One Montgomery Street, Suite 2200
San Francisco, CA 94104-5501
Telephone: 415-364-6700
Facsimile: 415-364-6785

Beverley Hazelwood Lewis
Trial Attorney, Office of General Counsel
U.S. Small Business Administration
409 3rd Street, S.W., Seventh Floor
Washington, D.C. 20416
Telephone (202) 205-6857
Facsimile (202) 481-0325

Attorneys for Plaintiff,
United States Small Business Administration
in its capacity as Receiver for Aspen Ventures III, L.P.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES SMALL BUSINESS ADMINISTRATION IN ITS CAPACITY AS RECEIVER FOR ASPEN VENTURES III, L.P., <br><br> Plaintiff, <br><br> vs. <br><br> REDLEAF GROUP, INC., <br><br> Defendants. <br><br><br> REDLEAF GROUP, INC., <br><br> Third-Party Plaintiff, <br><br> vs. <br><br> ASPEN VENTURES MANAGEMENT III, LLC, a Delaware Limited Liability Company, ALEXANDER P. CILENTO, a California resident, and DAVID CROCKETT, a California resident, and DOES 1-10, <br><br> Third-Party Defendants. | Case No. C07-05350 JW PVT <br><br> **JOINT CASE MANAGEMENT CONFERENCE STATEMENT** <br><br> Date: March 10, 2008 <br> Time: 10:00 a.m. <br> Location: <br> 280 South First Street, <br> Courtroom 8, 4th Floor <br> San Jose, CA <br> Judge: Honorable James Ware |

1

Plaintiff the United States Small Business Administration ("SBA") in its capacity as Receiver for Aspen Ventures III, L.P. ("Aspen Ventures"), defendant and third party plaintiff Redleaf Group, Inc. ("Redleaf"), and third party defendants Aspen Ventures Management III, LLC, a Delaware Limited Liability Company ("AVM"), Alexander P. Cilento ("Cilento"), and David Crockett ("Crockett")[1], hereby submit their Joint Case Management Conference Statement.

The SBA, as Receiver for Aspen Ventures, ("Receiver") initiated this action on October 19, 2007 against Redleaf seeking $10.6 million on account of an unpaid capital commitment ("Receiver Complaint"). Redleaf filed an answer to the Receiver Complaint on December 17, 2007 and at the same time filed a third party complaint against the 3rd Party Defendants seeking, among other things, indemnity ("3rd Party Complaint").

1. **Jurisdiction and Service**

   a. **ReceiverComplaint**

The basis for the Court's jurisdiction is 15 U.S.C. § 687c, the Small Business Investment Act of 1958 (the "Act") as implemented by 13 CFR Part 107 (the "Regulations"). The Court has jurisdiction over this action pursuant to 28 U.S.C § 1331, 15 U.S.C. §§ 687c and 687h, 28 U.S.C. §§ 754, 1692 and 1367 and the Stipulation for Consent Order of Receivership dated October 4, 2006 ("Consent Order) issued by this Court in the action captioned *United States of America v. Aspen Ventures III, L.P.* case number C06-04032 JW, pending in this Court ("Receivership Action"). Those causes which arise under the laws of the States of California and Delaware are pendent or ancillary causes under 28 U.S.C. § 1367 to the Receivership Action.

Venue is proper in the Northern District of California pursuant to 28 U.S.C. §1391 because Redleaf maintains offices, transacts business, or resides within the District. Venue is also proper pursuant to 28 U.S.C. § 754 as this action is ancillary to this Court's exclusive jurisdiction over the Receivership Estate.

---

[1] AVM, Crockett and Cilento are collectively referred to as the "3rd Party Defendants".

2
PHDATA 3064870_1                                                    JOINT CMC STATEMENT

**3rd Party Complaint**

The basis for the Court's jurisdiction is 28 U.S.C. § 1367(a). It is Redleaf's contention that this Court has the power to exercise supplemental subject matter jurisdiction here because Redleaf's claims against AVM, Cilento and Crockett share a common nucleus of operative fact with Receiver claims against Redleaf. Redleaf's Complaint does not raise novel or complex issues of State law and does not substantially predominate over Receiver's claims. This Court has not dismissed all claims over which it has original jurisdiction.

