# EXHIBIT 1



ADR  E-filing

| | |
|---|---|
| 1  KEVIN V. RYAN (SBN 118321)<br>United States Attorney<br>2  JOANN M. SWANSON (SBN 88143)<br>Chief, Civil Division<br>3  EDWIN L. JOE (SBN 112328)<br>4  Special Assistant United States Attorney | ORIGINAL<br>FILED<br><br>JUN 2 9 2006<br><br>RICHARD W. WIEKING<br>CLERK, U.S. DISTRICT FOURT<br>NORTHERN DISTRICT OF CALIFORNIA<br>SAN JOSE |

5  455 Market Street, 6th Floor
   San Francisco, California 94105-2420
6  Telephone:  (415) 744-8494
7  Facsimile:  (202) 481-1810 or (415) 744-6812
   Email:      edwin.joe@sba.gov
8
   Attorneys for Federal Plaintiff
9

10           IN THE UNITED STATES DISTRICT COURT

11          FOR THE NORTHERN DISTRICT OF CALIFORNIA

12                      SAN JOSE DIVISION

13

14  UNITED STATES OF AMERICA,      )
15           Plaintiff,             )   C 06 - 04032
                                    )   Civil Case No.                JW
16       v.                         )
                                    )   Complaint for Receivership   HRL
17  ASPEN VENTURES III, L.P.        )   and Injunction
                                    )
18           Defendant.             )
                                    )
19                                  )

20
           COMPLAINT FOR RECEIVERSHIP AND INJUNCTION
21

22
        COMES NOW Plaintiff, the United States of America, on behalf of its agency, the
23
   United States Small Business Administration, and for its cause of action states as follows:
24
                    PARTIES, JURISDICTION, AND VENUE
25

26      1.   This is a civil action bought by the United States on behalf of its agency, the U.S.

27  Small Business Administration (hereinafter, "SBA," "Agency," or "Plaintiff"), whose central

28

COMPLAINT FOR RECEIVERSHIP AND INJUNCTION                                    1

1  KEVIN V. RYAN (SBN 118321)
   United States Attorney
2  JOANN M. SWANSON (SBN 88143)
   Chief, Civil Division
3  EDWIN L. JOE (SBN 112328)
4  Special Assistant United States Attorney

5     455 Market Street, 6th Floor
      San Francisco, California 94105-2420
6     Telephone:   (415) 744-8494
7     Facsimile:   (202) 481-1810 or (415) 744-6812
      Email:       edwin.joe@sba.gov
8
   Attorneys for Federal Plaintiff
9

10              IN THE UNITED STATES DISTRICT COURT

11            FOR THE NORTHERN DISTRICT OF CALIFORNIA

12                        SAN JOSE DIVISION

13

14 UNITED STATES OF AMERICA,       )
15        Plaintiff,                )
                                    )
16      v.                          )   Civil Case No. C06 – 04032 JW
                                    )
17 ASPEN VENTURES III, L.P.         )   Complaint for Receivership
                                    )   and Injunction
18        Defendant.                )
                                    )
19                                  )
                                    )
20

21          **COMPLAINT FOR RECEIVERSHIP AND INJUNCTION**

22
         COMES NOW Plaintiff, the United States of America, on behalf of its agency, the
23
   United States Small Business Administration, and for its cause of action states as follows:
24

25                    **PARTIES, JURISDICTION, AND VENUE**

26      1.    This is a civil action bought by the United States on behalf of its agency, the U.S.

27 Small Business Administration (hereinafter, "SBA," "Agency," or "Plaintiff"), whose central

28

   **COMPLAINT FOR RECEIVERSHIP AND INJUNCTION**                                          1

office is located at 409 Third Street, S.W., Washington, DC 20416. The Defendant has consented to the requested relief.

2. Jurisdiction is conferred on this Court pursuant to sections 308(d), 311, and 316 of the Small Business Investment Act, as amended; 15 U.S.C. §§ 687(d), 687c, 687h; the Small Business Act, 15 U.S.C. § 634(b)(1); and 28 U.S.C. § 1345.

3. Defendant, Aspen Ventures III, L.P. (hereinafter "Aspen III," "Licensee," or "Defendant"), is a Delaware limited partnership formed on or about November 10, 1998 that maintains its principal place of business at 1000 Fremont Avenue, Suite 200, Los Altos, California 94024. Venue is proper under 15 U.S.C. §§ 687(d), 687h and 28 U.S.C. § 1391(b).

## STATUTORY AND REGULATORY FRAMEWORK

4. The purpose of the Small Business Investment Act of 1958, as amended, (hereinafter the "Act") is to improve and stimulate the national economy, and small businesses in particular, by stimulating and supplementing the flow of private equity capital and long-term loan funds which small businesses need for sound financing of their operations and growth. 15 U.S.C. § 661.

