# EXHIBIT 5

1  Gregory C. Nuti (Bar No. 151754)
   SCHNADER HARRISON SEGAL & LEWIS LLP
2  One Montgomery Street, Suite 2200
   San Francisco, CA 94104-5501
3  Telephone: 415-364-6700
   Facsimile: 415-364-6785
4
5  Beverley Hazlewood Lewis
   Trial Attorney, Office of General Counsel
   U.S. Small Business Administration
6  409 3rd Street, S.W., Suite 7200
   Washington, D.C. 20416
7  Telephone (202) 619-1605
   Facsimile (202) 481-0468
8
   Attorney for Plaintiff,
9  United States Small Business Administration in Its Capacity
   as Receiver for Aspen Ventures III
10

**E-FILING**

**ADR**

ORIGINAL FILED
OCT 19 2007
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

11                UNITED STATES DISTRICT COURT
12                NORTHERN DISTRICT OF CALIFORNIA
13                      SAN JOSE DIVISION

14  United States Small Business Administration in    Case No.:
    its capacity as Receiver for Aspen Ventures III,
15                                                    COMPLAINT  C07  05350 JW PVT
                  Plaintiff,
16
         vs.
17
    Redleaf Group, Inc.,
18
                  Defendant.
19

20

21

22       Plaintiff, the United States Small Business Administration ("SBA") in its capacity as

23  Receiver for Aspen Ventures III, L.P. ("Aspen Ventures") alleges as follows:

24                                  **PARTIES**

25       1.   SBA is the duly appointed receiver for Aspen Ventures ("Plaintiff" or "Receiver")

26  pursuant to the terms of that certain Stipulation for Consent Order of Receivership dated October

27  4, 2006 ("Consent Order) issued by this Court in the related action captioned *United States of*

28  *America v. Aspen Ventures III, L.P.* case number C06-04032 JW, pending in this Court

PHDATA 3019889_1                                                          COMPLAINT

1  ("Receivership Action"). A copy of the Consent Order is attached hereto as **Exhibit A** and incorporated herein by reference.

2.  The Receiver was appointed for the purpose of among other things pursuing claims and claimants of Aspen Ventures. The Receiver maintains its principal place of business at 666 11th Street N.W., Washington, D.C. 20001.

3.  Aspen Ventures is a limited partnership formed under the laws of the State of Delaware pursuant to that certain Amended and Restated Limited Partnership Agreement dated and effective as of August 20, 1999, as amended (the "Partnership Agreement"). A copy of the Partnership Agreement is attached hereto as **Exhibit B.**

4.  Defendant Redleaf Group, Inc. ("Redleaf") is a Delaware corporation with its principal place of business located at 650 Smithfield Street, Pittsburgh, Pennsylvania.

## JURIDICTION AND VENUE

5.  This action arises under 15 U.S.C. § 687c, the Small Business Investment Act of 1958 (the "Act") as implemented by 13 CFR Part 107 (the "Regulations") and related state statutes. The Court has jurisdiction over this action pursuant to the Consent Order, 28 U.S.C § 1331, 15 U.S.C. §§ 687c and 687h, 28 U.S.C. §§ 754, 1692 and 1367. Those causes which arise under the laws of the States of California and Delaware are pendent or ancillary causes under 28 U.S.C. § 1367 to the Receivership Action referred to in Paragraph 1 above.

6.  Venue is proper in the Northern District of California pursuant to 28 U.S.C. §1391 because the Defendants maintain offices, transact business, and reside within the District. Venue is also proper pursuant to 28 U.S.C. § 754 as this action is ancillary to this Court's exclusive jurisdiction over the Receivership Estate of Aspen Ventures.

## COMMON ALLEGATIONS

7.  Congress passed the Act to encourage the growth of small businesses by compensating for the difficulty they may have in obtaining financing from conventional lenders. To accomplish this objective, the Act authorizes the SBA to license Small Business Investment Companies ("SBICs") to provide capital to qualified small business concerns in strict conformance with the Act. The Act authorizes the SBA to prescribe regulations governing the

PHDATA 3019889_1                                                                                          COMPLAINT

1  operations of SBICs, 15 U.S.C.§ 687(c). SBA has exercised that authority and has promulgated
2  regulations reported in Part 107 of Title 13 of the Code of Federal Regulations (the
3  "Regulations").

4      8.    Under the Receivership Order and consistent with the Act and Regulations, this
5  Court has charged the Receiver with pursuing and preserving all claims of Aspen Ventures. The
6  Receiver has determined that certain of the acts and omissions described herein provide private,
7  civil causes of action in favor of Aspen Ventures.

8      9.    Aspen Ventures was formed for the purpose operating as a venture capital fund
9  licensed as a SBIC under the Act and the Regulations. Aspen Ventures at all relevant times
10 obtained and held U.S. Small Business Administration Small Business Investment Company
11 License No. 0979-0420.

