1  JESSICA L. GRANT (SBN 178138)
   NICHOLAS G. CAMPINS (SBN 238022)
2  TAYLOR & COMPANY LAW OFFICES, LLP
   One Ferry Building, Suite 355
3  San Francisco, California 94111
   Telephone:  (415) 788-8200
4  Facsimile:   (415) 788-8208
   E-mail: jgrant@tcolaw.com
5  E-mail: ncampins@tcolaw.com

6  Attorneys for Third-Party Defendants
   ALEXANDER P. CILENTO and
7  DAVID CROCKETT

8  [Additional Counsel on Signature Page]

9              UNITED STATES DISTRICT COURT

10          NORTHERN DISTRICT OF CALIFORNIA

11                SAN JOSE DIVISION

12

13  UNITED STATES SMALL BUSINESS           Case No.: C-07-05350 JW (PVT)
    ADMINISTRATION in its capacity as
14  Receiver for Aspen Ventures, III,       **REPLY OF THIRD-PARTY**
                                            **DEFENDANTS IN SUPPORT OF**
15          Plaintiffs,                     **MOTION TO DISMISS REDLEAF**
                                            **GROUP, INC.'S THIRD-PARTY**
16  v.                                      **COMPLAINT**

17  REDLEAF GROUP, INC.,                    **[FED. RULE CIV. PROC. 12(b)(6)]**

18          Defendant and Third-Party Plaintiff,   Date:  April 14, 2008
                                                   Time:  9:00 a.m.
19  v.                                             Place: Courtroom 8, 4th Floor

20  ASPEN VENTURES MANAGEMENT III,                 Honorable James Ware
    LLC, a Delaware Limited Liability Company,
21  ALEXANDER P. CILENTO, a California
    resident, and DAVID CROCKETT, a
22  California resident, and DOES 1-10,

23          Third-Party Defendants.

24

25

26

27

28

TAYLOR & CO.
LAW OFFICES, LLP

# TABLE OF CONTENTS

I.    INTRODUCTION ..................................................................................................... 1

II.   ARGUMENT ........................................................................................................... 2

    A.   NOTHING IN REDLEAF'S OPPOSITION CHANGES THE
        FACT THAT ITS CLAIMS ARE TIME BARRED ................................................ 2

        1.   Since Redleaf Had Both Actual Knowledge and Inquiry Notice of
             the Facts Giving Rise to Its Claims by March 2003, Its Purported
             "Discovery" of Additional Facts in 2007 Is Irrelevant ................................. 2

        2.   The Consent Order Does Not Toll Any of Redleaf's
             Claims Against Cilento and Crockett .......................................................... 3

        3.   None of Redleaf's Claims Is Subject to Equitable Tolling ........................... 4

        4.   Granting Leave to Amend Would be Futile .................................................. 6

    B.   REDLEAF'S FIFTH CAUSE OF ACTION FOR  EQUITABLE
        INDEMNITY SHOULD BE DISMISSED ............................................................ 6

    C.   REDLEAF'S SIXTH CAUSE OF ACTION FOR  DECLARATORY
        RELIEF CLAIM SHOULD BE DISMISSED ........................................................ 6

III.  CONCLUSION ........................................................................................................ 7

TAYLOR & CO.
LAW OFFICES, LLP

REPLY OF THIRD-PARTY DEFENDANTS IN SUPPORT MOTION TO DISMISS REDLEAF GROUP, INC.'S THIRD-PARTY COMPLAINT: CASE NO.  C-07-05350 JW (PVT)

1

## TABLE OF AUTHORITIES

2

3    <u>CASES</u>

4    *Bryant v. Bayhealth Med. Ctr.,*
          937 A.2d 118 (Del. 2007)....................................................................................... 4, 5
5
     *Esta Later Charters, Inc. v. Ignacio,*
6          875 F.2d 234 (9th Cir. 1989)..................................................................................... 5

7    *Huynh v. Chase Manhattan Bank,*
          465 F.3d 992 (9th Cir. 2006)..................................................................................... 6
8
     *In re Coca-Cola Enters., Inc. S'holders Litig.,*
9          2007 Del. Ch. LEXIS 147 (Del. Ch. 2007) ............................................................. 2

10   *In re Dean Witter Partnership Litig.,*
          1998 Del. Ch. LEXIS 133, * 23 (Del. Ch. 1998) ................................................... 2
11
     *In re Tyson Foods, Inc. Consol. S'holder Litig.,*
12         919 A.2d 563 (Del. Ch. 2007)................................................................................... 2

