# EXHIBIT A

## Nicholas Campins

| | |
|---|---|
| **From:** | Nicholas Campins |
| **Sent:** | Tuesday, April 29, 2008 10:32 AM |
| **To:** | Matthew G. Ball; deirdre.digrande@klgates.com |
| **Cc:** | William H. Orrick III; Jessica Grant |
| **Subject:** | Aspen Matter: Stipulation re Notice of Supplemental Authority |
| **Attachments:** | Platt Elec. Supply, Inc. v. EOFF Elec., Inc. --- f.3d. ---.pdf |

Counsel:

The Ninth Circuit recently issued an opinion, *Platt Elec. Supply, Inc. v. EOFF Elec., Inc.*, ---F.3d---, 2008 WL 1722882 (9th Cir. 2008) (copy attached), which is relevant to the Court's consideration of third-party defendants' currently-pending motion to dismiss brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The opinion was filed the day after the oral argument, on April 15, 2008.

Accordingly, pursuant to Civil L.R. §§ 7-4(d), 7-11 and 7-12, third-party defendants David Crockett and Alexander P. Cilento request that Redleaf Group stipulate to the submission of the supplemental authority. Please let us know whether Redleaf will agree to such a stipulation by the close of business today.

Thank you for your courtesy.

Regards,

Nick Campins

**Taylor & Company**
**Law Offices, LLP**
One Ferry Building, Suite 355
San Francisco, CA 94111
T: (415) 788-8200
F: (415) 788-8208
www.tcolaw.com

>>>>>Notice<<<<<
The information contained in this e-mail message may be privileged, confidential, and protected from disclosure. If you are not the intended recipient, any dissemination, distribution or copying is strictly prohibited. If you receive this e-mail message in error, please e-mail the sender at <mailto:ncampins@tcolaw.com> and destroy the message.

--- F.3d ---- Page 1
--- F.3d ----, 2008 WL 1722882 (C.A.9 (Cal.)), 08 Cal. Daily Op. Serv. 4332
**(Cite as: --- F.3d ----, 2008 WL 1722882)**

Platt Elec. Supply, Inc. v. EOFF Elec., Inc.
C.A.9 (Cal.),2008.

United States Court of Appeals,Ninth Circuit.
PLATT ELECTRICAL SUPPLY, INC., an Oregon corporation, Plaintiff-Appellant,
v.
EOFF ELECTRICAL, INC., Plaintiff.
andUnderwriters Laboratories, Inc., a Delaware not-for-profit corporation, Defendant-Appellee.
**No. 05-15672.**

Argued and Submission Deferred Feb. 16, 2007.
Submitted Feb. 14, 2008.
Filed April 15, 2008.

**Background:** Seller of in-wall space heaters brought action against non-profit consumer safety group alleging the group negligently misrepresented and fraudulently concealed that defective in-wall heaters were safe. The United States District Court for the Northern District of California, Ronald M. Whyte, P.J., dismissed claims. Seller appealed.

**Holdings:** The Court of Appeals, Rawlinson, Circuit Judge, held that:
(1) seller was on inquiry notice of its negligent misrepresentation claim after Consumer Product Safety Commission (CPSC) recalled heaters and seller was named a defendant in a class action concerning the heaters' defects;
(2) negligent misrepresentation claim was not tolled pursuant to fraudulent concealment doctrine; and
(3) seller's fraudulent concealment claim was not tolled as to bring claim within three-year statute of limitations.

Affirmed.

**[1] Limitation of Actions 241 ⚷100(1)**

241 Limitation of Actions
    241II Computation of Period of Limitation
        241II(F) Ignorance, Mistake, Trust, Fraud, and Concealment or Discovery of Cause of Action
            241k98 Fraud as Ground for Relief
                241k100 Discovery of Fraud
                    241k100(1) k. In General. Most Cited Cases
Under California law, the cause of action for relief on the ground of fraud or mistake is not deemed to have accrued until the discovery, by the aggrieved party, of the facts constituting the fraud or mistake.

**[2] Limitation of Actions 241 ⚷43**

241 Limitation of Actions
    241II Computation of Period of Limitation
        241II(A) Accrual of Right of Action or Defense
            241k43 k. Causes of Action in General. Most Cited Cases
Under California law, since a cause of action accrues when the elements of the cause of action, including damage occur, the appreciable and actual harm that results in accrual must be harm of the specific type that is recoverable as damages on that type of cause of action.

**[3] Limitation of Actions 241 ⚷43**

241 Limitation of Actions
    241II Computation of Period of Limitation
        241II(A) Accrual of Right of Action or Defense
            241k43 k. Causes of Action in General. Most Cited Cases

**Limitation of Actions 241 ⚷95(1)**

241 Limitation of Actions
    241II Computation of Period of Limitation
        241II(F) Ignorance, Mistake, Trust, Fraud, and Concealment or Discovery of Cause of Action
            241k95 Ignorance of Cause of Action
                241k95(1) k. In General; What Constitutes Discovery. Most Cited Cases
Under California law, a cause of action accrues when the claim is complete with all of its elements; although this ordinarily occurs on the date of the plaintiff's injury, accrual is postponed until the plaintiff either discovers or has reason to discover the existence of a claim, i.e., at least has reason to suspect a factual basis for its elements.

**[4] Limitation of Actions 241 ⚷95(2)**

241 Limitation of Actions
    241II Computation of Period of Limitation

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

--- F.3d ----  Page 2
--- F.3d ----, 2008 WL 1722882 (C.A.9 (Cal.)), 08 Cal. Daily Op. Serv. 4332
**(Cite as: --- F.3d ----, 2008 WL 1722882)**

      241II(F) Ignorance, Mistake, Trust, Fraud, and Concealment or Discovery of Cause of Action
          241k95 Ignorance of Cause of Action
              241k95(2) k. Want of Diligence by One Entitled to Sue. Most Cited Cases
Under California law, plaintiffs are required to conduct a reasonable investigation after becoming aware of an injury, and are charged with knowledge of the information that would have been revealed by such an investigation in determining whether a cause of action has accrued; so long as there is a reasonable ground for suspicion, the plaintiff must go out and find the facts, instead of waiting for the facts to find her.

