MATTHEW G. BALL (CA BAR 208881)
DEIRDRE M. DIGRANDE (CA BAR 199766)
**KIRKPATRICK & LOCKHART PRESTON GATES ELLIS LLP**
55 Second Street, Suite 1700
San Francisco, CA 94105-3493
Tel: (415) 882-8200
Fax: (415) 882-8220
matthew.ball@klgates.com
deirdre.digrande@klgates.com

MARTIN D. TECKLER (*pro hac vice*)
**KIRKPATRICK & LOCKHART PRESTON GATES ELLIS LLP**
1601 K Street, NW
Washington, DC 20006-1600
Tel: (202) 778-9000
Fax: (202) 778-9100
martin.teckler@klgates.com

Attorneys for Defendant
REDLEAF GROUP, INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| UNITED STATES SMALL BUSINESS ADMINISTRATION in its capacity as Receiver for Aspen Ventures III, <br><br> Plaintiffs, <br><br> v. <br><br> REDLEAF GROUP, INC., <br><br> Defendant and Third-Party Plaintiff, <br><br> v. <br><br> ASPEN VENTURES MANAGEMENT III, LLC, a Delaware Limited Liability Company, ALEXANDER P. CILENTO, a California resident, and DAVID CROCKETT, a California resident, and DOES 1-10, <br><br> Third-Party Defendants. | Case No. C-07-05350 JW (PVT) <br><br> **DEFENDANT REDLEAF GROUP, INC.'S OPPOSITION TO ADMINISTRATIVE MOTION FOR LEAVE TO FILE A STATEMENT OF RECENT DECISION** <br><br><br> Complaint Filed: October 19, 2007 <br> Trial Date: Not Set |

# ARGUMENT

Redleaf Group, Inc. hereby opposes Third-Party Defendants' David Crockett and Alexander P. Cilento's Administrative Motion for Order Granting Leave to File a Statement of Recent Decision. However, if the Court is inclined to grant the Request, Redleaf notes that the Ninth Circuit's decision in Platt Elec. Supply, Inc. v. EOFF Elec., Inc., --- F.3d ---, 2008 WL 1722882 (9th Cir. 2008), actually supports Redleaf's position, as more fully discussed below.

**(1) Consideration of Platt without full briefing could prejudice Redleaf:** The Platt decision addresses the concept of "inquiry" notice under California law. Third-Party Defendants did not address the concept of "inquiry" notice at all until their Reply brief, depriving Redleaf of a full and fair opportunity to brief the issue to the Court. What is more, Third-Party Defendants' papers never even hinted at the application of California law; rather, Third-Party Defendants' briefing asserted strenuously throughout their briefs that Delaware law applied to the action. Third-Party Defendants even claimed in their Reply brief that Redleaf "conceded" that this was so, even though Redleaf did not – and does not – make any such concession.

Accordingly, the late submission of the Platt decision appears to be nothing more than part of Third-Party Defendants' continued attempt to press the concept of "inquiry" notice – this time under California law – without giving Redleaf a full and fair opportunity to respond.

**(2) Third-Party Defendants' late submission of the authority appears to be a further attempt to prejudice Redleaf:** Third-Party Defendants admit that the Ninth Circuit filed Platt the day after the hearing in this matter, April 15, 2008. Yet Third-Party Defendants waited until April 29, 2008, to request a stipulation for the filing of Platt. The late submission appears to be a further attempt to prejudice Redleaf.

As this Court will recall, Third-Party Defendants supported the Court's suggestion to set this matter for a summary judgment hearing on June 23, 2008, even though no discovery had been done, and the parties had agreed to postpone discovery until after this matter was mediated. In light of the Court's intention to set the matter for a summary judgment hearing, Redleaf believes that the Court agreed that discovery would be open after it issued its order on the pending motions to dismiss.

However, in the meantime, Third-Party Defendants and the Receiver in this matter have agreed to exchange documents to support the planned motions. Redleaf has proposed a similar exchange of documents between itself and the Receiver, and itself and the Third-Party Defendants, but neither Third-Party Defendants nor the Receiver even responded to Redleaf's suggestion.

Thus, every day that goes by, Redleaf is unable to conduct discovery to meet the anticipated summary judgment motions because (1) Redleaf believes that the Court's intention was to keep discovery closed until the Court issued its order; and (2) without knowing the extent of the Court's order, it is uncertain what issues will remain in the case, making it difficult to prepare discovery to which Defendants will be required to respond.

In contrast, Third-Party Defendants and the Receiver are able to exchange documents to prepare their motions, without having to respond to discovery from Redleaf.[1] Redleaf believes that the late submission of the Platt decision for the Court's consideration is an attempt to delay this Court's decision on the Motions, and thus allow this favorable – but deeply unfair – situation to continue.

**(3) If the Court is inclined to consider Platt, it supports Redleaf's position:** Finally, if this Court is inclined to grant Third-Party Defendants' administrative motion, the Platt case actually supports Redleaf's position vis-à-vis Redleaf's fraud claims.[2]

In Platt, a distributor of electrical heaters brought suit against Underwriters Laboratories, Inc. ("UL"). Plaintiff's theory was that UL had negligently misrepresented and fraudulently concealed that the heaters were safe. The Ninth Circuit held that a 1999 recall of the heaters, coupled with a class action lawsuit brought against Plaintiff arising out of the recall, put plaintiff on inquiry notice, and thus its claims brought in 2003 were time-barred. Platt, 2008 WL 1722882, at *1-*3. In

---

[1] Redleaf has not agreed that the Receiver may release to Third-Party Defendants documents that Redleaf Group, Inc. provided to the Receiver before the case was filed.

