# EXHIBIT B

SBA ANNEX PS

ARTICLE I

General Provisions

1.1. Definitions. For the purposes of this Annex, the following terms shall have the following meanings:

"Act" shall mean the state statute under which the Partnership is organized.

"Accumulated Prioritized Payments" shall have the meaning set forth in the SBIC Act.

"Adjustments" shall have the meaning set forth in the SBIC Act.

"Agreement" shall mean the agreement of limited partnership of the Partnership to which this Annex is attached and incorporated as a provision thereof. References to the Agreement shall be deemed to include all provisions incorporated in the Agreement by reference.

"Assets" shall mean and include common and preferred stock (including warrants, rights and other options relating thereto or any combination thereof), notes, bonds, debentures, trust receipts and other obligations, instruments or evidences of indebtedness, and other properties or interests commonly regarded as securities, and in addition, interests in real property, whether improved or unimproved, and interests in personal property of all kinds, tangible or intangible, choses in action, and cash, bank deposits and so-called "money market instruments".

"Capital Account" shall mean the account of each Partner that reflects its interest in the Partnership determined in accordance with Article V.

"Closing Capital Account" shall mean, with respect to any fiscal period, the Opening Capital Account of each Partner for such fiscal period after allocations have been made to such Capital Account in accordance with Section 5.3.

"Code" shall mean the Internal Revenue Code of 1986, and the regulations and interpretations thereof promulgated by the Internal Revenue Service, as amended and supplemented from time to time.

"Commitments" shall mean the capital contributions to the Partnership which the Preferred Limited Partners have made and the other Partners have made or are obligated to make to the Partnership. The terms of the Commitments of the Preferred Limited Partners shall be as set forth in this Annex; provided, that any Commitment by a Preferred Limited Partner shall include only the amount such Preferred Limited Partner has actually contributed to the Partnership, and shall not include any amount under any agreement by such Preferred Limited Partner or SBA to provide Leverage to the Partnership which has not been contributed to the Partnership. The amounts and terms of the Commitments of the General Partner and the Private Limited Partners shall be as defined in the Agreement.

"Debentures" shall have the meaning set forth in the SBIC Act.

"Earmarked Assets" shall have the meaning set forth in the SBIC Act.

"ERISA" shall mean the Employee Retirement Income Security Act of 1974, as amended, and the regulations and interpretations thereof promulgated by the Department of Labor.

"General Partner" shall mean the general partner or general partners of the Partnership.

"Institutional Investor" shall have the meaning set forth in the SBIC Act.

"Investment Company Act" shall mean the Investment Company Act of 1940, as amended, and the regulations and interpretations thereof promulgated by the Securities and Exchange Commission.

"Leverage" shall have the meaning set forth in the SBIC Act.

"Maximum Tax Liability" shall have the meaning set forth in the SBIC Act.

"Net Losses" shall mean, with respect to any fiscal period, the excess, if any, of:

(i) all expenses and losses incurred during such fiscal period by the Partnership over

(ii) the aggregate revenue, income and gains during such fiscal period by the Partnership from all sources.

For purposes of determining Net Losses:

(A) items shall be taken into account only to the extent that they are includable as items of income, credit, loss or deduction for Federal income tax purposes or, in the case of items of income, constitute income that is exempt from Federal income tax; and

(B) in the event that any Asset is distributed in kind, it shall be deemed sold at the value established at the most recent valuation of such Asset under the Agreement (or such other valuation date as is required under the SBIC Act) and any unrealized appreciation or depreciation with respect to such Asset shall be deemed realized and included in the determination of Net Losses.

"Net Profits" shall mean, with respect to any fiscal period, the excess, if any, of:

(i) the aggregate revenue, income and gains during such fiscal period by the Partnership from all sources over

(ii) all expenses and losses incurred during such fiscal period by the Partnership.

For purposes of determining Net Profits:

(A) items shall be taken into account only to the extent that they are includable as items of income, credit, loss or deduction for Federal income tax purposes or, in the case of items of income, constitute income that is exempt from Federal income tax; and

(B) in the event that any Asset is distributed in kind, it shall be deemed sold at the value established at the most recent valuation of such Asset under the Agreement (or such other valuation date as is required under the SBIC Act) and any unrealized appreciation or depreciation with respect to such Asset shall be deemed realized and included in the determination of Net Profits.

"Opening Capital Account", with respect to any fiscal period, shall mean:

(i) with respect to any Partner admitted during such fiscal period, such Partner's initial capital contribution; and

(ii) with respect to any Partner admitted during any prior fiscal period, other than a Partner who has withdrawn as of the last day of the preceding fiscal period, such Partner's Closing Capital Account for the preceding fiscal period.

"Outstanding Leverage" shall mean the total amount of outstanding securities (including, but not limited to, Debentures and Participating Securities) issued by the Partnership which qualify as Leverage and have not been redeemed or repaid for purposes of and as provided in the SBIC Act.

"Participating Security" shall have the meaning set forth in the SBIC Act.

"Partners" shall mean the General Partner, the Private Limited Partners and the Preferred Limited Partners, if any.

"Partnership" shall mean the limited partnership established by the Agreement.

"Portfolio Securities" shall mean Assets which do not constitute (i) securities in which a licensee is permitted under 13 C.F.R. §107.530, as in effect from time to time, to invest funds not invested in Small Concerns (as defined in the SBIC Act) or (ii) cash or bank deposits.

"Preferred Limited Partner" shall mean the SBA, in its capacity as a Preferred Limited Partner, or any other person holding one or more Preferred Limited Partnership Interests in the Partnership.

"Preferred Limited Partnership Interest" shall mean a preferred limited partnership interest in the Partnership which qualifies as a Participating Security.

"Prioritized Payment" shall have the meaning set forth in the SBIC Act.

"Private Capital" shall have the meaning set forth in the SBIC Act.

