EXHIBIT H

PAGES 26-36

IN WITNESS WHEREOF, the undersigned have executed this First Amendment as of the date first set forth above.

GENERAL PARTNER:

Aspen Venture Management III, L.L.C.

By: _____

_____

SERIES A LIMITED PARTNERS:

_____

Name: Compudata, Inc.

By: _ROGER KOO_____

Its: _PRESIDENT_____

IN WITNESS WHEREOF, the undersigned have executed this First Amendment as of the date first set forth above.

GENERAL PARTNER:                          SERIES A LIMITED PARTNERS:

Aspen Venture Management III, L.L.C.

By: _____              Name:  Roger S. Koo
                                          By: _____

    _____              Its: _____

IN WITNESS WHEREOF, the undersigned have executed this First Amendment as of the date first set forth above.

GENERAL PARTNER:

Aspen Venture Management III, L.L.C.

By: _____

_____

SERIES A LIMITED PARTNERS:

_____

Name: Santa Clara University

By: ~~ROBERT D WARREN~~ _____

Its: ~~VICE PRESIDENT FOR~~ ~~ADMINISTRATION AND FINANCE~~

IN WITNESS WHEREOF, the undersigned have executed this First Amendment as of the date first set forth above.

GENERAL PARTNER:

Aspen Venture Management III, L.L.C.

By: _____

_____

SERIES A LIMITED PARTNERS:

Name: Jeffery M. Nash & Kathleen L. Nash Trustees of the Jeffery M. Nash and Laura L. Nash Declaration of Trust Dated 3/18/80 As Ammended

By: *J. M. Nash F K. L. Nash*

Its: *Trustees*

IN WITNESS WHEREOF, the undersigned have executed this First Amendment as of the date first set forth above.

GENERAL PARTNER:                    SERIES A LIMITED PARTNERS:

Aspen Venture Management III, L.L.C.

By: _____         Name: The Love Living Trust Agreement
                                    Dated March 9, 1983
    _____         By: _____

                                    Its: _____

IN WITNESS WHEREOF, the undersigned have executed this First Amendment as of the date first set forth above.

GENERAL PARTNER:                    SERIES A LIMITED PARTNERS:

Aspen Venture Management III, L.L.C.

                                    _____

By: _____         Name: Dean Witter, custodian for Joel
                                    Becker

    _____         By: _____

                                    Its: _____

IN WITNESS WHEREOF, the undersigned have executed this First Amendment as of the date first set forth above.

GENERAL PARTNER:

Aspen Venture Management III, L.L.C.

By: _____

_____

SERIES A LIMITED PARTNERS:

Name:  James G. Bass

By:  _____

Its:  _____

E-1

IN WITNESS WHEREOF, the undersigned have executed this First Amendment as of the date first set forth above.

GENERAL PARTNER:

Aspen Venture Management III, L.L.C.

By: _____

_____

SERIES A LIMITED PARTNERS:

_____

Name:  Alexander P. Cilento

By: _____

Its: _____

IN WITNESS WHEREOF, the undersigned have executed this First Amendment as of the date first set forth above.

GENERAL PARTNER:

Aspen Venture Management III, L.L.C.

By: _____

_____

SERIES A LIMITED PARTNERS:

_____

Name: Venkatesh Family Living Trust

By: _G . VENKATESH_____

Its: _TRUSTEE_____

IN WITNESS WHEREOF, the undersigned have executed this First Amendment as of the date first set forth above.

GENERAL PARTNER:                     SERIES A LIMITED PARTNERS:

Aspen Venture Management III, L.L.C.

_John D. Dunning_

By: _____        Name:  CrossFire Ventures, LLC

_____             By: _John D. Dunning_

                                      Its: _General Manager_

IN WITNESS WHEREOF, the undersigned have executed this First Amendment as of the date first set forth above.

GENERAL PARTNER:                          SERIES A LIMITED PARTNERS:

Aspen Venture Management III, L.L.C.

                                       _____

By: _____          Name:  Small 1988 Living Trust
                                         By: _____
    _____          Its: ___Trustee_____

IN WITNESS WHEREOF, the undersigned have executed this First Amendment as of the date first set forth above.

