EXHIBIT D

1  Matthew G. Ball (SBN 208881)
   matthew.ball@klgates.com
2  KIRKPATRICK & LOCKHART PRESTON GATES ELLIS LLP
3  55 Second Street, Suite 1700
   San Francisco, CA 94105
4  Telephone: (415) 882-8200
   Facsimile: (415) 882-8220
5

6  Martin D. Teckler (*pro hac vice* application pending)
   martin.teckler@klgates.com
7  KIRKPATRICK & LOCKHART PRESTON GATES ELLIS LLP
   1601 K Street, NW
8  Washington, DC, 20006-1600
   Telephone: (202) 778-9000
9  Facsimile: (202) 778-9100

10 Attorneys for Defendant
   Redleaf Group, Inc.
11
                    UNITED STATES DISTRICT COURT
12
                    NORTHERN DISTRICT OF CALIFORNIA
13
                         SAN JOSE DIVISION
14

15 | UNITED STATES SMALL BUSINESS
   | ADMINISTRATION in its capacity as           Case No. C-07-05350 JW PVT
   | Receiver for Aspen Ventures III,
16 |                                             **ANSWER OF DEFENDANT REDLEAF**
   |                          Plaintiffs,        **GROUP, INC.**
17 |
   |         v.
18 |                                             **Complaint Filed: October 19, 2007**
   | REDLEAF GROUP, INC.,
19 |
   |                          Defendants.
20

21

22

23

24

25

26

27

28
                                   1
                                ANSWER
                       CASE NO. C 07-05350 JW PVT
SF-144643 v1

# ANSWER

Defendant Redleaf Group, Inc., hereby answers the complaint of the United States Small Business Administration in its capacity as Receiver for Aspen Ventures III as follows:

1. Defendant states that the Stipulation for Consent Order of Receivership dated October 4, 2006 ("Consent Order") speaks for itself. Defendant denies the paragraph in all other respects.

2. Defendant states that the Consent Order speaks for itself. Defendant is without sufficient knowledge to admit or deny the balance of the paragraph, and therefore denies it.

3. Admitted.

4. Defendant admits that it is a Delaware corporation, but denies that it s principal place of business is located at 650 Smithfield Street, Pittsburgh, Pennsylvania. Rather, Defendant states that its principal place of business is 100 First Avenue, Ninth Floor, Pittsburgh, Pennsylvania.

5. This paragraph constitutes a legal conclusion that Defendant is required neither to admit nor deny. To the extent Defendant is required to admit or deny this paragraph, Defendant denies it.

6. Defendant admits that venue is proper in this district. Defendant denies all other statements in this paragraph.

7. This paragraph constitutes a legal conclusion that Defendant is required neither to admit nor deny. To the extent a further response is required, Defendant denies this paragraph.

8. This paragraph constitutes a legal conclusion that Defendant is required neither to admit nor deny, and factual allegations that Defendant is without sufficient knowledge to admit or deny. To the extent a further response is required, Defendant denies this paragraph.

9. Defendant is without sufficient knowledge to admit or deny this paragraph, and therefore denies it.

10. Defendant admits that "At all relevant times, Aspen Ventures Management III, LLC ("AVM") was a Delaware limited liability corporation", admits that "AVM at all relevant times was Aspen Ventures' managing general partner", and admits that "the management and operations of Aspen Ventures, including without limitation, the formulation of the investment policy vested

exclusively in AVM, which authority was governed by the Act and Regulations". In all other respects, this paragraph is denied.

11. Defendant states that the "First Amendment to Amended and Restated Limited Partnership Agreement" speaks for itself. Defendant denies the paragraph in all other respects.

12. Defendant admits that it "executed and delivered to Aspen Ventures that certain Series B Admission and Amendment Agreement ('Admission Agreement')." Defendant further states that the Admission Agreement speaks for itself. Defendant denies the paragraph in all other respects.

13. Defendant states that the Partnership Agreement speaks for itself. Defendant denies the paragraph in all other respects.

14. Defendant states that the Partnership Agreement speaks for itself. Defendant denies the paragraph in all other respects.

15. Defendant is without sufficient knowledge to admit or deny this paragraph, and therefore denies it.

16. Defendant is without sufficient knowledge to admit or deny this paragraph, and therefore denies it.

17. Denied.

18. Defendant admits that "[b]y letter dated May 9, 2007 the Receiver made demand upon Redleaf to pay its unfunded capital commitment of $10,600,000," but denies that Defendant is obligated to pay that amount, or any amount.

19. Defendant admits that it has refused to pay any sums in response to the Receiver's demand, but denies that it is liable for any "unfunded capital commitment."

20. Defendant incorporates herein by reference its response to the paragraphs 1-19.

21. Admitted.

22. Denied.

23. Denied.

24. Denied.

**PRAYER FOR RELIEF**

1. Denied.
2. Denied.
3. Denied.
4. Denied.

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

The Complaint does not state facts sufficient to constitute any cause of action against Defendant.

**SECOND AFFIRMATIVE DEFENSE**

The Complaint is barred by the equitable doctrine of laches.

**THIRD AFFIRMATIVE DEFENSE**

The Complaint is barred by the equitable doctrine of unclean hands.

**FOURTH AFFIRMATIVE DEFENSE**

The Receiver lacks standing to bring a claim for breach of contract against Defendant.

**FIFTH AFFIRMATIVE DEFENSE**

The complaint is barred because Defendant was fraudulently induced to enter into the contract(s).

**SIXTH AFFIRMATIVE DEFENSE**

The complaint is barred by the doctrine of estoppel.

**SEVENTH AFFIRMATIVE DEFENSE**

Defendant is entitled to rescind the contract.

**EIGHTH AFFIRMATIVE DEFENSE**

The complaint is barred due to material breach(es) of the Partnership Agreement, the AVM LLC Agreement, the First Amendment, and the Admission Agreement by Aspen Ventures Management III, L.L.C.

### NINTH AFFIRMATIVE DEFENSE

The complaint is barred due to failure of consideration.

### TENTH AFFIRMATIVE DEFENSE

The Complaint is barred in that Defendant fully performed all of its obligations under the contract(s).

### ELEVENTH AFFIRMATIVE DEFENSE

The Complaint is barred because of Aspen Ventures Management III, L.L.C.'s failure to perform conditions precedent.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff is barred from recovering damages because by the exercise of reasonable effort, Plaintiff could have mitigated its damages; however, Plaintiff failed and refused, and continues to fail and refuse, to exercise a reasonable effort to mitigate its damages.

Dated: December 17, 2007

KIRKPATRICK & LOCKHART PRESTON GATES ELLIS LLP

By:   /s/ Matthew G. Ball
Matthew G. Ball

Matthew G. Ball (SBN 208881)
matthew.ball@klgates.com
**KIRKPATRICK & LOCKHART PRESTON GATES ELLIS LLP**
55 Second Street, Suite 1700
San Francisco, CA 94105
Telephone: (415) 882-8200
Facsimile: (415) 882-8220

Martin D. Teckler (*pro hac vice* application pending)
martin.teckler@klgates.com
**KIRKPATRICK & LOCKHART PRESTON GATES ELLIS LLP**
1601 K Street, NW
Washington, DC, 20006-1600
Telephone: (202) 778-9000
Facsimile: (202) 778-9100

Attorneys for Defendant
Redleaf Group, Inc.