1  JESSICA L. GRANT (SBN 178138)
   NICHOLAS G. CAMPINS (SBN 238022)
2  TAYLOR & COMPANY LAW OFFICES, LLP
   One Ferry Building, Suite 355
3  San Francisco, California  94111
   Telephone:  (415) 788-8200
4  Facsimile:   (415) 788-8208
   E-mail: jgrant@tcolaw.com
5  E-mail: ncampins@tcolaw.com

6  Attorneys for Third-Party Defendants
   ALEXANDER P. CILENTO and
7  DAVID CROCKETT

8  [Additional Counsel on Signature Page]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES SMALL BUSINESS ADMINISTRATION in its capacity as Receiver for Aspen Ventures, III,<br><br>    Plaintiffs,<br><br>v.<br><br>REDLEAF GROUP, INC.,<br><br>    Defendant and Third-Party Plaintiff,<br><br>v.<br><br>ASPEN VENTURES MANAGEMENT III, LLC, a Delaware Limited Liability Company, ALEXANDER P. CILENTO, a California resident, and DAVID CROCKETT, a California resident, and DOES 1-10,<br><br>    Third-Party Defendants. | Case No.: C-07-05350 JW (PVT)<br><br>**THIRD-PARTY DEFENDANTS' NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br><br>Date:     June 23, 2008<br>Time:    9:00 a.m.<br>Place:   Courtroom 8, 4th Floor<br><br>          Honorable James Ware |

TAYLOR & CO.
LAW OFFICES, LLP

# NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on June 23, 2008, at 9:00 a.m., in Courtroom 8 of the above-entitled Court, located at 280 South First Street, in San Jose, California, before the Honorable James Ware, third-party defendants Alexander P. Cilento, David Crockett and Aspen Ventures Management III, LLC will move this Court for an Order granting summary judgment in their favor on each of the causes of action in the Third-Party Complaint filed on December 17, 2007 by defendant and third-party plaintiff Redleaf Group, Inc.

This Motion will be based upon this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the Declarations of Alexander P. Cilento, David Crockett, Debra Schilling and Jessica L. Grant filed concurrently herewith, the pleadings, records and files in this action, and on such other and further written and oral evidence as may be presented in connection with the hearing on this Motion.

# STATEMENT OF ISSUES (Civil Local Rule 7-4)

1. Are the causes of action alleged in Redleaf's Third-Party Complaint filed December 17, 2007 for breach of contract, breach of the covenant of good faith and fair dealing, fraud, negligent misrepresentation, breach of fiduciary obligations, and conspiracy to commit fraud, barred by Delaware's three-year statute of limitations, therefore entitling third-party defendants to judgment as a matter of law?

2. Are Redleaf's purported causes of action for equitable relief and remedies barred by Delaware's doctrine of laches, therefore entitling third-party defendants to judgment as a matter of law?

3. Is Redleaf's cause of action for declaratory relief, which is wholly derivative of its other causes of action, barred by the statute of limitations or laches or otherwise legally insufficient, therefore entitling third-party defendants to judgment as a matter of law?

i.

Taylor & Co.
Law Offices, LLP

THIRD-PARTY DEFENDANTS' NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT: CASE NO. C-07-05350 JW (PVT)

# **TABLE OF CONTENTS**

I.   INTRODUCTION ................................................................................................................ 1

II.  STATEMENT OF FACTS .................................................................................................. 1

    A.   Aspen Becomes an SBIC Licensee ........................................................................ 1

    B.   Redleaf Becomes a Limited Partner of Aspen ....................................................... 2

    C.   Redleaf Discovers Alleged Irregularities and Problems at Aspen ......................... 3

    D.   Thad Whalen's Role .............................................................................................. 4

III. LEGAL STANDARD ......................................................................................................... 4

IV.  ARGUMENT ...................................................................................................................... 5

    A.   SUMMARY JUDGMENT SHOULD BE ENTERED ON ALL OF
         REDLEAF'S CAUSES OF ACTION ................................................................... 5

         1.   Redleaf's Causes of Action Are Barred by the Statute of Limitations ......... 5

         2.   Redleaf's Equitable Remedies and Claims Are Barred by Laches ............... 7

    B.   SUMMARY JUDGMENT SHOULD BE GRANTED ON REDLEAF'S
         DECLARATORY RELIEF CAUSE OF ACTION ............................................. 10

V.   CONCLUSION ................................................................................................................. 11

ii.

