JESSICA L. GRANT (SBN 178138)
NICHOLAS G. CAMPINS (SBN 238022)
TAYLOR & COMPANY LAW OFFICES, LLP
One Ferry Building, Suite 355
San Francisco, California 94111
Telephone: (415) 788-8200
Facsimile: (415) 788-8208
E-mail: jgrant@tcolaw.com
E-mail: ncampins@tcolaw.com

Attorneys for Third-Party Defendants
ALEXANDER P. CILENTO and
DAVID CROCKETT

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES SMALL BUSINESS ADMINISTRATION in its capacity as Receiver for Aspen Ventures, III,<br><br>Plaintiffs,<br><br>v.<br><br>REDLEAF GROUP, INC.,<br><br>Defendant and Third-Party Plaintiff,<br><br>v.<br><br>ASPEN VENTURES MANAGEMENT III, LLC, a Delaware Limited Liability Company, ALEXANDER P. CILENTO, a California resident, and DAVID CROCKETT, a California resident, and DOES 1-10,<br><br>Third-Party Defendants. | Case No.: C-07-05350 JW (PVT)<br><br>**DECLARATION OF DAVID CROCKETT IN SUPPORT OF THIRD-PARTY DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**<br><br>Date: June 23, 2008<br>Time: 9:00 a.m.<br>Place: Courtroom 8, 4th Floor<br><br>Honorable James Ware |

I, DAVID CROCKETT, declare as follows:

1. I am a Managing Member of Aspen Ventures Management III, LLC ("AVM"), the General Partner of Aspen Ventures III, L.P. I have personal knowledge of the facts set forth in this declaration, except for those matters that are stated on information and belief, and as to those matters I believe them to be true. If called as a witness, I could and would competently testify to the matters stated herein. I submit this declaration in support of Third-Party Defendants' Motion for Summary Judgment filed concurrently herewith.

2. Aspen Ventures III, L.P. ("Aspen"), a private venture capital fund, was formed as a limited liability partnership in Delaware on August 20, 1999.

3. In September 1999, Aspen was licensed as a Small Business Investment Company ("SBIC") by the United States Small Business Association ("SBA"). AVM was Aspen's General Partner. I was a Managing Member of AVM along with Alexander Cilento ("Cilento") and Thad Whalen ("Whalen").

4. An advantage to becoming an SBIC is that an SBIC's private venture capital fund is leveraged with funds provided by the SBA up to a 2:1 ratio. This means that for every dollar of private capital that was invested in Aspen, the fund could draw an additional two dollars in leveraged capital from the SBA, which in effect tripled the size of Aspen's venture capital fund.

5. The SBA's leverage, however, is not without risk to investors. Should losses occur, the leveraged SBIC structure requires that the SBA must be paid back in full, plus interest, before any profits can be distributed to the private investors thus adding significantly to the risk. In addition, where, as here, an SBIC is liquidated, the SBA has liquidation preference in relation to all other investors, and the SBIC must repay the SBA's leverage in full before any other investors can receive any funds. The SBA can also demand that the investors remit funds to the SBIC, to the extent of their unfunded capital commitments.

6. SBIC licenses are difficult to obtain and require a lengthy and rigorous qualification process. The SBA does an extensive reference and background check of the proposed managing members and independently evaluates the suitability of the SBIC's investment portfolios to ensure they meet certain minimum capital requirements. The SBA must approve the

1.

TAYLOR & CO.
LAW OFFICES, LLP

DECLARATION OF DAVID CROCKETT IN SUPPORT OF THIRD-PARTY DEFENDANTS' MOTION FOR SUMMARY JUDGMENT: CASE NO. C-07-05350 JW (PVT)

1  addition of any new members or partners to an existing SBIC, as well as relevant proposed
2  amendments to the partnership and management agreements.

3        7.      In mid-2001, plaintiff Redleaf Group, Inc. ("Redleaf") began to explore the
4  possibility of becoming a limited partner in Aspen. Like Aspen, Redleaf was a company that
5  invested in early-stage emerging software and technology-related companies. As of mid-2001,
6  Redleaf had raised approximately $220 million of private capital. Redleaf's fund was backed by
7  first tier investors including Novell, Hewlett Packard, GE Capital, Mellon Ventures and the
8  MacArthur Foundation, and Redleaf was being operated by then co-CEOs John Kohler ("Kohler")
9  and C. Lloyd Mahaffey ("Mahaffey").

10       8.      I am informed and believe that the proposed partnership between Aspen and
11 Redleaf was negotiated by Whalen on behalf of Aspen, and by Kohler and others on behalf of
12 Redleaf. I did not have any direct involvement in the negotiations among Aspen, AVM, Redleaf
13 and the SBA before Redleaf became a limited partner of Aspen on April 1, 2002.

14       9.      I am informed and believe that Kohler – who had known Whalen socially for many
15 years and lived across the street from him – was aware that Whalen had terminal cancer. Whalen
16 died of pancreatic cancer on June 5, 2004.

