MATTHEW G. BALL (CA BAR 208881)
DEIRDRE M. DIGRANDE (CA BAR 199766)
KIRKPATRICK & LOCKHART PRESTON GATES ELLIS LLP
55 Second Street, Suite 1700
San Francisco, CA 94105-3493
Tel: (415) 882-8200
Fax: (415) 882-8220
matthew.ball@klgates.com
deirdre.digrande@klgates.com

MARTIN D. TECKLER (*pro hac vice*)
KIRKPATRICK & LOCKHART PRESTON GATES ELLIS LLP
1601 K Street, NW
Washington, DC 20006-1600
Tel: (202) 778-9000
Fax: (202) 778-9100
martin.teckler@klgates.com

Attorneys for Defendant
REDLEAF GROUP, INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES SMALL BUSINESS ADMINISTRATION in its capacity as Receiver for Aspen Ventures III,<br><br>Plaintiffs,<br><br>v.<br><br>REDLEAF GROUP, INC.,<br><br>Defendant and Third-Party Plaintiff,<br><br>v.<br><br>ASPEN VENTURES MANAGEMENT III, LLC, a Delaware Limited Liability Company, ALEXANDER P. CILENTO, a California resident, and DAVID CROCKETT, a California resident, and DOES 1-10,<br><br>Third-Party Defendants. | Case No. C-07-05350 JW (PVT)<br><br><br>**DECLARATION OF MATTHEW G. BALL IN SUPPORT OF REDLEAF GROUP, INC.'S OPPOSITION TO MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE SUMMARY ADJUDICATION, ON THE RECEIVER'S CLAIM FOR BREACH OF CONTRACT; REQUEST FOR DENIAL PURSUANT TO RULE 56(F)**<br><br><br>Date: June 23, 2008<br>Time: 9:00 a.m.<br>Judge: Hon. James Ware |

SF-155136 v1

1      1.    I, Matthew G. Ball, am a partner in the law firm of Kirkpatrick & Lockhart Preston

2  Gates Ellis LLP, counsel of record for Redleaf Group, Inc.  I make this Declaration in support of

3  Redleaf Group, Inc.'s Opposition to Motion for Summary Judgment, or in the Alternative Summary

4  Adjudication, on the Receiver's Claim for Breach of Contract.  I have personal knowledge of the

5  facts stated herein except where stated and, if called as a witness, I could testify competently thereto.

6      2.    On May 30, 2008, I received the e-mail attached hereto as **Exhibit A** from Gregory

7  Nuti, who represents the United States Small Business Administration ("SBA") in conjunction with

8  this case.  In the e-mail, Mr. Nuti agreed not to object to the admissibility of the following

9  documents for the purposes of this Motion:  Exhibits A-C to the Declaration of Martin D. Teckler,

10  and Exhibits A-B to the Declaration of Michael J. Tomana.

11      3.    On April 14, 2008, this Court heard the SBA's Motion to Strike in this matter, as well

12  as Third-Party Defendants' Motion to Dismiss.  Due to various agreements between the parties to

13  postpone discovery, and certain statements made by the Court at the April 14, 2008 hearing,

14  discovery in this case was not to be open until after the Court issued rulings on the Motion to Strike

15  and the Motion to Dismiss.  Relevant portions of the parties' Joint Case Management Conference

16  Statement and the transcript on the hearing of the Motions are attached hereto as **Exhibits B and C.**

17      4.    The Court did not issue rulings on the Motion to Strike or Motion to Dismiss.

18      5.    On May 12, 2008, I wrote to counsel for the parties in this matter asking them to

19  agree to open discovery, given the approaching Motions for Summary Judgment, and given the fact

20  that the parties had not received rulings on the pending Motions to Strike and to Dismiss.  On that

21  same day, I received an e-mail from Mr. Nuti declining to agree to open discovery.  A true and

22  correct copy of the e-mail is attached hereto as **Exhibit D.**

23      6.    Due to the foregoing, Redleaf has essentially been barred from conducting any

24  discovery to oppose the SBA's Motion.

25      7.    Additionally, a further issue has arisen as to Redleaf officers and directors John

26  Kohler and C. Lloyd Mahaffey.  In addition to being Redleaf officers and directors at various times,

27  Messrs. Kohler and Mahaffey were appointed as managing members of Third-Party Defendant

28

1  Aspen Ventures Management III, LLC ("AVM"), with respect to Series B. A dispute arose between

2  Redleaf and AVM with regards to whether and how these individuals may be contacted by counsel,

3  given their dual role. The parties raised this dispute in their Joint Case Management Conference

4  Statement, and at the hearing on the Motions discussed above. See **Exhibits B and C**, supra. In

5  addition to the on-the-record discussion in **Exhibit C**, Counsel for AVM and Counsel for Redleaf

6  further discussed the issue with the Court in chambers. The Court ordered the parties that any

7  interviews with Messrs. Kohler and Mahaffey be joint, with both counsel participating. Counsel for

8  AVM and counsel for Redleaf attempted to stipulate to a procedure for separate interviews, but the

9  process broke down when Counsel for AVM would not stipulate to separate interviews regarding

10 Messrs. Kohler and Mahaffey's service as Series B Managing Members, which is at the heart of

11 Redleaf's case. Attached as **Exhibit E** is a true and correct copy of an exchange of e-mails between

12 counsel summarizing the problem.

