Gregory C. Nuti (Bar No. 151754)
Schnader Harrison Segal & Lewis LLP
One Montgomery Street, Suite 2200
San Francisco, CA 94104-5501
Telephone: 415-364-6700
Facsimile: 415-364-6785

Beverley Hazelwood Lewis
Trial Attorney, Office of General Counsel
U.S. Small Business Administration
409 3rd Street, S.W., Seventh Floor
Washington, D.C. 20416
Telephone (202) 205-6857
Facsimile (202) 481-0325

Attorneys for Plaintiff,
United States Small Business Administration
in its capacity as Receiver for Aspen Ventures III, L.P.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES SMALL BUSINESS ADMINISTRATION IN ITS CAPACITY AS RECEIVER FOR ASPEN VENTURES III, L.P., <br><br> Plaintiff, <br><br> vs. <br><br> REDLEAF GROUP, INC., <br><br> Defendants. <br><br> REDLEAF GROUP, INC., <br><br> Third-Party Plaintiff, <br><br> vs. <br><br> ASPEN VENTURES MANAGEMENT III, LLC, a Delaware Limited Liability Company, ALEXANDER P. CILENTO, a California resident, and DAVID CROCKETT, a California resident, and DOES 1-10, <br><br> Third-Party Defendants. | Case No. C07-05350 JW PVT <br><br> **JOINT CASE MANAGEMENT CONFERENCE STATEMENT** <br><br> Date: March 10, 2008 <br> Time: 10:00 a.m. <br> Location: <br> 280 South First Street, <br> Courtroom 8, 4th Floor <br> San Jose, CA <br> Judge: Honorable James Ware |

4.  **Motions**

The Receiver believes that a motion to strike certain of Redleaf's affirmative defenses, in conjunction with the 3rd Party Defendants' motion to dismiss, will greatly narrow the disputed issues. Plaintiff and 3rd Party Defendants will coordinate the filing of their motions for hearing by the Court on the same calendar.

Redleaf anticipates filing a motion for summary judgment directed at the Receiver's claim, as well as on its own claim against the 3rd Party Defendants.

5.  **Amendments of Pleadings**

The parties do not at this time anticipate any amendments to the pleadings, although the parties reserve their right to amend the pleadings based upon further information, investigation, or research.

6.  **Evidence Preservation**

Aspen Ventures is in receivership. Under the Consent Order, the 3rd Party Defendants turned over possession of Aspen Ventures' books and records to the Receiver. The Receiver has preserved the books and records it has received.

7.  **Disclosures**

The parties have agreed, subject to this Court's approval, to wait until after the parties engage in an early settlement conference under this Court's ADR program to exchange the disclosures required by Federal Rule of Civil Procedure 26. A proposed Stipulation and Order is filed herewith.

Redleaf Group, Inc. is cognizant of its duty to preserve evidence potentially relevant to this litigation, and has taken steps to ensure that no potentially relevant evidence is destroyed, whether that potentially relevant evidence be in hard copy or electronic form.

8.  **Discovery**

The parties will be better able to gauge the scope of discovery after the Court's rulings on the procedural motions. In addition, the parties have agreed to refer this matter to a Magistrate under this Court's ADR program after rulings on these motions. Until then, the

parties do not anticipate the need for formal discovery. The Parties believe that this Court should set a further Case Management Conference to take place 30 days after the judicial settlement conference, with a further Case Management Conference Statement to address discovery issues in more detail.

9.  **Class Action**

This is not a class action.

10. **Related Cases**

This Court also presides over the Receivership Action. This Court has issued a related case order for the Receivership Action and Aspen Ventures West II receivership, case number C 06-04034. Both receiverships involve the same principals. However, no order has issued regarding whether the Receiver Complaint and 3rd Party Complaint are deemed "related" to the Receivership Action under the local rules as Judge Ware is already presiding over all the matters.

11. **Relief Sought**

The Receiver seeks money damages of $10.6 million against Redleaf based upon the amount of Redleaf's unfunded capital commitment. Redleaf has not asserted any affirmative claims against the SBA or the Receivership Estate.

Redleaf seeks a judgment that it is not liable on the Receiver's claim, and from the 3rd Party Defendants, damages according to proof, indemnity from the 3rd Party Defendants in the event it is found liable for the unfunded capital commitment and a declaratory judgment that the 3rd Party Defendants are obliged to fully indemnify Redleaf, its attorneys' fees and costs, prejudgment interest, and such other relief, including equitable relief, as this Court deems Redleaf is entitled.

12. **Settlement and ADR**

The Receiver and Redleaf engaged for almost a year in unsuccessful settlement negotiations prior to the filing of the Complaint. The allegations, issues and positions taken by the SBA as receiver and Redleaf during these negotiations are embodied in the current pleadings and will again be raised in the anticipated motions. It is hoped that rulings on the motions will

For its part, Receiver believes the issue of jury trial waiver should be addressed only after the 3rd Party Defendants' motion to dismiss has been ruled upon.

