```
 1                IN THE UNITED STATES DISTRICT COURT

 2              FOR THE NORTHERN DISTRICT OF CALIFORNIA

 3                         SAN JOSE DIVISION

 4   UNITED STATES SMALL        )   C-07-05350-JW
     BUSINESS                   )
 5   ADMINISTRATION,            )   APRIL 14, 2008
                                )
 6          PLAINTIFF,           )
                                )
 7              V.              )   PAGES 1-39
                                )
 8   REDLEAF GROUP INC., ET     )
     AL.,                       )
 9                              )
            DEFENDANTS.          )
10   _____)

11

12         THE PROCEEDINGS WERE HELD BEFORE

13         THE HONORABLE UNITED STATES DISTRICT

14                    JUDGE JAMES WARE

15   A P P E A R A N C E S:

16   FOR THE PLAINTIFF:   SCHNADER, HARRISON, SEGAL & LEWIS
                          BY:  GREGORY C. NUTI
17                        ONE MONTGOMERY STREET
                          SUITE 2200
18                        SAN FRANCISCO, CALIFORNIA 94104

19

     FOR THE DEFENDANTS:  KIRKPATRICK & LOCKHART PRESTON
20                        GATES ELLIS
                          BY:  MATTHEW G. BALL
21                        55 SECOND STREET
                          SUITE 1700
22                        SAN FRANCISCO, CALIFORNIA 94105

23       (APPEARANCES CONTINUED ON THE NEXT PAGE.)

24

25   OFFICIAL COURT REPORTER: IRENE RODRIGUEZ, CSR, CRR
                              CERTIFICATE NUMBER 8074
```

1

1  MOTION THAT WE FILED.
2              MS. GRANT: AND 60 DAYS FOR DISCOVERY, I
3  AGREE, I THINK THE FACTS OF THE COMPLAINT SPEAK FOR
4  THEMSELVES, AND WE'RE HAPPY TO MOVE FOR DISPOSITIVE
5  MOTIONS.
6              THE COURT: WHY DON'T I TAKE THAT
7  SUGGESTION AND YOU RESPOND WITH ESSENTIALLY A 56(F)
8  SUBMISSION SAYING WHAT DISCOVERY YOU WOULD NEED TO
9  RESPOND TO THESE MOTIONS BECAUSE IT COULD BE THAT,
10 THAT AFTER TODAY THEY'LL BE MORE LIMITED IN WHAT
11 MOTIONS ARE SOUGHT AND I'M NOT GOING TO STOP YOU
12 FROM CONDUCTING DISCOVERY IN DUE COURSE IN THE
13 CASE, BUT IT DOES SEEM TO ME THAT I HAVE HEARD
14 ENOUGH HERE THAT, THAT SUGGESTS TO ME THAT A PART
15 OF THIS CASE CAN BE NARROWED BY THE COURT HEARING
16 THESE LEGAL ARGUMENTS AND THEN WE'LL PROCEED WITH
17 WHAT IS LEFT OF THE CASE.
18             THE COURT: SIXTY DAYS WOULD MEAN THAT WE
19 WOULD SET A HEARING SOME TIME IN JUNE.
20             MS. GARCIA, WOULD YOU SET A DATE.
21             THE CLERK: JUNE 23RD.
22             THE COURT: 27 DID YOU SAY?
23             THE CLERK: 23RD.
24             THE COURT: THAT'S A NORMAL LAW AND
25 MOTION DATE?

                                                    33

```
 1          THE CLERK:  CORRECT.
 2          THE COURT:  WHEN WE APPROACH THAT DATE,
 3  DEPENDING ON WHAT WE HAVE BEFORE US, WE MIGHT
 4  SPREAD IT TO ANOTHER DATE, BUT IS THAT CONVENIENT?
 5          MR. NUTI:  I WOULD HAVE TO LOOK AT MY
 6  BLACKBERRY, BUT I CAN'T THINK OF ANYTHING AT THE
 7  MOMENT.
 8          MR. BALL:  ME NEITHER.
 9          THE COURT:  ALL RIGHT.  I LIKE TAKING
10  ADVANTAGE OF LAWYERS WHO DON'T HAVE THEIR
11  BLACKBERRIES.
12          LET'S SET IT FOR JUNE 23RD, AND YOU CAN
13  LET US KNOW IF WE NEED TO ADJUST THAT AS A DATE FOR
14  HEARING THE DISPOSITIVE MOTIONS HEARING.
15          YOU WANT TO WAIT UNTIL YOU GET MY ORDER
16  HERE, AND I'LL ADDRESS SOME THINGS AND THERE WILL
17  BE SOME THINGS THAT, PERHAPS, WILL BE DISPOSED OF
18  HERE AND, OF COURSE, YOU'LL NOTICE THOSE MOTIONS
19  ACCORDING TO THE COURT'S LOCAL RULES AND YOU'LL BE
20  ABLE TO RESPOND, RESPOND AND BASED UPON YOUR
21  RESPONSE, I MIGHT CALL THE PARTIES IN AND HAVE A
22  CASE MANAGEMENT CONFERENCE AND DO SOMETHING TO
23  SCHEDULE IT MORE FINALLY THAN THIS.
24          ALL RIGHT.  SO JUNE 23RD AT 9:00 O'CLOCK
25  IS A PRESUMPTIVE DATE FOR DISPOSITIVE MOTIONS.
```

