**Ball, Matthew G.**

| | |
|---|---|
| From: | Nuti, Gregory [GNuti@Schnader.com] |
| Sent: | Monday, May 12, 2008 7:13 PM |
| To: | Ball, Matthew G. |
| Cc: | Hazlewood, Beverley E.; Dick Moser; jgrant@tcolaw.com; WHO@cpdb.com |
| Subject: | Aspen Ventures Discovery Issues |

Matt:

    This is in response to your fax today inquiring as to whether the Receiver will agree to open discovery. As I told you before, the Receiver does not need any discovery at this time. Therefore, opening discovery would only result in the Receiver responding to discovery while the Court is expecting the Receiver and the 3rd Party Defendants to file motions for summary judgment. Although the Receiver does not believe any discovery is necessary, Redleaf has rights under Federal Rule 56(f) that it may exercise once the motions are filed. I do not see how opening unfettered discovery at this point would lead the parties to resolve this matter; in fact I view it as potentially counter productive to the goal of narrowing the real issues in the case. If after the motions are filed Redleaf articulates specific topics that it believes requires further discovery, the Receiver will consider Redleaf's position.

    That being said, recall our clients voluntarily exchanged numerous documents and information last year during prior negotiations. This exchange, as I understand it, included Redleaf reviewing and copying the Receiver's documents. Therefore, Redleaf cannot say it is completely in the dark as to the Receiver's position. Further, if the goal of discovery and the exchange of information is to educate the parties regarding relative strengths and weaknesses of respective positions, maybe it is more beneficial to start by exchanging information already known. To that end, the Receiver produced to the 3rd Party Defendants the set of documents the Receiver already produced to Redleaf. I have no objection to Redleaf producing to the 3rd Party Defendants the set of documents Redleaf produced to the Receiver. This would at least establish a baseline of information for all parties.

    Feel free to give me a call if you would like to discuss these issues further.

**Gregory C. Nuti**
**Schnader**
   ATTORNEYS AT LAW
**Schnader Harrison Segal & Lewis LLP**
**One Montgomery Street, Suite 2200**
**San Francisco, California 94104-5501**
**Telephone: (415) 364-6700**
**Facsimile: (415) 364-6785**

6/2/2008

gnuti@schnader.com
www.schnader.com

---

IRS Circular 230 Disclosure. To ensure compliance with requirements imposed by the IRS, we inform you that the federal tax advice (if any) contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

---

IRS Circular 230 Disclosure. To ensure compliance with requirements imposed by the IRS, we inform you that the federal tax advice (if any) contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

6/2/2008