## Ball, Matthew G.

**From:** Orrick, William [WHO@cpdb.com]
**Sent:** Tuesday, April 22, 2008 5:11 PM
**To:** Ball, Matthew G.
**Cc:** Huizar, Courtney; Jessica Grant; Nuti, Gregory; Teckler, Martin D.; Digrande, Deirdre M.
**Subject:** RE: Communication with Kohler and Mahaffey

Dear Matt,

I'm not sure from your email whether you intend to redraft the letter I sent yesterday; given your comments, it probably makes sense that you take a crack at it. If you do, please consider this, in response to the points in your email:

1. Whatever guidelines we agree to need to be blessed by Judge Ware before we send the letter to Messrs. Kohler and Mahaffey.
2. It's fine to clarify that the letter relates to meetings with counsel, not depositions.
3. You are free to ask the witnesses about their reports to your Board, including documents discussed, just as I am about their discussions with AVM's managing members. However, I can't ask about their communications with your Board, and you can't ask about their communications with AVM's managing members. And yes, their fiduciary relationship with AVM makes confidential information they learned about Series A or B as managing members. As you know, there were cross guaranties which make the distinction between Series A and B meaningless for purposes of this analysis.
4. I'm happy to consider any fuller definition of confidentiality or examples you might suggest which would accurately describe the appropriate boundaries for ex parte communications.
5. Your letters said that Messrs. Kohler and Mahaffey should not communicate with me. The reason we are sending the proposed letter is to correct that advice. If you have other language which conveys that correction, I'm happy to consider it.

As we discussed in San Jose, it is a needless expense to litigate these issues. Under Judge Ware's protocol, we would still have to agree to the contours of the communications after we met with Messrs. Kohler and Mahaffey or end up with Magistrate Judge Trumbull. We can save a step and a discovery motion if we agree now. Since you didn't like my attempt, please take a shot at a neutral letter which outlines the contours.

Bill Orrick

William H. Orrick, III
Coblentz, Patch, Duffy & Bass, LLP
One Ferry Building, Suite 200
San Francisco, CA 94111
(415) 772-5712 direct
(415) 391-4800 main

This transmittal is intended only for the use of the individual or entity to which it is addressed and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If the reader of this transmittal is not the intended recipient or the employee or agent responsible for delivering the transmittal to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited.

---

**From:** Ball, Matthew G. [mailto:Matthew.Ball@klgates.com]
**Sent:** Tuesday, April 22, 2008 4:08 PM
**To:** Orrick, William
**Cc:** Huizar, Courtney; Jessica Grant; Nuti, Gregory; Teckler, Martin D.; Digrande, Deirdre M.
**Subject:** RE: Communication with Kohler and Mahaffey

6/2/2008

Dear Bill:

Some comments.

First, I do not believe that the letter should say that Judge Ware directed that we adhere to these guidelines, because he did not. Judge Ware proposed something different.

Second, the letter is a bit confusing in that it discusses "information to which the parties are not entitled." I think I am entitled to information from Messrs. Kohler and Mahaffey's service as managing members of AVM (in discovery, if nowhere else) -- the problem Judge Ware had was with ex parte communication.

Third, under your formulation, I would not be entitled to ask about "discussions or documents" relating to Messrs. Kohler and Mahaffey's service as a Series B Managing Member of AVM. The isolation of the Series B Managing Members from the valuation of the Series A portfolio, and indeed, other effects of the Series A/Series B structure would seem to be off limits to me, but not to you. This is so even though Messrs. Kohler and Mahaffey may have reported to Redleaf about their experiences as Series B members of AVM, and may have shared relevant documents with Redleaf personnel. (I don't know whether they did or not). This doesn't make much sense. Moreover, as you know, the issues surrounding the Series A/Series B Management structure are a key focus of Redleaf's case. So under your formulation, AVM would be able to explore the key issues in this case through ex parte interviews with Messrs. Kohler and Mahaffey while Redleaf would be barred from doing so. I cannot agree to that.



Fourth, I think the letter does not provide sufficient guidance to Messrs. Kohler and Mahaffey because it requires them to decide when providing information would breach their fiduciary duty and contains no definition of confidential information. I think having better examples as well as a definition would prove less chilling to communication.

Fifth, the letter should not state that my previous letters were of no force or effect. The fiduciary relationship and its strictures I pointed out form part of the basis of the Court's decision. Rather, our letter should make clear that, notwithstanding my earlier letters, they may communicate -- if they choose -- with AVM's counsel provided that they adhere to the strictures of the letter.

I do agree that we should alert Judge Ware.

Very truly yours,

Matthew G. Ball
K&L Gates LLP
55 Second Street, Suite 1700
Direct Dial: (415) 249-1014
Fax: (415) 882-8220
Mobile: (415) 283-9359

---

**From:** Orrick, William [mailto:WHO@cpdb.com]
**Sent:** Monday, April 21, 2008 3:26 PM
**To:** Ball, Matthew G.
**Cc:** Huizar, Courtney; Jessica Grant; Nuti, Gregory
**Subject:** Communication with Kohler and Mahaffey

Dear Matt,

Attached is my attempt to set out a reasonable protocol for our discussions with Messrs. Kohler and Mahaffey.

6/2/2008

If this meets with your approval, we should probably alert Judge Ware, since he ordered us to do this somewhat differently (though we would eventually have had to sit down and create the protocol I'm suggesting). I look forward to hearing from you.

   Bill Orrick

William H. Orrick, III
Coblentz, Patch, Duffy & Bass, LLP
One Ferry Building, Suite 200
San Francisco, CA 94111
(415) 772-5712 direct
(415) 391-4800 main

This transmittal is intended only for the use of the individual or entity to which it is addressed and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If the reader of this transmittal is not the intended recipient or the employee or agent responsible for delivering the transmittal to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited.

This electronic message contains information from the law firm of Kirkpatrick & Lockhart Preston Gates Ellis LLP. The contents may be privileged and confidential and are intended for the use of the intended addressee(s) only. If you are not an intended addressee, note that any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you have received this e-mail in error, please contact me at Matthew.Ball@klgates.com.

6/2/2008