1  MATTHEW G. BALL (CA BAR 208881)
   DEIRDRE M. DIGRANDE (CA BAR 199766)
2  **KIRKPATRICK & LOCKHART PRESTON GATES ELLIS LLP**
   55 Second Street, Suite 1700
3  San Francisco, CA 94105-3493
   Tel: (415) 882-8200
4  Fax: (415) 882-8220
   matthew.ball@klgates.com
5  deirdre.digrande@klgates.com

6
   MARTIN D. TECKLER (*pro hac vice*)
7  **KIRKPATRICK & LOCKHART PRESTON GATES ELLIS LLP**
   1601 K Street, NW
8  Washington, DC 20006-1600
   Tel: (202) 778-9000
9  Fax: (202) 778-9100
   martin.teckler@klgates.com
10
   Attorneys for Defendant
11 REDLEAF GROUP, INC.

12                    UNITED STATES DISTRICT COURT
13                   NORTHERN DISTRICT OF CALIFORNIA
14                          SAN JOSE DIVISION

15 | UNITED STATES SMALL BUSINESS         | Case No. C-07-05350 JW (PVT)
   | ADMINISTRATION in its capacity as    |
16 | Receiver for Aspen Ventures III,     |
   |                                      |
17 |                     Plaintiffs,      | **DECLARATION OF JAMES R.**
   |                                      | **CUMMINS IN SUPPORT OF REDLEAF**
18 |            v.                        | **GROUP, INC.'S OPPOSITION TO**
   |                                      | **MOTION FOR SUMMARY JUDGMENT,**
19 | REDLEAF GROUP, INC.,                 | **OR IN THE ALTERNATIVE SUMMARY**
   |                                      | **ADJUDICATION, ON THE**
20 |    Defendant and Third-Party Plaintiff,| **RECEIVER'S CLAIM FOR BREACH OF**
   |                                      | **CONTRACT**
21 |            v.                        |
   |                                      |
22 | ASPEN VENTURES MANAGEMENT III,       |
   | LLC, a Delaware Limited Liability Company, |
23 | ALEXANDER P. CILENTO, a California   | Date: June 23, 2008
   | resident, and DAVID CROCKETT, a      | Time: 9:00 a.m.
24 | California resident, and DOES 1-10,  | Judge: Hon. James Ware
   |                                      |
25 |         Third-Party Defendants.      |

26
27
28
                                    1
                  DECLARATION OF J. CUMMINS ISO OPP'N TO RECEIVER'S MSJ
                              CASE NO. C 07-05350 JW PVT
SF-154774 v1

1. I, James R. Cummins, am a paid consultant to Redleaf Group, Inc. I make this Declaration in support of Redleaf Group, Inc.'s Opposition to Motion for Summary Judgment, or in the Alternative Summary Adjudication, on the Receiver's Claim for Breach of Contract. I have personal knowledge of the facts stated herein except where stated and, if called as a witness, I could testify competently thereto.

2. On page 13, lines 26-27 of the Small Business Administration's brief in support of its Motion for Summary Judgment, the SBA discusses Exhibit K to the Declaration of Richard Moser. Exhibit K to the Moser Declaration is an e-mail exchange dated October 18, 2005, between myself and Debra Schilling, former Chief Financial Officer for Aspen Ventures Management III, LLC, the general partner of Aspen Ventures III, L.P. The SBA characterizes Ms. Schilling's e-mail to me as a "reminder" that Redleaf "knew and agreed that the Act, Regulations, and SBA Annex may require Aspen Ventures to ignore the Series A/Series B distinction and use Series B capital to pay Series A Leverage."

3. The SBA's characterization of Ms. Schilling's e-mail as a "reminder" is disingenuous in and of itself, and completely misstates the context of the e-mail exchange.

4. The SBA's characterization is disingenuous because it implies that I understood at some time previous to this e-mail that Redleaf had agreed that Series B capital could be used to repay Series A leverage, and simply needed a reminder of that fact. In fact, I never understood this to be the case, either before Redleaf entered into what Redleaf in its opposition brief refers to as the 2002 Amendment, or after, when the SBA began to demand that Redleaf pay the balance of its capital commitment. Moreover, no one at Redleaf ever said to me that they knew or agreed that Series B capital could be used to repay Series A leverage, so to my knowledge, no one at Redleaf ever knew or agreed that Series B capital could be used to repay Series A leverage.

5. The SBA's characterization also misstates the context of the e-mail. At the time of this e-mail exchange, I was aware that the SBA was taking the position that it was entitled to call Redleaf's capital commitment to pay liabilities, including SBA leverage, that were associated with Series A, as opposed to exclusively Series B. I had reviewed the Aspen Ventures Management III,

1 | L.L.C. Second Amended and Restated Limited Liability Company Agreement effective as of August 20, 1999; the Aspen Ventures III, L.P. Amended and Restated Limited Partnership Agreement effective as of August 20, 1999; the Amended and Restated Certificate of Formation of Aspen Ventures Management III, L.L.C. as filed with the Delaware Secretary of State on April 1, 2002; the Aspen Ventures Management III, L.L.C. First Amendment to Second Amended and Restated Limited Liability Company Agreement effective April 1, 2002; the Aspen Ventures Management III, L.L.C. Assignment and Amendment Agreement dated April 1, 2002; the Amended and Restated Certificate of Limited Partnership of Aspen Ventures III, L.P. as filed with the Delaware Secretary of State on April 1, 2002; and the Aspen Ventures III, L.P. First Amendment to Amended and Restated Limited Partnership Agreement dated as of April 1, 2002. I was unable to find language in any of the aforementioned documents supporting the SBA's position, so I asked Ms. Schilling to direct me to where she thought I might find the applicable language in an effort to understand the SBA's basis for its position. The balance of Exhibit K is her response. Even after reviewing that language I did not, and still do not, agree that SBA has the right to call Redleaf's capital commitment to repay Series A leverage.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on May 31, 2008, at Pittsburgh, Pennsylvania.

James R. Cummins

---

3
DECLARATION OF J. CUMMINS ISO OPP'N TO RECEIVER'S MSJ
CASE NO. C 07-05350 JW PVT