MATTHEW G. BALL (CA BAR 208881)
DEIRDRE M. DIGRANDE (CA BAR 199766)
**KIRKPATRICK & LOCKHART PRESTON GATES ELLIS LLP**
55 Second Street, Suite 1700
San Francisco, CA 94105-3493
Tel: (415) 882-8200
Fax: (415) 882-8220
matthew.ball@klgates.com
deirdre.digrande@klgates.com

MARTIN D. TECKLER (*pro hac vice*)
**KIRKPATRICK & LOCKHART PRESTON GATES ELLIS LLP**
1601 K Street, NW
Washington, DC 20006-1600
Tel: (202) 778-9000
Fax: (202) 778-9100
martin.teckler@klgates.com

Attorneys for Defendant
REDLEAF GROUP, INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| UNITED STATES SMALL BUSINESS ADMINISTRATION in its capacity as Receiver for Aspen Ventures III, <br><br> Plaintiffs, <br><br> v. <br><br> REDLEAF GROUP, INC., <br><br> Defendant and Third-Party Plaintiff, <br><br> v. <br><br> ASPEN VENTURES MANAGEMENT III, LLC, a Delaware Limited Liability Company, ALEXANDER P. CILENTO, a California resident, and DAVID CROCKETT, a California resident, and DOES 1-10, <br><br> Third-Party Defendants. | Case No. C-07-05350 JW (PVT) <br><br> **DEFENDANT REDLEAF GROUP, INC.'S OBJECTIONS TO DECLARATION OF RICHARD MOSER** <br><br> Complaint Filed: October 19, 2007 <br> Trial Date: Not Set <br> Hearing Date: June 23, 2008 <br> Judge: Hon. James Ware |

Defendant Redleaf Group, Inc. ("Redleaf") hereby objects to the Declaration of Richard Moser presented by Plaintiff, the United States Small Business Administration ("SBA") in support of SBA's Motion For Summary Judgment, Or In The Alternative Summary Adjudication (the "Motion"):

### A.     Incompetent - No Personal Knowledge

Much, if not all, of the purported evidence contained in the Declaration of Richard Moser is inadmissible because it is not based upon personal knowledge and thus is incompetent.

Federal Rules of Evidence, Rule 602 provides that a witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter.  That Rule excludes testimony concerning matter the witness did not observe or had no opportunity to observe. See McCormick on Evidence, s 10 (2d ed. 1972).  In his declaration, Mr. Moser, expressly disclaims personal knowledge of most of the statements he makes.  In paragraph 1, lines 1-6 of his declaration, Mr. Moser makes it clear that he has served as a member of the Principal Agent for Plaintiff since October, 2006, and does not testify to any facts which would establish a basis for personal knowledge of facts occurring prior to that date.  However, Mr. Moser attempts to establish events that have occurred long before October, 2006.  By way of example, in paragraph 7, lines 15-17 of Mr. Moser's declaration, he states:  "In *late 2001*, Aspen Ventures was pursuing limited partners that could inject additional capital into the partnership.  From the outset, Aspen Ventures contemplated a two tiered arrangement…" (Emphasis added).  Here, Mr. Moser attempts to establish facts where he was not present – as he served as a member of the Principal Agent for Plaintiff only *since October, 2006*.  Thus, Mr. Moser does not have personal knowledge of those events and his declaration cannot be admissible.

### B.     No Foundation for Opinion

Mr. Moser does not qualify as an expert witness, and plaintiff cannot get hearsay evidence in through the back door by having a witness include it in his testimony.  A witness may offer expert opinion only when he or she draws on specialized knowledge, skill, experience, training or education. Federal Rules of Evidence, Rule 702.  Although Mr. Moser does not even attempt to

qualify himself as an expert, his declaration contains what can only be improper expert opinions. For example, in paragraph 8, lines 24-27, he states: "Consistent with the notion that the limited partners may make private agreements among themselves, but may not alter the terms of the Act or Regulations, on February 13, 2002, the SBA provided preliminary approval of the amendments to Aspen Ventures' partnership agreement." There has been no foundation that Mr. Moser is an expert in the effect of SBA regulations, which would be an issue of law not subject for expert testimony in any event. Because there is no foundation for his opinions, Mr. Moser's testimony and the opinions contained therein are inadmissible.

