# U.S. Small Business Administration

Investment Division

Office of SBIC Examinations



Report of Examination

Aspen Ventures West III, L.P.
Los Altos, California
(License: 09/79-0420)

May 4, 2001

The findings included in this report are the conclusions of the Office of SBIC Examinations and are subject to review by management officials in the Investment Division. The findings should not be considered violations of the Small Business Investment Act of 1958 or the regulatory requirements of 13 CFR Part 107 until such time as the Office of SBIC Operations makes a determination. This report may contain proprietary information subject to the provisions of 18 USC 1905. Do not release to the public or another agency without permission of the Office of SBIC Examinations

# TABLE OF CONTENTS

| | Page |
|---|---|
| **Summary** | 1 |
| **Introduction** | 2 |
|     Background | 2 |
|     Objectives and Scope | 2 |
| **Status of Prior Findings** | 3 |
| **Other Matter** | 4 |
|     Portfolio valuation requirements not followed | 4 |
| **Exhibit 1: Unaudited Comparative Balance Sheet** | 5 |
| **Exhibit 2: Schedule of Ownership** | 6 |

## Summary

We conducted an examination of Aspen Ventures West III, L.P., a Small Business Investment Company (SBIC). The purpose of our examination was to determine whether the licensee complied with the laws, rules and regulations, and established policies governing the SBIC program. Our examination covered financings made by the licensee, as well as specific administrative and internal controls.

Our examination disclosed that the licensee did not adequately confirm the valuation of its portfolio during the examination period. In addition, the licensee's valuation report did not contain adequate supporting documentation for certain valuations.

We discussed the results of our examination with Thaddeus Whalen, a general partner, and Debby Schilling, controller, during the course of the examination and at an exit conference held on February 22, 2001. Their comments are included in our report where appropriate.

M003

# Introduction

## Background

Aspen Ventures West III, L.P. was formed on August 20, 1999, in the State of Delaware. The licensee was licensed by the Small Business Administration on September 16, 1999.

The licensee's office is located at 1000 Fremont Avenue, Suite 200, Los Altos, California. The licensee is managed by Alexander Cilantro, David Crockett, and Thaddeus Whalen, managing partners of the licensee's general partner, Aspen Venture Management III, L.L.C. A schedule of the licensee's ownership is included in this report as Exhibit 2.

As of December 31, 2000, the licensee had regulatory capital and leverageable capital of $16,500,000, and participating securities of $16,500,000.

An unaudited comparative balance sheet for the licensee, as of December 31, 1999, and December 31, 2000, is included in this report as Exhibit 1.

## Objectives and Scope

The purpose of our examination was to determine whether the licensee complied with the laws, rules and regulations, and established policies governing the SBIC program. Although we reviewed selected general ledger accounts, we did not perform a financial audit and, therefore, do not have an opinion on the licensee's financial statements.

Aspen Ventures West III, L.P. was examined for the 12-month period ending December 31, 2000. During this period, the licensee made 27 financings, totaling $15,840,003, to ten small concerns. We reviewed 12 financings to five small businesses, totaling $10,315,295, which represented 65 percent of the total aggregate dollar amount. We selected and reviewed small businesses, which were new to the licensee's portfolio and those that received larger follow-on financings. These larger financings were selected because of a higher potential risk to SBA regarding noncompliance with regulations. We completed the on-site phase of our review on February 22, 2001.

Our examination included reviews of cash on deposit, canceled checks, supporting documentation for disbursements, and other financial records. For each financing made during the examination period, we reviewed notes, financing agreements, stock certificates, warrants, financial statements, and supporting documentation, including background information on the small concerns and their principals. For selected portfolio concerns, we obtained credit reports and verified the financings by direct confirmation.

We reviewed the licensee's procedures to ensure there were adequate internal controls over the disbursement of funds and the safeguarding of securities. We also reviewed the licensee's valuation procedures, as well as supporting documentation for the valuation of its portfolio as of December 31, 2000.

## Status of Prior Findings

The prior examination report, which covered the 12-month period ended December 31, 1999, disclosed no regulatory violations.

# Other Matters

1. <u>Portfolio valuations not adequately confirmed by general partner - Section 107.503 (a), (b) and SBA Valuation Guidelines for SBIC's</u>

The licensee's general partner did not adequately confirm that the licensee's portfolio valuation policy was used to value the licensee's investment portfolio.

Section 107.503 (a) of the regulations states that licensee's must prepare document and support the valuations of its loans and investments in accordance with the valuation guidelines for SBIC's issued by SBA.

