

FROM CORPORATION TRUST 302-655-2480         (TUE) 11. 28' 06  7:45/ST. 7:44/NO. 4862069679 P 2

ADR E-filing

| | |
|---|---|
| 1  KEVIN V. RYAN (SBN 118321)<br>   United States Attorney<br>2  JOANN M. SWANSON (SBN 88143)<br>   Chief, Civil Division<br>3  EDWIN L. JOE (SBN 112328)<br>4  Special Assistant United States Attorney<br><br>5      455 Market Street, 6th Floor<br>        San Francisco, California 94105-2420<br>6       Telephone:  (415) 744-8494<br>        Facsimile:  (202) 481-1810 or (415) 744-6812<br>7       Email:      edwin.joe@sba.gov<br>8<br>9  Attorneys for Federal Plaintiff | ORIGINAL<br>FILED<br><br>JUN 29 2006<br><br>RICHARD W. WIEKING<br>CLERK, U.S. DISTRICT COURT<br>NORTHERN DISTRICT OF CALIFORNIA<br>SAN JOSE |

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

UNITED STATES OF AMERICA,  )
             Plaintiff,    )   **C 06 - 04032**
                           )   Civil Case No.
        v.                 )                           **JW**
                           )
ASPEN VENTURES III, L.P.   )   Complaint for Receivership     **HRL**
                           )   and Injunction
        Defendant.         )
                           )

## COMPLAINT FOR RECEIVERSHIP AND INJUNCTION

COMES NOW Plaintiff, the United States of America, on behalf of its agency, the United States Small Business Administration, and for its cause of action states as follows:

### PARTIES, JURISDICTION, AND VENUE

1.  This is a civil action brought by the United States on behalf of its agency, the U.S. Small Business Administration (hereinafter, "SBA," "Agency," or "Plaintiff"), whose central

COMPLAINT FOR RECEIVERSHIP AND INJUNCTION                                            1

FROM CORPORATION TRUST 302-655-2480          (TUE) 11 28' 06  7:45/ST. 7:44/NO. 4862069679 P 3

office is located at 409 Third Street, S.W., Washington, DC 20416. The Defendant has consented to the requested relief.

2. Jurisdiction is conferred on this Court pursuant to sections 308(d), 311, and 316 of the Small Business Investment Act, as amended: 15 U.S.C. §§ 687(d), 687c, 687h; the Small Business Act, 15 U.S.C. § 634(b)(1); and 28 U.S.C. § 1345.

3. Defendant, Aspen Ventures III, L.P. (hereinafter "Aspen III," "Licensee," or "Defendant"), is a Delaware limited partnership formed on or about November 10, 1998 that maintains its principal place of business at 1000 Fremont Avenue, Suite 200, Los Altos, California 94024. Venue is proper under 15 U.S.C. §§ 687(d), 687h and 28 U.S.C. § 1391(b).

## STATUTORY AND REGULATORY FRAMEWORK

4. The purpose of the Small Business Investment Act of 1958, as amended, (hereinafter the "Act") is to improve and stimulate the national economy, and small businesses in particular, by stimulating and supplementing the flow of private equity capital and long-term loan funds which small businesses need for sound financing of their operations and growth. 15 U.S.C. § 661.

5. Congress authorized the SBA to carry out the provisions of the Act and to prescribe regulations governing the operations of Small Business Investment Companies (hereinafter "SBIC"). 15 U.S.C. § 687(c). SBA duly promulgated such regulations, which are set forth at Title 13 of the Code of Federal Regulations, Part 107 (hereinafter the "Regulations").

6. An SBIC is a corporation, a limited liability company, or a limited partnership organized solely for the purpose of performing the functions and conducting the activities contemplated under the Act. 15 U.S.C. § 681(a). SBA is responsible for licensing SBICs. Id. at § 681(c).

COMPLAINT FOR RECEIVERSHIP AND INJUNCTION                                        2

7. An SBIC has the authority to borrow money, issue securities, promissory notes, or other obligations under such conditions and limitations as regulated by SBA. SBA is authorized to provide Leverage to SBICs through the purchase, or guarantee of payment, of debentures or participating securities issued by SBICs. 15 U.S.C. §§ 683(a) and (b).

