MATTHEW G. BALL (CA BAR 208881)
DEIRDRE M. DIGRANDE (CA BAR 199766)
**KIRKPATRICK & LOCKHART PRESTON GATES ELLIS LLP**
55 Second Street, Suite 1700
San Francisco, CA 94105-3493
Tel:  (415) 882-8200
Fax:  (415) 882-8220
matthew.ball@klgates.com
deirdre.digrande@klgates.com

MARTIN D. TECKLER (*pro hac vice*)
**KIRKPATRICK & LOCKHART PRESTON GATES ELLIS LLP**
1601 K Street, NW
Washington, DC  20006-1600
Tel:  (202) 778-9000
Fax:  (202) 778-9100
martin.teckler@klgates.com

Attorneys for Defendant
REDLEAF GROUP, INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES SMALL BUSINESS ADMINISTRATION in its capacity as Receiver for Aspen Ventures III, <br><br> Plaintiffs, <br><br> v. <br><br> REDLEAF GROUP, INC., <br><br> Defendant and Third-Party Plaintiff, <br><br> v. <br><br> ASPEN VENTURES MANAGEMENT III, LLC, a Delaware Limited Liability Company, ALEXANDER P. CILENTO, a California resident, and DAVID CROCKETT, a California resident, and DOES 1-10, <br><br> Third-Party Defendants. | Case No. C-07-05350 JW (PVT) <br><br> **DECLARATION OF MATTHEW G. BALL IN SUPPORT OF REDLEAF GROUP, INC.'S OPPOSITION TO THIRD-PARTY DEFENDANTS' MOTION FOR SUMMARY JUDGMENT; REQUEST FOR DENIAL PURSUANT TO RULE 56(F)** <br><br> Date:  June 23, 2008 <br> Time:  9:00 a.m. <br> Judge:  Hon. James Ware |

1      1.      I, Matthew G. Ball, am a partner in the law firm of Kirkpatrick & Lockhart Preston

2   Gates Ellis LLP, counsel of record for Redleaf Group, Inc. I make this Declaration in support of

3   Redleaf Group, Inc.'s Opposition to Third-Party Defendants' Motion for Summary Judgment, or in

4   the Alternative Summary Adjudication, on the Receiver's Claim for Breach of Contract. I have

5   personal knowledge of the facts stated herein except where stated and, if called as a witness, I could

6   testify competently thereto.

7      2.      On Friday, June 6, 2008, Redleaf and Third-Party Defendants agreed not to raise

8   authenticity or hearsay objections to the documents submitted in support of Third-Party Defendants

9   Motion for Summary Judgment or Redleaf's Opposition to that Motion. A true and correct copy of

10   the e-mail exchange reflecting the agreement is attached hereto as **Exhibit A.**

11      3.      On April 14, 2008, this Court heard the SBA's Motion to Strike in this matter, as well

12   as Third-Party Defendants' Motion to Dismiss. Due to various agreements between the parties to

13   postpone discovery, and certain statements made by the Court at the April 14, 2008 hearing,

14   discovery in this case was not to be open until after the Court issued rulings on the Motion to Strike

15   and the Motion to Dismiss. Relevant portions of the parties' Joint Case Management Conference

16   Statement and the transcript on the hearing of the Motions are attached hereto as **Exhibits B and C.**

17      4.      The Court did not issue rulings on the Motion to Strike or Motion to Dismiss until

18   June 5, 2008, after the Opposition to the SBA's Motion had been filed, and the day before the

19   Opposition to the Third-Party Defendants' Motion was due. A true and correct copy of the Court's

20   Order is attached hereto as **Exhibit D**.

21      5.      On May 12, 2008, I wrote to counsel for the parties in this matter asking them to

22   agree to open discovery, given the approaching Motions for Summary Judgment, and given the fact

23   that the parties had not received rulings on the pending Motions to Strike and to Dismiss.

24      6.      On Wednesday, May 14, 2008, I had a telephone conference with Jessica Grant,

25   counsel for Third-Party Defendants Alexander Cilento and David Crockett. During that conference,

26   Ms. Grant informed me that she would not agree to open discovery as I requested in my May 12,

27

28

DECLARATION OF M. BALL ISO OPP'N TO 3RD-PARTY DEFENDANTS' MSJ
CASE NO. C 07-05350 JW PVT

1   2008 letter. I never received any communication at all in response to my request for discovery from

2   William Orrick, who represents Third-Party Defendant Aspen Ventures Management, LLC.

3       7.      Due to the foregoing, Redleaf has essentially been barred from conducting any

4   discovery to oppose the Third-Party Defendants' Motion.

5       8.      Additionally, a further issue has arisen as to Redleaf officers and directors John

6   Kohler and C. Lloyd Mahaffey. In addition to being Redleaf officers and directors at various times,

7   Messrs. Kohler and Mahaffey were appointed as managing members of Third-Party Defendant

8   Aspen Ventures Management III, LLC ("AVM"), with respect to Series B. A dispute arose between

9   Redleaf and AVM with regards to whether and how these individuals may be contacted by counsel,

10  given their dual role. The parties raised this dispute in their Joint Case Management Conference

11  Statement, and at the hearing on the Motions discussed above. See **Exhibits B and C**, supra. In

12  addition to the on-the-record discussion in **Exhibit C**, Counsel for AVM and Counsel for Redleaf

13  further discussed the issue with the Court in chambers. The Court ordered the parties that any

14  interviews with Messrs. Kohler and Mahaffey be joint, with both counsel participating. Counsel for

15  AVM and counsel for Redleaf attempted to stipulate to a procedure for separate interviews, but the

16  process broke down when Counsel for AVM would not stipulate to separate interviews regarding

17  Messrs. Kohler and Mahaffey's service as Series B Managing Members, which is at the heart of

18  Redleaf's case. Attached as **Exhibit E** is a true and correct copy of an exchange of e-mails between

19  counsel summarizing the problem.

20      9.      Ordinarily, Redleaf would anticipate submitting declarations from Redleaf's key

21  officers and directors with personal knowledge of the time period, but the joint interview protocol

22  made the normal process of interviewing witnesses and obtaining declarations unworkable in this

23  instance. Depositions also were not possible, since discovery was not open.

