Gregory C. Nuti (Bar No. 151754)
SCHNADER HARRISON SEGAL & LEWIS LLP
One Montgomery Street, Suite 2200
San Francisco, CA 94104-5501
Telephone: 415-364-6700
Facsimile: 415-364-6785
E-mail: gnuti@schnader.com

Beverley Hazlewood Lewis
Trial Attorney, Office of General Counsel
U.S. Small Business Administration
409 3rd Street, S.W., Suite 7200
Washington, D.C. 20416
Telephone (202) 619-1605
Facsimile (202) 481- 0468

Attorneys for Plaintiff,
United States Small Business Administration in its capacity as Receiver for Aspen Ventures III, L.P.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES SMALL BUSINESS ADMINISTRATION IN ITS CAPACITY AS RECEIVER FOR ASPEN VENTURES III, L.P.,<br><br>Plaintiff,<br><br>vs.<br><br>REDLEAF GROUP, INC.,<br><br>Defendants.<br><br>REDLEAF GROUP, INC.,<br><br>Third-Party Plaintiff,<br><br>vs.<br><br>ASPEN VENTURES MANAGEMENT III, LLC, a Delaware Limited Liability Company, ALEXANDER P. CILENTO, a California resident, and DAVID CROCKETT, a California resident, and DOES 1-10,<br><br>Third-Party Defendants. | Case No.: C07-05350 JW/PVT<br><br>**OBJECTION TO DECLARATION OF RONALD C. CIBOLSKI IN SUPPORT OF REDLEAF GROUP INC.'S OPPOSITION TO MOTION FOR SUMMARY JUDGMENT**<br><br>Date:       June 23, 2008<br>Time:      9:00 a.m.<br>Location: 280 South First Street, Courtroom 8, 4th Floor San Jose, CA 95113<br>Judge:     Hon. James Ware |

## I. INTRODUCTION

Plaintiff, the United States Small Business Administration in its capacity as Receiver for Aspen Ventures III, L.P. ("Receiver") hereby objects to admissibility of the Declaration of Ronald C. Cibolski In Support of Redleaf Group, Inc.'s Opposition to Motion For Summary Judgment ("Cibolski Decl.") pursuant to Federal Rules of Evidence 401 and 402 and 18 U.S.C. §§ 207 and 216. Mr. Cibolski's testimony addresses alleged failures in the SBA's regulatory oversight of Aspen Ventures. Any alleged wrongful conduct on behalf of the SBA in its role as regulator is irrelevant to the claims asserted by the Receiver on behalf of Aspen Ventures III, LLP ("Aspen Ventures"). Further as a former employee of the SBA that was personally and substantially involved in the regulatory oversight of Aspen Ventures, Mr. Cibolski is permanently prohibited from advocating before this Court on behalf of Redleaf Group, Inc. Mr. Cibolski's testimony is therefore inadmissible, even if found to be relevant.

## II. FACTUAL BACKGROUND

Mr. Cibolski was employed by the SBA as Director of SBIC Operations from 1993 through 2003. Cibolski Decl., ¶ 2. Mr. Cibolski was responsible through staff for the regulatory oversight, financial oversight and leveraging of Aspen Ventures, directly supervising the Area Chief and SBIC analyst responsible for Aspen Ventures. Cibolski Decl., ¶¶ 2-3. Mr. Cibolski also chaired the Credit Committee which approved or denied leverage requests from SBICs, including specific leverage requests from Aspen Ventures. *Id.;* Declaration of Marja Maddrie In Support of Receiver's Objection to Declaration of Ronald C. Cibolski, ¶ 8; Exhibits E-H ("Maddrie Decl.). Further, Mr. Cibolski reviewed and approved Aspen Ventures' and Redleaf's request to satisfy Redleaf's capital commitment with non-cash assets, the very same obligation that is the subject of this litigation[1].

Mr. Cibolski, by virtue of his role as Director of SBIC Operations and his supervisory position over Walter C. Peterson, the Area Chief at the time, must have been aware of, if not approved, the First Amendment to Aspen Ventures limited partnership Agreement. *See*

---
[1] Despite obtaining SBA approval, Redleaf decided against satisfying its commitment.

