JESSICA L. GRANT (SBN 178138)
NICHOLAS G. CAMPINS (SBN 238022)
TAYLOR & COMPANY LAW OFFICES, LLP
One Ferry Building, Suite 355
San Francisco, California  94111
Telephone:  (415) 788-8200
Facsimile:   (415) 788-8208
E-mail: jgrant@tcolaw.com
E-mail: ncampins@tcolaw.com

Attorneys for Third-Party Defendants
ALEXANDER P. CILENTO and
DAVID CROCKETT

[Additional Counsel on Signature Page]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES SMALL BUSINESS ADMINISTRATION in its capacity as Receiver for Aspen Ventures, III,<br><br>        Plaintiffs,<br><br>v.<br><br>REDLEAF GROUP, INC.,<br><br>        Defendant and Third-Party Plaintiff,<br><br>v.<br><br>ASPEN VENTURES MANAGEMENT III, LLC, a Delaware Limited Liability Company, ALEXANDER P. CILENTO, a California resident, and DAVID CROCKETT, a California resident, and DOES 1-10,<br><br>        Third-Party Defendants. | Case No.: C-07-05350 JW (PVT)<br><br>**THIRD-PARTY DEFENDANTS' OBJECTIONS TO EVIDENCE SUBMITTED BY REDLEAF GROUP, INC. IN OPPOSITION TO THIRD-PARTY DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**<br><br>Date:    June 23, 2008<br>Time:   9:00 a.m.<br>Place:   Courtroom 8, 4th Floor<br><br>            Honorable James Ware |

TAYLOR & CO.
LAW OFFICES, LLP

THIRD-PARTY DEFENDANTS' OBJECTIONS TO EVIDENCE SUBMITTED BY REDLEAF GROUP, INC. IN OPPOSITION TO THIRD-PARTY DEFENDANTS' MOTION FOR SUMMARY JUDGMENT:
CASE NO. C-07-05350 JW (PVT)

Third-party defendants Alexander Cilento, David Crockett and Aspen Ventures Management III, LLC ("third-party defendants") hereby object to the following evidence submitted by Redleaf Group, Inc. ("Redleaf") in opposition to Third-Party Defendants' Motion for Summary Judgment.

### Objections to Declaration of Michael J. Tomana

| Objection: | Grounds for Objection: |
|---|---|
| 1. The declaration is unsigned and unsworn and should be disregarded (*i.e.* the declaration was not manually signed, nor did it contain an attestation that concurrence in the filing of the document had been obtained). | General Order No. 45 § X-B; F.R.E. 603. |

| Objectionable Evidence: | Grounds for Objection: |
|---|---|
| 1. Paragraph 3, lines 14-22: "Even if someone at Redleaf had found out that Aspen II was capitally impaired in 2003, there still would have been no way for Redleaf to realistically discover whether that impairment status had existed at the time Aspen III's management was in discussions with Redleaf in 2001 and 2002 and no basis to take action against the Third-Party Defendants since Redleaf was not a limited partner in Aspen II. Aspen II was a separately licensed SBIC, Redleaf had no investments in Aspen II, and no right to be given information relative to the operations of Aspen II, including information regarding capital impairment. As set forth in Paragraph 18 of my Declaration in opposition to the SBA's motion, Aspen III's management would not even consent to give Redleaf information about the Series A Investments made by Aspen III, even though Redleaf was a limited partner." | Does not contain specific facts but instead contains impermissible conclusions and argument [Civ. L. R. 7-5 & F.R.C.P. 56(e)(2)]; inadmissible lay opinion [F.R.E. 701]; lacks personal knowledge & speculative [F.R.E. 602]; irrelevant [F.R.E. 401-402]; improperly attempts to incorporate by reference a paragraph from another unsigned and unsworn declaration [General Order No. 45 § X-B; F.R.E. 603]. |

TAYLOR & CO.
LAW OFFICES, LLP

1.
THIRD-PARTY DEFENDANTS' OBJECTIONS TO EVIDENCE SUBMITTED BY REDLEAF GROUP, INC. IN OPPOSITION TO THIRD-PARTY DEFENDANTS' MOTION FOR SUMMARY JUDGMENT:
CASE NO. C-07-05350 JW (PVT)

