JESSICA L. GRANT (SBN 178138)
NICHOLAS G. CAMPINS (SBN 238022)
TAYLOR & COMPANY LAW OFFICES, LLP
One Ferry Building, Suite 355
San Francisco, California 94111
Telephone: (415) 788-8200
Facsimile: (415) 788-8208
E-mail: jgrant@tcolaw.com
E-mail: ncampins@tcolaw.com

Attorneys for Third-Party Defendants
ALEXANDER P. CILENTO and
DAVID CROCKETT

[Additional Counsel on Signature Page]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES SMALL BUSINESS ADMINISTRATION in its capacity as Receiver for Aspen Ventures, III,<br><br>Plaintiffs,<br><br>v.<br><br>REDLEAF GROUP, INC.,<br><br>Defendant and Third-Party Plaintiff,<br><br>v.<br><br>ASPEN VENTURES MANAGEMENT III, LLC, a Delaware Limited Liability Company, ALEXANDER P. CILENTO, a California resident, and DAVID CROCKETT, a California resident, and DOES 1-10,<br><br>Third-Party Defendants. | Case No.: C-07-05350 JW (PVT)<br><br>**THIRD-PARTY DEFENDANTS' RESPONSE TO OBJECTIONS TO EVIDENCE SUBMITTED BY REDLEAF GROUP, INC. IN SUPPORT OF ITS OPPOSITION TO THIRD-PARTY DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**<br><br>Date: June 23, 2008<br>Time: 9:00 a.m.<br>Dept.: Courtroom 8, 4th Floor<br><br>Honorable James Ware |

TAYLOR & CO.
LAW OFFICES, LLP

THIRD-PARTY DEFENDANTS' RESPONSE TO OBJECTIONS TO EVIDENCE SUBMITTED BY REDLEAF GROUP, INC. IN SUPPORT OF ITS OPPOSITION TO THIRD-PARTY DEFENDANTS' MOTION FOR SUMMARY JUDGMENT: CASE NO. C-07-05350 JW (PVT)

Third-party defendants David Crockett, Alexander Cilento and Aspen Ventures Management III, LLC ("third-party defendants") hereby respond to Redleaf Group, Inc.'s objections to evidence.

**Responses To Redleaf's Objections To Declaration Of David Crockett**

| Evidence | Redleaf's Objection | Response |
|---|---|---|
| 1. Paragraph 7, lines 5-8: "As of mid-2001, Redleaf had raised approximately $220 million of private capital. Redleaf's fund was backed by first-tier investors including Novell,[etc.] . . ." | Inadmissible hearsay [F.R.E. 802]; Lacks foundation [F.R.E. 104]; Lacks personal knowledge [F.R.E. 602]; Relevance [F.R.E. 401-402]. | <u>Hearsay:</u> The cited language does not recite an out-of court "statement" offered for its truth. [F.R.E. 801 (a)-(c)]; <u>Personal knowledge/foundation:</u> the declaration attests familiarity with Redleaf's business [F.R.E. 602]; <u>Relevance:</u> the cited language tends to show that Redleaf was a sophisticated investor and is relevant to inquiry notice. |
| 2. Paragraph 8: lines 10-12: "I am informed and believe that the proposed partnership between Aspen and Redleaf was negotiated by Whalen on behalf of Aspen, and by Kohler and others on behalf of Redleaf." | Inadmissible hearsay [F.R.E. 802]; Lacks foundation [F.R.E. 104]; Lacks personal knowledge [F.R.E. 602]; Speculative. | <u>Hearsay:</u> The cited language does not recite an out-of court "statement" offered for its truth. [F.R.E. 801 (a)-(c)]; <u>Personal knowledge/foundation/speculative:</u> A statement in a declaration may be made upon information and belief if the basis therefor is specified. [Civ. L. R. 7-5]. Here, the basis is specified: Crockett attests that he believes it to be true based on his personal knowledge of the negotiations. |
| 3. Paragraph 9: "I am informed and believe that Kohler who had known Whalen socially, etc." | Inadmissible hearsay [F.R.E. 802]; Lacks foundation [F.R.E. 104]; Lacks personal knowledge [F.R.E. 602]; Speculative. | <u>Hearsay:</u> The cited language does not recite an out-of court "statement" offered for its truth. [F.R.E. 801 (a)-(c)]; <u>Personal knowledge/foundation/speculative:</u> A statement in a declaration may be made upon information and belief if the basis therefor is specified. [Civ. L. R. 7-5]. Here, the basis is specified: Crockett believes Kohler knew Whalen had cancer because he knew Kohler and Whalen to be friends. |

TAYLOR & CO.
LAW OFFICES, LLP

1.

