MATTHEW G. BALL (CA BAR 208881)
DEIRDRE M. DIGRANDE (CA BAR 199766)
KIRKPATRICK & LOCKHART PRESTON GATES ELLIS LLP
55 Second Street, Suite 1700
San Francisco, CA 94105-3493
Tel: (415) 882-8200
Fax: (415) 882-8220
matthew.ball@klgates.com
deirdre.digrande@klgates.com

MARTIN D. TECKLER (*pro hac vice*)
KIRKPATRICK & LOCKHART PRESTON GATES ELLIS LLP
1601 K Street, NW
Washington, DC 20006-1600
Tel: (202) 778-9000
Fax: (202) 778-9100
martin.teckler@klgates.com

Attorneys for Defendant
REDLEAF GROUP, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES SMALL BUSINESS ADMINISTRATION in its capacity as Receiver for Aspen Ventures III,<br><br>Plaintiffs,<br><br>v.<br><br>REDLEAF GROUP, INC.,<br><br>Defendant and Third-Party Plaintiff,<br><br>v.<br><br>ASPEN VENTURES MANAGEMENT III, LLC, a Delaware Limited Liability Company, ALEXANDER P. CILENTO, a California resident, and DAVID CROCKETT, a California resident, and DOES 1-10,<br><br>Third-Party Defendants. | Case No. C-07-05350 JW (PVT)<br><br>**REDLEAF GROUP, INC.'S RESPONSE TO THIRD-PARTY DEFENDANTS' OBJECTIONS TO EVIDENCE SUBMITTED BY REDLEAF GROUP, INC. IN OPPOSITION TO THIRD PARTY DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**<br><br>Date: June 23, 2008<br>Time: 9:00 a.m.<br>Judge: Hon. James Ware |

Defendant and Third-Party Plaintiff Redleaf Group. Inc. ("Readleaf") hereby respond to David Crockett, Alexander Cilento and Aspen Ventures Management III, LLC ("third-party defendants") objections to evidence.

**Responses to Third-Party Defendants Objections to Declaration of Michael J. Tomana**

| Evidence | Third-Party Defendants' Objection | Response |
|---|---|---|
| 1. The declaration is unsigned and unsworn and should be disregarded (i.e. the declaration was not manually signed, nor did it contain an attestation that concurrence in the filing of the document had been obtained). | General Order No. 45 § X-B; F.R.E. 603 | A proper attestation is filed herewith. |
| 1. (sic) Paragraph 3, lines 14-22: "Even if someone at Redleaf had found out that Aspen II was capitally impaired in 2003, there still would have been no way for Redleaf to realistically discover whether that impairment status had existed at the time Aspen III's management was in discussions with Redleaf in 2001 and 2002 and no basis to take action against the Third-Party Defendants since Redleaf was not a limited partner in Aspen II, Aspen II was a separately licensed SBIC, Redleaf had no investments in Aspen II, and no right to be given information relative to the operations of Aspen II, including information regarding capital impairment. As set forth in Paragraph 18 of my Declaration in opposition to the SBA's motion, Aspen III's management would not even consent to give Redleaf information about the Series A Investments made by Aspen III, even though Redleaf was a | Does not contain specific facts but instead contains impermissible conclusions and argument [Civ. L.R. 7-5 & F.R.C.P. 56(e)(2)]; inadmissible lay opinion [F.R.E. 701]; lacks personal knowledge & speculative [F.R.E. 602]; irrelevant [F.R.E. 401-402]; improperly attempts to incorporate by reference a paragraph from another unsigned and unsworn declaration [General Order No. 45 § X-B; F.R.E. 603] | Conclusions & Arguments/Lay Opinion/Lacks Personal Knowledge: This is permissible lay opinion under FRE 702. It is helpful to the Court, since it helps to resolve an issue that the Motion presents – whether, under the Coleman case, the discovery of the Aspen II capital impairment in 2003 could be subject to competing inferences. Coleman v. Pricewaterhousecoopers, LLC, 854 A.2d 838, 842-43 (Del. 2004). It is rationally based on the witnesses' perception, since Mr. Tomana was in the best position to know whether or not Redleaf was a limited partner in the separate SBIC Aspen II, and whether, given Redleaf's difficulty in gaining information from Aspen III, whether Redleaf could have obtained information from an SBIC in which Redleaf was not even a limited partner, |

