WILLIAM H. ORRICK, III (State Bar No. 113252)
COURTNEY SHAW HUIZAR (State Bar No. 230324)
COBLENTZ, PATCH, DUFFY & BASS LLP
One Ferry Building, Suite 200
San Francisco, California 94111-4213
Telephone: 415.391.4800
Facsimile: 415.989.1663
Email:   ef-who@cpdb.com; ef-csh@cpdb.com

Attorneys for Third-Party Defendant Aspen
Ventures Management III, LLC

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| UNITED STATES SMALL BUSINESS ADMINISTRATION IN ITS CAPACITY AS RECEIVER FOR ASPEN VENTURES III, L.P., <br><br> Plaintiff, <br><br> v. <br><br> REDLEAF GROUP, INC., <br><br> Defendants. | Case No. C-07-05350 JW PVT <br><br> **ANSWER OF THIRD-PARTY DEFENDANT ASPEN VENTURES MANAGEMENT, III, LLC** |
| REDLEAF GROUP, INC., <br><br> Third Party Plaintiff, <br><br> v. <br><br> ASPEN VENTURES MANAGEMENT III, LLC, a Delaware Limited Liability Company, ALEXANDER P. CILENTO, a California resident, and DAVID CROCKETT, a California resident, and DOES 1-10, <br><br> Third Party Defendants. | |

Third-Party Defendants Aspen Ventures Management III, LLC ("AVM"), based upon its knowledge and information and belief, hereby answers Defendant Redleaf Group, Inc.'s Third Party Complaint (the "Complaint"), dated December 17, 2007. In responding to the Complaint, AVM admits neither that they bear the burden of proving any of the defenses set forth below nor the relevance of any of Third-Party Plaintiff Redleaf Group, Inc.'s ("Redleaf") allegations. AVM further asserts that because Third Party Plaintiff has obstructed its ability to communicate with two of its former managing members, John Kohler and C. Lloyd Mahaffey, its knowledge for purposes of this Answer is limited to the information asserted by Third Party Defendants Alexander P. Cilento ("Cilento") and David Crockett ("Crockett").

1. Answering Paragraph 1, AVM admits that Third-Party Defendant AVM was the general partner of the Small Business Investment Company Aspen Ventures III ("Aspen"). AVM also admits that Thaddeus J. Whalen, who was one of AVM's managing members, is now deceased and that Cilento and Crockett are AVM's surviving managing members. Answering Paragraph 1, AVM notes that Paragraph 1 sets forth Redleaf's characterization of this action as well as legal conclusions and does not purport to require a response from AVM. To the extent that Paragraph 1 purports to contain factual assertions requiring a response, AVM denies the allegations in Paragraph 1.

2. Answering Paragraph 2, AVM notes that Paragraph 2 sets forth Redleaf's characterization of this action as well as legal conclusions and does not purport to require a response from AVM. To the extent that Paragraph 2 purports to contain factual assertions requiring a response, AVM denies the allegations in Paragraph 2.

3. Answering Paragraph 3, AVM admits that this Court has jurisdiction over this action.

4. Answering Paragraph 4, AVM admits that this Court has jurisdiction over them.

5. Answering Paragraph 5, AVM admits that venue is proper in this District. Except as specifically admitted herein, AVM denies the allegations in Paragraph 5.

6. Answering Paragraph 6, AVM admits that assignment to the San Jose division is appropriate.

7. Answering Paragraph 7, AVM admits that AVM is the General Partner of Aspen, and is a Delaware limited liability company which had its principal place of business at 1000 Fremont Avenue, Suite 200, Los Altos, CA 94024.

8. Answering Paragraph 8, AVM admits that Crockett and Cilento are California residents. AVM also admit that for a period of time, Cilento, Crockett and Thaddeus J. Whalen were among the managing members of AVM. Except as specifically admitted herein, AVM denies the allegations in Paragraph 8.

9. Answering Paragraph 9, AVM admits that Redleaf is a Delaware corporation. Except as specifically admitted herein, AVM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9 and, on that basis, denies them.

10. Answering Paragraph 10, AVM notes that Paragraph 10 does not purport to require a response from them.

11. Answering Paragraph 11, AVM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11 and, on that basis, denies them.

12. Answering Paragraph 12, AVM admits that Aspen was a licensed Small Business Investment Company ("SBIC"). AVM also admits that an SBIC can be a private venture capital or equity fund that is licensed by the United States Small Business Administration ("SBA") and "leveraged" with funds provided by the SBA. AVM further admits that Aspen was licensed as an SBIC on or about September 16, 1999.