Venue is proper in the Northern District of California pursuant to 28 U.S.C. § 1391(a) and (c) because a substantial part of the events giving rise to this action occurred in this District and because AVM, Cilento and Crockett are subject to personal jurisdiction in this District.

Redleaf and the 3rd Party Defendants have been served. Redleaf filed its answer to the Complaint on December 17, 2007. The 3rd Party Defendants filed Consolidated Motion to Dismiss the 3rd Party Complaint which is noticed for hearing on April 14, 2008.

2.   **Allegations**

a.   **Receiver Complaint**

SBA is the Receiver for Aspen Ventures pursuant to the terms of this Court's Consent Order in the above referenced Receivership Action. The Receiver was appointed for the purpose of, among other things, investigating, preserving and pursuing claims of Aspen Ventures. The Complaint stems from Redleaf's failure to fulfill its $15 million capital commitment to Aspen Ventures. Redleaf paid $4.4 million of its obligation, leaving $10.6 million due and owing to the Receivership Estate. The Receiver has asserted breach of contract against Redleaf on account of the unfunded capital commitment.

b.   **Redleaf Group, Inc.'s Claims and Defenses**

Redleaf Group, Inc. asserts as a core claim that it was fraudulently induced to invest in Aspen Ventures by Aspen Ventures' principals, and the SBA regulatory officials. This fraudulent inducement claim forms the basis for Redleaf's primary defense against the

Receiver's claims, as well as providing a basis for recovering against the 3rd Party Defendants.

Redleaf alleges that 3rd Party Defendant AVM, the general partner of Aspen Ventures, Thaddeus J. Whalen, one of the general partner's managing members who is now deceased, and 3rd Party Defendants Cilento and Crockett, the general partner's surviving managing members, fraudulently induced Redleaf to enter into two agreements and invest millions of dollars into Aspen Ventures, an enterprise Third-Party Defendants knew was failing.  Redleaf further alleges AVM, Cilento, and Crockett breached the agreements in numerous ways, continued to conceal and misrepresent material facts, and breached their fiduciary duties to Redleaf.  For example:

    a.    critical evidence regarding the state of affairs of Aspen Ventures was intentionally withheld from Redleaf;

    b.    the true Aspen Ventures portfolio valuations were manipulated intentionally and by misuse of SBA's own regulatory reporting procedures;

    c.    critical information regarding an SBA examination report finding fault with Aspen Ventures' valuation procedures was withheld from Redleaf;

    d.    in response to direct questions regarding the health of the Aspen Ventures portfolio, Aspen Ventures managers repeatedly misrepresented the facts;

    e.    Aspen Ventures made no effort to raise additional capital from its existing investors despite direct representations to Redleaf that it would do so;

    f.    Aspen Ventures faced regulatory capital impairment at the time it solicited Redleaf's investment and could not survive without Redleaf's capital; and

    g.    Aspen Ventures created a legal structure in violation of SBA regulatory procedure, depriving Redleaf of an opportunity to participate in the management or even obtain critical information of Aspen Ventures' affairs.

Expanding on this last issue, 3d Party Defendants represented to Redleaf that Aspen Ventures would be divided into two series of investments (the "Series A Investments" and "Series B Investments").

The division of Aspen Ventures into Series A and Series B Investments was important to Redleaf because Redleaf believed the division would insulate Redleaf from risk associated with