5. Congress authorized the SBA to carry out the provisions of the Act and to prescribe regulations governing the operations of Small Business Investment Companies (hereinafter "SBIC"). 15 U.S.C. § 687(c). SBA duly promulgated such regulations, which are set forth at Title 13 of the Code of Federal Regulations, Part 107 (hereinafter the "Regulations").

6. An SBIC is a corporation, a limited liability company, or a limited partnership organized solely for the purpose of performing the functions and conducting the activities contemplated under the Act. 15 U.S.C. § 681(a). SBA is responsible for licensing SBICs. Id. at § 681(c).

COMPLAINT FOR RECEIVERSHIP AND INJUNCTION                                     2

7. An SBIC has the authority to borrow money, issue securities, promissory notes, or other obligations under such conditions and limitations as regulated by SBA. SBA is authorized to provide Leverage to SBICs through the purchase, or guarantee of payment, of debentures or participating securities issued by SBICs. 15 U.S.C. §§ 683(a) and (b).

8. Leverage provided to an SBIC in the form of Participating Securities is subject to the Regulations, including but not limited to the provisions of 13 C.F.R. §§ 107.1820-1850 and § 107.507. Section 107.1830 of the Regulations sets forth the maximum amount of capital impairment that an SBIC licensee may have based on the percentage of equity capital investments in its portfolio and its ratio of outstanding leverage to leverageable capital.

9. If an SBIC violates, or fails to comply with, any of the provisions of the Act or Regulations, all of its rights, privileges, and franchises may be forfeited and the company may be declared dissolved. 15 U.S.C. § 687(d).

10. Section 311 of the Act provides that if SBA determines that an SBIC licensee has engaged, or is about to engage, in any act or practices which constitute, or will constitute, a violation of the Act or Regulations, the SBA may seek, from the appropriate United States District Court, an order enjoining such act or practices, and upon a showing by the SBA that such licensee has engaged, or is about to engage, in any such act or practices, a permanent or temporary injunction, restraining order, or other order, shall be granted without bond. In addition, the Court is authorized to appoint SBA to act as receiver for such licensee. 15 U.S.C. § 687c.

**STATEMENT OF FACTS**

12. Paragraphs 1 through 11 are incorporated herein by reference.

**COMPLAINT FOR RECEIVERSHIP AND INJUNCTION**                             3

13. SBA licensed Defendant as an SBIC pursuant to 15 U.S.C. § 681(c) on or about September 16, 1999, under SBA License No. 0979-0420, solely to do business under the provision of the Act and the regulations promulgated thereunder.

14. Defendant's general partner is Aspen Ventures Management III, L.L.C.

15. Defendant's Limited Partnership Agreement acknowledges that Defendant was required at all times to be operated in accordance with the Act and Regulations.

16. In accordance with Section 303 of the Act, SBA provided funds to Defendant through the purchase and/or guaranty of Participating Securities, a form of Leverage, as those terms are defined under the Regulations, in the total principal amount of $41,800,000 as follows:

| Loan Number | Principal Balance | Date Disbursed | Rate |
|---|---|---|---|
| 0209151-00 | 6,600,000 | 11-29-1999 | 8.017 |
| 02029152-09 | 3,300,000 | 05-24-2000 | 7.449 |
| 02029153-07 | 3,300,000 | 08-02-2000 | 7.449 |
| 02029154-05 | 3,300,000 | 09-26-2000 | 6.640 |
| 02032951-06 | 2,500,000 | 02-27-2001 | 6.344 |
| 02032952-04 | 800,000 | 06-15-2001 | 6.344 |
| 02032953-02 | 1,500,000 | 08-29-2001 | 6.030 |
| 02032954-00 | 1,800,000 | 10-23-2001 | 6.030 |
| 02032955-09 | 3,300,000 | 01-30-2002 | 6.030 |
| 02032956-07 | 2,000,000 | 07-03-2002 | 5.199 |
| 02044551-08 | 1,250,000 | 10-15-2002 | 4.524 |
| 02032957-05 | 100,000 | 01-24-2003 | 4.524 |
| 02044552-06 | 900,000 | 02-12-2003 | 5.136 |
| 02044553-04 | 1,500,000 | 03-26-2003 | 5.136 |
| 02044554-02 | 850,000 | 10-03-2003 | 4.504 |
| 02048351-04 | 5,500,000 | 12-19-2003 | 4.504 |
| 02048352-02 | 3,300,000 | 06-04-2004 | 4.754 |
| | 41,800,000 | | |

**COMPLAINT FOR RECEIVERSHIP AND INJUNCTION**   4

17. To date, the entire principal balance of $41,800,000 of the Participating Securities remains outstanding.

18. Section 107.1830(c) of the Regulations requires that Defendant not have a condition of Capital Impairment of greater than 60%, as that term is defined under the Regulations.