12     10.    At all relevant times, Aspen Ventures Management III, LLC ("AVM") was a
13 Delaware limited liability corporation operating pursuant to the terms of that certain Second
14 Amended and Restated Limited Liability Company Agreement dated August 20, 1999 ("AVM
15 LLC Agreement"). AVM at all relevant times was Aspen Ventures' managing general partner.
16 The management and operations of Aspen Ventures, including without limitation, the
17 formulation of the investment policy vested exclusively in AVM, which authority was governed
18 and regulated by the Act and Regulations.

19     11.    On or about April 1, 2002, Aspen Ventures and AVM entered into that certain
20 First Amendment to Amended and Restated Limited Partnership Agreement. (First
21 Amendment"). A copy of the First Amendment is attached hereto as **Exhibit C**. Under the
22 terms of the First Amendment, Aspen Ventures and AVM agreed to admit Redleaf as a new
23 limited partner to Aspen Ventures in exchange for a capital contribution.

24     12.    On April 1, 2002, consistent with the terms of the First Amendment, Redleaf
25 executed and delivered to Aspen Ventures that certain Series B Admission and Amendment
26 Agreement ("Admission Agreement"). Under the terms of the Admission Agreement, Redleaf,
27 among other things, (1) agreed to become a Series B limited partner of Aspen Ventures; (2)
28 acknowledged and agreed to be bound by the terms of the Partnership Agreement and First

SCHNADER HARRISON SEGAL & LEWIS LLP
601 CALIFORNIA STREET, SUITE 1200
SAN FRANCISCO, CA 94108-2817
(415) 364-6700
FAX: (415) 364-6785

Amendment and (3) agreed to a capital commitment of $15,000,000 (Capital Commitment"). A copy of the Admission Agreement is attached hereto as **Exhibit D.**

13. Article III of the Partnership Agreement governs the terms by which the limited partners must make their capital contributions. Paragraph 3.2 of the Partnership Agreement provides that "[e]ach Limited Partner's Capital Commitment represents the aggregate amount of capital that such Partner has agreed to contribute to the Partnership in accordance with the terms hereof" and "each Limited Partner shall make additional capital contributions, in cash, to the Partnership, payable by wire transfer or check, upon fifteen (15) days' prior written notice from the General Partner (the "Drawdown Notice") at such time (the "Drawdown Date") and in such amount (the "Drawdown Amount") as shall be specified in the Drawdown Notice."

14. Paragraph 3.5(a) of the Partnership Agreement provides that "[t]he Partnership shall be entitled to enforce the obligations of each Partner to make the contributions to capital specified in this Article, and the Partnerships shall have all remedies available at law or in equity in the event any such contribution is not so made."

15. Pursuant to the terms of the Consent Order, the Receiver was authorized to operate Aspen Ventures, take possession of its books and records, and to pursue all of its claims.

16. The books and records contain information on the amount of the aggregate capital contributions made by each limited partner.

17. Based upon Aspen Ventures books and records, Redleaf owes Aspen Ventures an unfunded capital commitment balance of $10,600,000.

18. By letter dated May 9, 2007 the Receiver made demand upon Redleaf to pay its unfunded capital commitment of $10,600,000.

19. Redleaf has failed and refused to pay its unfunded capital commitment.

## COUNT I

## BREACH OF CONTRACT AGAINST REDLEAF GROUP, INC.

20. Plaintiff hereby refers to Paragraphs 1 through 19, inclusive, and by such reference hereby incorporates and re-alleges them herein.

21. On or about April 1, 2002, Redleaf entered into the Partnership Agreement, First Amendment and Admission Agreement (collectively "Agreements") with Aspen Ventures.

22. The Receiver and Aspen Ventures have performed all conditions, covenants and promises required of them under the Agreements, except where performance was prevented or excused by Redleaf's conduct.

23. Redleaf breached the terms of the Agreements by, among other things, failing and refusing to pay to Aspen Ventures the unfunded capital commitment balance of $10,600,000.00.

24. As the Receiver of Aspen Ventures, the Receiver has suffered damages legally caused by the Redleaf's breach of the Agreements as alleged herein, including, but not limited to monetary damages of not less than $10,600,000.00.

Wherefore, the Receiver prays for a judgment as set forth below.

///
///
///

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff asks this Court for a judgment in favor of the Plaintiff, as follows:

1. Judgment against defendant Redleaf in the principal amount of $10,600,000.00;
2. Awarding prejudgment and post-judgment interest against Redleaf;
3. Awarding the Plaintiff reasonable attorneys' fees and its costs; and
4. For such other and further relief as this Court deems just and proper.

Dated: October 18, 2007

SCHNADER HARRISON SEGAL & LEWIS LLP

By: _____
Gregory C. Nuti
Attorney for Plaintiff,,
United States Small Business
Administration in Its Capacity as Receiver
for Aspen Ventures III, L.P.

Dated: October 18, 2007

U.S. SMALL BUSINESS ADMINISTRATION

By: _____
Beverley Hazlewood Lewis
Office of General Counsel
Attorneys for Plaintiff,
United States Small Business
Administration in its capacity as Receiver
for Aspen Ventures III, L.P.

SCHNADER HARRISON SEGAL & LEWIS LLP
601 CALIFORNIA STREET, SUITE 1200
SAN FRANCISCO, CA 94108-2817
(415) 364-6700
FAX: (415) 364-6785