13   *Jablon v. Dean Witter & Co.,*
          614 F.2d 677 (9th Cir. 1980)..................................................................................... 6
14
     *Mergenthaler v. Asbestos Corp. of Am.,*
15         500 A.2d 1357 (Del. Super. 1985) ........................................................................... 6

16   *Pomeranz v. Museum Partners, L.P.,*
          2005 Del. Ch. LEXIS 10, * 47 (Del. Ch. 2005) .................................................. 4, 5
17
     *United States Cellular Inv. Co. v. Bell Atl. Mobile Sys.,*
18         677 A.2d 497 (Del. 1996)........................................................................................ 2

19   *Wilson v. King,*
          673 A.2d 1228 (Del. Super. 1996) ........................................................................... 5

20

21

22

23

24

25

26

27

28

ii.

TAYLOR & CO.
LAW OFFICES, LLP

# I.    **INTRODUCTION**

In addition to the arguments made in the opening brief regarding Redleaf Group Inc.'s ("Redleaf") actual knowledge of the "disastrous nature of the Aspen/Redleaf relationship" by early 2004, Redleaf was on inquiry notice of facts giving rise to its claims as early as April 2002. In its Opposition, Redleaf concedes that Delaware law governs the applicable statutes of limitations for the causes of action alleged in its third-party complaint.  Under Delaware law, which is more exacting than California law, once a party *suspects* wrongdoing it is on inquiry notice and must diligently investigate and file suit to protect its rights within the limitations period.  Here, Redleaf's third-party complaint establishes that it suspected and was on inquiry notice of the facts giving rise to its causes of action by March 2003.  *See, e.g.,* Third-Party Complaint, ¶¶ 36, 39.[1]  Redleaf's eleventh hour attempt to plead new facts in its Opposition regarding the purported "discovery" in 2007 of additional information regarding defendants' alleged wrongdoing is irrelevant.  Similarly, Redleaf's argument that the Court's October 4, 2006 Consent Order of Receivership ("Consent Order") in a related proceeding tolled its causes of action also lacks merit.  Opposition at pp. 9-10.  By its terms, the Consent Order does not apply to defendants Alexander P. Cilento ("Cilento") and David Crockett ("Crockett") who were sued as individuals and not in any capacity related to Aspen Ventures III ("Aspen").  Thus, as a matter of law, the Consent Order could not have tolled the statute of limitations as to either of these two defendants.  In addition, Redleaf was on inquiry notice of the facts giving rise to its claims against all third-party defendants as of March 2003, yet Redleaf failed to diligently pursue its rights as required by Delaware law.  Accordingly, Redleaf cannot now invoke the equitable tolling doctrine as a matter of law.

Because Redleaf's own allegations establish that by March 2003 it was on inquiry notice of the facts giving rise to its claims, and had actual knowledge of all such facts by June 30, 2004,

---

[1]  Redleaf has "withdrawn" its claim for equitable indemnity and has conceded that its declaratory relief action fails to the extent its other causes of action fail.  *See* Opposition at p. 2, n. 4 (equitable indemnity), p. 11 (declaratory relief).

1.

TAYLOR & CO.
LAW OFFICES, LLP

1  amendment would be futile and defendants' motion to dismiss should be granted without leave to

2  amend.

## II.    ARGUMENT

### A.    NOTHING IN REDLEAF'S OPPOSITION CHANGES THE FACT THAT ITS CLAIMS ARE TIME BARRED

#### 1.    Since Redleaf Had Both Actual Knowledge and Inquiry Notice of the Facts Giving Rise to Its Claims by March 2003, Its Purported "Discovery" of Additional Facts in 2007 Is Irrelevant

8    Redleaf attempts to stave off dismissal of its third-party complaint by claiming that it did

9  not "discover" the entire extent of defendants' alleged wrongdoing until 2007, at the time it

10  exchanged documents with the Small Business Administration ("SBA"). *See* Opposition at p. 6.

11  Redleaf's claim is contradicted by the allegations of the third-party complaint and therefore lacks

12  merit. Although the statute of limitations may be tolled when the defendant has fraudulently

13  concealed the wrongful act, "no theory will toll the statute beyond the point where the plaintiff

14  was objectively aware, or should have been aware, of facts giving rise to the wrong." *In re Tyson*

15  *Foods, Inc. Consol. S'holder Litig.*, 919 A.2d 563, 585 (Del. Ch. 2007); *see also In re Coca-Cola*

16  *Enters., Inc. S'holders Litig.*, 2007 Del. Ch. LEXIS 147, * 25 (Del. Ch. 2007) (same). Disclosure

17  of the exact contours of the alleged wrongful conduct is not required. *United States Cellular Inv.*

18  *Co. v. Bell Atl. Mobile Sys.*, 677 A.2d 497, 504 (Del. 1996) (finding notice from the public filings

19  and from failure to disclose certain interests in partnership meetings "sufficient to prompt

20  inquiry"); *see also In re Dean Witter P'ship Litig.*, 1998 Del. Ch. LEXIS 133, * 23 (Del. Ch.