**[5] Limitation of Actions 241 ⟶95(1)**

241 Limitation of Actions
    241II Computation of Period of Limitation
      241II(F) Ignorance, Mistake, Trust, Fraud, and Concealment or Discovery of Cause of Action
          241k95 Ignorance of Cause of Action
              241k95(1) k. In General; What Constitutes Discovery. Most Cited Cases
Under California law, under the discovery rule for accrual, suspicion of one or more of the elements of a cause of action, coupled with knowledge of any remaining elements, will generally trigger the statute of limitations period; rather than examining whether the plaintiffs suspect facts supporting each specific legal element of a particular cause of action, a court looks to whether the plaintiffs have reason to at least suspect that a type of wrongdoing has injured them.

**[6] Limitation of Actions 241 ⟶104(1)**

241 Limitation of Actions
    241II Computation of Period of Limitation
      241II(F) Ignorance, Mistake, Trust, Fraud, and Concealment or Discovery of Cause of Action
          241k104 Concealment of Cause of Action
              241k104(1) k. In General. Most Cited Cases
Under California law, the rule of fraudulent concealment is applicable whenever the defendant intentionally prevents the plaintiff from instituting suit.

**[7] Limitation of Actions 241 ⟶104(1)**

241 Limitation of Actions
    241II Computation of Period of Limitation
      241II(F) Ignorance, Mistake, Trust, Fraud, and Concealment or Discovery of Cause of Action
          241k104 Concealment of Cause of Action
              241k104(1) k. In General. Most Cited Cases
Under California law, in order to establish fraudulent concealment, the complaint must show: (1) when the fraud was discovered; (2) the circumstances under which it was discovered; and (3) that the plaintiff was not at fault for failing to discover it or had no actual or presumptive knowledge of facts sufficient to put him on inquiry.

**[8] Limitation of Actions 241 ⟶104(1)**

241 Limitation of Actions
    241II Computation of Period of Limitation
      241II(F) Ignorance, Mistake, Trust, Fraud, and Concealment or Discovery of Cause of Action
          241k104 Concealment of Cause of Action
              241k104(1) k. In General. Most Cited Cases
Under California law, in urging lack of means of obtaining knowledge, as required to establish fraudulent concealment, it must be shown that in the exercise of reasonable diligence the facts could not have been discovered at an earlier date.

**[9] Fraud 184 ⟶13(3)**

184 Fraud
    184I Deception Constituting Fraud, and Liability Therefor
      184k8 Fraudulent Representations
        184k13 Falsity and Knowledge Thereof
          184k13(3) k. Statements Recklessly Made; Negligent Misrepresentation. Most Cited Cases
Under California law, negligent misrepresentation is narrower than fraud, as it lacks the element of intent to deceive.

**[10] Fraud 184 ⟶13(3)**

184 Fraud
    184I Deception Constituting Fraud, and Liability Therefor
      184k8 Fraudulent Representations

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

--- F.3d ----                                                                                                   Page 3
--- F.3d ----, 2008 WL 1722882 (C.A.9 (Cal.)), 08 Cal. Daily Op. Serv. 4332
**(Cite as: --- F.3d ----, 2008 WL 1722882)**

184k13 Falsity and Knowledge Thereof
184k13(3) k. Statements Recklessly Made; Negligent Misrepresentation. Most Cited Cases
Under California law, where the defendant makes false statements, honestly believing that they are true, but without reasonable ground for such belief, he may be liable for negligent misrepresentation, a form of deceit.

[11] **Limitation of Actions 241** 100(11)

241 Limitation of Actions
241II Computation of Period of Limitation
241II(F) Ignorance, Mistake, Trust, Fraud, and Concealment or Discovery of Cause of Action
241k98 Fraud as Ground for Relief
241k100 Discovery of Fraud
241k100(11) k. Diligence in Discovering Fraud. Most Cited Cases
Under California law, seller of in-wall space heaters was on inquiry notice of its negligent misrepresentation claim against non-profit consumer safety group arising from safety group's alleged determination that certain defective heaters complied with safety group's safety standards after Consumer Product Safety Commission (CPSC) recalled heaters and seller was named a defendant in a class action concerning the heaters' defects, and therefore seller's negligent misrepresentation claim, filed more than two years later, was barred by statute of limitations; seller should have been suspicious that safety group negligently represented that the heaters were safe, given the recall and class action, and seller had reason to at least suspect that a type of wrongdoing had injured it.

[12] **Limitation of Actions 241** 104(2)

241 Limitation of Actions
241II Computation of Period of Limitation
241II(F) Ignorance, Mistake, Trust, Fraud, and Concealment or Discovery of Cause of Action
241k104 Concealment of Cause of Action
241k104(2) k. What Constitutes Concealment. Most Cited Cases
Under California law, negligent misrepresentation claim of seller of in-wall space heaters against non-profit consumer safety group arising from safety group's alleged determination that certain defective heaters complied with safety group's safety standards was not tolled pursuant to fraudulent concealment doctrine, absent evidence that safety group's conduct concealed the facts of its alleged negligent misrepresentation.

[13] **Limitation of Actions 241** 104(1)

241 Limitation of Actions
241II Computation of Period of Limitation
241II(F) Ignorance, Mistake, Trust, Fraud, and Concealment or Discovery of Cause of Action
241k104 Concealment of Cause of Action
241k104(1) k. In General. Most Cited Cases
Under California law, with respect to actions based on fraud, the statute of limitations is tolled whenever plaintiff is able to show the defendant fraudulently concealed facts which would have led him to discover his potential cause of action; otherwise, in such cases, the defendant by concealing his fraud, would effectively block recovery by the plaintiff because of the intervention of the statute of limitations.