[2] Since Platt addresses only the claims of negligent misrepresentation and fraudulent concealment, it has no bearing on the other claims Redleaf has brought. Redleaf further notes that Third-Party Defendants' inquiry notice argument essentially focused on Redleaf's fraud theory, rather than Redleaf's other claims

reaching this conclusion, the Ninth Circuit engaged in a discussion of California "inquiry notice" cases that is favorable to Redleaf's position here.

First, the Ninth Circuit noted California law stating that a "cause of action accrues when the elements of the cause of action, including damage, occur," and that, under the discovery rule, "suspicion of one or more of the elements of a cause of action, coupled with knowledge of any remaining elements, will generally trigger the statute of limitations." Id. at *3-*4 (quoting County of Santa Clara v. Atl. Richfield Co., 137 Cal. App. 4th 292 (2006), and V.C. v. Los Angeles Unified Sch. Dist., 139 Cal. App. 4th 499, 516 (2006)).

Here, Redleaf's fraud and negligent misrepresentation claims are based on (1) the misvaluation of Aspen III's – not Aspen II's – portfolio; (2) the disastrous financial condition of Aspen III – not Aspen II; and (3) misrepresentations concerning the effect of the Series A/Series B structure. Redleaf did not have knowledge or even suspicion of the elements of a fraud claim based on (1) and (2) until the 56% decline in Aspen III's portfolio, and did not have suspicion of (3) until after April 19, 2005, when the SBA put Aspen III into liquidation and began to pursue Redleaf for its capital commitment notwithstanding the Series A/Series B structure. These are the events that most closely correspond to the recall and the class action lawsuit in Platt which put that plaintiff on inquiry notice. Put another way, Redleaf had no suspicion of the wrongdoing (the concealment of the financial condition of Aspen III and the effect of the Series A/Series B structure) until Redleaf realized that the misrepresentations had caused it harm (the portfolio drastically declined in value, causing Redleaf to lose its investment, and causing the SBA to pursue Redleaf for its commitment), which occurred well within the statute of limitations under Delaware or California law. See Platt, 2008 WL 1722882, *6-*7 (discussing Norgart v. Upjohn Co., 21 Cal. 4th 383 (1999), and Fox v. Ethicon Endo-Surgery, Inc., 35 Cal. 4th 797 (2005)).

Moreover, the Platt case noted that plaintiff failed to demonstrate that UL's conduct concealed the fact of its misrepresentation, another reason why Platt held plaintiff's claim to be time-barred. Id. at *5 (citing Goldrich v. Natural Y Surgical Specialties, Inc., 25 Cal. App. 4th 772, 784 (1994)). In contrast, Redleaf alleged that Third-Party Defendants actively concealed the

misevaluation of the portfolio and the financial condition of Aspen III through, among other devices, the Series A/Series B structure which allowed Third-Party Defendants to keep critical information regarding Series A investments from Redleaf's representatives.

Finally, the <u>Platt</u> Court recognized that assurances that lull a potential plaintiff into inaction can at least create issues of material fact that can preclude summary judgment on an inquiry notice theory. See <u>id.</u> at *7 (discussing <u>Betz v. Trainer Wortham & Co., Inc.</u>, 504 F.3d 1017 (9th Cir. 2007)). Here, Redleaf has alleged that it relied on Third-Party Defendants' representations in January 2004 that a further capital call would be "sufficient to meet all outstanding obligations relative to both Series A and Series B Investments for the remaining term of Aspen" and that "the value of the Series A portfolio would be sufficient to repay all of SBA leverage drawn to that point." Complaint ¶ 37. Unlike in <u>Platt</u>, Redleaf had not discovered that Third-Party Defendants' misrepresentations as to the financial condition of <u>Aspen III</u> were false. <u>Platt</u>, 2008 WL 1722882, at *7 (distinguishing <u>Betz</u> on ground that plaintiff knew that UL's prior representations about heater safety were false).

## CONCLUSION

Redleaf respectfully requests that Third-Party Defendants' administrative motion be denied.

Respectfully submitted,

Dated: May 2, 2008

KIRKPATRICK & LOCKHART PRESTON GATES ELLIS LLP

By:  /s/  Matthew G. Ball
Matthew G. Ball, Esq. (CA Bar 208881)
Kirkpatrick & Lockhart
Preston Gates Ellis LLP
55 Second Street, Suite 1700
San Francisco, CA  94105
Telephone:  (415) 882-8200
Facsimile:  (415) 882-8220
(matthew.ball@klgates.com)

Martin D. Teckler (*pro hac vice*)
martin.teckler@klgates.com
Kirkpatrick & Lockhart
Preston Gates Ellis LLP
1601 K Street
NW Washington, DC, 20006-1600
Telephone: (202) 778-9000
Facsimile: (202) 778- 9100

Attorneys for Defendant/Third-Party Plaintiff Redleaf Group, Inc.