"Private Limited Partners" shall mean any limited partners of the Partnership, other than any Preferred Limited Partner.

"Profit Participation" shall have the meaning set forth in the SBIC Act.

"Publicly Traded Security" shall mean a Portfolio Security which is Publicly Traded and Marketable as such term is used in the SBIC Act.

"Qualified Nonprivate Funds" shall have the meaning set forth in the SBIC Act.

"Regulatory Capital" shall have the meaning set forth in the SBIC Act.

"Retained Earnings Available for Distribution" shall have the meaning set forth in the SBIC Act.

"SBA" shall mean the United States Small Business Administration.

"SBIC Act" shall mean the Small Business Investment Act of 1958, as amended, and the rules and regulations promulgated thereunder by the SBA, as in effect from time to time.

**1.2.** **<u>Conflict With the SBIC Act</u>**. The provisions of this Annex and the Agreement shall be interpreted to the fullest extent possible in a manner consistent with the SBIC Act. In the event of any conflict between any provision of the Agreement or this Annex and the provisions of the SBIC Act (including, without limitation, any conflict with respect to the rights of the SBA or the respective Partners hereunder), the provisions of the SBIC Act shall control.

**1.3.** **<u>Conflict With Other Provisions of the Agreement</u>**. The provisions of the Agreement shall be interpreted to the fullest extent possible in a manner consistent with the provisions of this Annex. In the event of any conflict between any provision of this Annex and any other provision of the Agreement, the provisions of this Annex shall control.

**1.4.** **<u>Effective Date of Incorporated SBIC Act Provisions</u>**. (a) Subject to Section 1.4(c), any section of this Annex which relates to Participating Securities or Debentures issued by the Partnership and incorporates or refers to a provision of the SBIC Act (including, without limitation, 13 C.F.R. §107.1830 - 107.1850 shall, with respect to the rights of the SBA (or any other holder of any such Participating Security or Debenture) under any such section, as to each Participating Security or Debenture, be deemed to refer to such SBIC Act provision as in effect on the date on which the capital contribution with respect to such Participating Security was made to the Partnership pursuant to Section 4.3 or such Debenture was purchased from the Partnership, as the case may be.

(b) Notwithstanding Section 1.4(a), the provisions of 13 C.F.R. § 107.1820 incorporated by reference in Section 4.1 shall be deemed to be such provisions as in effect on the date of the first capital contribution to the Partnership with respect to a Participating Security; and the provisions of 13 C.F.R. § 107.1810(i) incorporated by reference in Section 4.2 shall be deemed to be such provisions as in effect on the date the first Debenture is purchased from the Partnership after April 25, 1994. If either

of 13 C.F.R. § 107.1810(i) or 13 C.F.R. § 107.1820 is amended subsequent to the date such Section is incorporated in the Agreement pursuant to this Section 1.4(b), then unless the SBA shall otherwise give its written consent, before the Partnership may issue additional Leverage, this Section 1.4(b) must be amended to incorporate the version of either 13 C.F.R. § 107.1810(i) or 13 C.F.R. § 107.1820 as then in effect, which relates to the Leverage to be issued.

(c) This Section 1.4 applies to the rights of the SBA in its capacity as a holder or guarantor of Preferred Limited Partnership Interests or Debentures. This Section 1.4 shall not be construed to apply to the provisions of the SBIC Act which relate to the regulatory authority of SBA under the SBIC Act over the Partnership as a licensed small business investment company. References to the provisions of the SBIC Act relating to the SBA's regulatory authority shall mean such provisions as in effect from time to time.

1.5. <u>Incorporation of this Annex into the Agreement</u>. The Agreement shall contain the following provision evidencing the incorporation of this Annex:

> "The provisions of SBA Annex PS attached to this Agreement are incorporated in this Agreement with the same force and effect as if fully set forth herein."

## ARTICLE II

## <u>Purpose and Powers</u>

The Partnership is being organized solely for the purpose of operating as a small business investment company under the SBIC Act and conducting the activities described under Title III of the SBIC Act, and shall have the powers, responsibilities, and be subject to the limitations, provided in the SBIC Act.

## ARTICLE III

## <u>Management</u>

3.1. <u>Authority of General Partner</u>. (a) The management and operation of the Partnership and the formulation of investment policy shall be vested exclusively in the General Partner.

(b) The General Partner shall, so long as it remains the General Partner of the Partnership, comply with the requirements of the SBIC Act, including, without limitation, 13 C.F.R. § 107.160(a) and (b),* as in effect from time to time.

---

* These regulations describe the number of individuals required and the organizational requirements for the General Partner.

(c) The Preferred Limited Partners shall take no part in the control or management of the business or affairs of the Partnership nor shall the Preferred Limited Partners have any authority to act for or on behalf of the Partnership except as is specifically permitted by the Agreement.

(d) The Partners acknowledge that, in addition to the rights of the SBA under this Annex and the Agreement in the SBA's capacity as a Preferred Limited Partner, the SBA also has regulatory authority over the Partnership as a licensed small business investment company under the provisions of the SBIC Act. The Partners further acknowledge that the SBA exercises its regulatory authority over the Partnership under the SBIC Act independent of and separate from its rights and actions in its capacity as a Preferred Limited Partner. Actions taken by SBA pursuant to such regulatory authority shall not be deemed to be actions taken in the SBA's capacity as a Preferred Limited Partner of the Partnership.

3.2. <u>Valuation of Assets</u>. (a) The Partnership shall adopt written guidelines for determining the value of its Assets. Assets held by the Partnership shall be valued by the General Partner in a manner consistent with such written guidelines and the SBIC Act.

(b) To the extent that the SBIC Act requires any Asset held by the Partnership to be valued other than as provided in the Agreement, the General Partner shall value such Asset in such manner as it determines to be consistent with the SBIC Act.