GENERAL PARTNER:                          SERIES A LIMITED PARTNERS:

Aspen Venture Management III, L.L.C.       *Pauline Lo Alker*

By: _____                Name: Pauline Lo Alker

   _____                 By: *PAULINE LO ALKER*

                                            Its: _____

IN WITNESS WHEREOF, the undersigned have executed this First Amendment as of the date first set forth above.

GENERAL PARTNER:

Aspen Venture Management III, L.L.C.

By: _____

_____

SERIES A LIMITED PARTNERS:

Name: SandHill Capital Partners IV, LLC

By: _Tim Johnsen_____

Its: _General Partner_____

IN WITNESS WHEREOF, the undersigned have executed this First Amendment as of the date first set forth above.

GENERAL PARTNER:

Aspen Venture Management III, L.L.C.

By: _____

_____

SERIES A LIMITED PARTNERS:

Name:  Robert L. Corey

By: _____

Its: _____

IN WITNESS WHEREOF, the undersigned have executed this First Amendment as of the date first set forth above.

GENERAL PARTNER:                         SERIES A LIMITED PARTNERS:

Aspen Venture Management III, L.L.C.

                                        _____

By: _____         Name: The Valorie Cook Carpenter Trust
                                     Dated 7/29/97

     _____              By: _Valorie Cook Carpenter_____

                                     Its: _trustee_____

IN WITNESS WHEREOF, the undersigned have executed this First Amendment as of the date first set forth above.

GENERAL PARTNER:                    SERIES A LIMITED PARTNERS:

Aspen Venture Management III, L.L.C.

                                    _____

By: _____          Name:  Henry I. Feir Living Trust

    _____          By: _____

                                    Its: _____

GDSVF&H#407448v8

IN WITNESS WHEREOF, the undersigned have executed this First Amendment as of the date first set forth above.

GENERAL PARTNER:                           SERIES A LIMITED PARTNERS:

Aspen Venture Management III, L.L.C.

By: _____               Name:  John M. and Linda C. Stedman

      _____              By: _____

                                           Its: _____

IN WITNESS WHEREOF, the undersigned have executed this First Amendment as of the date first set forth above.

GENERAL PARTNER:                    SERIES A LIMITED PARTNERS:

Aspen Venture Management III, L.L.C.

                                    _____
                                    Name: Harold V. Feeney

By: _____         By: _____

    _____         Its: _____

IN WITNESS WHEREOF, the undersigned have executed this First Amendment as of the date first set forth above.

GENERAL PARTNER:

Aspen Venture Management III, L.L.C.

By: _____

_____

SERIES A LIMITED PARTNERS:

*Jean Kvacs  Brooks Stough*

Name:  Jean A. Kovacs & Brooks Stough, as Community Property

By: _____

Its: _____

GDSVF&H\407448v8

IN WITNESS WHEREOF, the undersigned have executed this First Amendment as of the date first set forth above.

GENERAL PARTNER:

Aspen Venture Management III, L.L.C.

By: _____

_____

SERIES A LIMITED PARTNERS:

_____

Name: Salvador A. Liccardo & Laura S.
Liccardo FBO The Liccardo 1983 Trust

By: _____

Its: _____

IN WITNESS WHEREOF, the undersigned have executed this First Amendment as of the date first set forth above.

GENERAL PARTNER:                           SERIES A LIMITED PARTNERS:

Aspen Venture Management III, L.L.C.        _____

By: _____               Name: Donald A. Lee & Amanada J. Lee,
                                           Trustees of the *Lee Family Trust* UDT
    _____               dated March 16, 2001

                                           By: _Trustees_____

                                           Its: _____

IN WITNESS WHEREOF, the undersigned have executed this First Amendment as of the date first set forth above.

GENERAL PARTNER:

Aspen Venture Management III, L.L.C.


By: _____

_____

SERIES A LIMITED PARTNERS:

_____

Name:  Allan R. Ferguson

By: _____

Its: _____

IN WITNESS WHEREOF, the undersigned have executed this First Amendment as of the date first set forth above.

GENERAL PARTNER:                           SERIES A LIMITED PARTNERS:

Aspen Venture Management III, L.L.C.        *Eugene C. Y. Duh*

                                           Name:  Eugene C.Y. Duh
By: _____
                                           By: _____
    _____
                                           Its: _____

IN WITNESS WHEREOF, the undersigned have executed this First Amendment as of the date first set forth above.