TAYLOR & CO.
LAW OFFICES, LLP

THIRD-PARTY DEFENDANTS' NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT AND
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT: CASE NO.  C-07-05350 JW (PVT)

# TABLE OF AUTHORITIES

**CASES**

*American Title Ins. Co. v. Lacelaw Corp.*,
   861 F.2d 224 (9th Cir. 1988) ................................................................................ 6

*Anderson v. Liberty Lobby, Inc.*,
   477 U.S. 242 (1986) ............................................................................................. 5

*Bryant v. Bayhealth Med. Ctr.*,
   937 A.2d 118 (Del. 2007) ..................................................................................... 6

*Celotex Corp. v. Catrett*,
   477 U.S. 317 (1986) ......................................................................................... 4, 9

*Earnest v. Lowentritt*,
   690 F.2d 1198 (5th Cir. 1982) ............................................................................ 10

*Fike v. Ruger*,
   752 A.2d 112 (Del. 2000) ..................................................................... 7, 8, 9, 10

*Gravquick A/S v. Trimble Navigation Int'l.*,
   323 F.3d 1219 (9th Cir. 2003) .............................................................................. 5

*In re Dean Witter P'ship Litig.*,
   1998 Del. Ch. LEXIS 133 (Del. Ch. 1998) ......................................................... 6

*Krahmer v. Christie's, Inc.*,
   911 A.2d 399 (Del. Ch. 2006) .......................................................................... 5, 6

*Leadsinger, Inc. v. BMG Music Publ*,
   429 F. Supp. 2d 1190 (C.D. Cal. 2005) .............................................................. 10

*Levald, Inc. v. City of Palm Desert*,
   998 F.2d 680 (9th Cir. 1993) .............................................................................. 10

*Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*,
   475 U.S. 574 (1986) ............................................................................................. 5

*MedImmune, Inc. v. Genentech, Inc.*
   127 S.Ct. 764 (2007) .......................................................................................... 10

*Nedlloyd Lines B.V. v. Superior Court*,
   3 Cal. 4th 459 (1992) ........................................................................................... 5

*Nevins v. Bryan*,
   885 A.2d 233 (Del. Ch. 2005) .............................................................................. 8

*Niehoff v. Maynard*,
   299 F.3d 41 (1st Cir. 2002) .................................................................................. 5

TAYLOR & CO.
LAW OFFICES, LLP

iii.

THIRD-PARTY DEFENDANTS' NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT: CASE NO. C-07-05350 JW (PVT)


*Pomeranz v. Museum Partners, L.P.*,
      2005 Del. Ch. LEXIS 10 (Del. Ch. 2005) .................................................... 5, 6, 7

*Quill v. Malizia*,
      2005 Del. Ch. LEXIS 37 (Del. Ch. 2005) ........................................................ 8, 9

*Shockley v. Dyer*,
      456 A.2d 798 (Del. 1983) ..................................................................................... 6

*Sierra Club v. U.S. Dept. of Transp.*,
      245 F. Supp. 2d 1109 (D.Nev. 2003) ................................................................. 10

*Smith v. McGee*,
      2006 Del. Ch. LEXIS 187 (Del. Ch. 2006) .......................................................... 6

*Steele v. Ratledge*,
      2002 Del. Ch. LEXIS 118 (Del. Ch. 2002) ...................................................... 8, 9

*Stengel v. Rotman*,
      2001 Del. Ch. LEXIS 22 (Del. Ch. 2001) ............................................................ 8

*Terr. of the U.S. V.I. v. Goldman, Sachs & Co.*,
      937 A.2d 760 (Del. Ch. 2007) ..................................................................... 7, 8, 9

*United States Cellular Inv. Co. v. Bell Atl. Mobile Sys.*,
      677 A.2d 497 (Del. 1996) ..................................................................................... 6

*Walker v. W. Mich. Nat'l Bank & Trust*,
      324 F. Supp. 2d 529 (D. Del. 2004) ..................................................................... 5

*Williams v. Chrysler Corp.*,
      991 F. Supp. 383 (D. Del. 1998) .......................................................................... 5

*Zuill v. Shanahan*,
      80 F.3d 1366 (9th Cir. 1996) .............................................................................. 10

**STATUTES**

28 U.S.C. § 2201(a) .................................................................................................. 7, 10

Del. Code Ann. tit. 10, § 8106 ....................................................................................... 5

**OTHER AUTHORITIES**

Rest. 2d of Conflict of Laws, § 187(1) .......................................................................... 5

**RULES**

Fed. R. Civ. P. 56 ................................................................................................. 4, 5, 9

iv.