17       10.     The purpose of the Aspen/Redleaf joint business proposal was to enable Redleaf to
18 gain the advantages of SBIC leverage by committing $15 million to Aspen and becoming one of
19 Aspen's limited partners. The proposal also called for the Redleaf co-CEOS, Kohler and
20 Mahaffey, to become Managing Members of AVM, Aspen's General Partner.

21       11.     Although Redleaf was interested in the opportunity to invest in Aspen and thereby
22 gain the benefit of its SBA leverage, Redleaf was also cognizant of the risks associated with SBA
23 leverage.

24       12.     After conducting its due diligence, Redleaf made a $15 million capital
25 commitment to Aspen and subsequently became a limited partner in Aspen effective April 1,
26 2002.

27       13.     I am informed and believe that Redleaf's due diligence was conducted, at least in
28 part, by counsel at Kirkpatrick & Lockhart LLP, a predecessor to the law firm that is currently

2.

TAYLOR & CO.
LAW OFFICES, LLP

DECLARATION OF DAVID CROCKETT IN SUPPORT OF THIRD-PARTY DEFENDANTS' MOTION FOR
SUMMARY JUDGMENT: CASE NO. C-07-05350 JW (PVT)

representing Redleaf in this case.

14. After the April 1, 2002 partnership transaction was completed, Cilento and I were made Series B Managing Members of AVM, but with only half the percentage interest that was given to the other Managing Members, i.e. Kohler, Mahaffey and Whalen. Correspondingly, Cilento and I each had half the voting rights of the other AVM Managing Members.

15. As of June 29, 2003, AVM had advised Redleaf that it was not seeking to raise additional capital for the new Redleaf IIIb fund and that AVM believed that the Redleaf IIIb fund was "an initiative that didn't work out" and should be wrapped up professionally. *See* the e-mail from John Kohler (john@redleaf.com) to Lloyd Mahaffey, dated June 29, 2003, that was forwarded by John Kohler to Thad Whalen at Aspen on June 30, 2003, a true and correct copy of which is attached hereto as Exhibit A. This e-mail includes statements by Kohler indicating that Redleaf was aware that I, along with Cilento and Whalen, viewed Aspen IIIb as a failed initiative that should be professionally wound down and wrapped up, and that Kohler believed that I, Cilento and Whalen were not looking to raise additional investments for Aspen IIIb.

16. Redleaf sought the SBA's approval for a release of its capital commitment. *See* Aspen Ventures PowerPoint presentation dated March 27, 2003, entitled "Meeting with the U.S. Small Business Association," at pp. 11-13 ("Redleaf Proposal: Redleaf contributes one or more portfolio securities to satisfy the Aspen III-b capital commitment."), a true and correct copy of which is attached hereto as Exhibit B. This PowerPoint presentation, which was prepared by Whalen and edited by me, is an Aspen document, prepared in the regular course of Aspen's business and bears an official Aspen logo.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 19th day of May, 2008, in Los Altos, California.

_____
DAVID CROCKETT

3.

TAYLOR & CO.
LAW OFFICES, LLP

DECLARATION OF DAVID CROCKETT IN SUPPORT OF THIRD-PARTY DEFENDANTS' MOTION FOR SUMMARY JUDGMENT: CASE NO. C-07-05350 JW (PVT)

**EXHIBIT A**

**Thad Whalen**

From: John Kohler [john@redleaf.com]
Sent: Monday, June 30, 2003 10:19 AM
To: Thad Whalen
Subject: FW: Aspen Call

HI Thad,

Here is the message I sent to Lloyd last night – FYI. Please keep this confidential.

Thanks,

John

-----Original Message-----
From: John Kohler [mailto:john@redleaf.com]
Sent: Sunday, June 29, 2003 6:19 PM
To: Lloyd Mahaffey
Subject: Aspen Call

Lloyd,

I spoke to Thad a couple times this weekend and sent him the attached 'talking document' about the financing needs we would want to budget from RAF if a strip of the portfolio goes in.

Thad expressed a few concerns from his partnership that will come up tomorrow:

 The use of leverage and how much

 The Cogent valuation of the Redleaf portfolio is quite high in their view

 How much support Redleaf will give to any of our portfolio outside of RAF

Thad also mentioned a sentiment that we are the sole LP and they (the Aspen IIIb GP) should do what we ask. However, this does not extend to excess risk that would come back to Aspen IIIa nor to unfavorable impact on their relationship with the SBA. They also see IIIb as an initiative that didn't work out and we should wrap it up professionally. I think this means they are not looking to raise more money into IIIb.

It sounds to me like Dave is still a little pissed off that we gave Aspen a head fake in creating IIIb, and he just wants to be done with it.

Thad also offered to take a different path... Don't call any more money until Redleaf can realize some liquidation and put that money into IIIb. I was cool to this idea.