13      8.      Ordinarily, Redleaf would anticipate submitting declarations from Redleaf's key

14 officers and directors with personal knowledge of the time period, but the joint interview protocol

15 made the normal process of interviewing witnesses and obtaining declarations unworkable in this

16 instance. Depositions also were not possible, since discovery was not open.

17      9.      Redleaf Group, Inc. believes that its Opposition will suffice to defeat the SBA's

18 Motions, given the factual issues that Redleaf raises and the inferences to be drawn therefrom, which

19 are to be viewed in the light most favorable to Redleaf. However, if the Court disagrees, then

20 Redleaf submits that the following discovery will allow Redleaf to successfully oppose the

21 Receiver's Motion.[1]

22      a.      C. Lloyd Mahaffey and John Kohler: I anticipate that Mr. Mahaffey and Mr.

23 Kohler will testify favorably to Redleaf, and support Redleaf's theories as expressed in Redleaf's

24 Opposition on a number of issues, including:

25

26 [1] Note that a lesser showing of specificity in the Rule 56(f) Request is appropriate where no
   discovery has taken place, because "the party making a Rule 56(f) motion cannot be expected to
27 frame its motion with great specificity as to the king of discovery likely to turn up useful
   information, as the ground for such specificity has not been laid." Burlington Northern Santa Fe
28 R.R. Co. v. Assiniboine & Sioux Tribes of Fort Peck Reservation, 323 F.3d 767, 774 (9th Cir. 2003).

- Representations made to Redleaf by Aspen's management regarding the financial condition of Aspen III and the effect of the Series A/B Structure;

- Redleaf's understanding of the Series A/B structure; and

- Aspen's refusal to allow Series B managing members critical information regarding Series A investments.

b.    Alexander Cilento, David Crockett, and Aspen Ventures Management: I anticipate that written and oral discovery of Messrs. Cilento and Crockett, and Aspen Ventures Management, will develop admissions to support Redleaf's theories as expressed in the Opposition as to:

- Representations made to Redleaf by Aspen's management regarding the financial condition of Aspen III and the effect of the Series A/B Structure;

- Redleaf's understanding of the Series A/B structure;

- Aspen's refusal to allow Series B managing members critical information regarding Series A investments;

- The actual financial condition of Aspen III at relevant times and their knowledge thereof; and

- The drafting history of the 2002 Amendment and relevant documents.

c.    David Gerogosian and Walter Peterson: I anticipate that oral discovery of David Gerogosian (SBA analyst for Redleaf) and Walter Peterson (Mr. Gerogosian's Area Chief) will develop favorable evidence regarding the SBA's motivations in approving the Series A/B structure that will support Redleaf's theories as expressed in its Opposition.

d.    SBA: I anticipate that written discovery conducted to the SBA will develop favorable evidence regarding the SBA's motivations in approving the Series A/B structure that will support Redleaf's theories as expressed in its Opposition. Although the SBA and Redleaf Group have engaged in a limited document exchange, I believe that the SBA has not produced all of the documents in this matter that it has in its possession. For example, the SBA has not produced its Operations file for Aspen III.

e.    Debra Schilling: I anticipate that oral discovery of Debra Schilling, former Aspen Chief Financial Officer will develop admissions to support Redleaf's theories as expressed in the Opposition as to:

- Representations made to Redleaf by Aspen's management regarding the financial condition of Aspen III and the effect of the Series A/B Structure;

- Redleaf's understanding of the Series A/B structure;

- Aspen's refusal to allow Series B managing members critical information regarding Series A investments;

- The communications exchange between Jim Cummins and Debra Schilling in Exhibit K to the Moser Declaration; and

- The actual financial condition of Aspen III at relevant times and Aspen's knowledge thereof.

f.    The Gunderson Dettmer law firm and Steven Franklin: I anticipate oral and written discovery of the Gunderson will develop admissions to support Redleaf's theories as expressed in the Opposition as to:

- The drafting history of the 2002 Amendment, and specifically whether the reference to Article VII in the Inter-Series Loan section of the 2002 Amendment is a scrivener's error.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on June 2, 2008, at San Francisco, California.

_____
Matthew G. Ball

DECLARATION OF M. BALL ISO OPP'N TO RECEIVER'S MSJ
CASE NO. C 07-05350 JW PVT