19. **Disclosure of Non-Party Interested Entities or Persons**

The SBA as a federal agency is deemed to be a separate entity from SBA acting as Receiver for Aspen Ventures. The SBA, in its role as a federal agency, has contributed funds to Aspen Venture pursuant to the Act and Regulations. Like any of the other investors or creditors of Aspen Ventures, the SBA as a financial interest in the outcome of these proceedings because, ultimately, the purpose of the receivership action is to liquidate and marshal the assets of Aspen Ventures to satisfy the claims of creditors of the receivership estate.

Redleaf will have its Disclosure of Non-Party Interested Entities or Persons on file in advance of the case management conference.

20. **Other Matters**

Redleaf and the 3rd Party Defendants have a dispute concerning their respective rights to contact John Kohler and Lloyd Mahaffey. Mr. Kohler is a current director of Redleaf and a managing member of AVM. Mr. Mahaffey is a former director and employee of Redleaf and a former managing member of AVM. Given the important ethical issue involved, and its implications for trial preparation, the parties ask the Court to address this issue now.

After this case was filed, counsel for 3rd Party Defendants attempted to conduct interviews with Messrs. Kohler and Mahaffey. Counsel for Redleaf advised Messrs. Kohler and Mahaffey of its position that Mr. Kohler's current fiduciary duties to Redleaf prevented him from providing assistance to 3rd Party Defendants, and Mr. Mahaffey was prevented by his fiduciary duties as a former director from assisting 3rd Party Defendants as to matters relating to his service as a Director of Redleaf. Redleaf's Counsel further informed Counsel for 3rd Party Defendants that Counsel were not to contact Mr. Kohler without consent, and requested Counsel not to contact Mr. Mahaffey.

AVM's position is that it and Redleaf are both entitled to the nonprivileged observations of witnesses involved in this litigation. *Triple A Machine Shop, Inc. v. State of California*, 213 Cal.App.3d 131, 143 (1989). While Mr. Kohler is a director of Redleaf Group, Inc., he has

been barred from all meetings relating to the claim against AVM, apparently because of the perceived conflict of interest arising from his role at AVM. This means that there is no chance that he might inadvertently provide litigation strategy or attorney-client privileged information with respect to the case to counsel for AVM. Mr. Mahaffey is no longer affiliated with Redleaf in any capacity. As Mr. Kohler is and Mr. Mahaffey was a managing member of AVM, the advice of counsel for Redleaf chills AVM's counsel's ability to (i) represent his client and (ii) learn the unprivileged information known by the past and present members of his client, who may be important fact witnesses in their own right.

Counsel for Redleaf Group, Inc. does not represent its individual past or present directors. *La Jolla Cove Motel and Hotel Apartments, Inc. v. Superior Court*, 121 Cal.App.4th 773, 784 (2004) ("the individual shareholder or director cannot presume that corporation counsel is protecting their interests. (Citations omitted.)."). Counsel for Redleaf has a conflict of interest in advising either Mr. Kohler or Mr. Mahaffey with respect to this litigation, since they are members of AVM, which is adverse to Redleaf. The logical extension of Redleaf's advice is that its counsel cannot contact Mr. Kohler, a current member of AVM, without AVM's consent. This is an incongruous result. The better view is that each counsel should be careful not to seek privileged information from Mr. Kohler or Mr. Mahaffey, and that each should ensure that the witnesses are aware that no party is seeking such information. However, the witnesses may freely discuss the underlying facts with either party as long as they do not disclose privileged information.

Given the important ethical issue involved, and its implications for trial preparation, AVM and Redleaf propose that Redleaf provide a letter to the Court expressing its views by March 24, 2008, to which AVM will respond by April 7, 2008. There would be no opportunity for a reply. The Court may then either hold a telephonic conference or issue a ruling without a hearing.

///
///
///

| | | |
|---|---|---|
| 1 | Dated: March 3, 2008 | SCHNADER HARRISON SEGAL & LEWIS LLP |
| 2 | | |
| 3 | | By: /s/ Gregory C. Nuti |
| 4 | | Gregory C. Nuti |
| 5 | | Attorneys for Plaintiff, the United States Small Business Administration in its capacity as Receiver for Aspen Ventures III, L.P. |
| 6 | | |
| 7 | Dated: March 3, 2008 | KIRKPATRICK & LOCKHART PRESTON GATES ELLIS LLP |
| 8 | | |
| 9 | | |
| 10 | | By: /s/ Matthew Ball |
| 11 | | Matthew Ball |
| 12 | | Attorneys for Defendant and 3rd Party Plaintiff Redleaf Group, Inc. |
| 13 | Dated: March 3, 2008 | TAYLOR & COMPANY LAW OFFICES, LLP |
| 14 | | |
| 15 | | By: /s/ Jessica L. Grant |
| 16 | | Jessica L. Grant |
| 17 | | Attorneys for 3rd Party Defendants David Crockett and Alexander Cilento |
| 18 | Dated: March 3, 2008 | COBLENTZ, PATCH, DUFFY & BASS, LLP |
| 19 | | |
| 20 | | By: /s/ William Orrick, III |
| 21 | | William Orrick, III |
| 22 | | Attorneys for 3rd Party Defendant Aspen Ventures Management |