1    MR. BALL: SO IS DISCOVERY GOING TO BE
2  OPEN, YOUR HONOR, AFTER THE COURT ISSUES ITS ORDER?
3    THE COURT: YES. IF YOU HAVE ANY
4  CONCERNS ABOUT THAT, TAKE THEM TO THE ASSIGNED
5  MAGISTRATE JUDGE WHO IS JUDGE TRUMBULL.
6    I APPLAUD YOUR EFFORTS TO TRY AND RESOLVE
7  THE CASE BEFORE JUDGE SEEBORG, AND I'LL LEAVE THAT
8  TO YOU TO SET IT UP AND YOU HAVE ALREADY DONE THAT
9  IT SOUNDS LIKE.
10    MS. GRANT: WE AGREE.
11    MR. BALL: WE HAVEN'T BEEN CONTACTED AND
12  WE DON'T HAVE A DATE.
13    THE COURT: THAT'S EASILY DONE. HIS
14  OFFICE IS READILY AVAILABLE TO YOU.
15    MS. GRANT: THANK YOU, YOUR HONOR.
16    MR. NUTI: THANK YOU, YOUR HONOR.
17    MR. BALL: THANK YOU, YOUR HONOR.
18    MR. ORRICK: YOUR HONOR, BEFORE YOU JUMP
19  OFF THE BENCH, IF I MAY. THERE'S ONE MATTER IN THE
20  CASE MANAGEMENT CONFERENCE STATEMENT WHICH I WOULD
21  LIKE TO DRAW YOUR ATTENTION TO AND WHAT WE'RE
22  ASKING THE COURT FOR SOME GUIDANCE ON AND THAT IS
23  MATTER 20 WHICH DEALS WITH OUR ABILITY TO
24  COMMUNICATE WITH TWO WITNESSES.
25    THEY ARE ONE CURRENT AND ONE FORMER

1   MANAGING MEMBER.
2           THE COURT:  HOLLANDER AND MAHAFFEY?
3           MR. ORRICK:  YES, THEY ARE MANAGING
4   MEMBERS OF MY CLIENT AND THERE IS ALSO ONE WHO IS
5   CURRENTLY A DIRECTOR OF REDLEAF AND ONE IS 'A
6   FORMER DIRECTOR OF REDLEAF.
7           AND THEY HAVE FIDUCIARY OBLIGATIONS
8   RUNNING TO BOTH OF OUR CLIENTS BUT MR. BALL HAS
9   TAKEN THE POSITION THAT IF I CONTACT THEM, I'M
10  BREACHING MY ETHICAL OBLIGATIONS.
11          AND, AND I THOUGHT THAT IT WAS THE MOST
12  APPROPRIATE THING TO BRING TO THE COURT SO THAT WE
13  COULD HAVE AN OPPORTUNITY TO, TO -- THAT I COULD
14  HAVE AN OPPORTUNITY TO, TO TALK WITH THESE MANAGING
15  MEMBERS AND MY CLIENT ABOUT WHAT THEY LEARNED WHILE
16  THEY WERE WITH MY CLIENT.
17          WE WOULD NOT GO INTO CONFIDENTIAL
18  INFORMATION THAT THEY MIGHT HAVE GAINED AS
19  DIRECTORS OF MR. BALL'S CLIENT, BUT I THINK BOTH OF
20  US HAVE THE SAME RIGHTS AND SHOULD HAVE THE SAME
21  ACCESS TO THESE WITNESSES.
22          THE COURT:  WHAT IS YOUR POSITION?
23          MR. BALL:  MR. MAHAFFEY IS NO LONGER A
24  MANAGING MEMBER OF AVM AND OUR POSITION IS THAT
25  THE, THAT THE LLC AGREEMENT ESSENTIALLY SEPARATED