### C. Relevance of Exhibits C-G, and J-K

Mr. Moser asserts that many of the Exhibits attached to his Declaration, notably C through G, and J through K, support the contention that Redleaf knew and understood that Redleaf's Series B capital commitment could be used to repay Series B leverage. In fact, as more thoroughly explained in the Opposition Brief Sections IV.E.4. and VI.A, the documents do not support this contention. Accordingly, Redleaf has objected to these documents on relevance grounds, as well as others.

**Specific Objections to Moser Declaration**

| Objectionable Evidence: | Grounds for Objection: |
|---|---|
| 1. Moser Decl, ¶ 3, lines 20-23: "I am informed and believe that books and records of Aspen Ventures were made at or near the time of the events recorded therein from information transmitted by persons with knowledge in the course of its regularly conducted business activities, and it was Aspen Ventures regular practice to make, keep and maintain its books and records." | Inadmissible hearsay [F.R.E. 802]; Lacks foundation [F.R.E. 104]; Lacks personal knowledge [F.R.E. 602]; Speculative. |
| 2. Moser Decl. ¶ 5, lines 6-9: "I am informed and believe that the documents produced by Redleaf were made at or near the time of the events recorded therein from information transmitted by persons with knowledge in the court of its regularly conducted business activities, and it was Redleaf's regular practice to make, keep and maintain its books and records." | Inadmissible hearsay [F.R.E. 802]; Lacks foundation [F.R.E. 104]; Lacks personal knowledge [F.R.E. 602]; Speculative. |

| | |
|---|---|
| 3. Moser Decl. ¶ 7, lines 15-21: "In late 2001, Aspen Ventures was pursuing limited partners that could inject additional capital into the partnership. From the outset, Aspen Ventures contemplated a two tiered arrangement whereby Series A investments, generally, would consist of investments made before Redleaf agreed to invest in Aspen Ventures and Series B investments would consist of investments made after Redleaf agreed to invest. On November 15, 2001, Thad Whalen, a former principal of Aspen Ventures, sent a fax to David Gerogosian, an SBA analyst, proposing a structure for a new equity infusion for Aspen Ventures ("Term Sheet"). | Inadmissible hearsay [F.R.E. 802]; Lacks foundation [F.R.E. 104]; Lacks personal knowledge [F.R.E. 602]; Speculative; Relevance [F.R.E. 402]. |
| 4. Moser Decl. ¶ 7, lines 21-23: "The Term Sheet generally outlines the Series A/Series B construction, but made clear that Series B may be required to fund Series A liabilities. A copy of the term sheet is attached hereto as Exhibit C." | Lacks foundation [F.R.E. 104]; Relevance [F.R.E. 402]. Moser's opinion about the document is irrelevant. Moreover, as discussed in the brief, Redleaf acknowledges that the assets of one series may be used to pay a distribution of the SBA, if necessary. The term sheet referred to, however, says nothing about using Series B Capital to pay Series A leverage, and it is thus irrelevant for that reason as well. |
| 5. Moser Decl. ¶ 8, lines 24-25: "Consistent with the notion that the limited partners may make private agreements among themselves, but may not alter the terms of the Act or Regulations . . . ." | Improper lay opinion [F.R.E. 701]; Improper expert opinion-no foundation [F.R.E. 702]; Lacks foundation [F.R.E. 104]; Lacks personal knowledge [F.R.E. 602]; Inadmissible hearsay [F.R.E. 802] |
| 6. Moser Decl. ¶ 9, lines 7-14: "Redleaf's own analysis acknowledged 'the laws and regulations applicable to the Old Fund and the New Fund as SBICs provide for cross-liability between these series under certain circumstances' and the New Fund may be required to make payments to the SBA that relate to leverage allocated to the Old Fund.'" | Lacks foundation [F.R.E. 104]; Lacks personal knowledge [F.R.E. 602]; Speculative; Relevance [F.R.E. 401, 402]. |