Section 107.503 (b) of the regulations states, in part, that the licensee's general partner is solely responsible for using the adopted valuation policy to prepare valuations for submission to SBA.

Section II (H) of the SBA Valuation Guidelines for SBIC's, states that the minutes of meetings of the general partners at which valuations are determined must contain a resolution confirming that the valuations of each portfolio security were determined in accordance with the Licensee's duly adopted valuation procedures and must incorporate by reference the valuation report signed by each general partner along with any dissenting valuation opinions.

The licensee's general partner did not adequately sign off on the valuations. The managing members of the licensee's general partner were Alexander P. Cilento, E. David Crockett, and Thaddeus J. Whalen. The licensee had two valuation reports, 1) A brief report that was sent to the Office of Operations summarizing the portfolio and, 2) a more voluminous report that was attached to the minutes of the advisory committee meetings that were held twice a year.

Report 1) was a one-page summary of the portfolio. It was sent to the office of operations twice during the year along with the 1031A portfolio financing report. A cover letter accompanied these documents and indicated that "enclosed is the valuation report in accordance with sections 107.503 and 107.650 of the regulations". The cover letter was signed by one of the general partners.

Report 2), the more voluminous report, did not contain a resolution statement nor any signatures. The advisory committee minutes stated that the general partners discussed the portfolio. It also stated that the advisory committee accepted recommendations by the general partners to either increase or decrease certain carrying values, however, it did not contain a resolution that the managing partners confirmed that the valuations were determined in accordance with the licensee's valuation policy.

### Licensee's Comments

Mr. Whalen did not agree, and would not provide the examiner with written comments unless the examiner provided him with a draft copy of the finding for the report. The examiner informed the licensee that we did not provide licensees with written drafts until the reports were final.

## Exhibit 1: Unaudited Comparative Balance Sheet
### Aspen Ventures West III, L.P.

| Assets | As of 12/31/00 | As of 12/31/99 |
|---|---:|---:|
| **Loans and Investments** | | |
| Loans | $ | $ |
| Debt securities | 438,000 | 250,000 |
| Equity interests | 21,921,937 | 6,769,933 |
| Receivable from sale of assets acquired | | |
| Assets acquired | | |
| Operating concerns acquired | | |
| Notes and other securities | | |
| Unrealized appreciation (net of depr.) | 5,309,938 | 278,572 |
| **Total** | $ 27,669,875 | $ 7,298,505 |
| Cash | $ 1,041 | $ 1,646 |
| Invested idle funds | 1,282,863 | 1,718,179 |
| Receivables and accrued items | | |
| SBA user fees | | |
| Other assets | | |
| **Total Assets** | $ 28,953,779 | $ 9,018,330 |

### Liabilities and Capital

| | As of 12/31/00 | As of 12/31/99 |
|---|---:|---:|
| **Liabilities** | | |
| Debentures payable to or guaranteed by SBA | $ | $ |
| Notes and debentures payable to others | | |
| Accounts payable and accrued items | | 308 |
| Distributions payable | | |
| Deferred credits | | |
| Other liabilities | | 20,000 |
| **Total Liabilities** | $ 0 | $ 20,308 |
| **Capital** | | |
| Partners' contributed capital | $ 9,900,000 | $ 3,300,000 |
| SBA preferred limited partner capital | 16,500,000 | 6,600,000 |
| Unrealized gain (loss) on securities held | 5,309,938 | 278,572 |
| Undistributed realized earnings | (2,058,659) | (850,550) |
| SBA commitment fees | (697,500) | (330,000) |
| **Total Capital** | $ 28,953,779 | $ 8,998,022 |
| **Total Liabilities and Capital** | $ 28,953,779 | $ 9,018,330 |

5

M007

# Exhibit 2: Schedule of Ownership
## ASPEN VENTURES WEST III, L.P.

December 31, 2000

|  | Percent of Ownership |
|---|---:|
| **General Partner** | |
| Aspen Venture Management III, L.L.C. | 1.0% |
| | |
| **Limited Partners** | |
| Dr. Eugene C.Y. Duh | 36.0% |
| 48 others, each owning less than 10 percent | 63.0% |
| **Totals** | 100.0% |

|  | Percent of Ownership |
|---|---:|
| **Aspen Ventures Management III L.L.C.** | |
| Alexander P. Cilento, managing general partner | 32.0% |
| E. David Crockett, managing general partner | 32.0% |
| Thaddeus J. Whalen, managing general partner | 32.0% |
| Stephen J. Fowler, assignee | 4.0% |
| **Totals** | 100.0% |

M008