8. Leverage provided to an SBIC in the form of Participating Securities is subject to the Regulations, including but not limited to the provisions of 13 C.F.R. §§ 107.1820-1850 and § 107.507. Section 107.1830 of the Regulations sets forth the maximum amount of capital impairment that an SBIC licensee may have based on the percentage of equity capital investments in its portfolio and its ratio of outstanding leverage to leverageable capital.

9. If an SBIC violates, or fails to comply with, any of the provisions of the Act or Regulations, all of its rights, privileges, and franchises may be forfeited and the company may be declared dissolved. 15 U.S.C. § 687(d).

10. Section 311 of the Act provides that if SBA determines that an SBIC licensee has engaged, or is about to engage, in any act or practices which constitute, or will constitute, a violation of the Act or Regulations, the SBA may seek, from the appropriate United States District Court, an order enjoining such act or practices, and upon a showing by the SBA that such licensee has engaged, or is about to engage, in any such act or practices, a permanent or temporary injunction, restraining order, or other order, shall be granted without bond. In addition, the Court is authorized to appoint SBA to act as receiver for such licensee. 15 U.S.C. § 687c.

## STATEMENT OF FACTS

12. Paragraphs 1 through 11 are incorporated herein by reference.

COMPLAINT FOR RECEIVERSHIP AND INJUNCTION                                 3

13. SBA licensed Defendant as an SBIC pursuant to 15 U.S.C. § 681(c) on or about September 16, 1999, under SBA License No. 0979-0420, solely to do business under the provision of the Act and the regulations promulgated thereunder.

14. Defendant's general partner is Aspen Ventures Management III, L.L.C.

15. Defendant's Limited Partnership Agreement acknowledges that Defendant was required at all times to be operated in accordance with the Act and Regulations.

16. In accordance with Section 303 of the Act, SBA provided funds to Defendant through the purchase and/or guaranty of Participating Securities, a form of Leverage, as those terms are defined under the Regulations, in the total principal amount of $41,800,000 as follows:

| Loan Number | Principal Balance | Date Disbursed | Rate |
|---|---|---|---|
| 0209151-00 | 6,600,000 | 11-29-1999 | 8.017 |
| 02029152-09 | 3,300,000 | 05-24-2000 | 7.449 |
| 02029153-07 | 3,300,000 | 08-02-2000 | 7.449 |
| 02029154-05 | 3,300,000 | 09-26-2000 | 6.640 |
| 02032951-06 | 2,500,000 | 02-27-2001 | 6.344 |
| 02032952-04 | 800,000 | 06-15-2001 | 6.344 |
| 02032953-02 | 1,500,000 | 08-29-2001 | 6.030 |
| 02032954-00 | 1,800,000 | 10-23-2001 | 6.030 |
| 02032955-09 | 3,300,000 | 01-30-2002 | 6.030 |
| 02032956-07 | 2,000,000 | 07-03-2002 | 5.199 |
| 02044551-08 | 1,250,000 | 10-15-2002 | 4.524 |
| 02032957-05 | 100,000 | 01-24-2003 | 4.524 |
| 02044552-06 | 900,000 | 02-12-2003 | 5.136 |
| 02044553-04 | 1,500,000 | 03-26-2003 | 5.136 |
| 02044554-02 | 850,000 | 10-03-2003 | 4.504 |
| 02048351-04 | 5,500,000 | 12-19-2003 | 4.504 |
| 02048352-02 | 3,300,000 | 06-04-2004 | 4.754 |
|  | 41,800,000 |  |  |

COMPLAINT FOR RECEIVERSHIP AND INJUNCTION                                             4

17. To date, the entire principal balance of $41,800,000 of the Participating Securities remains outstanding.

18. Section 107.1830(c) of the Regulations requires that Defendant not have a condition of Capital Impairment of greater than 60%, as that term is defined under the Regulations.

19. Based on Defendant's financial statements (SBA Form 468) for the period ending September 30, 2004, SBA determined that Defendant had a condition of Capital Impairment, as that term is defined under the Regulations, of 123.19%.

20. By letter dated March 16, 2005, SBA notified Defendant that it was being placed in Restricted Operations, due to its condition of Capital Impairment, and that remedies pursuant to 13 C.F.R. § 107.1820(f) were being imposed. SBA gave Defendant an opportunity to cure its condition of Capital Impairment within fifteen (15) days from the date of that letter.