24      10.     Redleaf Group, Inc. believes that its Opposition will suffice to defeat the Third-Party

25  Defendants' Motion, given the factual issues that Redleaf raises and the inferences to be drawn

26  therefrom, which are to be viewed in the light most favorable to Redleaf. However, if the Court

27

28

DECLARATION OF M. BALL ISO OPP'N TO 3RD-PARTY DEFENDANTS' MSJ
CASE NO. C 07-05350 JW PVT

disagrees, then Redleaf submits that the following discovery will allow Redleaf to successfully

oppose the Third-Party Defendants' Motion.[1]

        a.    C. Lloyd Mahaffey and John Kohler:  I anticipate that Mr. Mahaffey and Mr.

Kohler will testify favorably to Redleaf, and support Redleaf's theories as expressed in Redleaf's

Opposition on a number of issues, including:

- Representations made to Redleaf by Aspen's management regarding the financial condition of Aspen III and the effect of the Series A/B Structure;

- Redleaf's understanding of the Series A/B structure; and

- Aspen's refusal to allow Series B managing members critical information regarding Series A investments.

        b.    Alexander Cilento, David Crockett, and Aspen Ventures Management:  I

anticipate that written and oral discovery of Messrs. Cilento and Crockett, and Aspen Ventures

Management, will develop admissions to support Redleaf's theories as expressed in the Opposition

as to:

- Representations made to Redleaf by Aspen's management regarding the financial condition of Aspen III and the effect of the Series A/B Structure;

- Redleaf's understanding of the Series A/B structure;

- Aspen's refusal to allow Series B managing members critical information regarding Series A investments;

- The actual financial condition of Aspen III at relevant times and their knowledge thereof; and

- The drafting history of the 2002 Amendment and relevant documents.

        c.    SBA:  I anticipate that written discovery conducted to the SBA will develop

favorable evidence regarding the financial condition of Aspen III, and the representations regarding

the Series A/B Structure.  Although the SBA and Redleaf Group have engaged in a limited

---

[1]  Note that a lesser showing of specificity in the Rule 56(f) Request is appropriate where no discovery has taken place, because "the party making a Rule 56(f) motion cannot be expected to frame its motion with great specificity as to the king of discovery likely to turn up useful information, as the ground for such specificity has not been laid."  Burlington Northern Santa Fe R.R. Co. v. Assiniboine & Sioux Tribes of Fort Peck Reservation, 323 F.3d 767, 774 (9th Cir. 2003).

DECLARATION OF M. BALL ISO OPP'N TO 3RD-PARTY DEFENDANTS' MSJ
CASE NO. C 07-05350 JW PVT

1    document exchange, I believe that the SBA has not produced all of the documents in this matter that

2    it has in its possession. For example, the SBA has not produced its Operations file for Aspen III.

3            e.      Debra Schilling: I anticipate that oral discovery of Debra Schilling, former

4    Aspen Chief Financial Officer will develop admissions to support Redleaf's theories as expressed in

5    the Opposition as to:

6                     •     Representations made to Redleaf by Aspen's management regarding
         the financial condition of Aspen III and the effect of the Series A/B
7                          Structure;

8                     •     Redleaf's understanding of the Series A/B structure;

9                     •     Aspen's refusal to allow Series B managing members critical
         information regarding Series A investments;
10

11                    •     The communications exchange between Jim Cummins and Debra
         Schilling in Exhibit K to the Moser Declaration; and

12                    •     The actual financial condition of Aspen III and Aspen II at relevant
         times and Aspen's knowledge thereof.
13

14         I declare under penalty of perjury under the laws of the United States of America that the

     foregoing is true and correct. Executed on June 6, 2008, at San Francisco, California.
15

16

17   _____

18   Matthew G. Ball

19

20

21

22

23

24

25

26

27

28

DECLARATION OF M. BALL ISO OPP'N TO 3RD-PARTY DEFENDANTS' MSJ
CASE NO. C 07-05350 JW PVT

# EXHIBIT A

## Ball, Matthew G.

| | |
|---|---|
| **From:** | Jessica Grant [jgrant@tcolaw.com] |
| **Sent:** | Friday, June 06, 2008 9:56 AM |
| **To:** | Ball, Matthew G. |
| **Cc:** | WHO@cpdb.com; Teckler, Martin D. |
| **Subject:** | RE: Redleaf v. Aspen/Evidentiary Issues |

Agreed.  Thanks, Matt.

Jessica

---

**From:** Ball, Matthew G. [mailto:Matthew.Ball@klgates.com]
**Sent:** Friday, June 06, 2008 9:47 AM
**To:** Jessica Grant
**Cc:** WHO@cpdb.com; Teckler, Martin D.
**Subject:** RE: Redleaf v. Aspen/Evidentiary Issues

Thanks, Jessica.  This confirms that our agreement extends to all documents in support of Third-Party Defendants' Motion for Summary Judgment, including those attached to your declaration.  It does not extend to any documents that might be submitted in support of Third-Party Defendants' Reply Memorandum, but I am willing to consider a similar stipulation if Third-Party Defendants plan to submit anything new.

Matthew G. Ball
K&L Gates LLP
55 Second Street, Suite 1700
San Francisco, CA 94105
Direct Dial:  (415) 249-1014
Fax:  (415) 882-8220
Mobile:  (415) 283-9359

---

**From:** Jessica Grant [mailto:jgrant@tcolaw.com]
**Sent:** Friday, June 06, 2008 9:34 AM
**To:** Ball, Matthew G.
**Cc:** WHO@cpdb.com
**Subject:** Redleaf v. Aspen/Evidentiary Issues

Matt:

For the purposes of third-party defendants' pending summary judgment motion, we will stipulate to the authenticity of the documents Redleaf has submitted in support of its opposition to the SBA's motion for summary judgment, and we agree not to raise any hearsay objections to such documents.  Third-party defendants' agreement is expressly conditioned on Redleaf's written confirmation that it will stipulate to the authenticity of the documents submitted in support of third-party defendants' summary judgment motion and that Redleaf agrees not to raise any hearsay objections to such documents.  In your previous email, you stated that you would be willing to enter into such an agreement but only for the exhibits attached to the Declarations of David Crockett and Debra Schilling.  However, since there are exhibits attached to my declaration, our agreement would have to encompass those documents as well.