Declaration of Richard Moser in Support of Motion for Summary Judgment, ¶ 8, Exhibit D ("The Office of SBIC Operations (Operations) has reviewed your proposed amendments to the general partner's agreement…for Aspen Ventures III (Licensee) relating to the proposed admission of new limited partners…. Operations had no objections to the proposed amendments as set forth in the limited partnership agreement."). On August 1, 2002, shortly after Redleaf joined Aspen Ventures, Mr. Cibolski approved the SBA's $30 million leverage commitment based upon Redleaf's admission to Aspen Ventures and its $15 million capital commitment. Maddrie Decl., ¶ 7, Exhibit D. Thereafter, Mr. Cibolski personally approved four (4) separate Leverage Draws by Aspen Ventures. Maddrie Decl., ¶ 8, Exhibits E-H. Presumably, these Leverage Draws were based upon the enforceability of Redleaf's capital commitment; otherwise they would not have been approved. Finally, Mr. Cibolski personally approved Redleaf's request that it be allowed to fulfill its capital commitment with non-cash assets. Maddrie Decl. ¶ 9; Exhibits I, J. Again, these documents indicate Mr. Cibolski was of the opinion that Redleaf's capital commitment was enforceable.

Mr. Cibolski is now a paid consultant to Redleaf Group and has opined as to numerous alleged regulatory failures committed by the SBA, apparently in contradiction to his own actions while employed by the SBA. Cibolski Decl., ¶¶ 1-23.

### III.    ARGUMENT

Federal Rule of Evidence 401 defines "relevant evidence" as "having the tendency to make the existence of any fact that is of consequence to the determination of the action" more or less probable. Fed. R. Ev. 401. Federal Rule of Evidence 402 provides that relevant evidence is admissible except to the extent provided by the Constitution, Act of Congress, Federal Rules of Evidence or prescribed by the Supreme Court. Fed. R. Ev. 402. Irrelevant evidence is not admissible. *Id.*

In this case, Mr. Cibolski's testimony addresses alleged actions or inactions of the SBA in its role as regulator. As more fully set forth in the Receiver's Reply to Redleaf's Opposition to the Receiver's Motion for Summary Judgment, any alleged wrongs committed by the SBA *as regulator* have no bearing on the Receiver's claim against Redleaf. Even if true, any

1  alleged failures of the SBA as regulator do not affect Aspen Ventures' ability to enforce a capital
2  commitment against its limited partner. Therefore, Mr. Cibolski's declaration does not prove
3  any facts that are of consequence to the determination of the action.
4        Even if Mr. Cibolski's testimony is relevant, it should be excluded pursuant to
5  Federal Rule of Evidence 402 as having been obtained in violation of statutory prohibitions. *See*
6  *United States of America ex rel. Michael D. Watson v. Connecticut General Life Ins. Co.*, 2003
7  U.S. Dist. LEXIS 1344, *7-*8 (E.D. PA 2003) ("*Watson*").
8        The Ethics in Government Act (EGA), under Title 18 of the United States Code,
9  addresses and prohibits former government employees from advocating on behalf of a client
10 before a court on matters in which the employee was involved while employed by the
11 government. Specifically, section 207(a) of the EGA provides:

> Any person who is an officer or employee (including any special Government employee) of the executive branch of the United States (including any independent agency of the United States), or of the District of Columbia, and who, after the termination of his or her service or employment with the United States or the District of Columbia, knowingly makes, with the intent to influence, any communication to or appearance before any officer or employee of any department, agency, court, or court-martial of the United States or the District of Columbia, on behalf of any other person (except the United States or the District of Columbia) in connection with a particular matter –
>
> (A) in which the United States or the District of Columbia is a party or has a direct and substantial interest,
>
> (B) in which the person participated personally and substantially as such officer or employee, and
>
> (C) which involved a specific party or specific parties at the time of such participation, shall be punished as provided in section 216 of this title.

18 U.S.C. § 207(a).

       Section 216 of the EGA provides:

> The punishment for an offense under section 203, 204, 205, 207, 208, or 209 of this title is the following
>
> (1) Whoever engages in the conduct constituting the offense shall be imprisoned for not more than one year or fined in the amount set forth in this title, or both.

SCHNADER HARRISON SEGAL & LEWIS LLP
ONE MONTGOMERY STREET, SUITE 2200
SAN FRANCISCO, CA 94104-5501
TELEPHONE: 415-364-6700

> (2) Whoever willfully engages in the conduct constituting the offense shall be imprisoned for not more than five years or fined in the amount set forth in this title, or both.
>
> (b) The Attorney General may bring a civil action in the appropriate United States district court against any person who engages in conduct constituting an offense under section 203, 204, 205, 207, 208, or 209 of this title and, upon proof of such conduct by a preponderance of the evidence, such person shall be subject to a civil penalty of not more than $50,000 for each violation or the amount of compensation which the person received or offered for the prohibited conduct, whichever amount is greater. *The imposition of a civil penalty under this subsection does not preclude any other criminal or civil statutory, common law, or administrative remedy, which is available by law to the United States or any other person.*

18 U.S.C. § 216 (emphasis added).

Mr. Cilboksi may not attempt to influence this Court in connection with a particular matter in which (1) the United States has a direct and substantial interest and (2) he participated personally and substantially. 18 U.S.C. §207(a).