| | |
|---|---|
| 2. Paragraph 4, lines 25-03: "Redleaf in 2003 knew that AVM had not obtained new investors, this could have been because Aspen III's management team was unable to get new investors, or Aspen III s management simply changed its mind about obtaining new investors. It is only with hindsight, within the context of everything else Redleaf learned, that Redleaf now believes that the representations regarding the potential for additional investors were false." | Does not contain specific facts but instead contains impermissible conclusions and argument [Civ. L. R. 7-5 & F.R.C.P. 56(e)(2)]; inadmissible lay opinion [F.R.E. 701]; lacks personal knowledge & speculative [F.R.E. 602]; irrelevant [F.R.E. 401-402]. |
| 3. Paragraph 5, lines 6-10: "The reason why this was a problem for Redleaf at the time was not the fact that Reasoning was an Aspen II portfolio company, but that Redleaf and Aspen III's management had an understanding that Aspen III's management would seek approval from Redleaf s management for Series B investments in entities other than Redleaf portfolio companies.  In this case, Aspen III's management made the investment in Reasoning without doing so." | Does not contain specific facts but instead contains impermissible conclusions and argument [Civ. L. R. 7-5 & F.R.C.P. 56(e)(2)]. |
| 4. Paragraph 6 (in its entirety) | Does not contain specific facts but instead contains impermissible conclusions and argument [Civ. L. R. 7-5 & F.R.C.P. 56(e)(2)]. |
| 5. Paragraph 7, lines 22-23: "Mr. Whalen again asserted at this time that Series A assets would be sufficient to repay outstanding Series A leverage and Series A capital." | Inadmissible hearsay (alleged statements by a decedent Whalen) [F.R.E. 802; *Throckmorton v. Holt*, 180 U.S. 552, 573 (1901)]. |
| 6. Paragraph 10 (in its entirety) | Does not contain specific facts but instead contains impermissible conclusions and argument [Civ. L. R. 7-5 & F.R.C.P. 56(e)(2)]; irrelevant (it is Redleaf's knowledge that is relevant, not Tomana's specifically) [F.R.E. 401-402]. |
| 7. Paragraph 11, lines 13-15: "In that meeting, the Aspen representatives, specifically Crockett and Cilento, agreed that Aspen III did not need any additional capital to manage an orderly liquidation of the portfolio and the fund." | Irrelevant [F.R.E. 401-402]. |
| 8. Paragraph 12: At no time prior to April of 2007 … did anyone at Redleaf ever suspect that Third-Party Defendants Alexander Cilento and David Crockett had | Does not contain specific facts but instead contains impermissible conclusions and argument [Civ. L. R. 7-5 & F.R.C.P. 56(e)(2)]; inadmissible lay opinion (as to requirements of |

2.

Taylor & Co.
Law Offices, LLP

THIRD-PARTY DEFENDANTS' OBJECTIONS TO EVIDENCE SUBMITTED BY REDLEAF GROUP, INC. IN OPPOSITION TO THIRD-PARTY DEFENDANTS' MOTION FOR SUMMARY JUDGMENT:
CASE NO. C-07-05350 JW (PVT)

| | |
|---|---|
| not signed off on the valuations of Aspen III investments as provided in the SBIC regulations, valuation guidelines and the 1999 Partnership Agreement. | regulations, guidelines and agreement) [F.R.E. 701]; lacks personal knowledge & speculative (concerning others' supposed knowledge at Redleaf) [F.R.E. 602]; irrelevant [F.R.E. 401-402]. |

### Objections to Declaration of Ronald C. Cibolski

| Objection: | Grounds for Objection: |
|---|---|
| 1. The objections asserted by the United States Small Business Administration in its Objection to Declaration of Ronald J. Cibolski, Docket # 97, are expressly incorporated by reference as if set forth in full herein. | Mr. Ciboloski's testimony was obtained in violation of applicable law and should be disregarded. *See* Docket # 97. |
| 2. The declaration has no bearing on the issue of statute of limitations or laches and is irrelevant. | F.R.E. 401-402. |
| 3. The declarant lacks personal knowledge of the facts to which he claims to attest and the declaration is therefore speculative. | F.R.E. 602. |
| 4. The declaration (signed by a purported expert) would not assist the trier of fact. | F.R.E. 702. |
| 5. The declaration (signed by a purported expert) is not the product of reliable principles and methods. | F.R.E. 702-703. |
| 6. The declaration's probative value, if any, is outweighed by the danger that it will confuse the issues, waste time, and needlessly present cumulative evidence. | F.R.E. 403. |
| **Objectionable Evidence:** | **Grounds for Objection:** |
| 1. Paragraph 4 (in its entirety). | Inadmissible hearsay (alleged content of "Partnership Agreement") [F.R.E. 802]; testimony violates original document/best evidence rule (the purported Partnership Agreement) [F.R.E. 1002]; does not contain specific facts but instead contains impermissible conclusions and argument [Civ. L. R. 7-5 & F.R.C.P. 56(e)(2)]; lacks personal knowledge & speculative (as to "Partnership Agreement") [F.R.E. 602]; irrelevant [F.R.E. 401-402]. |

3.