THIRD-PARTY DEFENDANTS' RESPONSE TO OBJECTIONS TO EVIDENCE SUBMITTED BY REDLEAF GROUP, INC. IN SUPPORT OF ITS OPPOSITION TO THIRD-PARTY DEFENDANTS' MOTION FOR SUMMARY JUDGMENT: CASE NO. C-07-05350 JW (PVT)

| | | |
|---|---|---|
| 4. Paragraph 13: "I am informed and believe that Redleaf's due diligence was conducted, at least in part, by counsel at Kirkpatrick & Lockhart LLP, a predecessor to the law firm that is currently representing Redleaf in this case." | Lacks foundation [F.R.E. 104]; Relevance [F.R.E. 402]; Hearsay [F.R.E. 802]. | <u>Hearsay:</u> The cited language does not recite an out-of court "statement" offered for its truth. [F.R.E. 801 (a)-(c)]; <u>Relevance</u>: the cited language tends to show that Redleaf was a sophisticated investor and is relevant to inquiry notice; <u>Foundation:</u> A statement in a declaration may be made upon information and belief if the basis therefor is specified. [Civ. L. R. 7-5]. Here, the basis is specified: Crockett attests that he believes it to be true based on his personal knowledge of the transaction; *see also* Schilling Declaration at ¶¶ 5 amd 6 and exhibits C and D (establishing beyond a doubt that Kirkpatrick & Lockhart LLP represented Redleaf in its transaction with Aspen). |
| 5. Paragraph 15: "This e-mail includes statements by Kohler indicating that Redleaf was aware that I, along with Cilento and Whalen, viewed Aspen IIIb as a failed initiative that should be professionally wound down and wrapped up, and that Kohler believed that I, Cilento and Whalen were not looking to raise additional investments for Aspen IIIb." | Lacks foundation [F.R.E. 104]; Lacks personal knowledge [F.R.E. 602]; Inadmissible hearsay [F.R.E. 802] | <u>Personal knowledge/foundation:</u> the objections are unfounded (Crockett has personal knowledge of the authenticity and contents of the email). <u>Hearsay:</u> The statements in the email constitute non-hearsay admissions by a party-opponent [F.R.E. 801(d)(2)]. Moreover, after the declaration was filed, Redleaf stipulated to the authenticity and admissibility of the email mentioned by the paragraph. The email is admissible for its truth and speaks for itself. The recitation of its contents by Crockett for authentication purposes is now unnecessary. *See* Exhibit A to Matthew Ball declaration. |

///

///

///

///

///

2.

THIRD-PARTY DEFENDANTS' RESPONSE TO OBJECTIONS TO EVIDENCE SUBMITTED BY REDLEAF GROUP, INC. IN SUPPORT OF ITS OPPOSITION TO THIRD-PARTY DEFENDANTS' MOTION FOR SUMMARY JUDGMENT: CASE NO. C-07-05350 JW (PVT)

TAYLOR & CO.
LAW OFFICES, LLP

**Responses to Redleaf's Objections to Declaration of Alexander P. Cilento**

| Evidence | Redleaf's Objections | Responses |
|---|---|---|
| 1. Paragraph 3, lines 16-17: "I am informed and believe that all of those negotiations were handled by Whalen on Aspen's behalf." | Inadmissible hearsay [F.R.E. 802]; Lacks foundation [F.R.E. 104]; Lacks personal knowledge [F.R.E. 602]. | Hearsay: The cited language does not recite an out-of court "statement" offered for its truth. [F.R.E. 801 (a)-(c)]; Personal knowledge/foundation/speculative: A statement in a declaration may be made upon information and belief if the basis therefor is specified. [Civ. L. R. 7-5]. Here, the basis is specified: Cilento is attesting that he believes it to be true based on his personal knowledge of the transaction. |

Dated: June 11, 2008        Respectfully submitted,

TAYLOR & COMPANY LAW OFFICES, LLP


By:    /s/ Jessica L. Grant
              Jessica L. Grant

Attorneys for Third-Party Defendants
ALEXANDER P. CILENTO and DAVID CROCKETT

Dated: June 11, 2008        COBLENTZ, PATCH, DUFFY & BASS LLP


By:    /s/  William H. Orrick, III
              William H. Orrick, III

Attorneys for Third-Party Defendant
ASPEN VENTURES MANAGEMENT III, LLC

WILLIAM H. ORRICK, III (SBN 113252)
COBLENTZ, PATCH, DUFFY & BASS LLP
One Ferry Building, Suite 200
San Francisco, California 94111
Telephone:  (415) 391-4800
Facsimile:   (415) 989-1663
E-mail: who@cpdb.com

3.

TAYLOR & CO.
LAW OFFICES, LLP

THIRD-PARTY DEFENDANTS' RESPONSE TO OBJECTIONS TO EVIDENCE SUBMITTED BY REDLEAF GROUP, INC. IN SUPPORT OF ITS OPPOSITION TO THIRD-PARTY DEFENDANTS' MOTION FOR SUMMARY JUDGMENT: CASE NO. C-07-05350 JW (PVT)