| | | |
|---|---|---|
| limited partner." | | Attestation: A proper attestation is filed herewith. |
| 2. Paragraph 4, lines 25-03: "Redleaf in 2003 knew that AVM had not obtained new investors, this could have been because Aspen III's management team was unable to get new investors, or Aspen II s management simply changed its mind about obtaining new investors. It is only with hindsight, within the context of everything else Redleaf learned, that Redleaf now believes that the representations regarding the potential for additional investors were false." | Does not contain specific facts but instead contains impermissible conclusions and argument [Civ. L.R. 7-5 & F.R.C.P. 56(e)(2)]; inadmissible lay opinion [F.R.E. 701]; lacks personal knowledge & speculative [F.R.E. 602]; irrelevant | See Response to Paragraph 1. Additionally, Third-Party Defendants' objection based on speculation is particularly ironic, since the issue is whether Aspen III's failure to obtain investors would necessarily be a "'red flag' that clearly and unmistakably would have led a prudent person of ordinary intelligence" to inquire whether Aspen III's management had lied. Coleman, 854 A.2d at 842-43. Given what Redleaf knew at the time, it was necessarily speculative whether Aspen III's management had committed fraud. |
| 3. Paragraph 5, lines 6-10: "The reason why this was a problem for Redleaf at the time was not the fact that Reasoning was in Aspen II portfolio company, but that Redleaf and Aspen III's management had an understanding that Aspen III's management would seek approval from Redleaf's management for Series B investments in entities other than Redleaf portfolio companies. In this case, Aspen III's management made the investment in Reasoning without doing so." | Does not contain specific facts but instead contains impermissible conclusions and argument [Civ. L.R. 7-5 & F.R.C.P. 56(e)(2)]; Irrelevant [F.R.E. 401-402]. | Conclusions/Argument: Mr. Tomana, who is now President and Chief Executive Officer, and who attended all of the Redleaf Board meetings, is in the best position to testify why the Reasoning investment was a problem for Redleaf.<br><br>Relevance: This is an alternative explanation for the issue with the Reasoning investment, which creates a competing inference under Coleman, 854 A.2d at 842-43. |

| | | |
|---|---|---|
| 4. Paragraph 6 (in its entirety) | Does not contain specific facts but instead contains impermissible conclusions and argument [Civ. L.R. 7-5 & F.R.C.P. 56(e)(2)]. | This is fact-based testimony that explains why Redleaf sought to extricate itself from its commitment to Aspen III. Third-Party Defendants have argued that Redleaf's attempt to extricate itself from its commitment is evidence as a matter of law that Redleaf discovered Aspen III's fraud. Mr. Tomana offers an alternative explanation, clearly evidencing that there is a genuine issue of fact for trial. |
| 5. Paragraph 7, lines 22-23: "Mr. Whalen again asserted at this time that Series A assets would be sufficient to repay outstanding Series A leverage and Series A capital. | Inadmissible hearsay (alleged statements by a decedent Whalen) [F.R.E. 802; *Throckmorton v. Hold,* 180 U.S. 552, 573 (1901)]. | Mr. Whalen's misrepresentations are nonhearsay. In an action for fraud, alleged false statements are offered to prove what was said, not to prove their truth. Glove v. Stanko, 977 F.2d 413, 417 (8th Cir. 1992). In fact, Redleaf's position is that the statements are not true. See also The Rutter Group, Federal Civil Trials and Evidence, ¶ 8:1843, et seq. |
| 6. Paragraph 10 (in its entirety) | Does not contain specific facts but instead contains impermissible conclusions and argument [Civ. L.R. 7-5 & F.R.C.P. 56(e)(2)]; irrelevant (it is Redleaf's knowledge that is relevant, not Tomana's specifically) [F.R.E. 401-402]. | Conclusions/Argument: This is fact-based testimony.<br><br>Relevance: The knowledge of one of Redleaf's principals is relevant to show the knowledge of Redleaf itself, since Mr. Tomana's knowledge would of course be imputed to Redleaf.<br><br>In fact, Debra Schilling's declaration (¶ 3) suggests that only three of Redleaf employees had access to Aspen III financial information, John Kohler, Lloyd Mahaffey, and Michael Tomana. Redleaf has |