13. Answering Paragraph 13, AVM notes that Paragraph 13 contains legal conclusions to which no response is required. To the extent that Paragraph 13 purports to contain factual assertions requiring a response, AVM admits that the "leverage" provided by the SBA is one of the primary advantages to becoming an SBIC and that an SBIC could receive SBA "leverage" up to a 2:1 ratio. Except as specifically admitted herein, AVM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 and, on that basis, denies them.

14. Answering Paragraph 14, AVM admits that one of the appealing aspects of the 2:1 "leverage" provided by the SBA is the potential for investors to further enhance their profits if a

particular investment is successful.  Except as specifically admitted herein, AVM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 and, on that basis, denies them.

15.     Answering Paragraph 15, AVM notes that Paragraph 15 contains legal conclusions to which no response is required.  To the extent that Paragraph 15 purports to contain factual assertions requiring a response, AVM admits that the SBA's "leverage" carries substantial risks for an SBIC, including investors' liability to repay the SBA leverage to the extent of their capital commitments if an SBIC fails; the SBA has liquidation preference in relation to other investors; and if an SBIC is liquidated, investors are obligated to remit funds to the SBIC to the extent of their unfunded capital commitments.  Except as specifically admitted herein, AVM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 and, on that basis, denies them.

16.     Answering Paragraph 16, AVM admits that Redleaf is a Delaware corporation. Except as specifically admitted herein, AVM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16 and, on that basis, denies them.

17.     Answering Paragraph 17, AVM admits that sometime in 2001, Thaddeus Whalen and John Kohler discussed the possibility that Redleaf would make a capital commitment to Aspen and that Redleaf would become a limited partner of Aspen.  Except as specifically admitted herein, AVM denies the allegations in Paragraph 17 as to themselves and lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17 as to others and, on that basis, denies them.

18.     Answering Paragraph 18, AVM notes that Paragraph 18 sets forth Redleaf's characterization of this action as well as legal conclusions and does not purport to require a response from AVM.  To the extent that Paragraph 18 purports to contain factual assertions requiring a response, AVM admits that Redleaf was aware of the risks associated with SBA leverage and that Redleaf conducted its own due diligence of the risks associated with becoming a limited partner in Aspen and investing in Aspen.  Except as specifically admitted herein, AVM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in

1  Paragraph 18 and, on that basis, denies them.

2      19.    Answering Paragraph 19, AVM notes that Paragraph 19 contains legal conclusions to which no response is required. To the extent that Paragraph 19 purports to contain factual assertions requiring a response, AVM denies the allegations in Paragraph 19 as to itself and lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 as to others and, on that basis, denies them.

    20.    Answering Paragraph 20, AVM notes that Paragraph 20 sets forth Redleaf's characterization of this action as well as legal conclusions and does not purport to require a response from AVM. To the extent that Paragraph 20 purports to contain factual assertions requiring a response, AVM denies the allegations in Paragraph 20 as to itself and lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 as to others and, on that basis, denies them.

    21.    Answering Paragraph 21, AVM notes that Paragraph 21 contains Redleaf's characterization of this action as well as legal conclusions to which no response is required. To the extent that Paragraph 21 purports to contain factual assertions requiring a response, AVM denies the allegations in Paragraph 21.

    22.    Answering Paragraph 22, AVM notes that Paragraph 22 contains Redleaf's characterization of this action as well as legal conclusions to which no response is required. To the extent that Paragraph 22 purports to contain factual assertions requiring a response, AVM denies the allegations in Paragraph 22 as to itself and lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22 as to others and, on that basis, denies them.

    23.    Answering Paragraph 23, AVM notes that Paragraph 23 contains Redleaf's characterization of this action as well as legal conclusions to which no response is required. To the extent that Paragraph 23 purports to contain factual assertions requiring a response, AVM admits that the agreements governing the operations of AVM and Aspen would be and were amended to reflect the Series A and Series B investment structure, and that Redleaf was aware that assets from Series B investments may be required to fund Series A liabilities (and vice versa).