1  the Series A Investments, which had been funded with Aspen Ventures' private capital and
2  leverage obtained from SBA before Redleaf's admission to Aspen Ventures.
3        Redleaf believed the division would insulate Redleaf from risk because this is what
4  Whalen, Cilento, and Crockett represented to Redleaf.  In essence, Whalen, Cilento, and
5  Crockett promised that Redleaf would not be forced to contribute its capital to support the
6  existing Series A Investments, or to make SBA whole should the Series A investments fail.
7        The Series A/Series B structure did not create the expected insulating effect.  Redleaf
8  contends the Series A/Series B structure further had the effect of assisting Whalen and the 3rd
9  Party Defendants in their wrongful actions because Whalen, Cilento, and Crockett had complete
10 de facto control of the valuation, purchase, sale, or other acquisition or disposition of both the
11 Series A and Series B Investments at all relevant times.
12       Redleaf alleges its managing members had no way to participate in decision-making and
13 valuations with regard to the Series A Investments, or the requests for and utilization of SBA
14 leverage that supported those investments.  Accordingly, Redleaf claims Whalen and the 3rd
15 Party Defendants were able to conceal the true state of the nature of the Series A investments.
16 Aspen Ventures suffered irreversible regulatory capital impairment, the SBA placed Aspen
17 Ventures into receivership.
18       Redleaf claims the SBA bears responsibility for the situation that Redleaf now finds itself
19 in.  Specifically, it is Redleaf's position that it was the responsibility of the SBA regulators to
20 oversee the actions of Aspen Ventures, Whalen, and the 3rd Party Defendants.  The SBA failed to
21 do so, and its failure to act ultimately assisted Whalen and the 3rd Party Defendants to commit
22 the wrongful acts against Redleaf discussed above.  Furthermore, SBA failed to follow its own
23 regulations and procedures in countenancing a methodology for valuing Aspen Ventures'
24 portfolio concerns which was inconsistent with those regulations and procedures.  Although
25 Redleaf has not brought a claim against the SBA based on the SBA's conduct, these facts
26 support Redleaf's defense of the SBA's claim for the $10.6 million unfunded commitment.
27       The 3rd Party Defendants and Receiver deny Redleaf's contentions as set forth above and
28 contend they contain new allegations and arguments, while misstating both facts and law.  The

5

Receiver is pursuing Redleaf on behalf of the receivership estate. The Receiver contends that any alleged claims against the SBA as regulator are barred by the Federal Tort Claims Act, 28 U.S.C. § 2680, et. seq. and as being derivative. *See United States of America v. Acorn Technologies,* 429 F.3d 438 (3rd Cir. 2005).

The 3rd Party Defendants assert that Redleaf's 3rd Party Complaint, and each cause of action alleged therein, is legally deficient as a matter of law. Thus, on February 26, they filed a Consolidated Motion to Dismiss pursuant to Rule 12(b)(6) to be heard on April 14, 2008. Moreover, 3rd Party Defendants believe the claims are factually without merit as well.

3.   **Legal Issues**

a.   **Receiver Complaint**

The Receiver asserts a breach of contract claim. Redleaf has denied liability, asserting numerous affirmative defenses, the essence of which is that Redleaf was fraudulently induced into agreeing to invest in Aspen Ventures. Although the claim is not novel, the regulatory framework within which it arises imposes restrictions and limits upon Redleaf's available defenses. Receiver intends to file a motion to strike a number of Redleaf's defenses based upon the Act, Regulations and other applicable authorities. The Receiver is coordinating with the other parties such its motion to strike may be heard at the same time as the 3rd Party Defendants' motion to dismiss, discussed below.

The Receiver also points out that the Consent Order provides that "[a]ll parties and prospective parties to any civil legal proceedings of any nature involving Aspen Ventures are enjoined from commencing or continuing any legal proceeding and further enjoined from taking any further action with respect to pursuing such claims until further order of this Court. Further, the Order Lifting Stay authorizing the Receiver Complaint did not authorize Redleaf to file the Third Party Complaint. Nor did Redleaf seek a modification of the Consent Order allowing the Third Party Complaint. Therefore, it is the Receiver's contention that Redleaf' filed its Third Party Complaint in violation of the Consent Order.