19. Based on Defendant's financial statements (SBA Form 468) for the period ending September 30, 2004, SBA determined that Defendant had a condition of Capital Impairment, as that term is defined under the Regulations, of 123.19%.

20. By letter dated March 16, 2005, SBA notified Defendant that it was being placed in Restricted Operations, due to its condition of Capital Impairment, and that remedies pursuant to 13 C.F.R. § 107.1820(f) were being imposed. SBA gave Defendant an opportunity to cure its condition of Capital Impairment within fifteen (15) days from the date of that letter.

21. Defendant failed to cure its condition of Capital Impairment within the permitted time and, consequently, SBA transferred Defendant to liquidation status on April 19, 2005.

22. Based on Defendant's financial statements (SBA Form 468) for the period ending September 30, 2005, Defendant had a condition of Capital Impairment, as that term is defined under the Regulations, of 133.71%.

## COUNT ONE

### CAPITAL IMPAIRMENT

23. Paragraphs 1 through 22 are incorporated herein by reference.

24. To date, Defendant has failed to cure its condition of Capital Impairment, as defined under the Regulations, and the principal balance of $41,800,000 of Participating Securities purchased by the SBA remains outstanding.

COMPLAINT FOR RECEIVERSHIP AND INJUNCTION                                            5

25. Defendant's failure to cure its condition of Capital Impairment is non-compliance with the terms of its Leverage and a violation of §107.1830(b) of the Regulations.

26. Defendant's failure to cure its condition of Capital Impairment is nonperformance of the requirements of the Participating Securities as well as Defendant's Application for SBIC License and a violation of § 107.507(a) of the Regulations.

27. SBA has determined that Defendant is not in compliance with the terms of its Leverage due to its uncured condition Capital Impairment and, therefore, the Licensee is in violation of §§ 107.1830(b) and 507(a) of the Regulations.

28. As a consequence of Defendant's violation of §§ 107.1830(b) and 507(a) of the Regulations, the SBA is entitled to the injunctive relief provided under the Act, 15 U.S.C. §§ 687(d) and 687c, including the appointment of the SBA as Receiver of Defendant.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays as follows:

A. That this Court grant injunctive relief, both preliminary and permanent in nature, restraining Defendant, its managers, general partners, directors, officers, agents, employees, and other persons acting in concert or participation therewith from: (1) making any disbursements of Defendant's funds; (2) using, investing, conveying, disposing, executing, or encumbering in any fashion, any funds or assets of Defendant, wherever located; and (3) further violating the Act or the Regulations promulgated thereunder.

B. That this Court determine and adjudicate Defendant's non-compliance with and violation of the Act and the Regulations promulgated thereunder.

**COMPLAINT FOR RECEIVERSHIP AND INJUNCTION**  6

C. That this Court, pursuant to 15 U.S.C. § 687c, take exclusive jurisdiction of Defendant and all of its assets, wherever located, appoint the SBA as receiver of Defendant for the purpose of marshaling and liquidating the assets of Defendant and satisfying the claims of creditors as determined by the Court, and such other relief as contained in the Order filed simultaneously herewith.

D. That this Court grant such other relief as may be deemed just and equitable.

Respectfully submitted,

KEVIN V. RYAN
UNITED STATES ATTORNEY

Dated: June 29, 2006    By:    /s/ Edwin L. Joe
EDWIN L. JOE
SPECIAL ASSISTANT UNITED STATES ATTORNEY

Of Counsel:

BEVERLEY HAZLEWOOD LEWIS
TRIAL ATTORNEY
U.S. Small Business Administration
409 Third Street, S.W., Suite 7200
Washington, D.C. 20416
Phone (202) 619-1605
Fax (202) 481-0468

**COMPLAINT FOR RECEIVERSHIP AND INJUNCTION**                              7

C. That this Court, pursuant to 15 U.S.C. § 687c, take exclusive jurisdiction of Defendant and all of its assets, wherever located, appoint the SBA as receiver of Defendant for the purpose of marshaling and liquidating the assets of Defendant and satisfying the claims of creditors as determined by the Court, and such other relief as contained in the Order filed simultaneously herewith.

D. That this Court grant such other relief as may be deemed just and equitable.

Respectfully submitted,

KEVIN V. RYAN
UNITED STATES ATTORNEY

Dated: June 29, 2006   By: _____
EDWIN L. JOE
SPECIAL ASSISTANT UNITED STATES ATTORNEY

Of Counsel:

BEVERLEY HAZLEWOOD LEWIS
TRIAL ATTORNEY
U.S. Small Business Administration
409 Third Street, S.W., Suite 7200
Washington, D.C. 20416
Phone (202) 619-1605
Fax (202) 481-0468

COMPLAINT FOR RECEIVERSHIP AND INJUNCTION   7