21  1998) ("the limitations period begins to run when the plaintiff is objectively aware of the facts

22  giving rise to the wrong, *i.e.*, on inquiry notice").

23    Here, the third-party complaint alleges that Redleaf "*discovered* irregularities and

24  problems at Aspen in 2002-2003." *Id.* at ¶ 36 (emphasis added). In addition, the complaint

25  alleges that during that same time period, Redleaf "*discovered* that Aspen II was capitally

26  impaired." *Id.* (emphasis added). The complaint further establishes that "Redleaf was so

27  concerned that it brought the irregularities and problems to AVM's attention, and subsequently to

28

2.

TAYLOR & CO.
LAW OFFICES, LLP

REPLY OF THIRD-PARTY DEFENDANTS IN SUPPORT MOTION TO DISMISS REDLEAF GROUP, INC.'S THIRD-PARTY COMPLAINT: CASE NO. C-07-05350 JW (PVT)

1   the SBA." *Id.* So great was Redleaf's knowledge of "problems and irregularities" at Aspen that,

2   in March 2003 it sought a release from its capital commitment which, although approved by the

3   SBA, was ultimately rejected by Redleaf's own board of directors. *Id.*

4         The allegations pleaded in the third-party complaint unequivocally establish that by March

5   2003, Redleaf had inquiry notice of the facts giving rise to defendants' alleged wronging. Indeed,

6   the gravamen of Redleaf's third-party complaint is Aspen's capital impairment, which Redleaf

7   itself discovered in *April 2002*. Notwithstanding clearly being on inquiry notice by March 2003,

8   Redleaf had actual knowledge of the "disastrous nature of the Aspen/Redleaf relationship" by

9   early 2004, and in June 2004 knew that Aspen was in a condition of "incurable regulatory capital

10  impairment" which caused the SBA to place Aspen "in liquidation status." *See* Third-Party

11  Complaint at ¶¶ 36, 39 and 41.

12        Nevertheless, Redleaf took no action to pursue its legal rights until well after the statute of

13  limitations had expired. Because Redleaf was on inquiry notice of the facts giving rise to

14  defendants' wrongdoing by March 2003, and had actual knowledge of the facts giving rise to its

15  claims by June 30, 2004 (*at the latest*), its purported "discovery" of additional facts in 2007

16  related thereto is irrelevant. Thus, Redleaf's request for leave to amend its third-party complaint

17  would be futile and should be denied.

18          **2.**    **The Consent Order Does Not Toll Any of**

19                **Redleaf's Claims Against Cilento and Crockett**

20        Redleaf argues that Paragraph 7 of the Consent Order tolled its causes of action from

21  October 4, 2006 to October 3, 2007, the date on which the Court entered a modified order that

22  allowed the SBA to file suit against Redleaf. Redleaf's reliance on the Consent Order to rescue its

23  time barred claims is misplaced. Paragraph 7 of the Consent Order only applies when a party

24  wishes to maintain or commence a civil proceeding that involves "the Licensee [Aspen], the

25  Receiver, or any of the Licensee's [Aspen's] past or present officers, directors, managers, agents,

26  or general or limited partners *sued for, or in connection with, any action taken by them while*

27  *acting in such capacity* of any nature." *Id.* (emphasis added). *A fortiori*, the Consent Order

28

                                 3.

REPLY OF THIRD-PARTY DEFENDANTS IN SUPPORT MOTION TO DISMISS REDLEAF GROUP, INC.'S THIRD-PARTY COMPLAINT: CASE NO. C-07-05350 JW (PVT)

1   establishes that it does not apply to persons sued for, or in connection with, actions taken in their

2   capacity as "officers, directors, managers, agents, or general or limited partners" of corporate

3   entities *other than* Aspen.

4        As alleged in the first paragraph of Redleaf's third-party complaint, defendants Cilento and

5   Crockett were sued for actions allegedly taken by them while acting in their capacity as

6   "managing members" of AVM, *a corporate entity that is entirely distinct from Aspen and that is*

7   *not in receivership*. *See* Third-Party Complaint at ¶¶ 1, 8. Although Cilento and Crockett were

8   limited partners in the sense that they personally invested in Aspen, they were not sued in that

9   capacity, nor could they have been as a matter of law because, pursuant to Section 7.1 of the LP

10  Agreement, only AVM, as the "General Partner," had authority to perform *any* act on behalf of

11  Aspen.[2]

12       Because the Consent Order does not apply to Cilento and Crockett, the statute of

13  limitations was not tolled as to any of the claims alleged by Redleaf against them. Accordingly,

14  Redleaf's claims against defendants Cilento and Crockett are time barred and should be dismissed

15  without leave to amend.