[14] **Limitation of Actions 241** 104(2)

241 Limitation of Actions
241II Computation of Period of Limitation
241II(F) Ignorance, Mistake, Trust, Fraud, and Concealment or Discovery of Cause of Action
241k104 Concealment of Cause of Action
241k104(2) k. What Constitutes Concealment. Most Cited Cases
Under California law, fraudulent concealment claim of seller of in-wall space heaters against non-profit consumer safety group arising from safety group's alleged determination that certain defective heaters complied with safety group's safety standards was not tolled as to bring claim within three-year statute of limitations; once seller learned that heaters were defective and posed a safety hazard, as a result of Consumer Product Safety Commission (CPSC) recall and class action naming seller as defendant, seller was on notice that safety group's certification was factually false, and at that point, seller was aware that it had suffered an economic injury stemming from its payment of a portion of the costs from the recall and class action settlement, and it also knew that this injury stemmed from safety group's alleged wrongdoing.

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Case 5:07-cv-05350-JW    Document 58-2    Filed 04/30/2008    Page 6 of 13

--- F.3d ----                                                                                                                 Page 4
--- F.3d ----, 2008 WL 1722882 (C.A.9 (Cal.)), 08 Cal. Daily Op. Serv. 4332
**(Cite as: --- F.3d ----, 2008 WL 1722882)**

**[15] Federal Courts 170B ⇐551**

170B Federal Courts
    170BVIII Courts of Appeals
        170BVIII(C) Decisions Reviewable
            170BVIII(C)1 In General
                170Bk551 k. Decisions in General.
Most Cited Cases
Courts review judgments, not statements in opinions.

**[16] Federal Courts 170B ⇐543.1**

170B Federal Courts
    170BVIII Courts of Appeals
        170BVIII(B) Appellate Jurisdiction and Procedure in General
            170Bk543 Right of Review
                170Bk543.1 k. In General. Most Cited Cases
A party who receives all that he has sought generally is not aggrieved by the judgment affording the relief and cannot appeal from it.

**[17] Fraud 184 ⇐17**

184 Fraud
    184I Deception Constituting Fraud, and Liability Therefor
        184k15 Fraudulent Concealment
            184k17 k. Duty to Disclose Facts. Most Cited Cases
Fraudulent concealment claim of seller of in-wall space heaters against non-profit consumer safety group arising from safety group's alleged determination that certain defective heaters complied with safety group's safety standards could not be based on a duty to disclose, absent allegations that there was a transactional relationship between the seller and the safety group.

James O. Devereaux (argued), and Jan A. Kopczynski, Berding & Weil LLP, Alamo, CA, for Appellant Platt Electrical Supply, Inc.
Michael J. Abernathy (argued), and Christopher I. Cedillo, Bell, Boyd & Lloyd LLC, Chicago, IL, for Appellee Underwriters Laboratories, Inc.

Appeal from the United States District Court for the Northern District of California; Ronald M. Whyte, District Judge, Presiding. D.C. No. CV-03-00992-RMW.

Before RONALD M. GOULD and JOHNNIE B. RAWLINSON, Circuit Judges, and ALFRED V. COVELLO,[FN*] Senior Judge.

**OPINION**

RAWLINSON, Circuit Judge:
*1 In its complaint, Appellant Platt Electrical Supply, Inc. (Platt) alleged that Appellee Underwriters Laboratories, Inc. (UL), a non-profit consumer safety group, negligently misrepresented and fraudulently concealed that defective in-wall heaters were safe. Platt challenges the district court's grant of UL's motion to dismiss and motion for judgment on the pleadings. Platt contends that the district court erred in dismissing its negligent misrepresentation and fraudulent concealment claims as time-barred under California's statutes of limitations. Platt asserts that its claims were not time-barred in view of California's discovery rule and UL's fraudulent concealment. Platt also maintains that the district court erred in dismissing its claims without leave to amend the complaint.

We have jurisdiction pursuant to 28 U.S.C. § 1291 and we affirm the judgment of the district court.

**I. BACKGROUND**

Platt filed its complaint in 2003. According to its complaint,[FN1] Platt was "engaged in the distribution, marketing, and wholesale supply of electrical products intended for consumer purchase and use." UL "is a not-for-profit corporation ... principally engaged in the business of formulating safety standards for new consumer products, testing such products against its standards, determining whether the product so tested conforms to the standards, and, if the product does comply, authorizing the product's manufacturer to imprint UL's distinctive mark on the complying product."

Platt asserted that Cadet Manufacturing Company (Cadet) "manufactured ... in-wall space heaters under the names 'Cadet' and 'Encore.' " UL evaluated Cadet's heaters, and determined that the heaters complied with UL's safety standards. UL "authorized Cadet to include the UL mark on the labels of the


--- F.3d ----
--- F.3d ----, 2008 WL 1722882 (C.A.9 (Cal.)), 08 Cal. Daily Op. Serv. 4332
(Cite as: --- F.3d ----, 2008 WL 1722882)

Page 5

Heaters." UL's "process is known as 'listing', and a product that has qualified to bear the UL mark is said to be a 'listed product.' "

Platt charged that by permitting these listings,"UL impliedly represented to Plaintiffs" that the heaters were "suitable for reasonably safe use as an in-wall heater ..."

Platt alleged that the heaters "manufactured between 1978 and the present, and listed by UL since at least 1985, are inherently defective."According to Platt, "if the heaters had not been endorsed by UL then neither of the Plaintiffs would have engaged in the purchase, sale, advertisement, or distribution of the Heaters. Moreover, Plaintiffs are informed and believe, and based thereon allege, that at no time prior to a 1999 CPSC [Consumer Product Safety Commission] recall did they become aware that the Heaters were inherently defective."