(c) Assets held by the Partnership shall be valued not less often than annually (or more often, as the SBA may require), and shall be valued not less often than semi-annually (or more often, as the SBA may require) at any time that the Partnership has Outstanding Leverage.*

## ARTICLE IV

### <u>Small Business Investment Company Matters</u>

4.1. <u>Provisions Required by the SBIC Act for Issuers of Participating Securities.</u>** (a) The provisions of 13 C.F.R. § 107.1820 are hereby incorporated by reference in this Annex as if fully set forth herein.

(b) The Partnership and the Partners hereby consent to the exercise by the SBA of all of the rights of the SBA under 13 C.F.R. § 107.1820 and agree to take all actions which the SBA may require in accordance with 13 C.F.R. § 107.1820.

(c) This Section 4.1 shall be in effect at any time that the Partnership has outstanding Participating Securities or owns Earmarked Assets, and shall not be in effect at any time that the Partnership neither has outstanding Participating Securities nor owns Earmarked Assets.

---

* See 13 C.F.R. § 107.503(d), which requires valuation of assets on a semi-annual basis if there is outstanding Leverage.

** This Section incorporates regulations relating to the special rights of the SBA when the Partnership has outstanding Participating Securities.

(d) Nothing in this Section 4.1 shall be construed to limit the ability or authority of the SBA to exercise its regulatory authority over the Partnership as a licensed small business investment company under the SBIC Act.

4.2. Provisions Required by the SBIC Act for Issuers of Debentures.* (a) The provisions of 13 C.F.R. § 107.1810(i) are hereby incorporated by reference in this Annex as if fully set forth herein.

(b) The Partnership and the Partners hereby consent to the exercise by the SBA of all of the rights of the SBA under 13 C.F.R. § 107.1810(i) and agree to take all actions which the SBA may require in accordance with 13 C.F.R. § 107.1810 (i).

(c) This Section 4.2 shall be in effect at any time that the Partnership has outstanding Debentures, and shall not be in effect at any time that the Partnership does not have outstanding Debentures.

(d) Nothing in this Section 4.2 shall be construed to limit the ability or authority of the SBA to exercise its regulatory authority over the Partnership as a licensed small business investment company under the SBIC Act.

4.3. Admission of Preferred Limited Partners and Increased Commitments. The Partnership may, from time to time after the date hereof, admit one or more Preferred Limited Partners under the following terms and conditions:

(a) Each Preferred Limited Partner shall execute and deliver to the Partnership an instrument in the form attached hereto as Exhibit A-1, or other form satisfactory to the Partnership and the Preferred Limited Partner, evidencing such Preferred Limited Partner's agreement to be bound by and comply with the terms and provisions of the Agreement as if such Preferred Limited Partner were an original signatory to the Agreement, and setting forth such Preferred Limited Partner's name, address and Commitment.

(b) Each Preferred Limited Partner shall be admitted to the Partnership as of the date that such instrument is executed by such Preferred Limited Partner and the General Partner. Each Preferred Limited Partner shall pay on the date of its admission to the Partnership, a capital contribution equal to 100% of the amount of its Commitment.

(c) At the time that any Preferred Limited Partner makes an additional capital contribution to the Partnership it shall execute an instrument as provided in Section 4.3(a) setting forth the amount of such additional capital contribution, and its Commitment shall be increased by the amount of such capital contribution.

4.4. Redemption and Withdrawal of Preferred Limited Partners. (a) The redemption of the Preferred Limited Partnership Interest of a Preferred Limited Partner for purposes of

---

* This Section incorporates regulations relating to the special rights of the SBA when the Partnership has outstanding Debentures.

the SBIC Act shall not cause the withdrawal of such Preferred Limited Partner from the Partnership, and any Preferred Limited Partner whose Preferred Limited Partnership Interest is redeemed for purposes of the SBIC Act shall remain a Preferred Limited Partner of the Partnership notwithstanding such redemption, until such time as such Preferred Limited Partner is deemed to have withdrawn pursuant to Section 4.4(d).

(b) In the event that any Preferred Limited Partner has not received on a cumulative basis an amount equal to 100% of the original issue price of such Preferred Limited Partner's Preferred Limited Partnership Interest in the Partnership, plus the amount of any Prioritized Payments and Adjustments that are due under the SBIC Act but unpaid with respect to such Preferred Limited Partner's Preferred Limited Partnership Interest, prior to the redemption date of such Preferred Limited Partner's Preferred Limited Partnership Interest for purposes of the SBIC Act, then on such redemption date the Partnership shall distribute such amount to such Preferred Limited Partner as shall be required so that as of such date such Preferred Limited Partner shall have received on a cumulative basis an amount equal to the original issue price plus all Prioritized P. ments and Adjustments which are due under the SBIC Act but unpaid with respect to its Preferred Limited Partnership Interest.

(c) If, at the time any Preferred Limited Partner's Preferred Limited Partnership Interest has been redeemed for purposes of the SBIC Act, the Partnership (i) has not paid all Prioritized Payments and Adjustments in full and (ii) has not sold or otherwise disposed of all assets which are Earmarked Assets, then the Partnership's obligation to pay Prioritized Payments and Adjustments shall continue and payment shall be made as provided in the SBIC Act. The Partnership's obligation to pay Profit Participation with respect to Earmarked Assets shall continue until such time as all Earmarked Assets are disposed of. If on disposition of all Earmarked Assets there remain any Accumulated Prioritized Payments, the obligation to make such payments shall be extinguished.

(d) A Preferred Limited Partner shall be deemed to have withdrawn from the Partnership at such time as the Preferred Limited Partnership Interest of such Preferred Limited Partner has been redeemed, the Partnership no longer owns any assets which are Earmarked Assets, and all amounts due from the Partnership to such Preferred Limited Partner with respect to its Preferred Limited Partnership Interest (including, without limitation, all allocated Profit Participation) have been paid to such Preferred Limited Partner or the obligation to pay such amounts has been extinguished as provided in Section 4.4(c).