GENERAL PARTNER:

Aspen Venture Management III, L.L.C.

By: _____

_____

SERIES A LIMITED PARTNERS:

Name: John R. Simoneaux

By: _____

Its: _____

IN WITNESS WHEREOF, the undersigned have executed this First Amendment as of the date first set forth above.

GENERAL PARTNER:

Aspen Venture Management III, L.L.C.

By: _____

_____

SERIES A LIMITED PARTNERS:

_____

Name: John W. Ward

By: _John W. Ward_

Its: _____

IN WITNESS WHEREOF, the undersigned have executed this First Amendment as of
the date first set forth above.

GENERAL PARTNER:

Aspen Venture Management III, L.L.C.

By: _____

_____

SERIES A LIMITED PARTNERS:

*Donna L Whitney*

Name: Donna L. Whitney Trust U/A DTD
05/22/96

By: *Donna L Whitney*

Its: *Trustee*

IN WITNESS WHEREOF, the undersigned have executed this First Amendment as of the date first set forth above.

GENERAL PARTNER:                    SERIES A LIMITED PARTNERS:

Aspen Venture Management III, L.L.C.

By: _____            Name: The Fuller Foundation

_____                By: _SAMUEL L. DELCAMP_

                                    Its: _EXECUTIVE DIRECTOR_

IN WITNESS WHEREOF, the undersigned have executed this First Amendment as of the date first set forth above.

GENERAL PARTNER:

Aspen Venture Management III, L.L.C.

By: _____

_____

SERIES A LIMITED PARTNERS:

_____

Name:  Peter V. Kuhn

By: _____

Its: _____

IN WITNESS WHEREOF, the undersigned have executed this First Amendment as of the date first set forth above.

GENERAL PARTNER:                    SERIES A LIMITED PARTNERS:

Aspen Venture Management III, L.L.C.

By: _____        Name:  The Louis & Jolene Cole 1988
                                    Revocable Trust, Dated 11/7/88

    _____        By: _____ *Louis C. Cole* _____

                                    Its: _____ *TRUSTEE* _____

IN WITNESS WHEREOF, the undersigned have executed this First Amendment as of the date first set forth above.

GENERAL PARTNER:

Aspen Venture Management III, L.L.C.


By: _____

_____

SERIES A LIMITED PARTNERS:

Name: Michael A. Volkema

By: _____

Its: _____

IN WITNESS WHEREOF, the undersigned have executed this First Amendment as of the date first set forth above.

GENERAL PARTNER:

Aspen Venture Management III, L.L.C.

By: _____

_____

SERIES A LIMITED PARTNERS:

Name: Fairway Ventures

By: _____

Its: _____

**EXHIBIT B**

**SECURITY AGREEMENT**

In order to secure payment of all obligations of [_____] (the "Borrower") to [_____] (the "Pledgee"), under the promissory note dated [_____], 200_, in the original principal amount of [$_____.___] (the "Note"), Borrower hereby grants to Pledgee a security interest in that portion of Borrower's limited partnership interest in Aspen Ventures III, L.P., a Delaware limited partnership (the "Partnership"), purchased by Borrower from Pledgee, not including that portion of such purchased interest for which Borrower has made, or has assumed the obligation to make, capital contributions (such security interest, along with the assets described in Section 2 below shall collectively be referred to as the "Collateral").

Borrower shall hold the Collateral in accordance with the following terms and provisions:

1.    Rights and Powers.

(a)    As long as there exists no event of default under Section 5 of this Agreement, Borrower shall have the following rights:

(i)    The right to vote with respect to the Collateral;

(ii)    The right to sell the securities or other assets included in the Collateral, provided the proceeds of such sale shall become part of the Collateral;

(iii)    The right to direct investment of the proceeds of a sale of the securities or other assets included in the Collateral;

(iv)    The right at any time to pay in cash to Pledgee all or any portion of indebtedness evidenced by the Note, which payment shall be applied to the payment of the principal of the Note;

(v)    The right to withdraw any portion of the Collateral and thereby release it from the security interest hereunder, provided, however that no such partial withdrawal may be made if it would reduce the value of the remaining Collateral below one hundred thirty-five percent (135%) of the balance of the Note remaining unpaid after any payment made by Borrower. The value of the Collateral shall be calculated pursuant to the valuation provisions of the Partnership Agreement; and

(vi)    Notwithstanding Section 1(a)(v) above, the right to withdraw an amount of cash from the Collateral which may be necessary to satisfy any income tax liabilities arising out of ownership of the Collateral and/or the transaction generating the cash.