TAYLOR & CO.
LAW OFFICES, LLP

THIRD-PARTY DEFENDANTS' NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT: CASE NO. C-07-05350 JW (PVT)

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.  INTRODUCTION

This motion is brought by third-party defendants David Crockett ("Crockett"), Alexander P. Cilento ("Cilento") and Aspen Ventures Management III, LLC (collectively, "defendants") for entry of summary judgment on the grounds that the causes of action and claims for relief in Redleaf Group, Inc.'s ("Redleaf") Third-Party Complaint ("Complaint") are barred by the applicable statutes of limitations and the doctrine of laches.

Under Delaware law, once a party *suspects* wrongdoing it is on inquiry notice and must diligently investigate and file suit to protect its rights within the statute of limitations period. Here, the undisputed evidentiary record establishes that Redleaf was aware of the facts giving rise to its purported claims no later than the end of June 2003, yet did not file its Complaint until December 17, 2007—more than seventeen months after the three-year statute of limitations had expired.

In addition, Redleaf's delay in asserting its purported equitable remedies and claims has irreparably prejudiced defendants due to the death of Thad Whalen ("Whalen"), the person who negotiated and communicated with Redleaf on Aspen's behalf, and whose statements and conduct constitute the basis of virtually all of Redleaf's claims. Redleaf's principals knew that Whalen was terminally ill and would not be available to defendants to testify or provide evidence to rebut Redleaf's claims following his death from pancreatic cancer in June 2004. Nevertheless, Redleaf failed to pursue its claims against defendants for more than three years after Whalen's death.

## II.  STATEMENT OF FACTS

### A.  Aspen Becomes an SBIC Licensee

Aspen Ventures III, L.P. ("Aspen"), a private venture capital fund, was formed as a limited liability partnership in Delaware on August 20, 1999. In September 1999, Aspen was licensed as a Small Business Investment Company ("SBIC") by the SBA. Third-party defendant Aspen Ventures Management III, LLC ("AVM") was Aspen's General Partner. Third-party defendants Crockett and Cilento, and Whalen, were Managing Members of AVM.

As Redleaf states in the Complaint, one advantage to becoming an SBIC licensee is that

1.

Taylor & Co.
Law Offices, LLP

THIRD-PARTY DEFENDANTS' NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT: CASE NO. C-07-05350 JW (PVT)

the SBIC's private venture capital fund is leveraged with funds provided by the SBA up to a 2:1 ratio. *See* Complaint, Docket No. 10, ¶ 13. This means that for every dollar of private capital that was invested in Aspen, the fund could draw an additional two dollars in leveraged capital from the SBA, which in effect tripled the size of Aspen's venture capital fund. The SBA's leverage, however, is not without substantial risks. *Id.* ¶ 15  Should losses occur, the SBA can demand that investors remit funds to the SBIC, to the extent of their unfunded capital commitments. *Id.*

SBIC licenses are difficult to obtain and require a lengthy and rigorous qualification process. The SBA performs an extensive reference and background check of the proposed managing members and independently evaluates the suitability of the SBIC's investment portfolios to ensure they meet certain requirements. The SBA must approve the addition of any new members or partners to an existing SBIC, as well as relevant proposed amendments to the partnership and management agreements. *See* Declaration of David Crockett in Support of Motion for Summary Judgment ("Crockett Decl."), ¶ 6.

### B.     Redleaf Becomes a Limited Partner of Aspen

In mid-2001, Redleaf began to explore the possibility of becoming a limited partner in Aspen. Like Aspen, Redleaf invested in early-stage emerging software and technology-related companies. Redleaf had, at the time, raised approximately $220 million of private capital and its fund was backed by first-tier investors, including Novell, Hewlett-Packard, GE Capital, Mellon Ventures and the MacArthur Foundation. In mid-2001 Redleaf was also being operated by two sophisticated and experienced co-CEOs, John Kohler ("Kohler") and Lloyd Mahaffey ("Mahaffey"). *See* Crockett Decl., ¶ 7.

The Redleaf/Aspen joint business proposal was intended to enable Redleaf to gain the advantages of SBIC leverage by committing $15 million to Aspen in exchange for becoming one of its limited partners. The proposal also called for Kohler and Mahaffey to become Managing Members of AVM, Aspen's General Partner. *Id*. at ¶ 10.