On another note, I have only been able to set up an Amperion investor call for Monday at 10:30am PDT for a half hour. All other times last week were impossible. I have told Thad that I will have to drop off the Aspen call for 30 min. to take care of this other priority.

Hope you had a good trip home.

John

CONFIDENTIAL

**EXHIBIT B**

# Aspen Ventures

## Meeting with the U.S. Small Business Administration

## March 27, 2003



CONFIDENTIAL   K004

# Agenda

- **Introductions**

- **Aspen III Status**
  - Portfolio
  - Aspen IIIa-b structure / Redleaf relationship

- **Redleaf LP Status**

- **Redleaf Proposal**
  - Rationale
  - Execution
  - SBA Comments / Process



CONFIDENTIAL    K005

# Aspen III Portfolio

- Prior challenge: obtaining new capital
  - Success in raising capital/reducing monthly burn rates
- Progress in difficult times
  - All are adding customers and building revenue (but slower than planned)
  - Strong products, technologies and management teams
- Current challenge: increasing revenue
  - Corporate technology spending still depressed
  - Very few "must have" software products

CONFIDENTIAL   K006


ASPEN VENTURES

# Market Viewpoint

- Any economic activity remains frail
- Our focus is on <u>enterprise</u> capital expenditures for infrastructure, software and services
    - 2002 consisted of four quarters of 'push-outs'
    - All Aspen companies narrowed their scope and targeted their best value proposition
    - Business buyers remain focused on small tactical deals rather than sweeping strategic ones
    - Immediate contribution to margin is the key filter
    - Technology industry consolidation brings extra balance sheet scrutiny
    - Risks include further economic slowdown, lengthening sales cycle, and desperation pricing
    - Tough environment for VC backed companies



CONFIDENTIAL   K007

# Aspen III Portfolio

- 13 private company investments (12 in Series A, 1 in Series B)
    - 5 A-rated: Active Decisions, Helicomm, Reasoning, Satmetrix, Viewcentral
        - Current cash/investor syndicate adequate to reach breakeven
        - Strong operational progress
    - 4 B-rated: Appropria, Pointbase, Rivalwatch, Rules Based Software
        - Modest cash requirements over next 18 months
        - Moderate operational progress
    - 3 C-rated: Carisbrook, Collabrys, Netcourier
        - Little or no additional cash investment required
        - Future equity value uncertain
    - 1 realized loss--MyWebtivity ($400k)

CONFIDENTIAL    K008


ASPEN VENTURES

# Aspen/Redleaf Relationship

- Original Aspen III Fund (Aspen IIIa)
  - Formed in 1999
  - $16.5 million private capital
- Redleaf becomes LP in new Series B Fund (Aspen IIIb)
  - April 2002
  - $15 million private capital from single LP
- Activity over last twelve months
  - One new investment
  - One term sheet outstanding
  - Several deals under consideration



ASPEN VENTURES

CONFIDENTIAL    K009

# Redleaf LP Status

- Wind-up and simplification of portfolio stewardship is desired

- Capital depletion accelerated in the absence of liquidity events

- 40 Act remains Redleaf's 'guiding principal'



CONFIDENTIAL  K010

# Redleaf Proposal

- Redleaf contributes one or more portfolio securities to satisfy the Aspen III-b capital commitment.

  - Small concerns that fit Aspen's investment focus
  - No change in Aspen III management
  - Initially enough to satisfy existing Redleaf capital commitment
  - Potential to go beyond existing capital commitment



ASPEN VENTURES

K011
CONFIDENTIAL

# Rationale

- **Benefits to Aspen III**
  - Acquire later-stage investments at fair price; align maturity of Aspen IIIa and IIIb portfolios
  - Strengthens Aspen III portfolio
  - No need to wait for Redleaf to achieve portfolio liquidity
  - Brings knowledge, experience, and more effort of Kohler and Mahaffey to bear on Aspen III portfolio
  - Eliminates potential conflict with '40 Act (Investment Company)
- **Benefits to Redleaf**
  - Allows wind-up process to proceed in orderly fashion
  - No need to manufacture portfolio liquidity
  - Eliminates potential '40 Act problems



CONFIDENTIAL   K012

# Execution Details

- Redleaf contributes one or more portfolio securities:
    - Third party valuation candidates
        - Deloitte and Touche
        - Cogent Partners
        - Others recommended by SBA
    - Selection of securities still to be negotiated between Redleaf and Aspen
- Timing of Redleaf wind-up to be determined
    - Several tax and regulatory issues
    - Redleaf shareholders may become direct Aspen Limited Partners
    - Redleaf or new entities may remain as Aspen Limited Partners



ASPEN VENTURES

CONFIDENTIAL    K013

# SBA Comments/Process

- SBA comments on proposal?
- Where does SBA want to be involved?
    - Approve third party hired to perform valuation?
    - Other areas?
- SBA approval process
    - Timing

CONFIDENTIAL K014


ASPEN VENTURES