1  THE SERIES A, SERIES B INVESTMENTS AS MUCH AS
2  POSSIBLE AND SHALL GENERALLY BE TREATED AS SEPARATE
3  LIABILITY COMPANY.
4        SO, IN OTHER WORDS, MR. COLLER AND
5  MAHAFFEY, WHO WERE OVERSEEING THE SERIES B
6  INVESTMENTS, SOLELY TO LOOK AFTER REDLEAF'S
7  INTERESTS, IT'S THE SERIES B MANAGING MEMBERS THAT
8  WAS TO BE TREATED, TO THE EXTENT POSSIBLE, AS A
9  SEPARATE LIMITED LIABILITY COMPANY.
10       THEIR, THEIR -- ONE CURRENT AND ONE
11 FORMER DIRECTOR OF REDLEAF, I JUST DON'T SEE WHY,
12 WHY MR., MR. -- WHY AVM NEEDS TO BE CONTACTING
13 THEM, GIVEN THAT THEY'RE FULLY IN REDLEAF'S CAMP
14 AND OWE FIDUCIARY DUTIES TO REDLEAF.
15       UNDER ANY OF THESE CIRCUMSTANCES, I
16 HAVEN'T SEEN ANY AUTHORITY THAT SUGGESTS THAT THEY
17 OWE A COMPETING FIDUCIARY DUTY TO AVM UNDER THE
18 EXACT CIRCUMSTANCES OF THIS CASE WHICH ARE
19 ADMITTEDLY SOMEWHAT UNUSUAL.
20       THE COURT: WELL, IT SEEMS TO ME THAT
21 AVM, BASED ON ITS PRIOR RELATIONSHIP, NEEDS TO
22 COMMUNICATE WITH THEM AND DO YOU HAVE ANY OBJECTION
23 TO HAVING COUNSEL FOR REDLEAF PRESENT DURING THE
24 COURSE OF THOSE COMMUNICATIONS?
25       MR. ORRICK: I WOULD, YOUR HONOR. I

```
 1   WOULD AGREE NOT TO ASK ANY QUESTIONS RELATING TO
 2   COMMUNICATIONS THAT THEY HAD WITH REDLEAF, BUT THEY
 3   HAD A FIDUCIARY OBLIGATION TO AVM.
 4           THEY WENT TO AVM LIMITED PARTNER
 5   MEETINGS, THEY LOOKED AT AVM DOCUMENTS AND I'M SURE
 6   MR. BALL IS A WONDERFUL PERSON, BUT I DON'T WANT
 7   HIM INVOLVED IN MY COMMUNICATIONS WITH MY FORMER OR
 8   CURRENT MANAGING MEMBERS ON THOSE ISSUES.
 9           THE COURT: WELL, OKAY.  I GUESS MY
10   INSTINCT IS TO SEND YOU TO JUDGE TRUMBULL AND TREAT
11   THIS AS A DISCOVERY MATTER AND SET UP THE
12   CIRCUMSTANCES OUTLINING WHAT THINGS YOU CAN TALK
13   ABOUT AND TO RESPECT THE ETHICAL OBLIGATIONS THAT,
14   THAT THEY HAVE TO YOU AND YOU HAVE TO THEM AS
15   COUNSEL.
16           AND I THINK ALL OF THAT CAN BE
17   ACCOMMODATED.  THIS IS NOT AN UNUSUAL SITUATION TO
18   HAVE PEOPLE WHO ARE FORMER FIDUCIARIES MOVING FROM
19   ONE COMPANY OR OUT OF BOTH COMPANIES.
20           AND I THINK THAT'S WHAT I'LL DO RATHER
21   THAN SIT HERE NOW AND TRY AND PARSE THAT OUT.
22           OR IF YOU WANT, JUST STAY HERE AND GIVE
23   ME A BETTER APPRECIATION, MAYBE I'LL BRING YOU INTO
24   CHAMBERS AND THE TWO OF YOU CAN KIND OF TELL ME HOW
25   TO STRUCTURE THIS.
```

```
 1              BUT MY PROPOSAL IS THAT YOU TREAT IT AS A
 2    DISCOVERY MATTER AND GO TO THE MAGISTRATE JUDGE AND
 3    HAVE HER WORK IT OUT BETWEEN THE TWO OF YOU WITH
 4    MORE SPECIFICS AS TO WHAT YOU WANT TO DO.
 5              I'M NOT SURE WHAT AREAS OF COMMUNICATION
 6    AND WHO THESE PEOPLE ARE AND HOW THEY RELATE AT
 7    THIS POINT SO YOU WOULD HAVE TO BRING ME UP TO
 8    SPEED BETTER THAN YOU HAVE AT THIS POINT.
 9              AND I'M HAPPY TO TAKE THE TIME THIS
10    MORNING IF YOU WOULD WANT TO DO THAT.
11              MR. ORRICK:  I WOULD LOVE TO GET IT
12    RESOLVED AS SOON AS WE CAN.
13              THE COURT:  ALL RIGHT.  WELL, WHY DON'T
14    YOU STAND BY, AND I'LL CALL YOU IN.
15              MR. ORRICK:  THANK YOU, YOUR HONOR.
16              (WHEREUPON, THE PROCEEDINGS IN THIS
17    MATTER WERE CONCLUDED.)
18
19
20
21
22
23
24
25
```

39