3
REDLEAF'S OBJECTIONS TO MOSER DECL.
CASE NO. C 07-05350 JW PVT

| # | Objection Subject | Grounds |
|---|---|---|
| 7. | Moser Decl. ¶ 9, lines 14-17: "A copy of the Board Analysis attached as **Exhibit E**. The Minutes from that Board Meeting reflect that the 'Board heard an overview of the transaction and legal structure. The capital call procedure, allocation of SBA leverage and *cross collateralization* of the new fund and the old fund were described.' A copy of the minutes from that meeting is attached as **Exhibit F**." | Relevance [F.R.E. 401, 402]; Lacks foundation [F.R.E. 104]; Lacks personal knowledge [F.R.E. 602] |
| 8. | Moser Decl. ¶ 10, lines 18-25: "On March 4, 2002, Thad Whalen asked Mike Tomana of Redleaf to comment on a draft cover letter intended to be sent to the existing limited partners of Aspen Ventures. The letter was to obtain approval of the Series A/Series B structure and admission of Redleaf to the partnership. That letter explained that the SBA will treat the partnership, including Aspen III-A and Aspen III-B, as a single entity, meaning SBA will have the right to satisfy liabilities associated with leverage against either series regardless of the fact that the general partner and the limited partners view such liabilities as belonging to a particular series. A copy of that correspondence is attached as **Exhibit G**." | Inadmissible hearsay [F.R.E. 802]; Lacks foundation [F.R.E. 104]; Lacks personal knowledge [F.R.E. 602]; Relevance [F.R.E. 401, 402].<br><br>Moser in his declaration purports to interpret Exhibit G, but completely lacks foundation to do so. In fact, Exhibit G is irrelevant for the reasons discussed in Redleaf's Opposition, and in paragraph 4, supra. |
| 9. | Moser Decl. ¶ 13, lines 7-9: "After Redleaf was admitted, the cross collateralization of outstanding leverage was highlighted in a financial statement prepared by Aspen Ventures' independent accountants." | Inadmissible hearsay [F.R.E. 802]; Lacks foundation [F.R.E. 104]; Lacks personal knowledge [F.R.E. 602]; Relevance [F.R.E. 401, 402] |

| | | |
|---|---|---|
| 10. | Moser Decl. **Exh. J** (Purports to be Financial Statements of Series B from April 10, 2002, through December 31, 2002) | Inadmissible hearsay; [F.R.E. 802]; Lacks foundation [F.R.E. 104]; Lacks authentication [F.R.E. 901]; Relevance [F.R.E. 401, 402].<br><br>Even if the other evidentiary problems with this document were cured, the SBA has not sought to explain why financial statements prepared by someone not a party to the 2002 Amendment and after Redleaf entered into the 2002 Amendment would ever be relevant to interpret the declaration. |
| 11. | Moser Decl. ¶ 14, lines 10-12: "In October 2005, Redleaf inquired about the cross collateralization provisions. Aspen Ventures directed Redleaf to paragraphs 19a), 2(h) and 2(p) of the Partnership Agreement. A copy of that correspondence is attached as **Exhibit K**." | Irrelevant [F.R.E. 401, 402]; Lacks foundation [F.R.E. 104]; Lacks personal knowledge [F.R.E. 602]; |
| 12. | Moser Decl. ¶ 17: "Delaware allows prejudgment interest at the rate of 5% over the Federal Reserve Discount Rate from the time of injury to through judgment. . . . The Federal Discount Rate as of May 29, 2007 was 6.25%, which I have determined by consulting the Federal Reserve's website. Therefore, the Receiver is entitled to interest at the rate of 11.25% from May 29, 2007 through the date of judgment." | Inadmissible hearsay [F.R.E. 802]; Improper lay opinion [F.R.E. 701]. |

## II.   CONCLUSION.

At the hearing on Plaintiff's Motion, Redleaf will respectfully request the Court to sustain the above objections on the grounds stated.

Respectfully submitted,

Dated:  June 2, 2008

KIRKPATRICK & LOCKHART PRESTON GATES ELLIS LLP

By:  /s/  Matthew G. Ball
Matthew G. Ball, Esq. (CA Bar 208881)
Kirkpatrick & Lockhart
Preston Gates Ellis LLP
55 Second Street, Suite 1700
San Francisco, CA  94105
Telephone:  (415) 882-8200
Facsimile:  (415) 882-8220
(matthew.ball@klgates.com)

Martin D. Teckler (*pro hac vice*)
martin.teckler@klgates.com
Kirkpatrick & Lockhart
Preston Gates Ellis LLP
1601 K Street
NW Washington, DC, 20006-1600
Telephone: (202) 778-9000
Facsimile: (202) 778- 9100

Attorneys for Defendant/Third-Party Plaintiff Redleaf Group, Inc.