21. Defendant failed to cure its condition of Capital Impairment within the permitted time and, consequently, SBA transferred Defendant to liquidation status on April 19, 2005.

22. Based on Defendant's financial statements (SBA Form 468) for the period ending September 30, 2005, Defendant had a condition of Capital Impairment, as that term is defined under the Regulations, of 133.71%.

## COUNT ONE

### CAPITAL IMPAIRMENT

23. Paragraphs 1 through 22 are incorporated herein by reference.

24. To date, Defendant has failed to cure its condition of Capital Impairment, as defined under the Regulations, and the principal balance of $41,800,000 of Participating Securities purchased by the SBA remains outstanding.

COMPLAINT FOR RECEIVERSHIP AND INJUNCTION                    5

25. Defendant's failure to cure its condition of Capital Impairment is non-compliance with the terms of its Leverage and a violation of §107.1830(b) of the Regulations.

26. Defendant's failure to cure its condition of Capital Impairment is nonperformance of the requirements of the Participating Securities as well as Defendant's Application for SBIC License and a violation of § 107.507(a) of the Regulations.

27. SBA has determined that Defendant is not in compliance with the terms of its Leverage due to its uncured condition Capital Impairment and, therefore, the Licensee is in violation of §§ 107.1830(b) and 507(a) of the Regulations.

28. As a consequence of Defendant's violation of §§ 107.1830(b) and 507(a) of the Regulations, the SBA is entitled to the injunctive relief provided under the Act, 15 U.S.C. §§ 687(d) and 687c, including the appointment of the SBA as Receiver of Defendant.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays as follows:

A. That this Court grant injunctive relief, both preliminary and permanent in nature, restraining Defendant, its managers, general partners, directors, officers, agents, employees, and other persons acting in concert or participation therewith from: (1) making any disbursements of Defendant's funds; (2) using, investing, conveying, disposing, executing, or encumbering in any fashion, any funds or assets of Defendant, wherever located; and (3) further violating the Act or the Regulations promulgated thereunder.

B. That this Court determine and adjudicate Defendant's non-compliance with and violation of the Act and the Regulations promulgated thereunder.

COMPLAINT FOR RECEIVERSHIP AND INJUNCTION                                    6

1  C.   That this Court, pursuant to 15 U.S.C. § 687c, take exclusive jurisdiction of Defendant and all of its assets, wherever located, appoint the SBA as receiver of Defendant for the purpose of marshaling and liquidating the assets of Defendant and satisfying the claims of creditors as determined by the Court, and such other relief as contained in the Order filed simultaneously herewith.

D.   That this Court grant such other relief as may be deemed just and equitable.

Respectfully submitted,

KEVIN V. RYAN
UNITED STATES ATTORNEY

Dated: June 29, 2006   By:  /s/ Edwin L. Joe
                            EDWIN L. JOE
                            SPECIAL ASSISTANT UNITED STATES ATTORNEY

Of Counsel:

BEVERLEY HAZLEWOOD LEWIS
TRIAL ATTORNEY
U.S. Small Business Administration
409 Third Street, S.W., Suite 7200
Washington, D.C. 20416
Phone (202) 619-1605
Fax (202) 481-0468

COMPLAINT FOR RECEIVERSHIP AND INJUNCTION                                        7

C.   That this Court, pursuant to 15 U.S.C. § 687c, take exclusive jurisdiction of Defendant and all of its assets, wherever located, appoint the SBA as receiver of Defendant for the purpose of marshaling and liquidating the assets of Defendant and satisfying the claims of creditors as determined by the Court, and such other relief as contained in the Order filed simultaneously herewith.

D.   That this Court grant such other relief as may be deemed just and equitable.

Respectfully submitted,

KEVIN V. RYAN
UNITED STATES ATTORNEY

Dated: June 27, 2006   By: /s/ Edwin L. Joe

EDWIN L. JOE
SPECIAL ASSISTANT UNITED STATES ATTORNEY

Of Counsel.