Please let me know your position.

Jessica

**Taylor & Company**
Law Offices, LLP
One Ferry Building, Suite 355
San Francisco, CA  94111
T:  (415) 788-8200
F:  (415) 788-8208
www.tcolaw.com

# EXHIBIT B

1  Gregory C. Nuti (Bar No. 151754)
   Schnader Harrison Segal & Lewis LLP
   One Montgomery Street, Suite 2200
2  San Francisco, CA 94104-5501
   Telephone: 415-364-6700
3  Facsimile: 415-364-6785

4  Beverley Hazelwood Lewis
   Trial Attorney, Office of General Counsel
5  U.S. Small Business Administration
   409 3rd Street, S.W., Seventh Floor
6  Washington, D.C. 20416
   Telephone (202) 205-6857
7  Facsimile (202) 481-0325

8  Attorneys for Plaintiff,
   United States Small Business Administration
9  in its capacity as Receiver for Aspen Ventures III, L.P.

10                    UNITED STATES DISTRICT COURT

11                  NORTHERN DISTRICT OF CALIFORNIA

12                         SAN JOSE DIVISION

13  UNITED STATES SMALL BUSINESS              Case No. C07-05350 JW PVT
    ADMINISTRATION IN ITS CAPACITY AS
14  RECEIVER FOR ASPEN VENTURES III, L.P.,   **JOINT CASE MANAGEMENT**
                                             **CONFERENCE STATEMENT**
15                        Plaintiff,
                                             Date: March 10, 2008
16         vs.                               Time: 10:00 a.m.
                                             Location:
17  REDLEAF GROUP, INC.,                     280 South First Street,
                                             Courtroom 8, 4th Floor
18                        Defendants.        San Jose, CA
                                             Judge: Honorable James Ware
19

20  REDLEAF GROUP, INC.,

21                   Third-Party Plaintiff,

22         vs.

23

24  ASPEN VENTURES MANAGEMENT III,
    LLC, a Delaware Limited Liability Company,
25  ALEXANDER P. CILENTO, a California
    resident, and DAVID CROCKETT, a California
26  resident, and DOES 1-10,

27                   Third-Party Defendants.

28

Schnader Harrison Segal & Lewis LLP
One Montgomery Street, Suite 2200
San Francisco, CA 94104-5501
Telephone: 415-364-6700

                                  1

PHDATA 3064870_1                              JOINT CMC STATEMENT

### 4.    Motions

The Receiver believes that a motion to strike certain of Redleaf's affirmative defenses, in conjunction with the 3rd Party Defendants' motion to dismiss, will greatly narrow the disputed issues. Plaintiff and 3rd Party Defendants will coordinate the filing of their motions for hearing by the Court on the same calendar.

Redleaf anticipates filing a motion for summary judgment directed at the Receiver's claim, as well as on its own claim against the 3rd Party Defendants.

### 5.    Amendments of Pleadings

The parties do not at this time anticipate any amendments to the pleadings, although the parties reserve their right to amend the pleadings based upon further information, investigation, or research.

### 6.    Evidence Preservation

Aspen Ventures is in receivership. Under the Consent Order, the 3rd Party Defendants turned over possession of Aspen Ventures' books and records to the Receiver. The Receiver has preserved the books and records it has received.

### 7.    Disclosures

The parties have agreed, subject to this Court's approval, to wait until after the parties engage in an early settlement conference under this Court's ADR program to exchange the disclosures required by Federal Rule of Civil Procedure 26. A proposed Stipulation and Order is filed herewith.

Redleaf Group, Inc. is cognizant of its duty to preserve evidence potentially relevant to this litigation, and has taken steps to ensure that no potentially relevant evidence is destroyed, whether that potentially relevant evidence be in hard copy or electronic form.

### 8.    Discovery

The parties will be better able to gauge the scope of discovery after the Court's rulings on the procedural motions. In addition, the parties have agreed to refer this matter to a Magistrate under this Court's ADR program after rulings on these motions. Until then, the

SCHNADER HARRISON SEGAL & LEWIS LLP
ONE MONTGOMERY STREET, SUITE 2200
SAN FRANCISCO, CA 94104-5501
TELEPHONE 415-364-6700

8

1   parties do not anticipate the need for formal discovery. The Parties believe that this Court should

2   set a further Case Management Conference to take place 30 days after the judicial settlement

3   conference, with a further Case Management Conference Statement to address discovery issues

4   in more detail.

5       9.    **Class Action**

6           This is not a class action.

7       10.   **Related Cases**

8           This Court also presides over the Receivership Action. This Court has issued a

9   related case order for the Receivership Action and Aspen Ventures West II receivership, case

10  number C 06-04034. Both receiverships involve the same principals. However, no order has

11  issued regarding whether the Receiver Complaint and 3rd Party Complaint are deemed "related"

12  to the Receivership Action under the local rules as Judge Ware is already presiding over all the

13  matters.

14      11.   **Relief Sought**

15          The Receiver seeks money damages of $10.6 million against Redleaf based upon

16  the amount of Redleaf's unfunded capital commitment. Redleaf has not asserted any affirmative

17  claims against the SBA or the Receivership Estate.