In this case, the SBA, an administrative agency of the United States, has a direct and substantial interest in this case in its capacity as a preferred limited partner of Aspen Ventures.

Mr. Cibolski also had a personal and substantial role in enforcing the Act and its Regulations as specifically applied to Redleaf and Aspen Ventures. When interpreting whether the declarant "personally and substantially" participated in a specific matter, courts have looked at the size and scope of the matter, as well as whether that person had decisional authority or responsibility. *CNA Corp. v. United States,* 2008 U.S. Claims LEXIS 121, *26 (Ct. Cl. 2008). The Seventh Circuit discussed the issue as follows:

> The parties, facts, and subject matter must coincide to trigger the prohibition of § 207(a). *See* B. Manning, Federal Conflict of Interest Law 204 (1964) (the statute is concerned with switching sides on "discrete and isolable transactions between identifiable parties"). Too, the officer is disqualified only if he participated "personally and substantially" in the contract or other matter; if the matter was just within his job description, but he did not work on it himself, the officer would be free to represent a private party after leaving the government.

*United States of America v. Medico Industries, Inc.*, 784 F.2d 840, 843 (7th Cir. 1986). Thus, a former army officer who had negotiated and supervised ammunition contracts violated 18 U.S.C.

OBJECTION TO CIBOLSKI DECL. CASE NO. C07-05350

5

PHDATA 3098405_1

§ 207(a) when he negotiated on behalf of an ammunitions supplier a contract for the same type of ammunition he had previously obtained on behalf of the government:

> Hill negotiated the original contracts with both Medico and Airport Machining and knew before he left the Command that someone would have to step into Airport Machining's shoes. The parties, the facts, and the subject matter are the same in contract '259 and modification '002. Nothing more is required. Hill's change of sides therefore violated § 207(a).

*Id.* at 844.

Mr. Cibolski, by virtue of his supervisory position of Director of Operations, must have been aware, if not approved of, the First Amendment to Aspen Ventures limited partnership Agreement. *See* Moser Decl., ¶ 8, Exhibit D. On August 1, 2002, shortly after Redleaf joined Aspen Ventures, Mr. Cibolski approved the SBA's $30 million leverage commitment based upon Redleaf's admission to Aspen Ventures and its $15 million capital commitment. Maddrie Decl. ¶ 7; Exhibit D. Thereafter, Mr. Cibolski personally approved four (4) separate Leverage Draws by Aspen Ventures. Maddrie Decl. ¶ 8 Exhibits E-H. Finally, Mr. Cibolski personally approved Redleaf's request that it be allowed to fulfill its capital commitment with non-cash assets. Maddrie Decl. ¶ 9; Exhibits I, J.

Mr. Cilbolski personally and substantially participated in the financial and regulatory oversight of Aspen Ventures, including specifically the admission of Redleaf as a limited partner, leverage draws based upon Redleaf's capital commitment and the consideration and authorization on behalf of the SBA of a potential non-cash contribution from Redleaf in satisfaction of its capital commitment. There can be no clearer conflict. Mr. Cibolski's testimony violates 18 U.S.C. § 207(a).

Although the Receiver acknowledges that it does not have standing directly to seek civil or criminal remedies under 18 U.S.C. § 216, it is not precluded from seeking other available remedies. 18 U.S.C. § 216 (b)("The imposition of a civil penalty under this subsection does not preclude any other criminal or civil statutory, common law, or administrative remedy, which is available by law to the United States *or any other person*.)(emphasis added).

In this case, Mr. Cibolski's testimony is inadmissible pursuant to Federal Rule of 402 as having been obtained in violation of law. *United States of America ex rel. Michael D. Watson v. Connecticut General Life Ins. Co.*, 2003 U.S. Dist. LEXIS 1344, *7-*8 (E.D. PA 2003) ("*Watson*").

Wherefore, the Receiver prays that the Court sustain the Receiver's objection to the admissibility of Mr. Cibolski's declaration.

Dated: June 9, 2008                                SCHNADER HARRISON SEGAL & LEWIS LLP

By: /s/ Gregory C. Nuti
Gregory C. Nuti
Attorneys for Plaintiff, the United States Small Business Administration in its capacity as Receiver for Aspen Ventures III, L.P.

SCHNADER HARRISON SEGAL & LEWIS LLP
ONE MONTGOMERY STREET, SUITE 2200
SAN FRANCISCO, CA 94104-5501
TELEPHONE: 415-364-6700

OBJECTION TO CIBOLSKI DECL. CASE NO. C07-05350
7
PHDATA 3098405_1