THIRD-PARTY DEFENDANTS' OBJECTIONS TO EVIDENCE SUBMITTED BY REDLEAF GROUP, INC. IN OPPOSITION TO THIRD-PARTY DEFENDANTS' MOTION FOR SUMMARY JUDGMENT:
CASE NO. C-07-05350 JW (PVT)

Taylor & Co.
Law Offices, LLP

| | | |
|---|---|---|
| 2. | Paragraph 5, lines 16-21: "It goes without saying that the accuracy of the valuations of the investments of an SBIC by its managers is the cornerstone of the integrity of the SBIC's relationship with its private investors. It is also essential to the preservation of SBA's ability to properly regulate and leverage an SBIC. That is precisely why the SBA Valuation Regulations and Guidelines are explicit as to the necessity for the retention of documentation that supports the valuations as well as appropriate adherence to sign-off procedures." | Does not contain specific facts but instead contains impermissible conclusions and argument [Civ. L. R. 7-5 & F.R.C.P. 56(e)(2)]; lacks personal knowledge & speculative (as to SBA's motivations for regulations, etc) [F.R.E. 602]; irrelevant [F.R.E. 401-402]. |
| 3. | Paragraph 5, lines 21-24: "Based upon the information Redleaf has subsequently been provided by SBA as part of its request for documentation, there is no assurance that these requirements were ever met by the members of the General partner of Aspen Ventures West II, LP ("Aspen II") or Aspen III: Whalen, Cilento and Crockett." | Does not contain specific facts but instead contains impermissible conclusions and argument [Civ. L. R. 7-5 & F.R.C.P. 56(e)(2)]; lacks personal knowledge & speculative (as to what documentation was provided to SBA) [F.R.E. 602]; irrelevant [F.R.E. 401-402]. |
| 4. | Paragraph 6 (in its entirety) | Lacks personal knowledge & speculative (as to SBA's alleged examination and review process) [F.R.E. 602]; irrelevant [F.R.E. 401-402]; testimony violates original document/best evidence rule (the Examination Report) [F.R.E. 1002]; does not contain specific facts but instead contains impermissible conclusions and argument [Civ. L. R. 7-5 & F.R.C.P. 56(e)(2)]. |
| 5. | Paragraph 9 (in its entirety) | Lacks personal knowledge (as to what documents were provided to SBA and completeness of its records) [F.R.E. 602]; speculative (as to what Cilento and Crockett's roles should have been in valuation) [F.R.E. 602]; inadmissible hearsay (purported content of documents) [F.R.E. 802]; violates original document/best evidence rule (the purported records of SBA) [F.R.E. 1002]; does not contain specific facts but instead contains impermissible conclusions and argument [Civ. L. R. 7-5 & F.R.C.P. 56(e)(2)]. |
| 6. | Paragraph 10 (in its entirety) | Irrelevant [F.R.E. 401-402]. |
| 7. | Paragraph 11 (in its entirety) | Irrelevant [F.R.E. 401-402]. |
| 8. | Paragraph 12 (in its entirety) | Irrelevant [F.R.E. 401-402]; inadmissible habit evidence (not offered to show SBA's conduct in a particular instance) [F.R.E. 406]. |

4.

THIRD-PARTY DEFENDANTS' OBJECTIONS TO EVIDENCE SUBMITTED BY REDLEAF GROUP, INC. IN OPPOSITION TO THIRD-PARTY DEFENDANTS' MOTION FOR SUMMARY JUDGMENT:
CASE NO. C-07-05350 JW (PVT)

TAYLOR & CO.
LAW OFFICES, LLP

| 9. Paragraph 13 (in its entirety) | Irrelevant [F.R.E. 401-402]; inadmissible habit evidence (not offered to show SBA's conduct in a particular instance) [F.R.E. 406]. |

**Objections to Declaration of Martin D. Teckler**

| Objection: | Grounds for Objection: |
| --- | --- |
| 1. The declaration (in its entirety) has no bearing on the issue of statute of limitations or laches and is irrelevant. | [F.R.E. 401-402]. |

At the hearing on third-party defendants' Motion, third-party defendants will respectfully request the Court to sustain the above objections on the grounds stated.

Dated: June 11, 2008                Respectfully submitted,

TAYLOR & COMPANY LAW OFFICES, LLP


By:  /s/ Jessica L. Grant
       Jessica L. Grant
Attorneys for Third-Party Defendants
ALEXANDER P. CILENTO and DAVID CROCKETT

Dated: June 11, 2008                COBLENTZ, PATCH, DUFFY & BASS LLP


By:  /s/ William H. Orrick, III
       William H. Orrick, III
Attorneys for Third-Party Defendant
ASPEN VENTURES MANAGEMENT III, LLC

WILLIAM H. ORRICK, III (SBN 113252)
COBLENTZ, PATCH, DUFFY & BASS LLP
One Ferry Building, Suite 200
San Francisco, California 94111
Telephone: (415) 391-4800
Facsimile:  (415) 989-1663
E-mail: who@cpdb.com

TAYLOR & CO.
LAW OFFICES, LLP

5.
THIRD-PARTY DEFENDANTS' OBJECTIONS TO EVIDENCE SUBMITTED BY REDLEAF GROUP, INC. IN OPPOSITION TO THIRD-PARTY DEFENDANTS' MOTION FOR SUMMARY JUDGMENT:
CASE NO. C-07-05350 JW (PVT)