REDLEAF GROUP, INC.'S RESPONSE TO THIRD-PARTY DEFENDANTS' OBJECTIONS TO EVIDENCE
CASE NO. C 07-05350 JW PVT

| | | | |
|---|---|---|---|
| | | | explained why it was not possible to obtain affidavits from Messrs. Kohler and Mahaffey on this motion in its Rule 56(f) declaration. |
| | 7. Paragraph 11, lines 13-15: "In that meeting, the Aspen representatives, specifically Crockett and Cilento, agreed that Aspen III did not need any additional capital to mange an orderly liquidation of the portfolio and the fund." | Irrelevant [F.R.E. 4701-402]. | These reassurances are misrepresentations by Messrs Cilento and Crockett that help to explain why Third-Party Defendants cannot show as a matter of law that Redleaf would have necessarily discovered its claims against Messrs. Cilento and Crockett, and are relevant for that reason. |
| | 8. Paragraph 12: At no time prior to April of 2007…did anyone at Redleaf ever suspect that Third-Party Defendants Alexander Cilento and David Crockett had not signed off on the valuations of Aspen III investments as provided in the SBIC regulations, valuation guidelines and the 1999 Partnership Agreement. | Does not contain specific facts but instead contains impermissible conclusions and argument [Civ. L.R. 7-5 & F.R.C.P. 56(e)(2)]; inadmissible lay opinion (as to requirements of regulations, guidelines and agreement) [F.R.E. 701]; lacks personal knowledge & speculative (concerning others' supposed knowledge at Redleaf) [F.R.E. 602]; irrelevant [F.R.E. 401-402]. | Conclusions/Arguments/Lay Opinion/Personal Knowledge: This is permissible lay opinion based on Mr. Tomana's observations given his position in Redleaf. Again, Redleaf could not submit affidavits from Messrs. Kohler and Mahaffey for reasons set forth in the Declaration of Matthew G. Ball.<br><br>Relevance: This is relevant as to how and when Redleaf discovered an important aspect of its claim for breach of fiduciary duty against Third-Party Defendants. |

REDLEAF GROUP, INC.'S RESPONSE TO THIRD-PARTY DEFENDANTS' OBJECTIONS TO EVIDENCE
CASE NO. C 07-05350 JW PVT

**Objections to Declaration of Ronald C. Cibolski**

| Evidence | Third-Party Defendants' Objection | Response |
|---|---|---|
| 1. The objections asserted by the United States Small Business Administration in its Objection to Declaration of Ronald J. Cibolski, Docket #97, are expressly incorporated by reference as if set forth in full herein. | Mr. Ciboloski's testimony was obtained in violation of applicable law and should be disregarded. *See* Docket #97. | Please see Redleaf Group, Inc.'s Response to Objections of Ronald C. Cilbolski, filed herewith. |
| 2. The declaration has no bearing on the issue of statute of limitations or laches and is irrelevant. | F.R.E. 401-402. | Mr. Cibolski's declaration encompasses two relevant issues. First, Mr. Cibolski testifies that Mr. Cilento and Mr. Crockett were required to sign off on Aspen III portfolio valuations, and do not appear to have done so. This fact is one of the key breaches of fiduciary duty committed by Third-Party Defendants. Mr. Cibolski's testimony also establishes that this is not something that Redleaf would have been aware of until obtaining documents from the SBA in 2007.<br><br>Second, Mr. Cibolski testifies to the fact that capital impairment is a condition that can be cured. This is relevant to the competing inferences that can be drawn from the discovery of Aspen II's capital impairment in 2003. Redleaf has argued that this is why Third-Party Defendants are not entitled to summary judgment on an inquiry notice theory. |

| | | |
|---|---|---|
| 3. The declarant lacks personal knowledge of the facts to which he claims to attest and the declaration is therefore speculative. | F.R.E. 602. | Without specifying the precise facts, this is a frivolous objection. Redleaf stands by Mr. Cibolski's testimony, as he is either clearly testifying to his own personal knowledge, or based on his experience at the SBA. |
| 4. The declaration (signed by a purported expert) would not assist the trier of fact. | F.R.E. 702. | To the extent Mr. Cibolski's testimony is expert testimony in compliance with 5 C.F.R. § 2637.208(b), it does assist the trier of fact. The inner workings of the SBIC Operations division, and the operation and regulation of SBICs, generally, are beyond the common knowledge of most persons. |
| 5. The declaration (signed by a purported expert) is not the product of reliable principles and methods. | F.R.E. 702-703. | To the extent Mr. Cibolski's testimony is expert testimony in compliance with 5 C.F.R. § 2637.208(b), this is a frivolous objection, in that Third-Party Defendants do not explain how Mr. Cibolski's principles and methods are "unreliable." |
| 6. The declaration's probative value, if any, is outweighed by the danger that it will confuse the issues, waste time, and needlessly present cumulative evidence. | F.R.E. 403. | <u>See</u> Response to paragraph 2, <u>supra</u>. |