COBLENTZ, PATCH, DUFFY & BASS LLP
ONE FERRY BUILDING, SUITE 200, SAN FRANCISCO, CALIFORNIA 94111-4213
415.391.4800 · FAX 415.989.1663

1  Except as specifically admitted herein, AVM denies the allegations in Paragraph 23, due to lack of sufficient information to form a basis of the truth of the matters alleged and the denials of Cilento and Crockett.

24. Answering Paragraph 24, AVM notes that Paragraph 24 contains Redleaf's characterization of this action as well as legal conclusions to which no response is required. To the extent that Paragraph 24 purports to contain factual assertions requiring a response, AVM lacks knowledge or information sufficient to form a belief as to the truth of what was purportedly important to Redleaf or what it allegedly believed and, on that basis, denies them.

25. Answering Paragraph 25, AVM denies the allegations in Paragraph 25 as to themselves and lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25 as to others and, on that basis, denies them.

26. Answering Paragraph 26, AVM admits that Redleaf conducted its own due diligence concerning its potential investment in Aspen, becoming a limited partner in Aspen, the risks associated with SBA leverage and the Series A/Series B cross-liability guarantee. AVM also admits that the SBA approved of Redleaf as a new limited partner of Aspen. Except as specifically admitted herein, AVM denies the allegations in Paragraph 26 as to itself and lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26 as to others and, on that basis, denies them.

27. Answering Paragraph 27, AVM notes that Paragraph 27 contains Redleaf's characterization of this action as well as legal conclusions to which no response is required. To the extent that Paragraph 27 purports to contain factual assertions requiring a response, AVM admits that effective April 1, 2002, Redleaf was admitted as a new limited partner of Aspen and that the Amended and Restated Limited Partnership Agreement of Aspen dated August 20, 1999 was further amended on April 1, 2002 to reflect the admission of Redleaf as a limited partner. AVM also admits that the Complaint purports to reference the Amended and Restated Limited Partnership Agreement, and refers to the Court to that document for its true and correct contents. Except as specifically admitted herein, AVM denies the allegations in Paragraph 27.

28. Answering Paragraph 28, AVM notes that Paragraph 28 contains Redleaf's

1 characterization of this action as well as legal conclusions to which no response is required.  To
2 the extent that Paragraph 28 purports to contain factual assertions requiring a response, AVM
3 admits that the Second Amended and Restated Limited Liability Company Agreement of AVM,
4 dated August 20, 1999 was also amended effective April 1, 2002 following the admission of John
5 Kohler and Lloyd Mahaffey as managing members of AVM.  AVM also admits that the
6 Complaint purports to reference the Second Amended and Restated Limited Liability Company
7 Agreement of AVM, dated August 20, 1999, and refers the Court to that document for its true and
8 correct contents.  Except as specifically admitted herein, AVM denies the allegations in
9 Paragraph 28.

10     29.    Answering Paragraph 29, AVM notes that Paragraph 29 contains Redleaf's
11 characterization of this action as well as legal conclusions to which no response is required.  To
12 the extent that Paragraph 29 purports to contain factual assertions requiring a response, AVM
13 denies the allegations in Paragraph 29.

14     30.    Answering Paragraph 30, AVM notes that Paragraph 30 contains Redleaf's
15 characterization of this action as well as legal conclusions to which no response is required.  To
16 the extent that Paragraph 30 purports to contain factual assertions requiring a response, AVM
17 admits that Crockett and Cilento were among the managing members of AVM.  Except as
18 specifically admitted herein, AVM denies the allegations in Paragraph 30.

19     31.    Answering Paragraph 31, AVM notes that Paragraph 31 contains Redleaf's
20 characterization of this action as well as legal conclusions to which no response is required.  To
21 the extent that Paragraph 31 purports to contain factual assertions requiring a response, AVM
22 denies the allegation in Paragraph 31.

23     32.    Answering Paragraph 32, AVM admits that as of April 1, 2002, Redleaf was
24 admitted to Aspen as a limited partner.  AVM also admits that Redleaf made capital calls totaling
25 almost $3 million from which Aspen obtained SBA leverage.  Except as specifically admitted
26 herein, AVM lacks knowledge or information sufficient to form a belief as to the truth of the
27 allegations in Paragraph 32 and, on that basis, denies them.