Redleaf generally denies the factual and legal assertions of the Plaintiff. Further, Redleaf asserts that the core legal issues in the defense of Receiver's claim are as follows:

Whether the Receiver's claim is barred by unclean hands. Redleaf asserts that Receiver stands in the shoes of the 3rd Party Defendants and Thaddeus Whalen, who engaged in various wrongful acts in conjunction with the Redleaf investment;

Whether the Receiver's claim is barred because Redleaf's investment was fraudulently induced by the 3rd Party Defendants and Thaddeus Whalen, with the SBA's assistance, unwitting or otherwise;

Whether the Receiver is estopped to seek the balance of the commitment given its actions, which assisted the 3rd Party Defendants and Thaddeus Whalen's wrongful conduct;

Whether Redleaf is entitled to rescind the contracts at issue due to SBA's and 3rd Party Defendants' wrongful conduct;

Whether various contractual defenses, including breach, performance, failure to perform conditions precedent, and failure to mitigate damages bars the claim.

**b. 3rd Party Complaint**

The legal issues involved in Redleaf's third-party complaint are:

Whether the 3rd Party Defendants breached the contracts and/or the implied covenant of good faith and fair dealing therein;

Whether the 3rd Party Defendants committed fraud, concealed, or negligently misrepresented facts;

Whether Redleaf is entitled to indemnity from the 3rd Party Defendants;

Whether Redleaf is entitled to declaratory relief; and

Whether the 3rd Party Defendants breached fiduciary duties owed to Redleaf.

The 3rd Party Defendants believe Redleaf's claims are legally deficient and factually without merit. Accordingly, the 3rd Party Defendants filed a motion to dismiss in response to the 3rd Party Complaint.

7

#### 4. **Motions**

The Receiver believes that a motion to strike certain of Redleaf's affirmative defenses, in conjunction with the 3rd Party Defendants' motion to dismiss, will greatly narrow the disputed issues. Plaintiff and 3rd Party Defendants will coordinate the filing of their motions for hearing by the Court on the same calendar.

Redleaf anticipates filing a motion for summary judgment directed at the Receiver's claim, as well as on its own claim against the 3rd Party Defendants.

#### 5. **Amendments of Pleadings**

The parties do not at this time anticipate any amendments to the pleadings, although the parties reserve their right to amend the pleadings based upon further information, investigation, or research.

#### 6. **Evidence Preservation**

Aspen Ventures is in receivership. Under the Consent Order, the 3rd Party Defendants turned over possession of Aspen Ventures' books and records to the Receiver. The Receiver has preserved the books and records it has received.

#### 7. **Disclosures**

The parties have agreed, subject to this Court's approval, to wait until after the parties engage in an early settlement conference under this Court's ADR program to exchange the disclosures required by Federal Rule of Civil Procedure 26. A proposed Stipulation and Order is filed herewith.

Redleaf Group, Inc. is cognizant of its duty to preserve evidence potentially relevant to this litigation, and has taken steps to ensure that no potentially relevant evidence is destroyed, whether that potentially relevant evidence be in hard copy or electronic form.

#### 8. **Discovery**

The parties will be better able to gauge the scope of discovery after the Court's rulings on the procedural motions. In addition, the parties have agreed to refer this matter to a Magistrate under this Court's ADR program after rulings on these motions. Until then, the

parties do not anticipate the need for formal discovery. The Parties believe that this Court should set a further Case Management Conference to take place 30 days after the judicial settlement conference, with a further Case Management Conference Statement to address discovery issues in more detail.

### 9. Class Action

This is not a class action.

### 10. Related Cases

This Court also presides over the Receivership Action. This Court has issued a related case order for the Receivership Action and Aspen Ventures West II receivership, case number C 06-04034. Both receiverships involve the same principals. However, no order has issued regarding whether the Receiver Complaint and 3rd Party Complaint are deemed "related" to the Receivership Action under the local rules as Judge Ware is already presiding over all the matters.

### 11. Relief Sought

The Receiver seeks money damages of $10.6 million against Redleaf based upon the amount of Redleaf's unfunded capital commitment. Redleaf has not asserted any affirmative claims against the SBA or the Receivership Estate.

Redleaf seeks a judgment that it is not liable on the Receiver's claim, and from the 3rd Party Defendants, damages according to proof, indemnity from the 3rd Party Defendants in the event it is found liable for the unfunded capital commitment and a declaratory judgment that the 3rd Party Defendants are obliged to fully indemnify Redleaf, its attorneys' fees and costs, prejudgment interest, and such other relief, including equitable relief, as this Court deems Redleaf is entitled.