16       **3.    None of Redleaf's Claims Is Subject to Equitable Tolling**

17       Redleaf contends that the applicable statutes of limitations should be equitably tolled by

18  the Court's Consent Order. However, the doctrine of equitable tolling does not apply here.

19  Redleaf failed to diligently pursue its claims against defendants. Since a prerequisite to equitable

20  tolling under Delaware law is that a party diligently exercise its legal rights, Redleaf's claims

21  cannot be equitably tolled as a matter of law. *See Bryant v. Bayhealth Med. Ctr.*, 937 A.2d 118;

22  123 n. 13 (Del. 2007); *Pomeranz v. Museum Partners, L.P.*, 2005 Del. Ch. LEXIS 10, * 47 (Del.

23  Ch. 2005). As noted above, Redleaf alleges that it "*discovered* irregularities and problems at

24

25

26

27

---

[2]  Section 7.1 of the LP Agreement provides that "[t]he General Partner shall have the sole and exclusive right to manage, control, and conduct the affairs of the Partnership and to do *any and all acts* on behalf of the Partnership." *See* Declaration of Jessica L. Grant in Support of Motion to Dismiss ("Grant Decl."), Exhibit A at § 7.1 (emphasis added).

28

4.

TAYLOR & CO.
LAW OFFICES, LLP

REPLY OF THIRD-PARTY DEFENDANTS IN SUPPORT MOTION TO DISMISS REDLEAF GROUP, INC.'S THIRD-PARTY COMPLAINT: CASE NO. C-07-05350 JW (PVT)

1   Aspen in 2002-2003" and that it "*discovered* that Aspen II was capitally impaired." *See* Third-

2   Party Complaint at ¶ 36 (emphasis added).  So concerned was Redleaf about Aspen's capital

3   impairment and other problems and irregularities, that it sought a release from its capital

4   commitment in March 2003.  *Id.*  The statute of limitations therefore began to run by early 2003,

5   and Redleaf was required to pursue its legal rights diligently from that time forward and to file its

6   claims before the statutes of limitations expired in early 2006.  *See Pomeranz*, 2005 Del. Ch.

7   LEXIS 10 at * 47  ("*Once a plaintiff is on notice of facts that ought to make her suspect*

8   *wrongdoing, she is obliged to diligently investigate* and to file within the limitations period as

9   measured from that time") (emphasis added); *cf. Esta Later Charters, Inc. v. Ignacio*, 875 F.2d

10  234, 239 n. 11 (9th Cir. 1989).

11          Under Delaware law, the diligence element of the *narrow* equitable tolling exception to the

12  statute of limitations requires much more substantial action than sitting idly by while the statute of

13  limitations runs.  *See, e.g., Bryant*, 937 A.2d at 124  (holding that because a plaintiff "put the

14  judicial machinery in motion" by timely filing a complaint, the statute of limitations was tolled

15  even thought the filing was procedurally incorrect).  At a minimum, Redleaf was required to "put

16  the judicial machinery in motion" before the statute of limitations lapsed in early 2006.  *Bryant*,

17  937 A.2d 118, 124.

18          *Wilson v. King*, the second authority cited by Redleaf in support of its contention that its

19  claims should be equitably tolled, is inapposite.  673 A.2d 1228 (Del. Super. 1996).  There, the

20  plaintiff, a *pro se* litigant, arrived at the courthouse at 3:30 p.m. with the intent to file a complaint

21  on the date the statute of limitations was set to expire.  Plaintiff's friend, an out of state lawyer,

22  was en route to help her file the complaint, but got lost and then delayed in traffic and did not

23  arrive at the courthouse until 5:30 p.m.  While en route to the courthouse, the friend phoned the

24  clerk of the court, who failed to advise him regarding the procedure for after hours filings.  The

25  plaintiff filed her complaint on the next court day.  *Id.* at 1229-30, 1231-32.  The court found that

26  under these extraordinary circumstances, the plaintiff acted with due diligence.  *Id.* at 1232-33.

27          In contrast to the *pro se* plaintiff in *Wilson*, Redleaf is a sophisticated corporate entity,

28

5.