Platt alleged that "based on the express approval by UL of the Heaters, [it] distributed in excess of nineteen-thousand [sic] (19,000) Cadet heaters."

Platt also asserted "that since at least 1988, UL became aware that the Heaters were exhibiting defects.... However, UL took no action relative to rescinding its endorsement of the product or notifying the general public, product distributors or retailers ... of the dangerous defects inherent in the Heaters.""Despite its knowledge, as early as 1988, of the defects inherent in the Heaters, UL continued to list Cadet heaters."According to Platt, "Plaintiffs did not discover Defendants' wrongful conduct or its basis for liability until 2001 when they became involved in [sic] consumer class action ... and were granted through pre-trial discovery limited access to Defendant UL's files concerning the Heaters."Additionally, Platt charged that "Defendants' wanton and reckless refusal to disclose such information fraudulently concealed from Plaintiffs crucial facts ..."

*2 "[I]n or around 1998, the [CPSC] became aware that Cadet heaters were defective. Accordingly, on or around January 14, 1999, the CPSC filed an administrative order recalling all Cadet heaters ...""Plaintiffs were required, under controlling federal statute to bear a portion of the costs of conducting the recall."

"[C]ontemporaneous to the CPSC recall, a consumer class action was filed on behalf of all purchasers of the Heaters ..." Platt "was named as a defendant ... [and] entered into a settlement agreement with the class, pursuant to which Plaintiff PLATT continues to pay money to the class."According to Platt, it "has paid in excess of one-million one-hundred fifty-six-thousand dollars ($1,156,000.00) pursuant to the class settlement."

In its negligent misrepresentation claim, Platt alleged that "at least since 1989[UL] had knowledge that the Heaters failed and could, and in fact had, caused catastrophic injury and death. Despite such knowledge, [UL] continued to represent to the world at large that the Heaters were safe products.""[UL] continued to allow its mark to be placed on the Heaters knowing that consumers, distributors, and retailers rely on the mark as an assurance of safety. [UL] continued to make such material representations of material facts without an adequate basis or knowledge for making such representations."According to Platt, "[UL] failed to act because such action would constitute a tacit admission that [UL's] testing procedures were flawed and such an admission would undermine[UL's] position as the self-proclaimed leader in certifying the safety of consumer goods."

Platt also alleged that "[a]t no time prior to the Class Action or CPSC recall did Plaintiffs have any reason to suspect that the Heaters were unsafe. Plaintiffs relied on the UL mark as an assurance of the Heaters' safety and suitability for its end use ..."

In its fraudulent concealment claim, Platt alleged that it was not required to conduct an independent investigation of the heaters' safety. Rather, Platt "heavily [relied] on the existence, or non-existence, of the UL mark on a good."Platt alleged that "[UL], by allowing their mark to remain on the Heaters, intentionally intended to mislead consumers, retailers, and distributors like Plaintiff into believing that [UL's] listing procedures accurately reflected that the Heaters were suitable and safe for their intended use by consumers and were to be absolutely relied on so that [UL] could maintain their position as self-proclaimed leaders in certifying the safety of consumer goods."Platt also asserted that UL "assumed a duty to disclose, whether by de-listing or

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

--- F.3d ----  
--- F.3d ----, 2008 WL 1722882 (C.A.9 (Cal.)), 08 Cal. Daily Op. Serv. 4332  
(Cite as: --- F.3d ----, 2008 WL 1722882)

Page 6

public notification, any known incidents that might dissuade consumers, retailers and distributors like [Platt] from trading in the Heaters."

The district court determined that Platt was "on inquiry notice of their claims as early as 1999. Specifically, the court held that "once [Platt] became aware [through the CPSC recall and class action] that the cadet heaters they sold were potentially defective, and they began to suffer damages, [they] were on inquiry notice that UL, on whose mark they relied, may have either negligently tested or negligently endorsed those products...." The district court, therefore, dismissed Platt's negligent misrepresentation claim as time-barred without leave to amend. However, the district court denied UL's motion to dismiss Platt's fraudulent concealment claim.

*3 The district court subsequently granted UL's motion for judgment on the pleadings and dismissed Platt's fraudulent concealment claim as time-barred, again without leave to amend.

Platt dismissed its remaining equitable indemnification claim, and filed a timely notice of appeal.

## II. STANDARDS OF REVIEW

We "review *de novo* the district court's decision to grant a motion to dismiss pursuant to FRCP 12(b)(6)."*Watson,* 436 F.3d at 1157 (citation omitted)."A claim should be dismissed only if it appears beyond doubt that the plaintiff can establish no set of facts under which relief could be granted."*Id.* (citation omitted).

We "review judgment on the pleadings de novo."*Stanley v. Trustees of the Cal. State Univ.,* 433 F.3d 1129, 1133 (9th Cir.2006) (citation omitted)."Judgment on the pleadings is proper when, taking all allegations in the pleading as true, the moving party is entitled to judgment as a matter of law."*Id.* (citation omitted).

The parties contest the applicable standard of review for the district court's dismissal of Platt's claims without leave to amend. Platt contends that the standard of review is *de novo.* UL counters that the standard of review is for an abuse of discretion.

This appeal involves the issue of whether any amendment would be futile due to dismissal pursuant to the applicable statutes of limitations. We review such issues for an abuse of discretion. *See Naas v. Stolman,* 130 F.3d 892, 893 (9th Cir.1997) ("[T]he district court did not abuse its discretion in denying leave to amend, as the Naases' potential amended claim would still be barred by the statute of limitations."); *see also Flowers v. First Hawaiian Bank,* 295 F.3d 966, 976 (9th Cir.2002) ("A district court, however, does not abuse its discretion in denying leave to amend where amendment would be futile.") (citation omitted).