4.5. <u>Assignment of Right to Distributions</u>. A Preferred Limited Partner (including the SBA in its capacity as a Preferred Limited Partner) may assign to a designee (including any trust, or trustee for a trust, established pursuant to the SBIC Act) all or part of its right to receive any distribution or payment from the Partnership with respect to its Preferred Limited Partnership Interest. Upon receipt of written notice from the Preferred Limited Partner, the Partnership shall pay any such assigned distribution or payment directly to such designee. Any assignment made solely pursuant to this Section 4.5 shall not be deemed an assignment of a partnership interest or the substitution of such designee as a Partner, and shall not be deemed to give such designee any rights or interest in the Partnership as a Partner in the Partnership.

4.6. <u>Priority of Preferred Limited Partnership Interests on Liquidation</u>. In the event of the liquidation of the Partnership pursuant to the SBIC Act, the Preferred Limited Partnership Interests shall be senior in priority for all purposes to all other partnership interests (or other equity interests) in

the Partnership to the extent of the amount determined, with respect to each Preferred Limited Partnership Interest, as provided in the SBIC Act.*

4.7. SBA as Third Party Beneficiary. In the event that the SBA is not a party to the Agreement, the SBA shall be deemed an express third party beneficiary of the provisions of the Agreement (including, without limitation, this Annex) to the extent of the rights of the Preferred Limited Partners and the SBA thereunder and under the Act, and the SBA shall be entitled to enforce such provisions (including, without limitation, the obligations of each Partner to make capital contributions to the Partnership) for the benefit of the Preferred Limited Partners and for its benefit, as if the SBA were a party thereto.

4.8. Representations of Private Limited Partners. (a) Each Private Limited Partner represents to the Partnership, each Preferred Limited Partner and the SBA that it is an Institutional Investor with respect to the Partnership; provided, however, that in lieu of making this representation, any Private Limited Partner may provide the Partnership with a separate written representation describing its status under the definition of an Institutional Investor.**

(b) Each Private Limited Partner represents to the Partnership, each Preferred Limited Partner and the SBA that its Commitment qualifies as Private Capital, and none of its Commitment constitutes Qualified Nonprivate Funds whose source is Federal funds; provided, however, that in lieu of making this representation any Private Limited Partner may provide the Partnership with a separate written representation stating the amount of its Commitment which qualifies as Private Capital and the amount of its Commitment which constitutes Qualified Nonprivate Funds whose source is Federal funds.***

(c) Each Private Limited Partner represents to the Partnership, each Preferred Limited Partner and the SBA that (i) its net worth or (in the case of any employee benefit plan, pension plan or government plan as defined under ERISA) net assets available for benefits equals or exceeds $10 million (exclusive, in the case of any individual, of the value of any equity in such individual's most valuable residence), (ii) its Commitment to the Partnership represents less than ten percent (10%) of such Private Limited Partner's net worth or (in the case of any employee benefit plan, pension plan or government plan as defined under ERISA) net assets available for benefits, and (iii) if such Private Limited Partner is a natural person, such person is a permanent resident of the United States; provided, however, that in lieu of making this representation any Private Limited Partner may provide the Partnership with a separate written representation stating the amount of its net worth (exclusive, in the case of any individual, of the value of any equity in such individual's most valuable residence) or net assets available for benefits (in the case of any such employee benefit plan, pension plan or government plan), the percentage of such net worth or net assets available for benefits represented by such Private Limited

---

* 13 C.F.R. § 107.1500(f) specifies the amount of the priority of a Preferred Limited Partnership Interest on liquidation.

** See the definition of "Institutional Investor" at 13 C.F.R. § 107.50.

*** See the definitions of "Regulatory Capital", "Qualified Nonprivate Funds" and "Leverageable Capital" at 13 C.F.R. § 107.50.

Partner's Commitment to the Partnership, and the country (if other than the United States) in which such Private Limited Partner is a permanent resident.*

(d) Each Private Limited Partner which directly or indirectly owns or controls a limited partner's interest which constitutes ten percent (10%) or more of the partnership capital (as such term is used in the SBIC Act), represents to the Partnership and each Preferred Limited Partner and the SBA that its Commitment to the Partnership does not (i) constitute thirty-three percent (33%) or more of the partnership capital or (ii) exceed five percent (5%) of such Private Limited Partner's net worth or net assets available for benefits (in the case of any employee benefit, pension plan or government plan); provided, however, that in lieu of making this representation any Private Limited Partner may provide the Partnership with a separate written representation stating the percentage of the partnership capital which the limited partner's interest directly or indirectly owned or controlled by it constitutes, and the percentage of its net worth represented by such limited partner's interest.**

(e) Each Private Limited Partner represents to the Partnership, each Partner and the SBA that such Private Limited Partner has full power and authority to execute and deliver the Agreement and to act as a Private Limited Partner thereunder; the Agreement has been authorized by all necessary actions by it; the Agreement has been duly executed and delivered by it; and the Agreement is a legal, valid and binding obligation of it, enforceable against it according to its terms.

4.9. Notices With Respect to Representations by Private Limited Partners. (a) In the event that the representation made by a Private Limited Partner in Section 4.8(a), (b), (c) or (d) shall cease to be true (including any separate written representation previously provided by such Private Limited Partner to the Partnership as provided in such Sections), then such Private Limited Partner shall promptly provide the Partnership with a correct separate written representation as provided in each such Section.

(b) The Partnership shall give each Preferred Limited Partner and the SBA prompt written notice of any notice received from any Private Limited Partner pursuant to Section 4.9(a) with respect to the representations of such Private Limited Partner.

## ARTICLE V

## Capital Accounts

5.1. Establishment of Capital Accounts. There shall be established on the books of the Partnership an Opening Capital Account for each Partner in accordance with the definitions and methods of allocation prescribed herein.