(b)    All proxy statements and other stockholder materials pertaining to the Collateral shall be delivered to Borrower at the address indicated below.

GDSVF&H\407448v8                                    B-1

2.    Duty to Deliver.  Any new, additional or different securities or cash that are distributed to Borrower with respect to the Collateral including (i) any distribution by the Partnership, (ii) any stock dividend, stock split or reclassification of the capital stock of any corporation whose shares are secured hereunder or (iii) any merger, consolidation or other reorganization affecting the capital structure of any corporation whose shares are secured hereunder shall, upon receipt by Borrower, become part of the Collateral hereunder.

3.    Payment of Taxes and Other Charges.  Borrower shall pay out of the Collateral, prior to the delinquency date, all taxes, liens, assessments and other charges against the Collateral.

4.    Release of Collateral.  Provided that all indebtedness secured hereunder has at the time been paid in full or cancelled, the Collateral shall be immediately released from the security interest hereunder.

5.    Event of Default.

(a)    If the Note is not paid or satisfied on the date for payment set forth in the Note, such event shall constitute an event of default under this Agreement.  Upon the occurrence of such event of default, Borrower shall give the Collateral to Pledgee and Pledgee may, at its election, declare the Note to be immediately due and payable and may exercise any or all of the rights and remedies granted to a secured party under the provisions of the Uniform Commercial Code (as now or hereafter in effect), including (without limitation) the power to dispose of the Collateral by public or private sale or to accept the Collateral in full payment of the Note.

(b)    Any proceeds realized from the disposition of the Collateral pursuant to the foregoing power of sale shall be applied first to the payment of any income tax liabilities generated by such disposition, then applied to any reasonable expenses incurred by Pledgee in connection with the disposition, and finally to the payment of the Note.  Any surplus proceeds shall be paid over to Borrower.  In the event such proceeds prove insufficient to satisfy all obligations of Borrower under the Note, Borrower shall nevertheless have no further obligations under the Note.

6.    Applicable Law.  This Agreement shall be governed by and construed in accordance with the laws of the State of Delaware (except their choice-of-law provisions) and shall be binding upon the executors, administrators, heirs and assigns of the parties hereto.

7.    Arbitration.  Any controversy between the parties hereto involving the construction or application of any terms, covenants or conditions of this Agreement or the Note, or any claims arising out of or relating to this Agreement or the Note, or the breach hereof or thereof, will be submitted to and settled by final and binding arbitration in Palo Alto, California, in accordance with the rules of the American Arbitration Association then in effect, and judgment upon the award rendered by the arbitrator may be entered in any court having jurisdiction thereof.  In the event of any arbitration under this Agreement or the Note, the prevailing party shall be entitled to recover from the losing party reasonable expenses, attorneys' fees and costs incurred therein or in the enforcement or collection of any judgment or award rendered therein.  The "prevailing party" means the party determined by the arbitrator to have most nearly prevailed, even if such

party did not prevail in all matters, not necessarily the one in whose favor a judgment is rendered.

8.    Severability.  If any provision of this Agreement is held to be invalid under applicable law, then such provision shall be ineffective only to the extent of such invalidity, and neither the remainder of such provision nor any other provisions of this Agreement shall be affected thereby.

9.    Counterparts.  This Agreement may be executed in two or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

IN WITNESS WHEREOF, this Agreement has been executed by the duly authorized representatives of the parties effective as of the date first written above.

[BORROWER]

By:_____
Name:_____
Title:_____

Address:

Agreed to and Accepted by:

[PLEDGEE]

By:_____
Name:_____
Title:_____

Address:

## SCHEDULE OF SERIES B LIMITED PARTNERS

**General Partner**                                          Capital Commitment

Aspen Ventures Management III, L.L.C.                    $ _____
1000 Fremont Avenue, Suite 200
Los Altos, CA 94024


**Limited Partners**

                                                         $ _____


Total Limited Partners                                   $_____

Total All Partners