Although Redleaf was interested in the opportunity to invest in Aspen and thereby gain the benefit of its SBIC license, Redleaf was also fully cognizant of the risks associated with SBA leverage. After conducting its own due diligence, Redleaf made a $15 million capital commitment

2.

TAYLOR & CO.
LAW OFFICES, LLP

THIRD-PARTY DEFENDANTS' NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT: CASE NO. C-07-05350 JW (PVT)

to Aspen and it became a limited partner in Aspen effective April 1, 2002.  *See* Complaint ¶¶ 15, 18, 26.  The parties referred to the existing Aspen investment fund as the Aspen "Series A" or "III-a" fund, while the new Redleaf/Aspen fund was referred to as the "Series B" or "III-b" fund.

### C. Redleaf Discovers Alleged Irregularities and Problems at Aspen

In its Complaint, Redleaf alleges it "*discovered irregularities and problems at Aspen in 2002-2003*."  Complaint ¶ 36 (emphasis added).  Specifically and by way of example, Redleaf alleges it discovered that "the very first Series B Investment that AVM authorized was in an Aspen II portfolio concern," conduct that Redleaf alleges to be a form of "self-dealing."  Complaint ¶¶ 35, 36.  Redleaf also alleges that during this same time period, it discovered (despite representations to the contrary) that AVM was making "no efforts to solicit any further investment in Aspen."  Complaint ¶ 36.  Moreover, Redleaf alleges that it "discovered that Aspen II was capitally impaired."  Complaint ¶ 36.  Indeed, according to the Complaint, "Redleaf was so concerned that it brought the irregularities and problems to AVM's attention, and subsequently to the SBA."  *Id*.  So great was Redleaf's concern regarding these and other "problems and irregularities," Redleaf alleges that in March 2003 it sought the SBA's approval to be released from its capital commitment, and the SBA approved Redleaf's request.  *Id*.

Each of these allegations constitutes a judicial admission – confirmed by the undisputed evidentiary record in this case – of Redleaf's discovery of these facts prior to the end of June 2003.  For example, the evidentiary record shows that by this time, Redleaf already knew that the first Series B investment had been made in an Aspen II portfolio company.  *See* Declaration of Debra Schilling in Support of Motion for Summary Judgment, Exhs. A and B.  The evidentiary record also confirms that by the end of June 2003, Redleaf knew and understood AVM was not soliciting additional capital for the new III-b fund.  *See* Crockett Decl., Exh. A.  Indeed, as of this time, the evidentiary record shows that Redleaf was aware defendants considered the III-b fund to be "an initiative that didn't work out" and had concluded the fund should be professionally wound down and wrapped up.  *Id.*  Further, as was publicly known to Redleaf and others, Aspen II had been placed into liquidation status by the SBA due to regulatory capital impairment.  *See* Declaration of Jessica L. Grant in Support of Motion for Summary Judgment ("Grant Decl.), Exh.

3.

TAYLOR & CO.
LAW OFFICES, LLP

THIRD-PARTY DEFENDANTS' NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT: CASE NO.  C-07-05350 JW (PVT)

1. Finally, the undisputed evidentiary record confirms that by June 2003, Redleaf and Aspen had jointly proposed to the SBA that Redleaf be allowed to contribute its portfolio assets and equity in exchange for a release from its capital commitment. *See* Crockett Decl., Exh. B.

### D.     Thad Whalen's Role

On December 17, 2007, Redleaf filed its Complaint against AVM and its two surviving Managing Members, Crockett and Cilento. The Complaint alleges that in the time period just before Redleaf consummated the deal with Aspen, defendants and Whalen made misrepresentations to Redleaf regarding the legal effect of the partnership agreements. Redleaf further claims that it was fraudulently induced by defendants and Whalen to invest in and become a limited partner of Aspen, because defendants and Whalen allegedly concealed the fact that Aspen II had faced regulatory capital impairment under the SBA's regulations before Redleaf made its $15 million capital commitment.

The proposed partnership between Aspen and Redleaf was negotiated by Whalen on behalf of AVM and Aspen, and by Kohler on behalf of Redleaf. Defendants Crockett and Cilento did not have any direct involvement in the negotiations among Aspen, AVM, Redleaf and the SBA before Redleaf became a limited partner of Aspen on April 1, 2002. *See* Crockett Decl., ¶ 8; Declaration of Alexander P. Cilento in support of Motion for Summary Judgment ("Cilento Decl."), ¶ 3. Kohler -- who had known Whalen socially for many years and was his neighbor -- was aware that Whalen had terminal cancer. *See* Crockett Decl., ¶ 9. The allegations of Redleaf's Complaint are therefore mainly predicated on the actions of Whalen, who died of pancreatic cancer on June 5, 2004. However, despite the fact that Redleaf was aware that the individual who purportedly defrauded and misled them was suffering from terminal cancer, it did not file suit until over three years after Whalen's death.