BEVERLEY HAZLEWOOD LEWIS
TRIAL ATTORNEY
U.S. Small Business Administration
409 Third Street, S.W., Suite 7200
Washington, D.C. 20416
Phone (202) 619-1605
Fax (202) 481-0468

COMPLAINT FOR RECEIVERSHIP AND INJUNCTION                                    7

State of Delaware
Secretary of State
Division of Corporations
Delivered 02:58 PM 03/21/2007
FILED 11:55 AM 03/21/2007
SRV 070342124 - 2965182 FILE

## RESIGNATION OF AGENT

Incorporating Services, Ltd., located at 3500 South DuPont Highway, City of Dover, County of Kent, State of Delaware, was designated registered agent of **ASPEN VENTURES III, L.P.** in accordance with the Revised Uniform Limited Partnership Act of the State of Delaware.

On **JANUARY 10, 2007** there was mailed from the office of said Incorporating Services, Ltd., in Dover, Delaware, a formal notice to:

**ASPEN VENTURES III, L.P.
100 FREMONT AVENUE
SUITE 200
LOS ALTOS, CA 94024**

notifying said Limited Partnership in accordance with the provisions of Section 17-104(d) of the Revised Uniform Limited Partnership Act, that the said Incorporating Services, Ltd., was resigning as registered agent of the aforesaid Limited Partnership in the state of Delaware.

In accordance with the provision of Section 17-104(d) of said statute, said are Incorporating Services, Ltd. has caused this Certificate of Resignation to be prepared and executed by its Assistant Secretary **MARCH 21, 2007 A.D.**, hereby resigning as Registered Agent. Said resignation shall become effective 30 days from the date of this filing.

INCORPORATING SERVICES, LTD.

Candice B. Swetland
Assistant Secretary

# Delaware

PAGE 1

*The First State*

I, HARRIET SMITH WINDSOR, SECRETARY OF STATE OF THE STATE OF DELAWARE, DO HEREBY CERTIFY THE ATTACHED ARE TRUE AND CORRECT COPIES OF ALL DOCUMENTS ON FILE OF "ASPEN VENTURES III, L.P." AS RECEIVED AND FILED IN THIS OFFICE.

THE FOLLOWING DOCUMENTS HAVE BEEN CERTIFIED:

CERTIFICATE OF LIMITED PARTNERSHIP, FILED THE TENTH DAY OF NOVEMBER, A.D. 1998, AT 9 O'CLOCK A.M.

RESTATED CERTIFICATE, FILED THE FIRST DAY OF APRIL, A.D. 2002, AT 2:30 O'CLOCK P.M.

CERTIFICATE OF AMENDMENT, FILED THE THIRTEENTH DAY OF NOVEMBER, A.D. 2006, AT 3:32 O'CLOCK P.M.

CERTIFICATE OF RESIGNATION OF REGISTERED AGENT WITHOUT APPOINTMENT, FILED THE TWENTY-FIRST DAY OF MARCH, A.D. 2007, AT 11:55 O'CLOCK A.M.

AND I DO HEREBY FURTHER CERTIFY THAT THE AFORESAID CERTIFICATES ARE THE ONLY CERTIFICATES ON RECORD OF THE AFORESAID LIMITED PARTNERSHIP, "ASPEN VENTURES III, L.P.".

Harriet Smith Windsor
Harriet Smith Windsor, Secretary of State

2965182  8100H
AUTHENTICATION: 5559185

070389285
DATE: 04-02-07

# CERTIFICATE OF LIMITED PARTNERSHIP

## OF

## ASPEN VENTURES III, L.P.

This Certificate of Limited Partnership of Aspen Ventures III, L.P. (the "Partnership") is being executed and filed by the undersigned general partner (the "General Partner") to form a limited partnership under the Delaware Revised Uniform Limited Partnership Act (6 Del.C. Section 17-101, et seq.)

### ARTICLE ONE

The name of the limited partnership formed hereby is Aspen Ventures III, L.P.

### ARTICLE TWO

The address of the registered office of the Partnership in the State of Delaware is 15 East North Street, Dover, Delaware 19901, and the name and address of the registered agent for service of process on the Partnership in the State of Delaware is Incorporating Services, Ltd.