18          Redleaf seeks a judgment that it is not liable on the Receiver's claim, and from

19  the 3rd Party Defendants, damages according to proof, indemnity from the 3rd Party Defendants

20  in the event it is found liable for the unfunded capital commitment and a declaratory judgment

21  that the 3rd Party Defendants are obliged to fully indemnify Redleaf, its attorneys' fees and costs,

22  prejudgment interest, and such other relief, including equitable relief, as this Court deems

23  Redleaf is entitled.

24      12.   **Settlement and ADR**

25          The Receiver and Redleaf engaged for almost a year in unsuccessful settlement

26  negotiations prior to the filing of the Complaint. The allegations, issues and positions taken by

27  the SBA as receiver and Redleaf during these negotiations are embodied in the current pleadings

28  and will again be raised in the anticipated motions. It is hoped that rulings on the motions will

SCHNADER HARRISON SEGAL & LEWIS LLP
ONE MONTGOMERY STREET, SUITE 2200
SAN FRANCISCO, CA 94104-5501
TELEPHONE: 415-364-6700

9

1    For its part, Receiver believes the issue of jury trial waiver should be addressed only after

2    the 3rd Party Defendants' motion to dismiss has been ruled upon.

3         19.    **Disclosure of Non-Party Interested Entities or Persons**

4         The SBA as a federal agency is deemed to be a separate entity from SBA acting

5    as Receiver for Aspen Ventures. The SBA, in its role as a federal agency, has contributed funds

6    to Aspen Venture pursuant to the Act and Regulations. Like any of the other investors or

7    creditors of Aspen Ventures, the SBA as a financial interest in the outcome of these proceedings

8    because, ultimately, the purpose of the receivership action is to liquidate and marshal the assets

9    of Aspen Ventures to satisfy the claims of creditors of the receivership estate.

10         Redleaf will have its Disclosure of Non-Party Interested Entities or Persons on

11    file in advance of the case management conference.

12    **20.    Other Matters**

13         Redleaf and the 3rd Party Defendants have a dispute concerning their respective rights to

14    contact John Kohler and Lloyd Mahaffey. Mr. Kohler is a current director of Redleaf and a

15    managing member of AVM. Mr. Mahaffey is a former director and employee of Redleaf and a

16    former managing member of AVM. Given the important ethical issue involved, and its

17    implications for trial preparation, the parties ask the Court to address this issue now.

18         After this case was filed, counsel for 3rd Party Defendants attempted to conduct

19    interviews with Messrs. Kohler and Mahaffey. Counsel for Redleaf advised Messrs. Kohler and

20    Mahaffey of its position that Mr. Kohler's current fiduciary duties to Redleaf prevented him

21    from providing assistance to 3rd Party Defendants, and Mr. Mahaffey was prevented by his

22    fiduciary duties as a former director from assisting 3rd Party Defendants as to matters relating to

23    his service as a Director of Redleaf. Redleaf's Counsel further informed Counsel for 3rd Party

24    Defendants that Counsel were not to contact Mr. Kohler without consent, and requested Counsel

25    not to contact Mr. Mahaffey.

26         AVM's position is that it and Redleaf are both entitled to the nonprivileged observations

27    of witnesses involved in this litigation. *Triple A Machine Shop, Inc. v. State of California*, 213

28    Cal.App.3d 131, 143 (1989). While Mr. Kohler is a director of Redleaf Group, Inc., he has

SCHNADER HARRISON SEGAL & LEWIS LLP
ONE MONTGOMERY STREET, SUITE 2200
SAN FRANCISCO, CA 94104-5501
TELEPHONE 415-364-6700

11

1   been barred from all meetings relating to the claim against AVM, apparently because of the

2   perceived conflict of interest arising from his role at AVM. This means that there is no chance

3   that he might inadvertently provide litigation strategy or attorney-client privileged information

4   with respect to the case to counsel for AVM. Mr. Mahaffey is no longer affiliated with Redleaf

5   in any capacity. As Mr. Kohler is and Mr. Mahaffey was a managing member of AVM, the

6   advice of counsel for Redleaf chills AVM's counsel's ability to (i) represent his client and (ii)

7   learn the unprivileged information known by the past and present members of his client, who

8   may be important fact witnesses in their own right.

9          Counsel for Redleaf Group, Inc. does not represent its individual past or present

10  directors. *La Jolla Cove Motel and Hotel Apartments, Inc. v. Superior Court*, 121 Cal.App.4th

11  773, 784 (2004) ("the individual shareholder or director cannot presume that corporation counsel

12  is protecting their interests. (Citations omitted.).") Counsel for Redleaf has a conflict of

13  interest in advising either Mr. Kohler or Mr. Mahaffey with respect to this litigation, since they

14  are members of AVM, which is adverse to Redleaf. The logical extension of Redleaf's advice is

15  that its counsel cannot contact Mr. Kohler, a current member of AVM, without AVM's consent.

16  This is an incongruous result. The better view is that each counsel should be careful not to seek

17  privileged information from Mr. Kohler or Mr. Mahaffey, and that each should ensure that the

18  witnesses are aware that no party is seeking such information. However, the witnesses may

19  freely discuss the underlying facts with either party as long as they do not disclose privileged

20  information.

21         Given the important ethical issue involved, and its implications for trial preparation,

22  AVM and Redleaf propose that Redleaf provide a letter to the Court expressing its views by

23  March 24, 2008, to which AVM will respond by April 7, 2008. There would be no opportunity

24  for a reply. The Court may then either hold a telephonic conference or issue a ruling without a

25  hearing.

26  ///

27  ///

28  ///

12

SCHNADER HARRISON SEGAL & LEWIS LLP
ONE MONTGOMERY STREET, SUITE 2200
SAN FRANCISCO, CA 94104-5501
TELEPHONE: 415-364-6700



1  Dated: March 3, 2008          SCHNADER HARRISON SEGAL & LEWIS LLP

2

3                                By:  /s/ Gregory C. Nuti

4                                    Gregory C. Nuti
                                     Attorneys for Plaintiff, the United States
5                                    Small Business Administration in its
                                     capacity as Receiver for Aspen Ventures
6                                    III, L.P.

7  Dated: March 3, 2008          KIRKPATRICK & LOCKHART PRESTON
8                                GATES ELLIS LLP

9

10                               By:  /s/ Matthew Ball

11                                   Matthew Ball
                                     Attorneys for Defendant and 3rd Party
12                                   Plaintiff Redleaf Group, Inc.