7

REDLEAF GROUP, INC.'S RESPONSE TO THIRD-PARTY DEFENDANTS' OBJECTIONS TO EVIDENCE
CASE NO. C 07-05350 JW PVT

| Evidence | Third-Party Defendants' Objection | Response |
|---|---|---|
| 1. Paragraph 4 (in its entirety). | Inadmissible hearsay (alleged content of "Partnership Agreement") [F.R.E. 802]; testimony violates original document/best evidence rule (the purported Partnership Agreement) [F.R.E. 1002]; does not contain specific facts but instead contains impermissible conclusions and argument [Civ. L.R. 7-5 & F.R.C.P. 56(e)(2)]; lacks personal knowledge & speculative (as to "Partnership Agreement") [F.R.E. 602]; irrelevant [F.R.E. 401-402]. | Hearsay/Best Evidence/Personal Knowledge: The fact that the valuation guidelines are incorporated into the 1999 Agreement is a noncontroversial point. Third-Party Defendants' own documents show that: <u>see</u> 1999 Agreement § 9.2(a) & Annex B Doc. 73-3, p. 36, 120.<br><br>Conclusions/Arguments: Given Mr. Cibolski's experience as Director of SBIC Operations, and his experience with the regulations and valuation guidelines, he is more than competent to opine regarding the same.<br><br>Relevance: Again, this supports Redleaf's claim for breach of fiduciary duty against Third-Party Defendants. |
| 2. Paragraph 5 lines 16-21: "It goes without saying that the accuracy of the valuations of the investments of an SBIC by its managers is the cornerstone of the integrity of the SBIC's relationship with its private investors. It is also essential to the preservation of SBA's ability to properly regulate and leverage an SBIC. That is precisely why the SBA Valuation Regulations and Guidelines are explicit as to the necessity for the retention of | Does not contain specific facts but instead contains impermissible conclusions and argument [Civ. L.R. 7-5 & F.R.C.P. 56(e)(2)]; lacks personal knowledge & speculative (as to SBA's motivations for regulations, etc) [F.R.E. 602]; irrelevant [F.R.E. 401-402]. | Conclusion/Argument/Personal Knowledge/Speculation: This is permissible opinion testimony for the reasons discussed in the previous paragraph.<br><br>Relevance: This provides context for Redleaf's claim that improper valuation procedures allowed Aspen III to generate misleading valuations of its portfolio, and that Third-Party Defendants' apparent failure to participate in the valuation of |

| | | |
|---|---|---|
| documentation that supports the valuations as well as appropriate adherence to signoff procedures." | | the portfolio was a breach of fiduciary duty that damaged Redleaf. |
| 3. Paragraph 5, lines 21-24: "Based upon the information Redleaf has subsequently been provided by SBA as part of its request for documentation, there is no assurance that these requirements were ever met by the members of the General partner of Aspen Ventures West II, LP ("Aspen II") or Aspen III: Whalen, Cilento and Crockett." | Does not contain specific facts but instead contains impermissible conclusions and argument [Civ. L.R. 7-5 & F.R.C.P. 56(e)(2)]; lacks personal knowledge & speculative (as to what document was provided to SBA) [F.R.E. 602]; irrelevant [F.R.E. 401-402]. | Conclusion/Argument: This is proper opinion testimony based on a review of the documents provided to Redleaf by the SBA.<br><br>Lacks Personal Knowledge/Relevance: It is true that Mr. Cibolski's declaration was based on the documents that Redleaf received from the SBA, and, due to discovery not being open, Redleaf is unable to say that it has everything that Aspen III's management provided to the SBA. However, if there were such evidence of participation in the valuation, Redleaf believes that Third-Party Defendants would have submitted it. Moreover, the point of this paragraph is to show the current basis of Redleaf's claim for breach of fiduciary duty, as well as when Redleaf obtained that information. This is key to the motion. |