28     33.    Answering Paragraph 33, AVM notes that Paragraph 33 contains legal conclusions

COBLENTZ, PATCH, DUFFY & BASS LLP
ONE FERRY BUILDING, SUITE 200, SAN FRANCISCO, CALIFORNIA 94111-4213
415.391.4800 · FAX 415.989.1663

1 to which no response is required. To the extent that Paragraph 33 purports to contain factual allegations requiring a response, AVM denies the allegations in Paragraph 33.

34. Answering Paragraph 34, AVM lacks knowledge and information sufficient to form a belief as to whether or not Redleaf received the quarterly financial reports and AVM's operating budget that were sent to Redleaf. Except as specifically admitted herein, AVM denies the allegations in Paragraph 34.

35. Answering Paragraph 35, AVM notes that Paragraph 35 contains Redleaf's characterization of this action as well as legal conclusions to which no response is required. To the extent that Paragraph 35 purports to contain factual assertions requiring a response, AVM admits that certain of Aspen's Series A investments were co-investments with Aspen Ventures West II, L.P. ("Aspen II"), a fact that was made known to Redleaf. AVM also admits that as of December 31, 2002, the SBA determined that Aspen II was capitally impaired and that on or about April 25, 2003, the SBA transferred Aspen II to liquidation status. Except as specifically admitted herein, AVM denies the allegations in Paragraph 35.

36. Answering Paragraph 36, AVM admits that funds from Series B had been invested in a company called "Reasoning," that was also an Aspen II portfolio company and that this investment was disclosed to Redleaf in the First Quarter Report to Limited Partners, as well as subsequent quarterly financial reports. AVM also admits that as of June 2003, AVM had advised Redleaf that it was not seeking to raise additional capital for the new Redleaf Series B fund and that AVM believed that the Redleaf Series B fund was an initiative that had not worked out and should be wrapped up professionally. AVM also admits that at some time in early 2003, Redleaf sought the SBA's approval for Redleaf to contribute assets to Aspen in exchange for a release from its capital commitment and that the SBA approved Redleaf's request. AVM further admits that Redleaf's Board of Directors decided in late 2003 not to contribute approximately $24 million in assets to Aspen in order to satisfy its capital commitment. Except as specifically admitted herein, AVM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36 and, on that basis, denies them.

37. Answering Paragraph 37, AVM denies the allegations in Paragraph 37.

**ANSWER OF THIRD-PARTY DEFENDANT ASPEN VENTURES MANAGEMENT, III, LLC**

38. Answering Paragraph 38, AVM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 38 and, on that basis, denies them.

39. Answering Paragraph 39, AVM denies the allegations in Paragraph 39.

40. Answering Paragraph 40, AVM denies the allegations in Paragraph 40.

41. Answering Paragraph 41, AVM admits that Aspen's Report to Limited Partners of March 31, 2004 indicates that value of the Series A portfolio was $29,204,319. AVM also admits that the Aspen's Report to Limited Partners of June 30, 2004 indicates that the value of the Series A portfolio was $12,906,140. AVM further admits that in or about September 2004, the SBA determined that Aspen was capitally impaired and the SBA subsequently transferred Aspen into liquidation status. Except as specifically admitted herein, AVM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 41 and, on that basis, denies them.

42. Answering Paragraph 42, AVM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 42 and, on that basis, denies them.

43. Answering Paragraph 43, AVM incorporates their responses to Paragraphs 1 through 42 as though fully set forth herein.

44. Answering Paragraph 44, AVM notes that Paragraph 44 contains legal conclusions to which no response is required. To the extent that Paragraph 44 purports to contain factual assertions requiring a response, AVM admits that the Complaint purports to reference the LP Agreement and GP Agreement and refer the Court to those documents for their true and correct contents. Except as specifically admitted herein, AVM denies the allegations in Paragraph 44.

45. Answering Paragraph 45, AVM notes that Paragraph 45 contains legal conclusions to which no response is required. To the extent that Paragraph 45 purports to contain factual assertions requiring a response, AVM denies the allegations in Paragraph 45.

46. Answering Paragraph 46, AVM notes that Paragraph 46 contains legal conclusions to which no response is required. To the extent that Paragraph 46 purports to contain factual assertions requiring a response, AVM denies the allegations in Paragraph 46.