### 12. Settlement and ADR

The Receiver and Redleaf engaged for almost a year in unsuccessful settlement negotiations prior to the filing of the Complaint. The allegations, issues and positions taken by the SBA as receiver and Redleaf during these negotiations are embodied in the current pleadings and will again be raised in the anticipated motions. It is hoped that rulings on the motions will

SCHNADER HARRISON SEGAL & LEWIS LLP
ONE MONTGOMERY STREET, SUITE 2200
SAN FRANCISCO, CA 94104-5501
TELEPHONE: 415-364-6700

change the dynamics such that the parties can engage in meaningful settlement negotiations. Therefore, the parties have agreed to submit this matter to a Magistrate for a judicial settlement conference pursuant to this Court's ADR Procedures after a ruling on the motions.

### 13. **Consent to Magistrate Judge for All Purposes**

The parties do not at this time consent to a Magistrate Judge for all purposes.

### 14. **Other References**

The parties do not at this time see a need for any other reference.

### 15. **Narrowing of Issues**

As set forth above, the parties believe rulings on the anticipated motions may narrow issues and position the parties for a meaningful ADR process.

### 16. **Expedited Schedule**

The parties do not at this time see a need for any expedited or streamlined procedures.

### 17. **Scheduling**

The parties propose the Court schedule a continued Case Management Conference sometime after the ruling on the parties' motions.

### 18. **Trial**

Plaintiff did not request a jury trial on claims asserted in the Complaint. Redleaf did not request a jury trial in its answer. Redleaf has requested a jury trial on claims asserted in the 3rd Party Complaint.

Receiver takes the position that Redleaf waived its right to jury trial on the claim Receiver brought against Redleaf. Redleaf disagrees with that position.

Redleaf for its part asserts that, although the jury demand is contained in the 3rd Party Complaint, and not the Answer, the jury demand relates to the same factual issues as does Redleaf's defense against the Receiver's claim. See Fed. R. Civ. P. 38(d). Redleaf asserts the demand should control not only to the same factual issues as against the 3rd Party Defendants, but against the Receiver as well. Accordingly, should Receiver persist in its position, Redleaf will bring an appropriate motion before the Court to address the issue.

For its part, Receiver believes the issue of jury trial waiver should be addressed only after the 3rd Party Defendants' motion to dismiss has been ruled upon.

19. **Disclosure of Non-Party Interested Entities or Persons**

The SBA as a federal agency is deemed to be a separate entity from SBA acting as Receiver for Aspen Ventures. The SBA, in its role as a federal agency, has contributed funds to Aspen Venture pursuant to the Act and Regulations. Like any of the other investors or creditors of Aspen Ventures, the SBA as a financial interest in the outcome of these proceedings because, ultimately, the purpose of the receivership action is to liquidate and marshal the assets of Aspen Ventures to satisfy the claims of creditors of the receivership estate.

Redleaf will have its Disclosure of Non-Party Interested Entities or Persons on file in advance of the case management conference.

**20.     Other Matters**

Redleaf and the 3rd Party Defendants have a dispute concerning their respective rights to contact John Kohler and Lloyd Mahaffey. Mr. Kohler is a current director of Redleaf and a managing member of AVM. Mr. Mahaffey is a former director and employee of Redleaf and a former managing member of AVM. Given the important ethical issue involved, and its implications for trial preparation, the parties ask the Court to address this issue now.

After this case was filed, counsel for 3rd Party Defendants attempted to conduct interviews with Messrs. Kohler and Mahaffey. Counsel for Redleaf advised Messrs. Kohler and Mahaffey of its position that Mr. Kohler's current fiduciary duties to Redleaf prevented him from providing assistance to 3rd Party Defendants, and Mr. Mahaffey was prevented by his fiduciary duties as a former director from assisting 3rd Party Defendants as to matters relating to his service as a Director of Redleaf. Redleaf's Counsel further informed Counsel for 3rd Party Defendants that Counsel were not to contact Mr. Kohler without consent, and requested Counsel not to contact Mr. Mahaffey.