REPLY OF THIRD-PARTY DEFENDANTS IN SUPPORT MOTION TO DISMISS REDLEAF GROUP, INC.'S THIRD-
PARTY COMPLAINT: CASE NO. C-07-05350 JW (PVT)

1  represented by able counsel, that sat by for years when it could have sued the defendants. When

2  compared to the circumstances in *Wilson* and the other relevant Delaware authority concerning the

3  diligence prerequisite, it is clear Redleaf failed to act diligently in asserting its rights.[3]

4  **4.    Granting Leave to Amend Would be Futile**

5       As noted above, Redleaf's causes of action for breach of contract, breach of the implied

6  covenant of good faith and fair dealing, fraud, negligent misrepresentation, breach of fiduciary

7  duty and conspiracy to commit fraud are all time barred under Delaware law. Similarly, as shown

8  above, because Redleaf had suspected facts sufficient to put it on inquiry notice by early 2003, and

9  had actual knowledge by June 2004, the time barred causes of action should all be dismissed

10  without leave to amend. *See Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 997 (9th Cir. 2006);

11  *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980).

12  **B.    REDLEAF'S FIFTH CAUSE OF ACTION FOR
        EQUITABLE INDEMNITY SHOULD BE DISMISSED**

13

14       Redleaf concedes that it failed to plead the requisite elements for equitable indemnity and

15  has withdrawn this claim. *See* Opposition at p. 2, n.4. The Court should therefore dismiss

16  Redleaf's claim for equitable indemnity without leave to amend.

17  **C.    REDLEAF'S SIXTH CAUSE OF ACTION FOR
        DECLARATORY RELIEF CLAIM SHOULD BE DISMISSED**

18

19       Redleaf concedes that if its other claims are dismissed, its declaratory relief action must be

20  dismissed as well. *See* Opposition at p. 11. Because Redleaf's declaratory relief claim is wholly

21

22  _____

23  [3] The other Delaware authority cited by Redleaf does not support its assertion that it acted diligently under Delaware law. In *Mergenthaler v. Asbestos Corp. of Am.*, 500 A.2d 1357, 1360 (Del. Super. 1985), plaintiff argued that court-imposed discovery stays tolled the statute of limitations so as to make the filing of the action against the defendant corporation timely. *Id.* at 1362. The court noted that such a stay may result in a tolling of the statute of limitations where it prevents a plaintiff from discovering the identity of an otherwise "unknowable defendant." *Id.* at 1365. However, the court found that the plaintiff had not supported the proposition that the stays prevented discovery of the identity of the corporation as a defendant and found that despite the court-imposed stay, because the plaintiff had access to the information concerning the defendant corporations identity, the statute of limitations barred his claim as to the company. *Id.*

24

25

26

27

28

REPLY OF THIRD-PARTY DEFENDANTS IN SUPPORT MOTION TO DISMISS REDLEAF GROUP, INC.'S THIRD-PARTY COMPLAINT: CASE NO. C-07-05350 JW (PVT)

1  derivative, and Redleaf has failed to allege any other cause of action, its declaratory relief claim

2  also fails and should be dismissed without leave to amend.

3                              III.    **CONCLUSION**

4          For the foregoing reasons, defendants respectfully request that their consolidated motion to

5  dismiss be granted, without leave to amend, as to each cause of action in Redleaf's third-party

6  complaint.

7

8  Dated: March 31, 2008                    Respectfully submitted,

9                                           TAYLOR & COMPANY LAW OFFICES, LLP

10

11

12                                          By: _____/s/ Jessica L. Grant_____
                                                    Jessica L. Grant

13                                          Attorneys for Third-Party Defendants
                                            ALEXANDER P. CILENTO and DAVID CROCKETT

14

15                                          COBLENTZ, PATCH, DUFFY & BASS LLP

16

17

18                                          By: _____/s/ William H. Orrick, III_____
                                                    William H. Orrick, III

19                                          Attorney for Third-Party Defendant
                                            ASPEN VENTURES MANAGEMENT, III

20

21                                          WILLIAM H. ORRICK, III (SBN 113252)
                                            COBLENTZ, PATCH, DUFFY & BASS LLP

22                                          One Ferry Building, Suite 200
                                            San Francisco, California 94111

23                                          Telephone: (415) 391-4800
                                            Facsimile: (415) 989-1663

24                                          E-mail: who@cpdb.com

25

26

27

28

                                            7.

TAYLOR & CO.
LAW OFFICES, LLP

REPLY OF THIRD-PARTY DEFENDANTS IN SUPPORT MOTION TO DISMISS REDLEAF GROUP, INC.'S THIRD-PARTY COMPLAINT: CASE NO. C-07-05350 JW (PVT)