## III. DISCUSSION

### A. The Discovery Rule And The Fraudulent Concealment Doctrine As Applied To Platt's Claims

[1] Pursuant to California Code of Civil Procedure § 338(d), there is a three-year statute of limitations for "[a]n action for relief on the ground of fraud or mistake. The cause of action in that case is not deemed to have accrued until the discovery, by the aggrieved party, of the facts constituting the fraud or mistake."For negligent misrepresentation, there is a two-year statute of limitations. Cal.Civ.Proc.Code § 339(1); *Ventura County Nat'l Bank v. Macker,* 49 Cal.App.4th 1528, 1531, 57 Cal.Rptr.2d 418 (1996).

[2]"Since a cause of action *accrues* when the *elements* of the cause of action, including damage occur, the appreciable and actual harm that results in accrual must be harm of the specific type that is recoverable as damages on that type of cause of action."*County of Santa Clara v. Atl. Richfield Co.,* 137 Cal.App.4th 292, 317, 40 Cal.Rptr.3d 313 (2006) (citations and internal quotation marks omitted) (emphasis in the original).

[3][4][5]"A cause of action accrues when the claim is complete with all of its elements."*Slovensky v. Friedman,* 142 Cal.App.4th 1518, 1528, 49 Cal.Rptr.3d 60 (2006), *as modified* (citation omitted)."Although this ordinarily occurs on the date of the plaintiff's injury, accrual is postponed until the plaintiff either discovers or has reason to discover the existence of a claim, i.e., at least has reason to

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

--- F.3d ----
--- F.3d ----, 2008 WL 1722882 (C.A.9 (Cal.)), 08 Cal. Daily Op. Serv. 4332
(Cite as: --- F.3d ----, 2008 WL 1722882)

Page 7

suspect a factual basis for its elements."*Id.* at 1528-29, 49 Cal.Rptr.3d 60 (citations omitted)."Plaintiffs are required to conduct a reasonable investigation after becoming aware of an injury, and are charged with knowledge of the information that would have been revealed by such an investigation."*Id.* at 1529, 49 Cal.Rptr.3d 60 (citation and alteration omitted)."So long as there is a reasonable ground for suspicion, the plaintiff must go out and find the facts; she cannot wait for the facts to find her."*Id.* (citation omitted).

*4 Under the discovery rule, suspicion of one or more of the elements of a cause of action, coupled with knowledge of any remaining elements, will generally trigger the statute of limitations period. In so using the term elements, we do not take a hypertechnical approach to the application of the discovery rule. Rather than examining whether the plaintiffs suspect facts supporting each specific legal element of a particular cause of action, we look to whether the plaintiffs have reason to at least suspect that a type of wrongdoing has injured them.

*V.C. v. Los Angeles Unified Sch. Dist.,* 139 Cal.App.4th 499, 516, 43 Cal.Rptr.3d 103 (2006) (citations, alteration, and internal quotation marks omitted)."A common thread seems to run through all the types of actions where courts have applied the discovery rule. The injury or the act causing the injury, or both, must have been difficult for the plaintiff to detect."*Prudential Home Mortgage Co. v. Superior Court,* 66 Cal.App.4th 1236, 1246-47, 78 Cal.Rptr.2d 566 (1998), *as modified.*

[6][7][8]"A close cousin of the discovery rule is the well accepted principle of fraudulent concealment."*Bernson v. Browning-Ferris Indus. of California, Inc.,* 7 Cal.4th 926, 931, 30 Cal.Rptr.2d 440, 873 P.2d 613 (1994) (In Bank) (citation, alteration and internal quotation marks omitted)."The rule of fraudulent concealment is applicable whenever the defendant intentionally prevents the plaintiff from instituting suit ..."*Id.* at 931 n. 3, 30 Cal.Rptr.2d 440, 873 P.2d 613 (citation omitted)."In order to establish fraudulent concealment, the complaint must show: (1) when the fraud was discovered; (2) the circumstances under which it was discovered; and (3) that the plaintiff was not at fault for failing to discover it or had no actual or presumptive knowledge of facts sufficient to put him on inquiry."*Baker v. Beech Aircraft Corp.,* 39 Cal.App.3d 315, 321, 114 Cal.Rptr. 171 (1974) (citation omitted)."In urging lack of means of obtaining knowledge, it must be shown that in the exercise of reasonable diligence the facts could not have been discovered at an earlier date."*Id.* (citation omitted).

**1. Platt's Negligent Misrepresentation Claim**

[9][10]"Negligent misrepresentation is narrower than fraud."*Shamsian v. Atl. Richfield Co.,* 107 Cal.App.4th 967, 984, 132 Cal.Rptr.2d 635 (2003)."The elements of a cause of action for fraud and a cause of action for negligent misrepresentation are very similar.... [B]oth torts are defined as deceit. However, the state of mind requirements are different."*Intrieri v. Superior Court,* 117 Cal.App.4th 72, 85, 12 Cal.Rptr.3d 97 (2004) (footnote reference omitted)."Negligent misrepresentation lacks the element of intent to deceive. Therefore, where the defendant makes false statements, honestly believing that they are true, but without reasonable ground for such belief, he may be liable for negligent misrepresentation, a form of deceit."*Id.* at 86, 12 Cal.Rptr.3d 97 (citations, alteration, and internal quotation marks omitted).