5.2. Times of Allocation to Capital Accounts. Allocations shall be made to Opening Capital Accounts at (i) the close of each fiscal year of the Partnership, (ii) upon the day prior to the date of the admission of an Additional Private Limited Partner, increase in any Private Limited Partner's

* See the definitions of "Private Capital" and "Regulatory Capital" at 13 C.F.R. § 107.50.

** See the definition of "Associate" at 13 C.F.R. § 107.50.

Commitment, admission of any Preferred Limited Partner or increase in the Commitment of any Preferred Limited Partner, (iii) upon the day prior to the dissolution of the Partnership, (iv) upon the date of a distribution and (v) on such other dates as the Agreement may provide. As of the dates set forth in clauses (i) through (v) of the preceding sentence, the allocations shall be made to the Opening Capital Account of each Partner in accordance with Section 5.3.

5.3. Allocations to Capital Accounts. (a) As of the times set forth in Section 5.2, allocations shall be made to the Opening Capital Accounts of the Partners to arrive at each Partner's Closing Capital Account for such period in the following order and amounts:

(i) The amount of any capital contributions paid by each Partner during such period shall be credited to such Partner's Opening Capital Account (other than capital contributions referred to in clause (i) of the definition of "Opening Capital Account" in Article I); provided, however, that any such capital contribution shall be credited to such Partner's Opening Capital Account on the later of the date such capital contribution was due or the date on which such capital contribution was actually received by the Partnership;

(ii) The amount of any distributions made to each Partner during such period shall be debited against such Partner's Opening Capital Account;

(iii) Net Profits shall be credited and Net Losses shall be debited to the Opening Capital Accounts of the Preferred Limited Partners in such amount and in such manner as is required to allocate to the Preferred Limited Partners the amount of the Prioritized Payments and Adjustments to which the Preferred Limited Partners are then entitled (determined as provided in the SBIC Act), to be apportioned among them as required under the SBIC Act;

(iv) The balance of any Net Profits shall be credited and any Net Losses shall be debited to the Opening Capital Accounts of the Partners as follows:

(A) to the Preferred Limited Partners in such amount as is required to allocate to the Preferred Limited Partners the amount of the Profit Participation to which the Preferred Limited Partners (or the SBA) are then entitled (determined as provided in the SBIC Act), to be apportioned among them as required under the SBIC Act; and

(B) the balance to the General Partner and the Private Limited Partners to be apportioned among the General Partner and the Private Limited Partners as provided in the Agreement, or if no such provision is made in the Agreement, then as provided in the Act.

(b) Notwithstanding the provisions of Section 5.3(a)(iv):

(i) at such time as the Capital Account of the General Partner shall be reduced to an amount equal to the aggregate capital contributions of the General Partner (less all distributions to the General Partner), the balance of all Net Losses shall be allocated:

(A) first, to the remaining Capital Accounts of all of the Private Limited Partners which have not been reduced to zero (to be apportioned among them in accordance with their respective Partner's Percentages);

(B) second, after the Capital Accounts of all Private Limited Partners have been reduced to zero, then to the remaining Capital Accounts of the Preferred Limited Partners which have not been reduced to zero (to be apportioned among them according to their respective Capital Accounts); and

(C) third, after the Capital Accounts of all Private Limited Partners and Preferred Limited Partners have been reduced to zero, then the balance to the General Partner.

(ii) In the event that Net Losses are allocated in accordance with the foregoing clause (i), any Net Profits that are required to be allocated after such special allocation of Net Losses as provided in the foregoing clause shall be allocated:

(A) first, to the General Partner until the effect of the special allocation of Net Losses under clause (i)(C) is reversed and eliminated;

(B) second, to all of the Preferred Limited Partners to whom the allocation of such Net Losses has been made pursuant to clause (i)(B) until the effect of such special allocation of Net Losses has been reversed and eliminated; and

(C) third, to the Private Limited Partners to whom the allocation of such Net Losses has been made pursuant to clause (i)(A) until the effect of such special allocation of Net Losses has been reversed and eliminated.

(c) To the extent not otherwise accomplished by the provisions of Sections 5.3(a) and (b), allocations shall be made to the Opening Capital Accounts of the Partners to effect any allocation of any item of income, gain, loss, deduction or credit to a Partner required by the Code.

## ARTICLE VI

## Distributions

**6.1. Distributions to Partners.** Distributions of cash and/or property (including Portfolio Securities), if any, shall be made at such times as the provisions of the SBIC Act require and at such other times permitted by the SBIC Act as are determined under the Agreement, in the following order and amounts:*

* 13 C.F.R. § 107.1520(g) and §§107.1540 through 107.1580 relate specifically to distributions.

(i) to the Preferred Limited Partners in an amount up to any unpaid Prioritized Payments and Adjustments to which any Preferred Limited Partners are entitled (as determined under the SBIC Act), to be apportioned among them as required by the SBIC Act;

(ii) if all amounts required to be distributed under clause (i) have been distributed, then at the election of the General Partner, to the Partners (whether or not any Partner is a taxpayer or is a tax exempt entity) in an amount up to the Maximum Tax Liability of the Partners, to be apportioned between the Preferred Limited Partners on the one hand and the General Partner and the Private Limited Partners on the other hand as required by the SBIC Act;

(iii) if all amounts required to be distributed under clause (i) and clause (ii) (if the General Partner has elected to make a distribution under clause (ii)) have been distributed, then to the Partners in an amount up to the amount of the Retained Earnings Available for Distribution of the Partnership, to be apportioned among them in the following ratios:

(A) if as of the date of the distribution there is Outstanding Leverage, then in the ratios set forth in the SBIC Act;* and

(B) if as of the date of the distribution there is no Outstanding Leverage, then any amount to be distributed under this clause (iii) shall be apportioned to the Preferred Limited Partners up to the amount of any Profit Participation payable to the Preferred Limited Partners following the redemption of their Preferred Limited Partnership Interests for purposes of the SBIC Act, and the balance shall be apportioned to the General Partner and the Private Limited Partners;

(iv) if all amounts required to be distributed under clauses (i), (ii) (if the General Partner has elected to make a distribution under clause (ii)), and (iii) have been distributed, then any additional amount shall be distributed and apportioned among the Partners in the following ratios:

(A) if as of the date of the distribution there is Outstanding Leverage then in the ratios set forth in the SBIC Act; and

(B) if as of the date of the distribution there is no Outstanding Leverage, then any amount to be distributed under this clause (iv) shall be distributed one hundred percent (100%) to the General Partner and the Private Limited Partners.