### III.    LEGAL STANDARD

Summary judgment should be granted where it is demonstrated that there exists "no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The mere existence of some alleged factual dispute will not defeat an otherwise properly supported motion

4.

Taylor & Co.
Law Offices, LLP

THIRD-PARTY DEFENDANTS' NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT: CASE NO. C-07-05350 JW (PVT)

for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48, 250 (1986). Factual disputes that are irrelevant or unnecessary will not be counted. *Id.* The party opposing summary judgment "may not rely merely on allegations or denials in its own pleading; rather, its response must – by affidavits or as otherwise provided in this rule – set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e); *see Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986).

As specified in the applicable transactional documents regarding Redleaf's investment in Aspen, and as conceded by Redleaf in prior proceedings before this Court, Delaware law supplies the relevant substantive law. *See Gravquick A/S v. Trimble Navigation Int'l*, 323 F.3d 1219, 1222 (9th Cir. 2003); *Nedlloyd Lines B.V. v. Superior Ct.*, 3 Cal. 4th 459, 465-66 (1992); Rest. 2d of Conflict of Laws, § 187(1); *see also* Grant Decl., Exhs. 2-7.

### IV.   ARGUMENT

#### A.   SUMMARY JUDGMENT SHOULD BE ENTERED ON ALL OF REDLEAF'S CAUSES OF ACTION

##### 1.   Redleaf's Causes of Action Are Barred by the Statute of Limitations

Redleaf's Complaint alleges causes of action for breaches of contract, the covenant of good faith and fair dealing, and fiduciary duty, as well as for fraud, conspiracy to commit fraud, and negligent misrepresentation.[1] Each of these causes of action is subject to a three-year statute of limitations. *See* Del. Code Ann. tit. 10, § 8106.[2] Under Delaware law, the statute begins to run no later than when a plaintiff is first on inquiry notice. *Pomeranz v. Museum Partners, L.P.*, 2005 Del. Ch. LEXIS 10, at *10, 47 (Del. Ch. 2005); *see also Shockley v. Dyer*, 456 A.2d 798, 800

---

[1] In its Opposition to defendants' Motion to Dismiss filed March 24, 2008, Redleaf withdrew its cause of action for equitable indemnity. *See* Docket No. 46.

[2] *See also Niehoff v. Maynard*, 299 F.3d 41, 48 (1st Cir. 2002) (contract and fiduciary duty); *Williams v. Chrysler Corp.*, 991 F. Supp. 383, 390 (D. Del. 1998) (breach of the implied covenant); *Krahmer v. Christie's, Inc.*, 911 A.2d 399, 407 (Del. Ch. 2006), *aff'd*, 2007 Del. LEXIS 177 (Del. April 25, 2007) (Del. Ch. 2006) (fraud-related claims); *Walker v. W. Mich. Nat'l Bank & Trust*, 324 F. Supp. 2d 529, 535 (D. Del. 2004) (same).

5.

THIRD-PARTY DEFENDANTS' NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT: CASE NO.  C-07-05350 JW (PVT)

TAYLOR & CO.
LAW OFFICES, LLP

(Del. 1983); *Krahmer v. Christie's, Inc.*, 911 A.2d 399, 407 (Del. Ch. 2006). Once on inquiry notice, a plaintiff must diligently investigate and file its claims within the limitations period. *See Bryant v. Bayhealth Med. Ctr.*, 937 A.2d 118, 123 n.13 (Del. 2007); *Pomeranz*, 2005 Del. Ch. LEXIS at *47.

Inquiry notice does not require full knowledge of all material facts. *See United States Cellular Inv. Co. v. Bell Atl. Mobile Sys.*, 677 A.2d 497, 504 (Del. 1996). Instead, "[o]nce a plaintiff is on notice of facts that ought to make her *suspect* wrongdoing, she is obliged to diligently investigate and to file within the limitations period as measured from that time." *Pomeranz*, 2005 Del. Ch. LEXIS 10, at *47 (emphasis added); *see also Smith v. McGee*, 2006 Del. Ch. LEXIS 187, at *8-9 (Del. Ch. 2006). Under Delaware law, the commencement of the statute of limitations does not await plaintiff's discovery of the full details of the alleged wrongdoing. Having all of the facts necessary to articulate the wrong is not required. *See In re Dean Witter P'ship Litig.*, 1998 Del. Ch. LEXIS 133, at *31 n.49 (Del. Ch. 1998).