GDSVF&H\128314.1

STATE OF DELAWARE
SECRETARY OF STATE
DIVISION OF CORPORATIONS
FILED 09:00 AM 11/10/1998
981433165 - 2965182

## ARTICLE THREE

The name and business address of the General Partner of the Partnership is:

Name

Aspen Ventures Management III, L.L.C.

Business Address

1000 Fremont Ave., Suite 200
Los Altos, CA 94024

**IN WITNESS WHEREOF**, the General Partner has executed this Certificate this 10th day of November, 1998.

General Partner:

ASPEN VENTURES MANAGEMENT III, L.L.C.

/s/ Thaddeus J. Whalen III
Thaddeus J. Whalen III, Member



*STATE OF DELAWARE*
*SECRETARY OF STATE*
*DIVISION OF CORPORATIONS*
*FILED 02:30 PM 04/01/2002*
*020208472 - 2965182*

# AMENDED AND RESTATED
# CERTIFICATE OF LIMITED PARTNERSHIP
# OF
# ASPEN VENTURES III, L.P.

The undersigned, desiring to amend and restate the Certificate of Limited Partnership of Aspen Ventures III, L.P. (the "Partnership"), pursuant to the provisions of Section 17-210 of the Delaware Revised Uniform Limited Partnership Act, 6 Delaware Code, Chapter 17, does hereby amend and restate in its entirety the Certificate of Limited Partnership of the Partnership, originally filed with the Secretary of State of the State of Delaware on November 10, 1998, as follows:

## ARTICLE ONE

The name of the limited partnership formed hereby is Aspen Ventures III, L.P.

## ARTICLE TWO

The address of the registered office of the Partnership in the State of Delaware is 15 East North Street, Dover, Delaware 19901, and the name and address of the registered agent for service of process on the Partnership in the State of Delaware is Incorporating Services, Ltd.

GDSVF&H\409938v1

## ARTICLE THREE

The name and business address of the General Partner of the Partnership is:

| Name | Business Address |
|---|---|
| Aspen Ventures Management III, L.L.C. | 1000 Fremont Ave., Suite 200<br>Los Altos, CA 94024 |

## ARTICLE FOUR

Notice is hereby given pursuant to Section 17-218(b) of the Delaware Revised Uniform Limited Partnership Act, 6 Delaware Code, Chapter 17, that the debts, liabilities, and obligations incurred, contracted for or otherwise existing with respect to a particular series of the Partnership shall be enforceable against the assets of such series only and not against the assets of the Partnership generally or any other series thereof, and none of the debts, liabilities, obligations and expenses incurred, contracted for or otherwise existing with respect to the Partnership generally or any other series thereof shall be enforceable against the assets of such series.

**IN WITNESS WHEREOF**, the General Partner has executed this Certificate this 1st day of April, 2002.

General Partner:

ASPEN VENTURES MANAGEMENT III, L.L.C.

/s/ Thaddeus J. Whalen III
Thaddeus J. Whalen III, Member

GDSVF&H #409918v1

State of Delaware
Secretary of State
Division of Corporations
Delivered 03:46 PM 11/13/2006
FILED 03:32 PM 11/13/2006
SRV 061037947 - 2965182 FILE

## CERTIFICATE OF AMENDMENT
## TO THE
## CERTIFICATE OF LIMITED PARTNERSHIP
## OF

### Aspen Ventures III, L.P.

The undersigned, desiring to amend the Certificate of Limited Partnership of Aspen Ventures III, L.P. pursuant to the provisions of Section 17-202 of the Revised Uniform Limited Partnership Act of the State of Delaware, does hereby certify as follows:

FIRST: The name of the Limited Partnership is Aspen Ventures III, L.P.

SECOND: Article 2 of the Certificate of Limited Partnership shall be amended as follows:

2. The address of the Partnership's registered office in the State of Delaware is Corporation Trust Center, 1209 Orange Street, Wilmington, County of New Castle. The name of the Partnership's registered agent for service of process in the State of Delaware at such address is The Corporation Trust Company.

IN WITNESS WHEREOF, the undersigned executed this Amendment to the Certificate of Limited Partnership on this __2nd__ day of __November__, __2006__.

By: _____
RICHARD MOSER
Phoenix Management Partners, LLC
Principal Agent the Receiver
SBA, Receiver for Aspen Ventures III, L.P.