13 Dated: March 3, 2008          TAYLOR & COMPANY LAW OFFICES, LLP

14

15                               By:  /s/ Jessica L. Grant

16                                   Jessica L. Grant
                                     Attorneys for 3rd Party Defendants David
17                                   Crockett and Alexander Cilento

18 Dated: March 3, 2008          COBLENTZ, PATCH, DUFFY & BASS, LLP

19

20                               By:  /s/ William Orrick, III

21                                   William Orrick, III
                                     Attorneys for 3rd Party Defendant Aspen
22                                   Ventures Management

23

24

25

26

27

28

SCHNADER HARRISON SEGAL & LEWIS LLP
ONE MONTGOMERY STREET, SUITE 2200
SAN FRANCISCO, CA 94104-5501
TELEPHONE: 415-364-6700

13

# EXHIBIT C

1          IN THE UNITED STATES DISTRICT COURT

2        FOR THE NORTHERN DISTRICT OF CALIFORNIA

3               SAN JOSE DIVISION

4   UNITED STATES SMALL      )  C-07-05350-JW
    BUSINESS                 )
5   ADMINISTRATION,          )  APRIL 14, 2008
                             )
6         PLAINTIFF,         )
                             )
7            V.              )  PAGES 1-39
                             )
8   REDLEAF GROUP INC., ET   )
    AL.,                     )
9                            )
          DEFENDANTS.        )
10  _____ )

11

12        THE PROCEEDINGS WERE HELD BEFORE

13        THE HONORABLE UNITED STATES DISTRICT

14               JUDGE JAMES WARE

15  A P P E A R A N C E S :

16  FOR THE PLAINTIFF:  SCHNADER, HARRISON, SEGAL & LEWIS
                        BY:  GREGORY C. NUTI
17                      ONE MONTGOMERY STREET
                        SUITE 2200
18                      SAN FRANCISCO, CALIFORNIA 94104

19

20  FOR THE DEFENDANTS: KIRKPATRICK & LOCKHART PRESTON
                        GATES ELLIS
                        BY:  MATTHEW G. BALL
21                      55 SECOND STREET
                        SUITE 1700
22                      SAN FRANCISCO, CALIFORNIA 94105

23      (APPEARANCES CONTINUED ON THE NEXT PAGE.)