| | | |
|---|---|---|
| 4. Paragraph 6 (in its entirety) | Lacks personal knowledge & speculative (as to SBA's alleged examination and review process) [F.R.E. 602]; irrelevant [F.R.E. 401-402]; testimony violates original document/best evidence rule (the Examination Report) [F.R.E. 1002]; does not contain specific facts but instead contains impermissible conclusions and argument [Civ. L.R. 7-5 & F.R.C.P. 56(e)(2)]. | <u>Lacks Personal Knowledge</u>: This objection makes no sense, given that Third-Party Defendants have endorsed the SBA's objections to the Cibolski Declaration; the SBA has argued, among other things, that Cilbolski was personally and substantially involved in the Examination Report issue, which would necessarily mean that Third-Party Defendants admit he is testifying as to his personal knowledge.<br><br><u>Relevance/Best Evidence Rule/Conclusion and Argument</u>: Third-Party Defendants themselves have agreed that the Examination Report itself can be admitted into evidence. |
| 5. Paragraph 9 (in its entirety) | Lacks personal knowledge (as to what documents were provided to SBA and completeness of its records) [F.R.E. 602 speculative (as to what Cilento and Crockett's roles should have been in valuation) [F.R.E. 602]; inadmissible hearsay (purported content of documents) [F.R.E. 802]; violates original document/best evidence rule (the purported records of SBA) [F.R.E. 1002]; does not contain specific facts but instead contains impermissible conclusions and argument [Civ. L.R. 7-5 & F.R.C.P. 56(e)(2)]. | <u>Lacks Personal Knowledge/Speculation</u>: Please see Response to Paragraph 5.<br><br><u>Hearsay/Best Evidence</u>: There is no out of court statement or document here, so the objections do not apply.<br><br><u>Conclusion/Argument</u>: This is opinion testimony designed to show one of Redleaf's bases for its breach of fiduciary duty claim, and when it obtained evidence of that basis. |

| | | |
|---|---|---|
| 6. Paragraph 10 (in its entirety) | Irrelevant [F.R.E. 401-402] | This is this foundation for his ability to discuss capital impairment. |
| 7. Paragraph 11 (in its entirety) | Irrelevant [F.RE. 401-402] | This provides context for paragraph 12. Also, since Third-Party Defendants' inquiry notice theory is based on the discovery of the capital impairment of Aspen II, it is helpful to have an understanding of what capital impairment means. |
| 8. Paragraph 12 (in its entirety) | Irrelevant [F.R.E. 401-402]; inadmissible habit evidence (not offered to show SBA's conduct in a particular instance [F.R.E. 406]. | <u>Relevance</u>: Knowing that capital impairment is a condition that can be cured is relevant to show that the discovery of Aspen II's capital impairment in 2003 does not necessarily mean it was impaired at the time of the Redleaf investment. |
| 9. Paragraph 13 (in its entirety) | Irrelevant [F.R.E. 401-402]; inadmissible habit evidence (not offered to show SBA's conduct in a particular instance) [F.R.E. 406]. | |

11
REDLEAF GROUP, INC.'S RESPONSE TO THIRD-PARTY DEFENDANTS' OBJECTIONS TO EVIDENCE
CASE NO. C 07-05350 JW PVT

**Objections to Declaration of Martin D. Teckler**

| Evidence | Third-Party Defendants' Objection | Response |
|---|---|---|
| 1. The declaration (in its entirety) has no bearing on the issue of statute of limitations or laches and is irrelevant. | [F.R.E. 401-402]. | The declaration establishes when Redleaf obtained critical information about its claims against Third-Party Defendants, and is relevant for that reason. One reason why the Coleman court denied summary judgment in that case was because of the length of the purchasing company's internal investigation into the accounting fraud tended to show that the plaintiffs would not, as a matter of law, have been able to discover their claims within the applicable statutes of limitation. Coleman, 854 A.2d at 843. The length of time it took o obtain information from the SBA is relevant here for the same reason. |

REDLEAF GROUP, INC.'S RESPONSE TO THIRD-PARTY DEFENDANTS' OBJECTIONS TO EVIDENCE
CASE NO. C 07-05350 JW PVT

| | | |
|---|---|---|
| 1 | Dated: June 17, 2008 | KIRKPATRICK & LOCKHART PRESTON GATES ELLIS LLP |

By: Matthew G. Ball /s/
Matthew G. Ball, Esq. (CA Bar 208881)
55 Second Street, Suite 1700
San Francisco, CA 94105
Telephone: (415) 882-8200
Facsimile: (415) 882-8220
(matthew.ball@klgates.com)

Martin D. Teckler (*pro hac vice*)
martin.teckler@klgates.com
Kirkpatrick & Lockhart Preston Gates Ellis LLP
1601 K Street, NW Washington, DC, 20006-1600
Telephone: (202) 778-9000
Facsimile: (202) 778-9100
(martin.teckler@klgates.com)

Attorneys for Defendant/Third-Party Plaintiff
Redleaf Group, Inc.

REDLEAF GROUP, INC.'S RESPONSE TO THIRD-PARTY DEFENDANTS' OBJECTIONS TO EVIDENCE
CASE NO. C 07-05350 JW PVT