47. Answering Paragraph 47, AVM denies the allegations in Paragraph 47.

1        48.    Answering Paragraph 48, AVM incorporates their responses to Paragraphs 1
2   through 47 as though fully set forth herein.
3        49.    Answering Paragraph 49, AVM notes that Paragraph 49 contains legal conclusions
4   to which no response is required.  To the extent that Paragraph 49 purports to contain factual
5   assertions requiring a response, AVM admits that the Complaint purports to reference the LP
6   Agreement and GP Agreement and refer the Court to those documents for their true and correct
7   contents.  Except as specifically admitted herein, AVM denies the allegations in Paragraph 49.
8        50.    Answering Paragraph 50, AVM denies the allegations in Paragraph 50.
9        51.    Answering Paragraph 51, AVM denies the allegations in Paragraph 51.
10       52.    Answering Paragraph 52, AVM lacks knowledge or information sufficient to form
11  a belief as to the truth of the allegations in Paragraph 52 and, on that basis, denies them.
12       53.    Answering Paragraph 53, AVM incorporates their responses to Paragraphs 1
13  through 52 as though fully set forth herein.
14       54.    Answering Paragraph 54, AVM denies the allegations in Paragraph 54.
15       55.    Answering Paragraph 55, AVM denies the allegations in Paragraph 55.
16       56.    Answering Paragraph 56, AVM denies the allegations in Paragraph 56.
17       57.    Answering Paragraph 57, AVM denies the allegations in Paragraph 57.
18       58.    Answering Paragraph 58, AVM denies the allegations in Paragraph 58.
19       59.    Answering Paragraph 59, AVM denies the allegations in Paragraph 59.
20       60.    Answering Paragraph 60, AVM incorporates their responses to Paragraphs 1
21  through 59 as though fully set forth herein.
22       61.    Answering Paragraph 61, AVM denies the allegations in Paragraph 61.
23       62.    Answering Paragraph 62, AVM denies the allegations in Paragraph 62.
24       63.    Answering Paragraph 63, AVM denies the allegations in Paragraph 63.
25       64.    Answering Paragraph 64, AVM denies the allegations in Paragraph 64.
26       65.    Answering Paragraph 65, AVM denies the allegations in Paragraph 65.
27       66.    Answering Paragraph 66, AVM denies the allegations in Paragraph 66.
28       67.    Answering Paragraph 67, AVM incorporates their responses to Paragraphs 1

1 | through 66 as though fully set forth herein.

2 | 68. Answering Paragraph 68, AVM admits that on or about October 19, 2007, the SBA filed suit against Redleaf seeking various damages and other relief. Except as specifically admitted herein, AVM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 68 and, on that basis, denies them.

69. Answering Paragraph 69, AVM notes that Paragraph 69 contains legal conclusions to which no response is required. To the extent that Paragraph 69 purports to contain factual assertions requiring a response, AVM denies the allegations in Paragraph 69.

70. Answering Paragraph 70, AVM notes that Paragraph 70 contains legal conclusions to which no response is required. To the extent that Paragraph 70 purports to contain factual assertions requiring a response, AVM denies the allegations in Paragraph 70.

71. Answering Paragraph 71, AVM notes that Paragraph 71 contains legal conclusions to which no response is required. To the extent that Paragraph 71 purports to contain factual assertions requiring a response, AVM denies the allegations in Paragraph 71.

72. Answering Paragraph 72, AVM denies the allegations in Paragraph 72.

73. Answering Paragraph 73, AVM denies the allegations in Paragraph 73.

74. Answering Paragraph 74, AVM incorporates their responses to Paragraphs 1 through 73 as though fully set forth herein.

75. Answering Paragraph 75, AVM admits that on or about October 19, 2007, the SBA filed suit against Redleaf seeking various damages and other relief. Except as specifically admitted herein, AVM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 75 and, on that basis, denies them.

76. Answering Paragraph 76, AVM denies the allegations in Paragraph 76.

77. Answering Paragraph 77, AVM notes that Paragraph 77 contains legal conclusions to which no response is required. To the extent that Paragraph 77 purports to contain factual assertions requiring a response, AVM denies the allegations in Paragraph 77.

78. Answering Paragraph 78, AVM denies the allegations in Paragraph 78.

79. Answering Paragraph 79, AVM incorporates their responses to Paragraphs 1

1  through 78 as though fully set forth herein.