AVM's position is that it and Redleaf are both entitled to the nonprivileged observations of witnesses involved in this litigation. *Triple A Machine Shop, Inc. v. State of California,* 213 Cal.App.3d 131, 143 (1989).   While Mr. Kohler is a director of Redleaf Group, Inc., he has

1  been barred from all meetings relating to the claim against AVM, apparently because of the
2  perceived conflict of interest arising from his role at AVM.  This means that there is no chance
3  that he might inadvertently provide litigation strategy or attorney-client privileged information
4  with respect to the case to counsel for AVM.  Mr. Mahaffey is no longer affiliated with Redleaf
5  in any capacity.  As Mr. Kohler is and Mr. Mahaffey was a managing member of AVM, the
6  advice of counsel for Redleaf chills AVM's counsel's ability to (i) represent his client and (ii)
7  learn the unprivileged information known by the past and present members of his client, who
8  may be important fact witnesses in their own right.

9  Counsel for Redleaf Group, Inc. does not represent its individual past or present
10 directors.  *La Jolla Cove Motel and Hotel Apartments, Inc. v. Superior Court*, 121 Cal.App.4th
11 773, 784 (2004) ("the individual shareholder or director cannot presume that corporation counsel
12 is protecting their interests. (Citations omitted.).")  Counsel for Redleaf has a conflict of
13 interest in advising either Mr. Kohler or Mr. Mahaffey with respect to this litigation, since they
14 are members of AVM, which is adverse to Redleaf.  The logical extension of Redleaf's advice is
15 that its counsel cannot contact Mr. Kohler, a current member of AVM, without AVM's consent.
16 This is an incongruous result.  The better view is that each counsel should be careful not to seek
17 privileged information from Mr. Kohler or Mr. Mahaffey, and that each should ensure that the
18 witnesses are aware that no party is seeking such information.  However, the witnesses may
19 freely discuss the underlying facts with either party as long as they do not disclose privileged
20 information.

21 Given the important ethical issue involved, and its implications for trial preparation,
22 AVM and Redleaf propose that Redleaf provide a letter to the Court expressing its views by
23 March 24, 2008, to which AVM will respond by April 7, 2008.  There would be no opportunity
24 for a reply.  The Court may then either hold a telephonic conference or issue a ruling without a
25 hearing.
26 ///
27 ///
28 ///

PHDATA 3064870_1                                                                    JOINT CMC STATEMENT

1  Dated: March 3, 2008                    SCHNADER HARRISON SEGAL & LEWIS LLP

2

3                                          By:  /s/ Gregory C. Nuti
                                               Gregory C. Nuti
4                                              Attorneys for Plaintiff, the United States
                                               Small Business Administration in its
5                                              capacity as Receiver for Aspen Ventures
                                               III, L.P.
6

7  Dated: March 3, 2008                    KIRKPATRICK & LOCKHART PRESTON
                                           GATES ELLIS LLP
8

9

10                                         By:  /s/ Matthew Ball
                                               Matthew Ball
11                                             Attorneys for Defendant and 3rd Party
                                               Plaintiff Redleaf Group, Inc.
12

13 Dated: March 3, 2008                    TAYLOR & COMPANY LAW OFFICES, LLP

14

15                                         By:  /s/ Jessica L. Grant
                                               Jessica L. Grant
16                                             Attorneys for 3rd Party Defendants David
                                               Crockett and Alexander Cilento
17

18 Dated: March 3, 2008                    COBLENTZ, PATCH, DUFFY & BASS, LLP

19

20                                         By:  /s/ William Orrick, III
                                               William Orrick, III
21                                             Attorneys for 3rd Party Defendant Aspen
                                               Ventures Management
22

23

24

25

26

27

28

SCHNADER HARRISON SEGAL & LEWIS LLP
ONE MONTGOMERY STREET, SUITE 2200
SAN FRANCISCO, CA 94104-5501
TELEPHONE: 415-364-6700

13