[11] Platt was on inquiry notice of its negligent misrepresentation claim in 1999. In 1999, Platt became aware of the heaters' defects due to the CPSC recall. Platt was statutorily required to bear a portion of the recall's costs. "[C]ontemporaneous to the CPSC recall," Platt was named a defendant in a class action concerning the heaters' defects. In 1999, Platt should have been suspicious that UL negligently represented that the heaters were safe, given the recall and the class action suit. Based on the extensive legal and economic repercussions produced by the recall and class action, Platt had "reason to at least suspect that a type of wrongdoing ha[d] injured [it]."*V.C.,* 139 Cal.App.4th at 516, 43 Cal.Rptr.3d 103. Platt, therefore, did not have to wait until 2001, during the discovery process for the class action, to "suspect that the injury was caused by someone's wrongful act."*Brandon G. v. Gray,* 111 Cal.App.4th 29, 35, 3 Cal.Rptr.3d 330 (2003); *see also Jolly v. Eli Lilly & Co.,* 44 Cal.3d 1103, 1113, 245 Cal.Rptr. 658, 751 P.2d 923 (1988) ("[I]t is the discovery of facts, not their legal significance, that starts the statute.") (citation omitted).

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

--- F.3d ----
--- F.3d ----, 2008 WL 1722882 (C.A.9 (Cal.)), 08 Cal. Daily Op. Serv. 4332
(Cite as: --- F.3d ----, 2008 WL 1722882)

Page 8

*5[12] Similarly, Platt's claim is not tolled pursuant to the fraudulent concealment doctrine. Platt alleged that it was not privy to UL's documents concerning UL's allegedly fraudulent conduct until 2001. However, Platt failed to demonstrate that UL's conduct concealed the facts of its alleged negligent misrepresentation, as Platt had notice of UL's potential wrongdoing as early as 1999. *See Goldrich v. Natural Y Surgical Specialties, Inc.,* 25 Cal.App.4th 772, 784, 31 Cal.Rptr.2d 162 (1994) ("A defendant's fraudulent concealment tolls the statute of limitations only when, as a result of that concealment, the plaintiff fails to discover some critical fact.") (citation omitted); *see also Parsons v. Tickner,* 31 Cal.App.4th 1513, 1525, 37 Cal.Rptr.2d 810 (1995) ("Under this rule constructive and presumed notice or knowledge are equivalent to knowledge. So, when the plaintiff has notice or information of circumstances to put a reasonable person on inquiry, or has the opportunity to obtain knowledge from sources open to [its] investigation (such as public records or corporation books), the statute commences to run.") (citation omitted).

Platt's reliance on *Fox v. Ethicon Endo-Surgery, Inc.,* 35 Cal.4th 797, 27 Cal.Rptr.3d 661, 110 P.3d 914 (2005), is misplaced. In *Fox,* the plaintiff sued a physician for malpractice due to complications from gastric bypass surgery. *Id.* at 802, 27 Cal.Rptr.3d 661, 110 P.3d 914. During the physician's deposition, the plaintiff first learned of defects in the medical device utilized. *Id.* at 804, 27 Cal.Rptr.3d 661, 110 P.3d 914. The plaintiff then filed a products liability action against the device's manufacturer outside the applicable one-year statute of limitations. *Id.* at 804-05, 27 Cal.Rptr.3d 661, 110 P.3d 914. The California Supreme Court held:

> It is therefore consistent with our prior applications of the discovery rule to delay accrual of a products liability cause of action even when a related medical malpractice claim has already accrued, unless the plaintiff has reason to suspect that his or her injury resulted from a defective product.... [I]f a plaintiff's reasonable and diligent investigation discloses only one kind of wrongdoing when the injury was actually caused by tortious conduct of a wholly different sort, the discovery rule postpones accrual of the statute of limitations on the newly discovered claim.

*Id.* at 813, 27 Cal.Rptr.3d 661, 110 P.3d 914.

Platt's claims did not involve ignorance of the heater's defects. Platt was aware of UL's identity and alleged wrongdoing in 1999. Based on the recall and subsequent class action, it should have been obvious to Platt that its injuries potentially stemmed from UL's misrepresentations of the heaters' safety, particularly given Platt's reliance on UL's endorsement. The district court, therefore, properly dismissed Platt's negligent misrepresentation claim, filed in 2003, as barred by the two-year statute of limitations. *See Jolly,* 44 Cal.3d at 1113-14, 245 Cal.Rptr. 658, 751 P.2d 923.

**2. Platt's Fraudulent Concealment Claim**

[13] "With respect to actions based on fraud, the statute of limitations is tolled whenever plaintiff is able to show the defendant fraudulently concealed facts which would have led him to discover his potential cause of action." *Snow v. A.H. Robins Co., Inc.,* 165 Cal.App.3d 120, 127-28, 211 Cal.Rptr. 271 (1985) (citation omitted). "Otherwise, in such cases, the defendant by concealing his fraud, would effectively block recovery by the plaintiff because of the intervention of the statute of limitations." *Id.* at 128, 211 Cal.Rptr. 271 (citation omitted).

*6[14] Platt's fraud claim was not tolled pursuant to California law. In *Norgart v. Upjohn Co.,* 21 Cal.4th 383, 87 Cal.Rptr.2d 453, 981 P.2d 79 (1999), the California Supreme Court articulated:

> [T]he plaintiff discovers the cause of action when he at least suspects a factual basis, as opposed to a legal theory, for its elements, even if he lacks knowledge thereof-when, simply put, he at least suspects that someone has done something wrong to him, wrong being used, not in any technical sense, but rather in accordance with its lay understanding. He has reason to discover the cause of action when he has reason at least to suspect a factual basis for its elements. He has reason to suspect when he has notice or information of circumstances to put a reasonable person *on inquiry;* he need not know the specific facts necessary to establish the cause of action; rather, he may seek to learn such facts through the process contemplated by pretrial discovery; but, within the

--- F.3d ----
--- F.3d ----, 2008 WL 1722882 (C.A.9 (Cal.)), 08 Cal. Daily Op. Serv. 4332
(Cite as: --- F.3d ----, 2008 WL 1722882)

Page 9

applicable limitations period, he must indeed seek to learn the facts necessary to bring the cause of action in the first place-he cannot wait for them to find him and sit on his rights; he must go find them himself if he can and file suit if he does.