6.2. <u>Distributions of Portfolio Securities.</u> (a) Subject to the provisions of the SBIC Act (including, without limitation, 13 C.F.R. § 107.1580) and the provisions of this Section 6.2, the Partnership may, as provided in the Agreement, at any time distribute Portfolio Securities in kind, <u>pro rata</u> between the Preferred Limited Partners on the one hand and the General Partner and Private Limited Partners on the other hand (based upon the respective amounts which each of the two groups would be

* 13 C.F.R. § 107.1560 sets forth the ratios, which vary depending on the amount of Outstanding Leverage.

entitled to receive if such distribution were made in cash) with respect to such distribution of each such Portfolio Security.*

(b) Distributions of Portfolio Securities in kind prior to the redemption of all Preferred Limited Partnership Interests shall only be made if such Portfolio Securities are Publicly Traded Securities. Distributions in kind of Portfolio Securities which are Earmarked Assets after the redemption of all Preferred Limited Partnership Interests shall be made only (i) if such Portfolio Securities are Publicly Traded Securities or (ii) if such Portfolio Securities are not Publicly Traded Securities, then with the prior written approval of the SBA (which shall include the approval of the valuation of such Portfolio Securities).

(c) At any time that any amount due to a Preferred Limited Partner whose Preferred Limited Partnership Interest has been redeemed for purposes of the SBIC Act has not been paid in full, the Partnership shall not make any distribution of Portfolio Securities in kind unless the Partnership distributes to such Preferred Limited Partner such amount, up to the amount of the unrealized appreciation on the Portfolio Securities to be distributed, as may be necessary to pay in full the amounts due to such Preferred Limited Partner pursuant to Section 4.4(c).

**6.3.** <u>**Apportionment of Distributions Among the General Partner and Private Limited Partners.**</u> All amounts to be distributed to the General Partner and the Private Limited Partners shall be apportioned among the General Partner and the Private Limited Partners as provided in the Agreement, or if no such provision is made in the Agreement, then as provided in the Act.

## ARTICLE VII

### <u>Partners' Commitments</u>

**7.1.** <u>**Conditions to the Commitments of the General Partner and the Private Limited Partners.**</u> (a) Notwithstanding any provision in the Agreement to the contrary, the General Partner and the Private Limited Partners shall be obligated to contribute any amount of their respective Commitments, not previously contributed to the Partnership, upon the earlier of (i) the completion of the liquidation of the Partnership or (ii) one year from the commencement of such liquidation if and to the extent that the other Assets of the Partnership have not been sufficient to permit as such time the redemption of all Outstanding Leverage, the payment of all amounts due with respect to the Outstanding Leverage as provided in the SBIC Act, and the payment of all other amounts owed by the Partnership to the SBA.

(b) Notwithstanding any provision in the Agreement to the contrary (except as expressly provided in this Section 7.1(b)), in the event that the Partnership is subject to restricted operations (as such term is used in the SBIC Act) and prior to the liquidation of the Partnership the SBA requires the

---

* Distributions of securities are required to be <u>pro rata</u> only between the Preferred Limited Partners and all other Partners as a group (13 C.F.R. § 107.1580(a)(2); the Agreement may permit non-<u>pro rata</u> distributions of securities among the General and Private Limited Partners.

General Partner and the Private Limited Partners to contribute any amount of their respective Commitments not previously contributed to the Partnership, the obligation to make such contributions shall not be subject to any conditions set forth in the Agreement other than limitations on the amount of capital which a Partner is obligated to contribute (i) within any specified time period or (ii) prior to any specified date.

(c) The provisions of this Section 7.1 shall not apply to the Commitment of any Private Limited Partner whose obligation to make capital contributions has been terminated or who has withdrawn from the Partnership pursuant to a provision of this Article VII or any agreement, release, settlement or action under any provision of the Agreement which has been taken with the consent of the SBA as provided in Section 7.2. No Private Limited Partner or General Partner shall have any right to delay, reduce or offset any capital contribution obligation to the Partnership called under this Section 7.1 by reason of any counterclaim or right to offset by such Partner or the Partnership against SBA or any Preferred Limited Partner.

7.2. __Failure to Make Required Capital Contributions__. (a) The Partnership shall be entitled to enforce the obligations of each Partner to make the contributions to capital specified in the Agreement, and the Partnership shall have all rights and remedies available at law or equity in the event any such contribution is not so made.*

(b) The Partnership shall give the SBA prompt written notice of any default by a Private Limited Partner in making any capital contribution to the Partnership required under the Agreement which continues beyond any applicable grace period specified in the Agreement.

(c) The Partnership shall not enter into any agreement (whether oral or written), release or settlement with any Partner or take any action under any provision of the Agreement, which defers, reduces, or terminates the obligations of any such Partner to make contributions to the capital of the Partnership, or commence any legal proceeding or arbitration, which seeks any such deferral, reduction or termination of such obligation, and no such agreement, release, settlement or action taken under any provision of the Agreement shall be effective with respect to the Partnership or any such Partner, without the prior written (except as provided in Section 7.2(d)) consent of the SBA.

(d) If the Partnership has given the SBA thirty (30) days prior written notice of any proposed legal proceeding, arbitration or other action under the provisions of the Agreement with respect to any default by a Private Limited Partner in making any capital contribution to the Partnership required under the Agreement and for which SBA consent is required as provided in Section 7.2(c), and the Partnership shall not have received written notice from the SBA that it objects to such proposed action within such thirty (30) day period, then SBA shall be deemed to have consented to such proposed Partnership action.