Here, the undisputed evidence establishes that by the end of June 2003, Redleaf was on inquiry notice – if not actual notice – of the facts giving rise to its claims. Redleaf's judicial admissions in the Complaint are by themselves sufficient to establish inquiry notice. *See Am. Title Ins. Co. v. Lacelaw Corp.*, 861 F.2d 224, 226 (9th Cir. 1988). Further, the undisputed evidentiary record confirms that, beginning in Spring 2002 and by the end of June 2003, Redleaf had actual knowledge – and certainly inquiry notice – of the facts giving rise to the causes of action alleged in its Complaint.

*Pomeranz* is instructive. The complaint in *Pomeranz* alleged causes of action for breach of contract, tortious interference with contract, breach of fiduciary duty, aiding and abetting a breach of fiduciary duty and unjust enrichment. 2005 Del. Ch. LEXIS 10, at *3-4. Defendants moved to dismiss the claims based on the statute of limitations and laches. *Id.* In granting defendants' motion to dismiss the complaint, the court rejected plaintiffs' argument that they were not on inquiry notice because the facts did not disclose a causal link between the defendants' withdrawal from a partnership and changes in certain financial information until 2001: "The difficulty for the plaintiffs is that their argument depends on the premise that inquiry notice only exists once they

6.

Taylor & Co.
Law Offices, LLP

THIRD-PARTY DEFENDANTS' NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT: CASE NO. C-07-05350 JW (PVT)

were aware of all material facts relevant to their claims. That is not the case." *Id.* at *46-47. The court found that plaintiffs were on inquiry notice of their claims in 2000 and that the limited partners' claims were all time barred. *Id.* at *57-58.

It is even clearer here that Redleaf was on inquiry notice. The essential allegation underlying the claims in Redleaf's Complaint is that prior to April 1, 2002, the defendants fraudulently concealed material facts from Redleaf to induce it to enter into a limited partnership agreement and a capital commitment obligation of $15 million. The facts Redleaf alleges were concealed by defendants relate to a number of claimed irregularities and problems with Aspen. These include allegedly concealed facts regarding regulatory capital impairment, the defendants' decision not to raise additional capital, alleged "self-dealing" through the use of subsequently-raised funds to invest in an Aspen II portfolio company, and other matters. *See* Complaint ¶¶ 19-25. Redleaf contends that had it known these facts, it would not have entered into the limited partnership transaction with Aspen.

Significantly, it is undisputed that Redleaf had actual knowledge of material facts regarding each of these issues by the end of June 2003. This knowledge, obtained over a period of time and relating to multiple incidents of allegedly fraudulently concealed facts, easily establishes inquiry notice under Delaware law. Thus, the applicable statute of limitations commenced as of the end of June 2003, and Redleaf was under an affirmative obligation to investigate and bring any claims within a three-year period. The undisputed evidentiary record in support of this motion establishes that the statute of limitations began to run no later than the end of June 2003, and expired by the end of June 2006. Redleaf's Complaint, filed on December 17, 2007, is therefore time-barred as a matter of law.

### 2. Redleaf's Equitable Remedies and Claims Are Barred by Laches

Laches is established under Delaware law by showing that: (a) plaintiff has knowledge of a claim, and (b) there is prejudice to the defendant arising from an unreasonable delay by plaintiff in bringing the claim. *Fike v. Ruger*, 752 A.2d 112, 113 (Del. 2000). It is well-established that the death of a key witness constitutes the requisite prejudice. *Fike*, 752 A.2d at 114 (citing cases); *Terr. of the U.S. V.I. v. Goldman, Sachs & Co.*, 937 A.2d 760, 809 (Del. Ch. 2007) (finding

7.