24

25  OFFICIAL COURT REPORTER: IRENE RODRIGUEZ, CSR, CRR
                        CERTIFICATE NUMBER 8074

                                              1

1    MOTION THAT WE FILED.

2          MS. GRANT:  AND 60 DAYS FOR DISCOVERY, I

3    AGREE, I THINK THE FACTS OF THE COMPLAINT SPEAK FOR

4    THEMSELVES, AND WE'RE HAPPY TO MOVE FOR DISPOSITIVE

5    MOTIONS.

6          THE COURT:  WHY DON'T I TAKE THAT

7    SUGGESTION AND YOU RESPOND WITH ESSENTIALLY A 56(F)

8    SUBMISSION SAYING WHAT DISCOVERY YOU WOULD NEED TO

9    RESPOND TO THESE MOTIONS BECAUSE IT COULD BE THAT,

10   THAT AFTER TODAY THEY'LL BE MORE LIMITED IN WHAT

11   MOTIONS ARE SOUGHT AND I'M NOT GOING TO STOP YOU

12   FROM CONDUCTING DISCOVERY IN DUE COURSE IN THE

13   CASE, BUT IT DOES SEEM TO ME THAT I HAVE HEARD

14   ENOUGH HERE THAT, THAT SUGGESTS TO ME THAT A PART

15   OF THIS CASE CAN BE NARROWED BY THE COURT HEARING

16   THESE LEGAL ARGUMENTS AND THEN WE'LL PROCEED WITH

17   WHAT IS LEFT OF THE CASE.

18         THE COURT:  SIXTY DAYS WOULD MEAN THAT WE

19   WOULD SET A HEARING SOME TIME IN JUNE.

20         MS. GARCIA, WOULD YOU SET A DATE.

21         THE CLERK:  JUNE 23RD.

22         THE COURT:  27 DID YOU SAY?

23         THE CLERK:  23RD.

24         THE COURT:  THAT'S A NORMAL LAW AND

25   MOTION DATE?

                                        33

1          THE CLERK:  CORRECT.

2          THE COURT:  WHEN WE APPROACH THAT DATE,

3    DEPENDING ON WHAT WE HAVE BEFORE US, WE MIGHT

4    SPREAD IT TO ANOTHER DATE, BUT IS THAT CONVENIENT?

5          MR. NUTI:  I WOULD HAVE TO LOOK AT MY

6    BLACKBERRY, BUT I CAN'T THINK OF ANYTHING AT THE

7    MOMENT.

8          MR. BALL:  ME NEITHER.

9          THE COURT:  ALL RIGHT.  I LIKE TAKING

10   ADVANTAGE OF LAWYERS WHO DON'T HAVE THEIR

11   BLACKBERRIES.

12          LET'S SET IT FOR JUNE 23RD, AND YOU CAN

13   LET US KNOW IF WE NEED TO ADJUST THAT AS A DATE FOR

14   HEARING THE DISPOSITIVE MOTIONS HEARING.

15          YOU WANT TO WAIT UNTIL YOU GET MY ORDER

16   HERE, AND I'LL ADDRESS SOME THINGS AND THERE WILL

17   BE SOME THINGS THAT, PERHAPS, WILL BE DISPOSED OF

18   HERE AND, OF COURSE, YOU'LL NOTICE THOSE MOTIONS

19   ACCORDING TO THE COURT'S LOCAL RULES AND YOU'LL BE

20   ABLE TO RESPOND, RESPOND AND BASED UPON YOUR

21   RESPONSE, I MIGHT CALL THE PARTIES IN AND HAVE A

22   CASE MANAGEMENT CONFERENCE AND DO SOMETHING TO

23   SCHEDULE IT MORE FINALLY THAN THIS.

24          ALL RIGHT.  SO JUNE 23RD AT 9:00 O'CLOCK

25   IS A PRESUMPTIVE DATE FOR DISPOSITIVE MOTIONS.

34

1    MR. BALL:  SO IS DISCOVERY GOING TO BE

2    OPEN, YOUR HONOR, AFTER THE COURT ISSUES ITS ORDER?

3    THE COURT:  YES.  IF YOU HAVE ANY

4    CONCERNS ABOUT THAT, TAKE THEM TO THE ASSIGNED

5    MAGISTRATE JUDGE WHO IS JUDGE TRUMBULL.

6    I APPLAUD YOUR EFFORTS TO TRY AND RESOLVE

7    THE CASE BEFORE JUDGE SEEBORG, AND I'LL LEAVE THAT

8    TO YOU TO SET IT UP AND YOU HAVE ALREADY DONE THAT

9    IT SOUNDS LIKE.

10    MS. GRANT:  WE AGREE.

11    MR. BALL:  WE HAVEN'T BEEN CONTACTED AND

12    WE DON'T HAVE A DATE.

13    THE COURT:  THAT'S EASILY DONE.  HIS

14    OFFICE IS READILY AVAILABLE TO YOU.

15    MS. GRANT:  THANK YOU, YOUR HONOR.

16    MR. NUTI:  THANK YOU, YOUR HONOR.

17    MR. BALL:  THANK YOU, YOUR HONOR.

18    MR. ORRICK:  YOUR HONOR, BEFORE YOU JUMP

19    OFF THE BENCH, IF I MAY.  THERE'S ONE MATTER IN THE

20    CASE MANAGEMENT CONFERENCE STATEMENT WHICH I WOULD

21    LIKE TO DRAW YOUR ATTENTION TO AND WHAT WE'RE

22    ASKING THE COURT FOR SOME GUIDANCE ON AND THAT IS

23    MATTER 20 WHICH DEALS WITH OUR ABILITY TO

24    COMMUNICATE WITH TWO WITNESSES.

25    THEY ARE ONE CURRENT AND ONE FORMER

35

1    MANAGING MEMBER.

2         THE COURT:  HOLLANDER AND MAHAFFEY?

3         MR. ORRICK:  YES, THEY ARE MANAGING

4    MEMBERS OF MY CLIENT AND THERE IS ALSO ONE WHO IS

5    CURRENTLY A DIRECTOR OF REDLEAF AND ONE IS 'A

6    FORMER DIRECTOR OF REDLEAF.

7         AND THEY HAVE FIDUCIARY OBLIGATIONS

8    RUNNING TO BOTH OF OUR CLIENTS BUT MR. BALL HAS

9    TAKEN THE POSITION THAT IF I CONTACT THEM, I'M

10   BREACHING MY ETHICAL OBLIGATIONS.

11        AND, AND I THOUGHT THAT IT WAS THE MOST

12   APPROPRIATE THING TO BRING TO THE COURT SO THAT WE

13   COULD HAVE AN OPPORTUNITY TO, TO -- THAT I COULD

14   HAVE AN OPPORTUNITY TO, TO TALK WITH THESE MANAGING

15   MEMBERS AND MY CLIENT ABOUT WHAT THEY LEARNED WHILE

16   THEY WERE WITH MY CLIENT.

17        WE WOULD NOT GO INTO CONFIDENTIAL

18   INFORMATION THAT THEY MIGHT HAVE GAINED AS

19   DIRECTORS OF MR. BALL'S CLIENT, BUT I THINK BOTH OF

20   US HAVE THE SAME RIGHTS AND SHOULD HAVE THE SAME

21   ACCESS TO THESE WITNESSES.

22        THE COURT:  WHAT IS YOUR POSITION?

23        MR. BALL:  MR. MAHAFFEY IS NO LONGER A

24   MANAGING MEMBER OF AVM AND OUR POSITION IS THAT

25   THE, THAT THE LLC AGREEMENT ESSENTIALLY SEPARATED

36

1  THE SERIES A, SERIES B INVESTMENTS AS MUCH AS

2  POSSIBLE AND SHALL GENERALLY BE TREATED AS SEPARATE

3  LIABILITY COMPANY.

4         SO, IN OTHER WORDS, MR. COLLER AND

5  MAHAFFEY, WHO WERE OVERSEEING THE SERIES B

6  INVESTMENTS, SOLELY TO LOOK AFTER REDLEAF'S

7  INTERESTS, IT'S THE SERIES B MANAGING MEMBERS THAT

8  WAS TO BE TREATED, TO THE EXTENT POSSIBLE, AS A

9  SEPARATE LIMITED LIABILITY COMPANY.

10        THEIR, THEIR -- ONE CURRENT AND ONE

11 FORMER DIRECTOR OF REDLEAF, I JUST DON'T SEE WHY,

12 WHY MR., MR. -- WHY AVM NEEDS TO BE CONTACTING

13 THEM, GIVEN THAT THEY'RE FULLY IN REDLEAF'S CAMP

14 AND OWE FIDUCIARY DUTIES TO REDLEAF.

15        UNDER ANY OF THESE CIRCUMSTANCES, I

16 HAVEN'T SEEN ANY AUTHORITY THAT SUGGESTS THAT THEY

17 OWE A COMPETING FIDUCIARY DUTY TO AVM UNDER THE

18 EXACT CIRCUMSTANCES OF THIS CASE WHICH ARE

19 ADMITTEDLY SOMEWHAT UNUSUAL.