2      80.    Answering Paragraph 80, AVM notes that Paragraph 80 contains legal conclusions
3  to which no response is required.

4      81.    Answering Paragraph 81, AVM denies the allegations in Paragraph 81.

5      82.    Answering Paragraph 82, AVM denies the allegations in Paragraph 82.

6      83.    Answering Paragraph 83, AVM denies the allegations in Paragraph 83.

7      84.    Answering Paragraph 84, AVM incorporates their responses to Paragraphs 1
8  through 83 as though fully set forth herein.

9      85.    Answering Paragraph 85, AVM denies the allegations in Paragraph 85.

10     86.    Answering Paragraph 86, AVM denies the allegations in Paragraph 86.

11     87.    Answering Paragraph 87, AVM denies the allegations in Paragraph 87.

12     88.    To the extent that any response is required to Redleaf's prayer for relief, AVM
13 denies the allegations therein.

### AFFIRMATIVE AND OTHER DEFENSES

Third-Party Defendant AVM asserts the following affirmative and other defenses. In asserting these defenses, AVM does not assume the burden of proof with respect to any issue as to which applicable law places the burden of proof upon Redleaf.

### First Defense

The Third-Party Complaint, and each cause of action therein, fails to state a claim upon which relief can be granted.

### Second Defense

The Third-Party Complaint fails to plead fraud with the particularity required by Rule 9(b) of the Federal Rules of Civil Procedure and otherwise fails properly to identify the alleged false or misleading statements of which Redleaf complains.

### Third Defense

Redleaf's claims are barred, in whole or in part, by the applicable statute of limitations, including but not limited to Del. Code Ann. tit. 10, § 8106.

13310.001.898552v2             12            Case No. C-07-05350 JW PVT

**ANSWER OF THIRD-PARTY DEFENDANT ASPEN VENTURES MANAGEMENT, III, LLC**

**Fourth Defense**

Redleaf's claims are barred, in whole or in part, by the doctrines of waiver, estoppel, ratification and/or unclean hands.

**Fifth Defense**

Redleaf is barred from claiming injury or damage, if any, because it failed to make reasonable efforts to mitigate such injury or damage, which would have prevented its injury or damages, if any.

**Sixth Defense**

Redleaf was negligent and did not exercise due care to discover the existence of some or all facts alleged in the Third-Party Complaint upon which it asserts liability against Third-Party Defendant AVM. Thus, the actual and proximate cause of the damage to Redleaf, if any, in whole or in part, is Redleaf's negligence and its failure to exercise reasonable care.

**Seventh Defense**

Redleaf's Third-Party Complaint, and each claim alleged therein, is barred by the application of the doctrine of laches.

**Eighth Defense**

Redleaf, with full knowledge of all the facts in any way connected with or relating to the matters alleged against Third-Party Defendant AVM in the Third-Party Complaint, duly ratified, acquiesced to, consented to, authorized and confirmed in all respects the conduct of Third-Party Defendant AVM as alleged in the Third-Party Complaint.

**Ninth Defense**

Any damages alleged in Redleaf's Third-Party Complaint, and each claim alleged therein, were due to no act or omission on the part of Third-Party Defendant AVM. The actual or proximate cause of any damages or harm alleged in the Third-Party Complaint, if any there were, was due to the independent actions of third parties or Redleaf itself.

**Tenth Defense**

Redleaf's Third-Party Complaint, and each claim alleged therein, is barred in that Redleaf did not justifiably rely upon any alleged representation, act or omissions of Third-Party Defendant

1  AVM, or anyone acting on their behalf.

### Eleventh Defense

Redleaf's Third-Party Complaint, and each claim alleged therein, is barred to the extent that Redleaf assumed the risk of the conduct of the transactions alleged in the Third-Party Complaint and/or assumed the risk of the conduct of Third-Party Defendant AVM as alleged in the Third-Party Complaint.

### Twelfth Defense

Redleaf's Third-Party Complaint, and each claim alleged therein, is barred to the extent that Redleaf is guilty of comparative fault.

### Thirteenth Defense

Third-Party Defendant AVM's performance of obligations under contracts and/or pursuant to any duties, if any, was prevented by the incapacitation and death of a key person, Thaddeus Whalen, as a result of terminal cancer.