Id. at 397-98, 87 Cal.Rptr.2d 453, 981 P.2d 79 (citations, alteration, and internal quotation marks omitted) (emphasis in the original). The California Court of Appeal has observed that "[t]he courts interpret discovery in this context to mean not when the plaintiff became aware of the specific wrong alleged, but when the plaintiff suspected or should have suspected that an injury was caused by wrongdoing."*Kline v. Turner*, 87 Cal.App.4th 1369, 1374, 105 Cal.Rptr.2d 699 (2001)."A plaintiff need not be aware of the specific facts necessary to establish a claim since they can be developed in pretrial discovery. Wrong and wrongdoing in this context are understood in their lay and not legal senses."*Id.* (citation omitted). As the court reasoned in *Brandon G.*:

> Code of Civil Procedure section 338, subdivision (d), effectively codifies the delayed discovery rule in connection with actions for fraud, providing that a cause of action for fraud is not to be deemed to have accrued until the discovery, by the aggrieved party, of the facts constituting the fraud or mistake. In a case such as this, that date is the date the complaining party learns, or at least is put on notice, that a representation was false.

111 Cal.App.4th at 35, 3 Cal.Rptr.3d 330 (internal quotation marks omitted).

> [The California Supreme Court in] *Norgart* explained that by discussing the discovery rule in terms of a plaintiff's suspicion of elements of a cause of action, it was referring to the generic elements of wrongdoing, causation, and harm. In so using the term elements, we do not take a hypertechnical approach to the application of the discovery rule. Rather than examining whether the plaintiffs suspect facts supporting each specific legal element of a particular cause of action, we look to whether the plaintiffs have reason to at least suspect that a type of wrongdoing has injured them.

*7Fox, 35 Cal.4th at 807, 27 Cal.Rptr.3d 661, 110 P.3d 914 (citation and internal quotation marks omitted).

Recently, in *Hamilton Materials, Inc. v. Dow Chemical Corp.*, 494 F.3d 1203 (9th Cir.2007), we determined that a manufacturer's fraud claim was time-barred. We held:

> Appellant argues that its fraud claim did not accrue until a deposition in 2003, when it learned of Appellees' specific intention to deceive their customers regarding the health hazards of Calidria....[I]t is not necessary that Hamilton had notice of Appellees' specific intention to deceive before the fraud action accrued. All that is relevant is that a reasonable person-especially a sophisticated manufacturer of asbestos-would have been on notice of a potential misrepresentation. This is the date that the complaining party learns, or at least is put on notice, that a representation is false.

*Id.* at 1206-07 (citation omitted).

The rule stated in *Hamilton Materials* that a cause of action for fraud under California law accrues when a plaintiff has inquiry notice, that is, when he or she "learns, or at least is put on notice, that a representation is false [,]"494 F.3d at 1207 (citation omitted), derives from a California Court of Appeal decision interpreting a provision of the California Code of Civil Procedure. *See Brandon G.*, 111 Cal.App.4th at 35, 3 Cal.Rptr.3d 330 (explaining that the statutory provision at issue "effectively codifies the delayed discovery rule in connection with actions for fraud" and that the date of discovery triggering the limitations period under that provision coincides with the date that the plaintiff learned or was put on notice of a false representation).

While the *Hamilton Materials* analysis is thus limited to cases of fraud governed by California law, the concept of inquiry notice to which *Hamilton Materials* alludes has also arisen in the federal securities fraud context in our recent decision in *Betz v. Trainer Wortham & Co., Inc.*, 504 F.3d 1017 (9th Cir.2007). In *Betz*, we held that once sufficient indicia of fraud exist to place an investor on inquiry notice, the statute of limitations will begin to run on a claim under § 10(b) of the Securities Exchange Act when the investor, in the exercise of reasonable diligence, should have discovered the facts giving rise to his or her claim. *Id.* at 1021, 1024-25.Under that standard, we concluded that fact issues existed,

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

--- F.3d ----
--- F.3d ----, 2008 WL 1722882 (C.A.9 (Cal.)), 08 Cal. Daily Op. Serv. 4332
(Cite as: --- F.3d ----, 2008 WL 1722882)

Page 10

precluding summary judgment, about whether an investor was on inquiry notice and whether she should have discovered the facts underlying her fraud claim when she had raised concerns about her declining account balance, but was assured by representatives of the defendant brokerage firm that they would "take care of" the problems with her account and urged to refrain from any legal action. See id. at 1027. So far as we can discern from the record, the instant case differs from Betz in that Platt was given no assurances by UL that could have lulled Platt into inaction after the defects in the Cadet heaters became public knowledge pursuant to the 1999 CPSC recall. Furthermore, while declining account balances alone were held to be insufficient indicia of fraud to create inquiry notice as a matter of law in Betz, UL was engaged in endorsing products for reasonably safe consumer use, and its listing of the Cadet heaters as safe, in combination with the 1999 recall, was sufficient to give Platt notice that UL's prior assurances of the heaters' safety were potentially false. It is irrelevant what else Platt might have learned through further diligent investigation after 1999 about UL's misrepresentations or intent to deceive Platt and others regarding the Cadet heaters' safety, because in 1999 Platt already knew that UL's prior representations about the heaters' safety were false, and that knowledge was sufficient to trigger the statute of limitations for fraud under California law. See Hamilton Materials, 494 F.3d at 1206-07 (holding that a plaintiff need not have "notice of [the defendant's] specific intention to deceive before the fraud action accrued. All that is relevant is that a reasonable person ... would have been on notice of a potential misrepresentation") (citation omitted).