(e) Section 7.2(c) shall be in effect at any time that the Partnership has Outstanding Leverage or owns Earmarked Assets, and shall not be in effect at any time the Partnership neither has Outstanding Leverage nor owns Earmarked Assets.

* See also the rights of the SBA as a third party beneficiary under Section 4.7.

7.3. <u>Termination of the Obligation to Contribute Capital</u>. Notwithstanding any other provision of the Agreement (including, without limitation, the provisions of this Annex), any Private Limited Partner may elect to terminate its obligation in whole or in part to make a capital contribution required pursuant to the Agreement or upon demand by the General Partner shall no longer be entitled to make such capital contribution, in the event that such Private Limited Partner or the General Partner shall obtain an opinion of counsel to the effect that making such contribution would require such Private Limited Partner to withdraw from the Partnership pursuant to Sections 7.4 through 7.8. Upon receipt by the General Partner of an opinion and notice as required under Section 7.9, unless cured within the period provided under Section 7.10, the Commitment of the Private Limited Partner delivering such opinion shall be deemed to be reduced by the amount of such capital contribution and the Agreement shall be deemed amended to reflect a corresponding reduction of aggregate Commitments to the Partnership.

7.4. <u>Withdrawal by ERISA Regulated Pension Plans</u>. Notwithstanding any other provision of the Agreement (including, without limitation, the provisions of this Annex), any Private Limited Partner that is an "employee benefit plan" within the meaning of, and subject to the provisions of, ERISA, may elect to withdraw from the Partnership in whole or in part, or upon demand by the General Partner shall withdraw from the Partnership in whole or in part, if either such Private Limited Partner or the General Partner shall obtain an opinion of counsel to the effect that, as a result of ERISA, (i) the withdrawal of such Private Limited Partner from the Partnership to such extent is required to enable such Private Limited Partner to avoid a violation of, or breach of the fiduciary duties of any person under (other than a breach of the fiduciary duties of any such person based upon the investment strategy or performance of the Partnership), ERISA or any provision of the Code related to ERISA or (ii) all or any portion of the assets of the Partnership (as opposed to such Private Limited Partner's partnership interest) constitute assets of such Private Limited Partner for purposes of ERISA and are subject to the provisions of ERISA to substantially the same extent as if owned directly by such Private Limited Partner.

7.5. <u>Withdrawal by Government Plans Complying with State and Local Law</u>. Notwithstanding any other provision of the Agreement (including, without limitation, the provisions of this Annex), any Private Limited Partner that is a "government plan" within the meaning of ERISA may elect to withdraw from the Partnership in whole or in part, or upon demand by the General Partner shall withdraw from the Partnership in whole or in part, if either such Private Limited Partner or the General Partner shall obtain an opinion of counsel to the effect that as a result of state statutes, regulations, case law, administrative interpretations or similar authority applicable to such "government plan", the withdrawal of such Private Limited Partner from the Partnership to such extent is required to enable such Private Limited Partner or the Partnership to avoid a violation (other than a violation based upon the investment performance of the Partnership) of such applicable state law.

7.6. <u>Withdrawal by Government Plans Complying with ERISA</u>. Notwithstanding any other provision of the Agreement (including, without limitation, the provisions of this Annex), any Private Limited Partner that is a "government plan" within the meaning of ERISA may elect to withdraw from the Partnership in whole or in part, if such "government plan" shall obtain an opinion of counsel to the effect that, as a result ERISA, (i) the withdrawal of such "government plan" from the Partnership to such extent would be required if it were an "employee benefit plan" within the meaning of, and subject to the provisions of, ERISA, to enable such "government plan" to avoid a violation of, or breach of the fiduciary duties of any person under (other than a breach of the fiduciary duties of any such person based upon the investment strategy or performance of the Partnership), ERISA or any provision of the Code

related to ERISA in the manner which would be required were it an "employee benefit plan" within the meaning of, and subject to the provisions of, ERISA, or (ii) all or any portion of the assets of the Partnership would constitute assets of such "government plan" for the purposes of ERISA, if such "government plan" were an "employee benefit plan" within the meaning of, and subject to the provisions of, ERISA and would be subject to the provisions of ERISA to substantially the same extent as if owned directly by such "government plan."

7.7. Withdrawal by Tax Exempt Private Limited Partners. Notwithstanding any other provision of the Agreement (including, without limitation, the provisions of this Annex), any Private Limited Partner that is exempt from taxation under Section 501(a) or 501(c)(3) of the Code may elect to withdraw from the Partnership in whole or in part, if such Private Limited Partner shall obtain an opinion of counsel to the effect that as a result of applicable statutes, regulations, case law, administrative interpretations or similar authority, the withdrawal of such Private Limited Partner from the Partnership to such extent is required to enable such tax exempt Private Limited Partner to avoid loss of its tax exempt status under Section 501(a) or 501(c)(3) of the Code.

7.8. Withdrawal by Registered Investment Companies. Notwithstanding any other provision of the Agreement (including, without limitation, the provisions of this Annex), any Private Limited Partner that is an "investment company" subject to registration under the Investment Company Act, may elect to withdraw from the Partnership in whole or in part, or upon demand by the General Partner shall withdraw from the Partnership in whole or in part, if either such Private Limited Partner or the General Partner shall obtain an opinion of counsel to the effect that, as a result of the Investment Company Act, the withdrawal of such Private Limited Partner from the Partnership to such extent is required to enable such Private Limited Partner or the Partnership to avoid a violation of applicable provisions of the Investment Company Act or the requirement that the Partnership register as an investment company under the Investment Company Act.