TAYLOR & CO.
LAW OFFICES, LLP

THIRD-PARTY DEFENDANTS' NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT: CASE NO. C-07-05350 JW (PVT)

prejudice from death of a witness); *Quill v. Malizia*, 2005 Del. Ch. LEXIS 37, at *52 (Del. Ch. 2005); *Steele v. Ratledge*, 2002 Del. Ch. LEXIS 118, at *10-11 (Del. Ch. 2002). In this case, the doctrine of laches would prevent Redleaf from recovering on the equitable remedies sought in its Prayer for Relief, including indemnity and other equitable relief (*see*, *e.g.*, Complaint at Prayer for Relief at ¶¶ C, D and G), as well as any equitable claims Redleaf has attempted or may attempt to assert.[3]

In determining whether a plaintiff has knowledge of a claim, the plaintiff is chargeable with having knowledge of all facts he or she might have obtained upon inquiry, provided the facts already known to that plaintiff would place a duty of inquiry upon a person of ordinary intelligence. *Fike*, 752 A.2d at 114. In assessing the reasonableness of delay, a party's failure to file within the analogous statute of limitation is typically the outer limit. *Terr. of the U.S. V.I. v. Goldman, Sachs & Co.*, 937 A.2d 760, 808 (Del. Ch. 2007); *Quill*, 2005 Del. Ch. LEXIS 37, *55 (the statute of limitations is the "extreme and absolute limit" within which to bring claims). For example, delays of less than one year have been held unreasonable. *See Nevins v. Bryan*, 885 A.2d 233, 247 (Del. Ch. 2005) (one year); *Stengel v. Rotman*, 2001 Del. Ch. LEXIS 22, *22 (Del. Ch. 2001) (one and a half months).

Laches applies here because Redleaf had sufficient knowledge of its claims and because defendants are prejudiced by Redleaf's unreasonable delay in filing suit. *See Fike*, 752 A.2d at 113, 114. As discussed above, the facts known to Redleaf in 2002 and 2003 put it on inquiry notice of its claims no later than the end of June 2003. Redleaf was similarly on notice for the purpose of laches. *See Fike*, 752 A.2d at 114.

Further, Redleaf's delay in bringing suit before Whalen's death in June 2004 was unreasonable. Redleaf knew that Whalen had negotiated the limited partnership transaction with Redleaf and the SBA on behalf of Aspen, and that defendants Cilento and Crockett had no direct

---

[3] *See also supra* note 1.

8.

THIRD-PARTY DEFENDANTS' NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT: CASE NO. C-07-05350 JW (PVT)

TAYLOR & CO.
LAW OFFICES, LLP

involvement in those negotiations. *See* Crockett Decl., ¶ 8; *see also* Cilento Decl., ¶ 3. Moreover, Redleaf's then co-CEO, Kohler, had known Whalen socially for many years and lived across the street from him. Kohler was also aware that Whalen had been suffering from terminal pancreatic cancer for several years. *See* Crockett Decl., ¶ 9. However, even though by June 2003 Redleaf knew it had potential claims against defendants (and Whalen), which are predicated almost entirely on Whalen's conduct or statements, and even though Redleaf knew Whalen was dying, Redleaf sat idly by and did nothing to pursue its claims while Whalen was alive. Indeed, Redleaf sat on its rights for another three years before finally filing suit in December 2007.

Further, Redleaf's unreasonable delay in filing suit has substantially prejudiced defendants. Most of Redleaf's general allegations in the Complaint involve alleged misconduct or other action by Whalen. *See* Complaint ¶¶ 1, 8, 17-23, 25-26, 30, 37, 40, 41, 54, 61, 85. Redleaf's Complaint also alleges facts exclusively within Whalen's knowledge. *See id.* at ¶ 41. The Complaint also alleges an entire purported cause of action for conspiracy to commit fraud, in which Whalen is claimed to be a central figure. *Id. at* ¶ 85. Because of Redleaf's failure to timely bring suit while Whalen was still alive, Redleaf can allege that Whalen made certain statements, and Whalen is unavailable as a witness to refute those assertions. This prejudice to defendants is further compounded by the undisputed fact that Whalen was Redleaf's primary contact, both before and after the creation of the Redleaf/Aspen limited partnership transaction. Defendants Cilento and Crockett were secondary and minor players in the creation of the Redleaf/Aspen relationship, and do not have knowledge about the formation of that relationship.

In sum, there is no genuine issue of material fact that Redleaf was on inquiry notice of its claims by June 2003 and that it delayed filing its Complaint until December 2007. *See* Fed. R. Civ. P. 56(c); *Celotex Corp*, 477 U.S. at 323. Redleaf therefore had knowledge sufficient for application of the doctrine of laches no later than the end of June 2003. *See Fike*, 752 A.2d at 114. In light of that knowledge, Redleaf's delay in filing suit before Whalen's death was unreasonable and defendants have been substantially prejudiced because Whalen's version of the events alleged in the Complaint is irretrievably lost. *See id.*; *Terr. of the U.S. V.I.*, 937 A.2d at 809; *Quill*, 2005 Del. Ch. LEXIS 37, *52; *Steele*, 2002 Del. Ch. LEXIS 118, *10-11. Accordingly, Redleaf's

9.