20        THE COURT:  WELL, IT SEEMS TO ME THAT

21 AVM, BASED ON ITS PRIOR RELATIONSHIP, NEEDS TO

22 COMMUNICATE WITH THEM AND DO YOU HAVE ANY OBJECTION

23 TO HAVING COUNSEL FOR REDLEAF PRESENT DURING THE

24 COURSE OF THOSE COMMUNICATIONS?

25        MR. ORRICK:  I WOULD, YOUR HONOR.  I

37

1    WOULD AGREE NOT TO ASK ANY QUESTIONS RELATING TO

2    COMMUNICATIONS THAT THEY HAD WITH REDLEAF, BUT THEY

3    HAD A FIDUCIARY OBLIGATION TO AVM.

4         THEY WENT TO AVM LIMITED PARTNER

5    MEETINGS, THEY LOOKED AT AVM DOCUMENTS AND I'M SURE

6    MR. BALL IS A WONDERFUL PERSON, BUT I DON'T WANT

7    HIM INVOLVED IN MY COMMUNICATIONS WITH MY FORMER OR

8    CURRENT MANAGING MEMBERS ON THOSE ISSUES.

9         THE COURT:  WELL, OKAY.  I GUESS MY

10   INSTINCT IS TO SEND YOU TO JUDGE TRUMBULL AND TREAT

11   THIS AS A DISCOVERY MATTER AND SET UP THE

12   CIRCUMSTANCES OUTLINING WHAT THINGS YOU CAN TALK

13   ABOUT AND TO RESPECT THE ETHICAL OBLIGATIONS THAT,

14   THAT THEY HAVE TO YOU AND YOU HAVE TO THEM AS

15   COUNSEL.

16        AND I THINK ALL OF THAT CAN BE

17   ACCOMMODATED.  THIS IS NOT AN UNUSUAL SITUATION TO

18   HAVE PEOPLE WHO ARE FORMER FIDUCIARIES MOVING FROM

19   ONE COMPANY OR OUT OF BOTH COMPANIES.

20        AND I THINK THAT'S WHAT I'LL DO RATHER

21   THAN SIT HERE NOW AND TRY AND PARSE THAT OUT.

22        OR IF YOU WANT, JUST STAY HERE AND GIVE

23   ME A BETTER APPRECIATION, MAYBE I'LL BRING YOU INTO

24   CHAMBERS AND THE TWO OF YOU CAN KIND OF TELL ME HOW

25   TO STRUCTURE THIS.

38

1          BUT MY PROPOSAL IS THAT YOU TREAT IT AS A

2    DISCOVERY MATTER AND GO TO THE MAGISTRATE JUDGE AND

3    HAVE HER WORK IT OUT BETWEEN THE TWO OF YOU WITH

4    MORE SPECIFICS AS TO WHAT YOU WANT TO DO.

5          I'M NOT SURE WHAT AREAS OF COMMUNICATION

6    AND WHO THESE PEOPLE ARE AND HOW THEY RELATE AT

7    THIS POINT SO YOU WOULD HAVE TO BRING ME UP TO

8    SPEED BETTER THAN YOU HAVE AT THIS POINT.

9          AND I'M HAPPY TO TAKE THE TIME THIS

10   MORNING IF YOU WOULD WANT TO DO THAT.

11         MR. ORRICK:  I WOULD LOVE TO GET IT

12   RESOLVED AS SOON AS WE CAN.

13         THE COURT:  ALL RIGHT.  WELL, WHY DON'T

14   YOU STAND BY, AND I'LL CALL YOU IN.

15         MR. ORRICK:  THANK YOU, YOUR HONOR.

16         (WHEREUPON, THE PROCEEDINGS IN THIS

17   MATTER WERE CONCLUDED.)

18

19

20

21

22

23

24

25

                                                    39

# EXHIBIT D

Case 5:07-cv-05350-JW    Document 86    Filed 06/05/2008    Page 1 of 3

1

2

3

4

5

6

7                        IN THE UNITED STATES DISTRICT COURT

8                    FOR THE NORTHERN DISTRICT OF CALIFORNIA

9                                  SAN JOSE DIVISION

10    United States Small Business Admin.,            NO. C 07-05350 JW

11              Plaintiff,                    **ORDER DENYING MOTIONS TO
                                              STRIKE AND DISMISS WITHOUT
      v.                                      PREJUDICE**
12
      Redleaf Group, Inc.,
13
                Defendant, Third-Party Plaintiff,
14    v.

15    Aspen Ventures Management III LLC, et al.,

16              Third-Party Defendant.
                                              /
17

18          The United States Small Business Administration ("SBA"), as receiver for Aspen Ventures

19    III, LLP ("Aspen Ventures"), brings this action against Redleaf Group, Inc. ("Redleaf"), alleging

20    breach of contract.  Redleaf brings a Third-Party Complaint against Aspen Ventures Management

21    III, LLC, ("Aspen Management"), Alexander Cilento, and David Crockett (collectively, "Third-

22    Party Defendants") for alleged breach of contract, breach of fiduciary duty, fraud, negligent

23    misrepresentation, and indemnity.

24          Presently before the Court are 1) the SBA's Motion to Strike Affirmative Defenses and 2)

25    the Third-Party Defendants' Motion to Dismiss.  (See Docket Item Nos. 33 and 40.)  The Court

26    conducted a hearing on April 14, 2008.  Following the hearing, the Court conducted a Case

27    Management Conference.  Based on the discussion at the Conference, the Court set an expedited

28    schedule for the parties to submit cross-motions for summary judgment.  (See Docket Item No. 63.)

**United States District Court**
For the Northern District of California

1    In light of the anticipated cross-motions for summary judgment, the Court DENIES the

2   SBA's motion to strike and Third-Party Defendants' motion to dismiss without prejudice.  The

3   issues raised in the motions will be subsumed by the cross-motions for summary judgment.  To the

4   extent they are not addressed by the cross-motions for summary judgment, the parties will be given

5   an opportunity to renew those motions.

6        This Order terminates Docket Item Nos. 33 and 40.

7

8   Dated:  June 5, 2008

9                                               JAMES WARE
                                                United States District Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28                                    2

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Beverley Elizabeth Hazlewood beverley.hazlewood@sba.gov
Deirdre M. Digrande deirdre.digrande@klgates.com
Gregory Caesar Nuti gnuti@schnader.com
Jessica L. Grant jgrant@tcolaw.com
Matthew Gordon Ball matthew.ball@klgates.com
Nicholas George Campins ncampins@tcolaw.com
Stephen E. Taylor staylor@tcolaw.com
William Horsley Orrick EfilingWHO@cpdb.com

**Dated:  June 5, 2008**                          Richard W. Wieking, Clerk


                                                  By:    /s/ JW Chambers
                                                        Elizabeth Garcia
                                                        Courtroom Deputy