### Fourteenth Defense

Redleaf alleges that it had knowledge that AVM acted in ways that constitute alleged breaches of the applicable partnership agreements and Redleaf waived its right to performance on those dates, in that Redleaf elected to treat the agreements as still alive, viable, and binding, and Redleaf accepted further performance of the agreements from Third-Party Defendants.

### Fifteenth Defense

Prior to the date of alleged injuries, namely, on or about April 1, 2002, Redleaf executed written indemnity agreements related to any and all actions taken or omitted to be taken with regard to Aspen, including the August 20, 1999 Aspen Amended and Restated Limited Partnership Agreement ("LP Agreement"), the April 1, 2002 Aspen First Amendment to Amended and Restated Limited Partnership Agreement, and the April 1, 2002 Aspen Series B Admission and Amendment Agreement. By the terms of those Agreements and, including without limitation Section 10.13 thereof, Redleaf, in consideration of being admitted as a Series B Limited Partner of Aspen, expressly released and discharged Third-Party Defendants from any and all liability for any action taken or omitted to be taken in good faith and/or in acting or refraining to act in good

COBLENTZ, PATCH, DUFFY & BASS LLP
ONE FERRY BUILDING, SUITE 200, SAN FRANCISCO, CALIFORNIA 94111-4213
415.391.4800 · FAX 415.989.1663

faith in reliance upon the opinion or advice of counsel.

### Sixteenth Defense

Prior to the date of alleged injuries, namely, on or about April 1, 2002 Redleaf executed written indemnity agreements related to any and all actions taken or omitted to be taken with regard to AVM, including the August 20, 1999 AVM Amended and Restated Limited Liability Agreement ("GP Agreement"), the April 1, 2002 AVM First Amendment to Amended and Restated Limited Liability Company Agreement, and the April 1, 2002 AVM Assignment and Amendment Agreements.  By the terms of those Agreements and, including without limitation Section 12.7 thereof, Redleaf, by and through its representatives John Kohler and C. Lloyd Mahaffey and in its own capacity, in consideration of being admitted as Series B Managing members and/or assignees of AVM, expressly released and discharged AVM from any and all liability for any action taken or omitted to be taken in good faith and/or in acting or refraining to act in good faith in reliance upon the opinion or advice of counsel.

### Seventeenth Defense

The matters complained of in Redleaf's Third-Party Complaint and attributed to AVM as wrongfully done or omitted were performed or abstained from in good faith by AVM in conformity with regulations promulgated by the United States Small Business Administration and/or the laws of the United States of America.

### Eighteenth Defense

The matters complained of in Redleaf's Third-Party Complaint and attributed to AVM as wrongfully done or omitted were performed or abstained from in the exercise of business judgment and are protected by the business judgment rule.

### Nineteenth Defense

The Third-Party Complaint fails to allege a conspiracy since it only asserts that Third Party Defendants Crockett and Cilento perpetrated acts in furtherance of the alleged conspiracy while acting in their official capacity on behalf of AVM and not as individuals acting for their own individual advantage or beyond the scope of their authority.

**ANSWER OF THIRD-PARTY DEFENDANT ASPEN VENTURES MANAGEMENT, III, LLC**

**Additional Defenses**

AVM reserves the right to assert additional affirmative defenses once the precise nature of the relevant circumstances or events is determined through discovery.

WHEREFORE, Third-Party Defendant AVM prays that the Court enter judgment as follows:

1. That judgment be entered in favor of Third-Party Defendant AVM;
2. That Redleaf take nothing from Third-Party Defendant AVM by its Third-Party Complaint, and that the same be dismissed with prejudice;
3. For attorneys' fees and costs incurred herein; and
4. For such other relief as the Court deems just and proper.

Dated: June 26, 2008

Respectfully submitted,

COBLENTZ, PATCH, DUFFY & BASS, LLP

By: s/ William H. Orrick, III
William H. Orrick, III
Attorneys for Third-Party Defendant Aspen Ventures Management III, LLC

COBLENTZ, PATCH, DUFFY & BASS LLP
ONE FERRY BUILDING, SUITE 200, SAN FRANCISCO, CALIFORNIA 94111-4213
415.391.4800 · FAX 415.989.1663

13310.001.898552v2                    16                    Case No. C-07-05350 JW PVT

**ANSWER OF THIRD-PARTY DEFENDANT ASPEN VENTURES MANAGEMENT, III, LLC**