*8[15][16][17] These cases demonstrate that Platt's fraudulent concealment claim was not tolled. Platt conceded that "[i]t may be fair to say (as did the district judge in this case) that once Platt learned that the heaters were defective and posed a safety hazard, it was on notice that UL's certification (and, thus, its representation) of safety was factually false." At that point, Platt was aware that it had suffered an economic injury stemming from its payment of a portion of the costs from the 1999 recall and class action settlement. It also knew that this injury stemmed from UL's alleged wrongdoing-the purported misrepresentation. Platt acknowledged its reliance and dependence on UL's representation and was involved in an extensive recall and subsequent class action litigation concerning the defective heaters. After becoming aware in 1999 of its economic injury stemming from the defective heaters and UL's representations concerning their safety, Platt had a basis to question UL's representations concerning the heaters' safety. Platt's fraudulent concealment claim, filed in 2003, was therefore barred by the three-year statute of limitations. See Hamilton Materials, 494 F.3d at 1206; see also Kline, 87 Cal.App.4th at 1374, 105 Cal.Rptr.2d 699.[FN2],[FN3]

**B. The District Court's Denial Of Platt's Request For Leave To Amend Its Complaint**

The district court did not abuse its discretion in dismissing Platt's negligent misrepresentation and fraudulent concealment claims without leave to amend. Platt contended that it could amend its complaint to allege that it received information in 2001, during discovery for the class action, that a former UL employee stated that UL concealed the heaters' unsafe conditions.

However, because Platt's claims are barred by the statute of limitations, any amendments would have been futile. See Steckman v. Hart Brewing, Inc., 143 F.3d 1293, 1298 (9th Cir.1998) ("Although there is a general rule that parties are allowed to amend their pleadings, it does not extend to cases in which any amendment would be an exercise in futility, or where the amended complaint would also be subject to dismissal ...") (citations omitted); see also Naas, 130 F.3d at 893.

**IV. CONCLUSION**

The district court properly dismissed Platt's negligent misrepresentation and fraudulent concealment claims as barred by the statutes of limitations, and did not abuse its discretion in dismissing Platt's claims without leave to amend.

**AFFIRMED.**

> FN* The Honorable Alfred V. Covello, Senior United States District Judge for the District of Connecticut, sitting by designation.
>
> FN1. The factual background is based on Platt's complaint, because, in reviewing a

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

--- F.3d ----  
--- F.3d ----, 2008 WL 1722882 (C.A.9 (Cal.)), 08 Cal. Daily Op. Serv. 4332  
(Cite as: --- F.3d ----, 2008 WL 1722882)

Page 11

motion to dismiss, "[w]e accept as true all well-pleaded facts in the complaint and construe them in the light most favorable to the nonmoving party."*Watson v. Weeks, 436 F.3d 1152, 1157 (9th Cir.2006)* (citation omitted). The same standard applies to judgment on the pleadings. *Turner v. Cook, 362 F.3d 1219, 1225 (9th Cir.2004).*

FN2.*Grisham v. Phillip Morris U.S.A., Inc., 40 Cal.4th 623, 54 Cal.Rptr.3d 735, 151 P.3d 1151 (2007),* and *E-Fab, Inc. v. Accountants, Inc. Servs., 153 Cal.App.4th 1308, 64 Cal.Rptr.3d 9 (2007),* are not to the contrary. As we observed in *Hamilton Materials,* "*Grisham* is predominantly a personal injury case, and does not speak to whether knowledge of scienter is a required element for a fraud cause of action to accrue. Nevertheless, if one were to draw a strained comparison between the present case and *Grisham,* it is clear that Appellant has offered no credible evidence to rebut a presumption that it had knowledge of the wrongful cause of its alleged injuries." *494 F.3d at 1207 n. 1.* In *E-Fab,* a case concerning misrepresentations related to a background check, *153 Cal.App.4th at 1313, 64 Cal.Rptr.3d 9,* the California Court of Appeal emphasized that "both plaintiff's injury and its cause were imperceptible."*Id. at 1326, 64 Cal.Rptr.3d 9.* Here, Platt's injury and its cause were not "imperceptible," as Platt acknowledged that it was aware of UL's false representation and the subsequent injury before 2001.

FN3. Platt also contends that the district court erred in holding that UL did not have a duty to disclose the heaters' unsafe conditions.

The district court ruled in Platt's favor on the issue of whether Platt stated a claim for fraudulent concealment. The district court incidentally stated that Platt had failed to allege a transactional or confidential relationship between Platt and UL as required to trigger a duty to disclose. However, the dispositive ruling was that Platt's fraudulent concealment claim was barred by the statute of limitations.

"[C]ourts review judgments, not statements in opinions ..."*Envtl. Prot. Info. Ctr., Inc. v. Pac. Lumber Co., 257 F.3d 1071, 1075 (9th Cir.2001)* (citation and internal quotation marks omitted)."A party who receives all that he has sought generally is not aggrieved by the judgment affording the relief and cannot appeal from it." *Id.* (citations omitted). Because Platt prevailed on the issue of whether there was a viable fraudulent concealment claim, it lacks standing to appeal the district court's favorable ruling. *See id.* at 1075-76.

In any event, because Platt failed to allege that there was a transactional relationship between Platt and UL, the district court properly observed that, pursuant to California law, Platt's fraudulent concealment claim could not be premised on a duty to disclose. *See LiMandri v. Judkins, 52 Cal.App.4th 326, 337, 60 Cal.Rptr.2d 539 (1997)* ("[W]here material facts are known to one party and not to the other, failure to disclose them is not actionable fraud unless there is *some relationship* between the parties which gives rise to a duty to disclose such known facts.... As a matter of common sense, such a relationship can only come into being as a result of some sort of *transaction* between the parties.") (citation omitted) (emphasis in original).

C.A.9 (Cal.),2008.  
Platt Elec. Supply, Inc. v. EOFF Elec., Inc.  
--- F.3d ----, 2008 WL 1722882 (C.A.9 (Cal.)), 08 Cal. Daily Op. Serv. 4332

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.