7.9. Notice and Opinion of Counsel. In the event of the issuance of an opinion of counsel described in Sections 7.3 through 7.8, a copy of such opinion shall be sent by the General Partner to the SBA, together with the written notice of the election of the Private Limited Partner to which such opinion relates to terminate its obligation to make further capital contributions with respect to its Commitment or withdraw from the Partnership in whole or in part, or the written demand of the General Partner for such termination or withdrawal, as the case may be. Any counsel rendering an opinion pursuant to Sections 7.3 through 7.8 shall be subject to the approval of the General Partner and the SBA, and any such opinion shall be satisfactory in form and substance to the General Partner and the SBA.

7.10. Cure, Termination of Capital Contributions and Withdrawal. Unless within ninety (90) days after the giving of written notice and satisfactory opinion of counsel, as provided in Section 7.9, the Private Limited Partner or the Partnership eliminates the necessity for termination of the obligation of such Private Limited Partner to make further capital contributions or for the withdrawal of such Private Limited Partner from the Partnership in whole or in part to the reasonable satisfaction of such Private Limited Partner and the General Partner, such Private Limited Partner shall withdraw from the Partnership in whole or in part to the extent required, effective as of the end of such ninety (90) day period. Subject to the provisions of Section 7.2, in its discretion the General Partner may waive all or any part of the ninety (90) day cure period and cause such termination of capital contributions or withdrawal to be effective at an earlier date as set forth in such waiver.

**7.11. Distributions on Withdrawal.** Upon withdrawal pursuant to any provision of the Agreement, a Private Limited Partner shall have the rights to distributions set forth in the Act with respect to distributions to be made to limited partners upon withdrawal from a limited partnership; provided, however, that any distribution by the Partnership to a Private Limited Partner pursuant to its withdrawal pursuant to any provision of the Agreement shall be subject to the provisions of the SBIC Act and the prior written consent of the SBA.

## ARTICLE VIII

### Dissolution

The Partnership shall be dissolved on the later to occur of (i) the date of dissolution set forth in the Agreement or (ii) two years after all Preferred Limited Partners have withdrawn from the Partnership and all Outstanding Leverage shall have matured. The Agreement may provide that the General Partner and the Private Limited Partners may elect to dissolve the Partnership at any time after ten (10) years; provided, that (i) all Outstanding Leverage has been repaid or redeemed and (ii) all amounts due the Preferred Limited Partners, SBA, its agent or trustee have been paid.*

## ARTICLE IX

### Audit and Report

The Partnership shall maintain books and records in accordance with Treasury Regulation § 1.704 - 1(b), the provisions of the SBIC Act regarding financial accounts and reporting and generally accepted accounting principles (except as otherwise provided herein), and the financial statements of the Partnership shall be audited and certified as of the end of each fiscal year by a firm of independent certified public accountants selected by the Partnership.

## ARTICLE X

### Miscellaneous

**10.1. Assignability.** (a) The General Partner may not assign, pledge or otherwise grant a security interest in its interest in the Partnership or in this Agreement, except with the prior written consent of the SBA.

* See 13 C.F.R. § 107.160(c)(1) which specifies the minimum duration for an SBIC in limited partnership form.

(b) No transfer of any interest in the Partnership shall be allowed if the actions to be taken in connection with such transfer would (i) result in any violation of the SBIC Act,* or (ii) result in a violation of any law, rule or regulation by the Partnership.

10.2. Amendments. This Annex shall not be amended except by an instrument in writing executed by all Preferred Limited Partners. Any amendment of the Agreement which would (i) affect this Annex, (ii) affect the rights, obligations or liabilities of any Preferred Limited Partner or the SBA or (iii) reduce the Commitment of any Partner (other than as a result of (A) the operation of any provision of this Annex, (B) an agreement, settlement, release or other action under a provision of the Agreement taken as provided in Section 7.2 or (C) the assignment of such Partner's interest in the Partnership as permitted under this Annex and the Agreement) shall require the prior written consent of the SBA.

* See 13 C.F.R. § 107.400 which requires SBA approval for any transfer which would result in any person owning more than a specified percentage of any class of partnership capital.

EXHIBIT A-1

**Instrument of Admission or Increase in Commitment for a Preferred Limited Partner**

1. Partnership Name: ______
2. Date of Agreement of Limited Partnership: ______
3. Amount of Preferred Limited Partner's Capital Contribution: ______
4. Effective Date of Admission or Increase: ______
5. Rate of Prioritized Return: ______
6. Payment Dates: February 1, May 1, August 1, November 1
7. Maturity Date: ______

The undersigned hereby agrees to become a Preferred Limited Partner in the partnership set forth above pursuant to terms of the above referenced Agreement of Limited Partnership and to be bound by and comply with the terms of such Agreement.

The capital contribution to be made by the undersigned as a Preferred Limited Partner shall be the amount set forth on item 3 above. Such capital contribution shall be made, and the undersigned shall be admitted as a Preferred Limited Partner, on the date set forth in item 4 above. The Prioritized Payment payable with respect to such capital contribution shall be at the rate set forth in item 5 above.

**An additional charge of 1% per annum shall be payable to the Preferred Limited Partner under the same terms and conditions as are applicable to the payment of Prioritized Payments.**

This Instrument shall have the same force and effect as if the undersigned parties had executed a counterpart of such Agreement of Limited Partnership. Capitalized terms used in this instrument shall have the respective meanings set forth in the above referenced Agreement of Limited Partnership.

IN WITNESS WHEREOF the undersigned have hereunto executed this instrument as of ______, ____.

Partnership:

______
(Partnership Name)

By: ______
(Name of General Partner)

By: ______
(Signature of Officer or General Partner)

Name: ______
Title: ______

Preferred Limited Partner:

U. S. Small Business Administration
(Name of Preferred Limited Partner)

By: ______
(Signature of Authorized Person)

Name: ______
Title: Associate Administrator for Investment

Address: U.S. Small Business Administration
Investment Division, 409 Third Street, S.W.
Washington, DC 20416