Taylor & Co.
Law Offices, LLP

THIRD-PARTY DEFENDANTS' NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT: CASE NO. C-07-05350 JW (PVT)

equitable claims and remedies are barred by laches. *See Fike*, 752 A.2d at 113-14.

### B. SUMMARY JUDGMENT SHOULD BE GRANTED ON REDLEAF'S DECLARATORY RELIEF CAUSE OF ACTION

Redleaf's declaratory relief cause of action is also barred by the applicable statute of limitations and/or by laches. If a cause of action for declaratory relief "could have been resolved through another form of action which has a specific limitations period, the specific period of time will govern." *Levald, Inc. v. City of Palm Desert*, 998 F.2d 680, 688 (9th Cir. 1993) (citations omitted); *see also Zuill v. Shanahan*, 80 F.3d 1366, 1370 (9th Cir. 1996) (same). Similarly, the doctrine of laches also applies to Redleaf's declaratory relief actions. *See, e.g., Sierra Club v. U.S. Dept. of Transp.*, 245 F. Supp. 2d 1109, 1114 (D. Nev. 2003). Here, Redleaf's cause of action for declaratory relief does not set forth any new basis for liability. *See* Complaint ¶ 77. Instead, Redleaf's declaratory relief cause of action is wholly derivative and merely requests remedies predicated on liability found in other causes of action. *See id.* at ¶¶ 74, 77-78; Prayer for Relief at ¶ D. Accordingly, Redleaf's declaratory relief cause of action is also barred and summary judgment should be granted for defendants. *See Levald*, 998 F.2d at 688.

To sustain its action for declaratory relief, Redleaf must demonstrate the existence of an "actual controversy." 28 U.S.C. § 2201(a); *MedImmune, Inc. v. Genentech, Inc.* 127 S. Ct. 764, 771 (2007) ("[T]he phrase 'case of actual controversy' in the Act refers to the type of 'Cases' and 'Controversies' that are justiciable under Article III."). There is an implicit requirement that the "actual controversy" at issue in a declaratory relief action relate to a claim upon which relief can be granted. *Leadsinger, Inc. v. BMG Music Publ*, 429 F. Supp. 2d 1190, 1193 (C.D. Cal. 2005), *aff'd*, 512 F.3d 522 (9th Cir. 2008); *see also Earnest v. Lowentritt,* 690 F.2d 1198, 1203 (5th Cir. 1982). Here, Redleaf's declaratory relief cause of action is wholly derivative, because whether or not an actual controversy exists depends on the legal sufficiency of its other causes of action. Therefore, to the extent summary judgment is granted for defendants, Redleaf's declaratory relief cause of action also fails and summary judgment should be granted for defendants on that cause of action as well.

//

10.

TAYLOR & CO.
LAW OFFICES, LLP

THIRD-PARTY DEFENDANTS' NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT: CASE NO. C-07-05350 JW (PVT)

## V. CONCLUSION

For the foregoing reasons, defendants respectfully request that their motion for summary judgment be granted as to each of Redleaf's causes of action in the Complaint.

Dated: May 19, 2008                    Respectfully submitted,

TAYLOR & COMPANY LAW OFFICES, LLP


By:      /s/ Jessica L. Grant
              Jessica L. Grant
Attorneys for Third-Party Defendants
ALEXANDER P. CILENTO and DAVID CROCKETT


COBLENTZ, PATCH, DUFFY & BASS LLP


By:      /s/ William H. Orrick, III
              William H. Orrick, III
Attorneys for Third-Party Defendant
ASPEN VENTURES MANAGEMENT III, LLC

WILLIAM H. ORRICK, III (SBN 113252)
COBLENTZ, PATCH, DUFFY & BASS LLP
One Ferry Building, Suite 200
San Francisco, California 94111
Telephone:  (415) 391-4800
Facsimile:   (415) 989-1663
E-mail: who@cpdb.com

TAYLOR & CO.
LAW OFFICES, LLP

11.
THIRD-PARTY DEFENDANTS' NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT: CASE NO.  C-07-05350 JW (PVT)