United States District Court

For the Northern District of California

# EXHIBIT E

## Ball, Matthew G.

| | |
|---|---|
| **From:** | Orrick, William [WHO@cpdb.com] |
| **Sent:** | Tuesday, April 22, 2008 5:11 PM |
| **To:** | Ball, Matthew G. |
| **Cc:** | Huizar, Courtney; Jessica Grant; Nuti, Gregory; Teckler, Martin D.; Digrande, Deirdre M. |
| **Subject:** | RE: Communication with Kohler and Mahaffey |

Dear Matt,

I'm not sure from your email whether you intend to redraft the letter I sent yesterday; given your comments, it probably makes sense that you take a crack at it. If you do, please consider this, in response to the points in your email:

1. Whatever guidelines we agree to need to be blessed by Judge Ware before we send the letter to Messrs. Kohler and Mahaffey.
2. It's fine to clarify that the letter relates to meetings with counsel, not depositions.
3. You are free to ask the witnesses about their reports to your Board, including documents discussed, just as I am about their discussions with AVM's managing members. However, I can't ask about their communications with your Board, and you can't ask about their communications with AVM's managing members. And yes, their fiduciary relationship with AVM makes confidential information they learned about Series A or B as managing members. As you know, there were cross guaranties which make the distinction between Series A and B meaningless for purposes of this analysis.
4. I'm happy to consider any fuller definition of confidentiality or examples you might suggest which would accurately describe the appropriate boundaries for ex parte communications.
5. Your letters said that Messrs. Kohler and Mahaffey should not communicate with me. The reason we are sending the proposed letter is to correct that advice. If you have other language which conveys that correction, I'm happy to consider it.

As we discussed in San Jose, it is a needless expense to litigate these issues. Under Judge Ware's protocol, we would still have to agree to the contours of the communications after we met with Messrs. Kohler and Mahaffey or end up with Magistrate Judge Trumbull. We can save a step and a discovery motion if we agree now. Since you didn't like my attempt, please take a shot at a neutral letter which outlines the contours.

Bill Orrick

William H. Orrick, III
Coblentz, Patch, Duffy & Bass, LLP
One Ferry Building, Suite 200
San Francisco, CA 94111
(415) 772-5712 direct
(415) 391-4800 main

This transmittal is intended only for the use of the individual or entity to which it is addressed and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If the reader of this transmittal is not the intended recipient or the employee or agent responsible for delivering the transmittal to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited.

**From:** Ball, Matthew G. [mailto:Matthew.Ball@klgates.com]
**Sent:** Tuesday, April 22, 2008 4:08 PM
**To:** Orrick, William
**Cc:** Huizar, Courtney; Jessica Grant; Nuti, Gregory; Teckler, Martin D.; Digrande, Deirdre M.
**Subject:** RE: Communication with Kohler and Mahaffey

6/2/2008

Dear Bill:

Some comments.

First, I do not believe that the letter should say that Judge Ware directed that we adhere to these guidelines, because he did not. Judge Ware proposed something different.

Second, the letter is a bit confusing in that it discusses "information to which the parties are not entitled." I think I am entitled to information from Messrs. Kohler and Mahaffey's service as managing members of AVM (in discovery, if nowhere else) -- the problem Judge Ware had was with ex parte communication.

Third, under your formulation, I would not be entitled to ask about "discussions or documents" relating to Messrs. Kohler and Mahaffey's service as a Series B Managing Member of AVM. The isolation of the Series B Managing Members from the valuation of the Series A portfolio, and indeed, other effects of the Series A/Series B structure would seem to be off limits to me, but not to you. This is so even though Messrs. Kohler and Mahaffey may have reported to Redleaf about their experiences as Series B members of AVM, and may have shared relevant documents with Redleaf personnel. (I don't know whether they did or not). This doesn't make much sense. Moreover, as you know, the issues surrounding the Series A/Series B Management structure are a key focus of Redleaf's case. So under your formulation, AVM would be able to explore the key issues in this case through ex parte interviews with Messrs. Kohler and Mahaffey while Redleaf would be barred from doing so. I cannot agree to that. 

Fourth, I think the letter does not provide sufficient guidance to Messrs. Kohler and Mahaffey because it requires them to decide when providing information would breach their fiduciary duty and contains no definition of confidential information. I think having better examples as well as a definition would prove less chilling to communication.

Fifth, the letter should not state that my previous letters were of no force or effect. The fiduciary relationship and its strictures I pointed out form part of the basis of the Court's decision. Rather, our letter should make clear that, notwithstanding my earlier letters, they may communicate -- if they choose -- with AVM's counsel provided that they adhere to the strictures of the letter.

I do agree that we should alert Judge Ware.

Very truly yours,

Matthew G. Ball
K&L Gates LLP
55 Second Street, Suite 1700
Direct Dial: (415) 249-1014
Fax: (415) 882-8220
Mobile: (415) 283-9359

---

**From:** Orrick, William [mailto:WHO@cpdb.com]
**Sent:** Monday, April 21, 2008 3:26 PM
**To:** Ball, Matthew G.
**Cc:** Huizar, Courtney; Jessica Grant; Nuti, Gregory
**Subject:** Communication with Kohler and Mahaffey

Dear Matt,

   Attached is my attempt to set out a reasonable protocol for our discussions with Messrs. Kohler and Mahaffey.

If this meets with your approval, we should probably alert Judge Ware, since he ordered us to do this somewhat differently (though we would eventually have had to sit down and create the protocol I'm suggesting). I look forward to hearing from you.

    Bill Orrick

William H. Orrick, III
Coblentz, Patch, Duffy & Bass, LLP
One Ferry Building, Suite 200
San Francisco, CA 94111
(415) 772-5712 direct
(415) 391-4800 main

This transmittal is intended only for the use of the individual or entity to which it is addressed and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If the reader of this transmittal is not the intended recipient or the employee or agent responsible for delivering the transmittal to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited.

This electronic message contains information from the law firm of Kirkpatrick & Lockhart Preston Gates Ellis LLP. The contents may be privileged and confidential and are intended for the use of the intended addressee(s) only. If you are not an intended addressee, note that any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you have received this e-mail in error, please contact me at Matthew.Ball@klgates.com.

6/2/2008