JESSICA L. GRANT (SBN 178138)
JONATHAN A. PATCHEN (SBN 237346)
TAYLOR & COMPANY LAW OFFICES, LLP
One Ferry Building, Suite 355
San Francisco, California 94111
Telephone: (415) 788-8200
Facsimile: (415) 788-8208
E-mail: jgrant@tcolaw.com

Attorneys for Third-Party Defendants
ALEXANDER P. CILENTO and
DAVID CROCKETT

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES SMALL BUSINESS ADMINISTRATION in its capacity as Receiver for Aspen Ventures, III,<br><br>　　　Plaintiffs,<br><br>v.<br><br>REDLEAF GROUP, INC.,<br><br>　　　Defendant and Third-Party Plaintiff,<br><br>v.<br><br>ASPEN VENTURES MANAGEMENT III, LLC, a Delaware Limited Liability Company, ALEXANDER P. CILENTO, a California resident, and DAVID CROCKETT, a California resident, and DOES 1-10,<br><br>　　　Third-Party Defendants. | Case No.: C-07-05350 JW (PVT)<br><br>**ANSWER OF THIRD-PARTY DEFENDANTS ALEXANDER P. CILENTO AND DAVID CROCKETT TO REDLEAF GROUP, INC.'S THIRD-PARTY COMPLAINT** |

TAYLOR & CO.
LAW OFFICES, LLP

Third-Party Defendants Alexander P. Cilento ("Cilento") and David Crockett ("Crockett"), based upon their knowledge and information and belief, hereby answer Defendant and Third-Party Plaintiff Redleaf Group, Inc.'s Third-Party Complaint (the "Complaint"), dated December 17, 2007. In responding to the Complaint, Cilento and Crockett admit neither that they bear the burden of proving any of the defenses set forth below nor the relevance of any of Third-Party Plaintiff and Defendant Redleaf Group, Inc.'s ("Redleaf") allegations.

1. Answering Paragraph 1, Cilento and Crockett admit that Third-Party Defendant. Aspen Ventures Management III, LLC ("AVM") was the general partner of the Small Business Investment Company Aspen Ventures III ("Aspen"). Cilento and Crockett also admit that Thaddeus J. Whalen, who was one of AVM's managing members, is now deceased and that Cilento and Crockett are AVM's surviving managing members. Answering Paragraph 1, Cilento and Crockett note that Paragraph 1 sets forth Redleaf's characterization of this action, as well as legal conclusions, and does not purport to require a response from Cilento and Crockett. To the extent that Paragraph 1 purports to contain factual assertions requiring a response, Cilento and Crockett deny the allegations in Paragraph 1.

2. Answering Paragraph 2, Cilento and Crockett note that Paragraph 2 sets forth Redleaf's characterization of this action, as well as legal conclusions, and does not purport to require a response from Cilento and Crockett. To the extent that Paragraph 2 purports to contain factual assertions requiring a response, Cilento and Crockett deny the allegations in Paragraph 2.

3. Answering Paragraph 3, Cilento and Crockett admit that this Court has jurisdiction over this action.

4. Answering Paragraph 4, Cilento and Crockett admit that this Court has jurisdiction over them.

5. Answering Paragraph 5, Cilento and Crockett admit that venue is proper in this District. Except as specifically admitted herein, Cilento and Crockett deny the allegations in Paragraph 5.

6. Answering Paragraph 6, Cilento and Crockett admit that assignment to the San Jose division is appropriate.

Taylor & Co.
Law Offices, LLP

1.

ANSWER OF THIRD-PARTY DEFENDANTS ALEXANDER P. CILENTO AND DAVID CROCKETT TO REDLEAF GROUP, INC.'S THIRD-PARTY COMPLAINT: CASE NO. C-07-05350 JW (PVT)

7. Answering Paragraph 7, Cilento and Crockett admit that AVM is the General Partner of Aspen, and is a Delaware limited liability company which had its principal place of business at 1000 Fremont Avenue, Suite 200, Los Altos, CA 94024.

8. Answering Paragraph 8, Cilento and Crockett admit that they are California residents. Cilento and Crockett also admit that, for a period of time, Cilento, Crockett and Thaddeus J. Whalen were among the managing members of AVM. Except as specifically admitted herein, Cilento and Crockett deny the allegations in Paragraph 8.

9. Answering Paragraph 9, Cilento and Crockett admit that Redleaf is a Delaware corporation. Except as specifically admitted herein, Cilento and Crockett lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9 and, on that basis, deny them.

10. Answering Paragraph 10, Cilento and Crockett note that Paragraph 10 does not purport to require a response from them.

11. Answering Paragraph 11, Cilento and Crockett lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11 and, on that basis, deny them.

12. Answering Paragraph 12, Cilento and Crockett admit that Aspen was a licensed Small Business Investment Company ("SBIC"). Cilento and Crockett also admit that an SBIC can be a private venture capital or equity fund that is licensed by the United States Small Business Administration ("SBA") and "leveraged" with funds provided by the SBA. Cilento and Crockett further admit that Aspen was licensed as an SBIC on or about September 16, 1999.

13. Answering Paragraph 13, Cilento and Crockett note that Paragraph 13 contains legal conclusions to which no response is required. To the extent that Paragraph 13 purports to contain factual assertions requiring a response, Cilento and Crockett admit that the "leverage" provided by the SBA is one of the primary advantages to becoming an SBIC and that an SBIC could receive SBA "leverage" up to a 2:1 ratio. Except as specifically admitted herein, Cilento and Crockett lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 and, on that basis, deny them.

2.
ANSWER OF THIRD-PARTY DEFENDANTS ALEXANDER P. CILENTO AND DAVID CROCKETT TO REDLEAF GROUP, INC.'S THIRD-PARTY COMPLAINT: CASE NO. C-07-05350 JW (PVT)

14. Answering Paragraph 14, Cilento and Crockett admit that one of the appealing aspects of the 2:1 "leverage" provided by the SBA is the potential for investors to further enhance their profits if a particular investment is successful. Except as specifically admitted herein, Cilento and Crockett lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 and, on that basis, deny them.

15. Answering Paragraph 15, Cilento and Crockett note that Paragraph 15 contains legal conclusions to which no response is required. To the extent that Paragraph 15 purports to contain factual assertions requiring a response, Cilento and Crockett admit that the SBA's "leverage" carries substantial risks for an SBIC, including investors' liability to repay the SBA leverage to the extent of their capital commitments if an SBIC fails; that the SBA has liquidation preference in relation to other investors; and that if an SBIC is liquidated, investors are obligated to remit funds to the SBIC to the extent of their unfunded capital commitments. Except as specifically admitted herein, Cilento and Crockett lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 and, on that basis, deny them.

16. Answering Paragraph 16, Cilento and Crockett admit that Redleaf is a Delaware corporation. Except as specifically admitted herein, Cilento and Crockett lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16 and, on that basis, deny them.

17. Answering Paragraph 17, Cilento and Crockett admit that sometime in 2001, Thaddeus J. Whalen and John Kohler discussed the possibility that Redleaf would make a capital commitment to Aspen, and that Redleaf would become a limited partner of Aspen. Except as specifically admitted herein, Cilento and Crockett deny the allegations in Paragraph 17 as to themselves, and lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17 as to others, and, on that basis, deny them.

18. Answering Paragraph 18, Cilento and Crockett note that Paragraph 18 sets forth Redleaf's characterization of this action, as well as legal conclusions, and does not purport to require a response from Cilento and Crockett. To the extent that Paragraph 18 purports to contain factual assertions requiring a response, Cilento and Crockett admit that Redleaf was aware of the

3.

Taylor & Co.
Law Offices, LLP

ANSWER OF THIRD-PARTY DEFENDANTS ALEXANDER P. CILENTO AND DAVID CROCKETT TO REDLEAF GROUP, INC.'S THIRD-PARTY COMPLAINT: CASE NO. C-07-05350 JW (PVT)

1  risks associated with SBA leverage and that Redleaf conducted its own due diligence of the risks
2  associated with becoming a limited partner in Aspen and investing in Aspen.  Except as
3  specifically admitted herein, Cilento and Crockett lack knowledge or information sufficient to
4  form a belief as to the truth of the allegations in Paragraph 18 and, on that basis, deny them.

5        19.    Answering Paragraph 19, Cilento and Crockett note that Paragraph 19 contains
6  legal conclusions to which no response is required.  To the extent that Paragraph 19 purports to
7  contain factual assertions requiring a response, Cilento and Crockett deny the allegations in
8  Paragraph 19 as to themselves, and lack knowledge or information sufficient to form a belief as to
9  the truth of the allegations in Paragraph 19 as to others, and, on that basis, deny them.

10        20.    Answering Paragraph 20, Cilento and Crockett note that Paragraph 20 sets forth
11  Redleaf's characterization of this action, as well as legal conclusions, and does not purport to
12  require a response from Cilento and Crockett.  To the extent that Paragraph 20 purports to contain
13  factual assertions requiring a response, Cilento and Crockett deny the allegations in Paragraph 20
14  as to themselves, and lack knowledge or information sufficient to form a belief as to the truth of
15  the allegations in Paragraph 20 as to others, and, on that basis, deny them.

16        21.    Answering Paragraph 21, Cilento and Crockett note that Paragraph 21 contains
17  Redleaf's characterization of this action, as well as legal conclusions, to which no response is
18  required.  To the extent that Paragraph 21 purports to contain factual assertions requiring a
19  response, Cilento and Crockett deny the allegations in Paragraph 21.

20        22.    Answering Paragraph 22, Cilento and Crockett note that Paragraph 22 contains
21  Redleaf's characterization of this action, as well as legal conclusions, to which no response is
22  required.  To the extent that Paragraph 22 purports to contain factual assertions requiring a
23  response, Cilento and Crockett deny the allegations in Paragraph 22 as to themselves, and lack
24  knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph
25  22 as to others, and, on that basis, deny them.

26        23.    Answering Paragraph 23, Cilento and Crockett note that Paragraph 23 contains
27  Redleaf's characterization of this action, as well as legal conclusions, to which no response is
28  required.  To the extent that Paragraph 23 purports to contain factual assertions requiring a

4.

TAYLOR & CO.
LAW OFFICES, LLP

ANSWER OF THIRD-PARTY DEFENDANTS ALEXANDER P. CILENTO AND DAVID CROCKETT TO REDLEAF GROUP, INC.'S THIRD-PARTY COMPLAINT: CASE NO. C-07-05350 JW (PVT)

1 response, Cilento and Crockett admit that the agreements governing the operations of AVM and
2 Aspen would be and were amended to reflect the Series A and Series B investment structure, and
3 that Redleaf was aware that assets from Series B investments may be required to fund Series A
4 liabilities (and vice versa).  Except as specifically admitted herein, Cilento and Crockett deny the
5 allegations in Paragraph 23 as to themselves, and lack knowledge or information sufficient to form
6 a belief as to the truth of the allegations in Paragraph 23 as to others, and, on that basis, deny
7 them.

8     24.    Answering Paragraph 24, Cilento and Crockett note that Paragraph 24 contains
9 Redleaf's characterization of this action, as well as legal conclusions, to which no response is
10 required.  To the extent that Paragraph 24 purports to contain factual assertions requiring a
11 response, Cilento and Crockett lack knowledge or information sufficient to form a belief as to the
12 truth of what was purportedly important to Redleaf or what it allegedly believed and, on that basis,
13 deny them.

14     25.    Answering Paragraph 25, Cilento and Crockett deny the allegations in
15 Paragraph 25 as to themselves, and lack knowledge or information sufficient to form a belief as to
16 the truth of the allegations in Paragraph 25 as to others, and, on that basis, deny them.

17     26.    Answering Paragraph 26, Cilento and Crockett admit that Redleaf conducted its
18 own due diligence concerning its potential investment in Aspen, becoming a limited partner in
19 Aspen, the risks associated with SBA leverage, and the Series A/Series B cross-liability guarantee.
20 Cilento and Crockett also admit that the SBA approved of Redleaf as a new limited partner of
21 Aspen.  Except as specifically admitted herein, Cilento and Crockett deny the allegations in
22 Paragraph 26 as to themselves, and lack knowledge or information sufficient to form a belief as to
23 the truth of the allegations in Paragraph 26 as to others, and, on that basis, deny them.

24     27.    Answering Paragraph 27, Cilento and Crockett note that Paragraph 27 contains
25 Redleaf's characterization of this action, as well as legal conclusions, to which no response is
26 required.  To the extent that Paragraph 27 purports to contain factual assertions requiring a
27 response, Cilento and Crockett admit that effective April 1, 2002, Redleaf was admitted as a new
28 limited partner of Aspen and that the Amended and Restated Limited Partnership Agreement of

5.

TAYLOR & CO.
LAW OFFICES, LLP

ANSWER OF THIRD-PARTY DEFENDANTS ALEXANDER P. CILENTO AND DAVID CROCKETT TO REDLEAF GROUP, INC.'S THIRD-PARTY COMPLAINT: CASE NO.  C-07-05350 JW (PVT)

Aspen, dated August 20, 1999, was further amended on April 1, 2002 to reflect the admission of Redleaf as a limited partner. Cilento and Crockett also admit that the Complaint purports to reference the Amended and Restated Limited Partnership Agreement, and refers to the Court to that document for its true and correct contents. Except as specifically admitted herein, Cilento and Crockett deny the allegations in Paragraph 27.

28. Answering Paragraph 28, Cilento and Crockett note that Paragraph 28 contains Redleaf's characterization of this action, as well as legal conclusions, to which no response is required. To the extent that Paragraph 28 purports to contain factual assertions requiring a response, Cilento and Crockett admit that the Second Amended and Restated Limited Liability Company Agreement of AVM, dated August 20, 1999, was amended effective April 1, 2002 following the admission of John Kohler and Lloyd Mahaffey as managing members of AVM. Cilento and Crockett also admit that the Complaint purports to reference the Second Amended and Restated Limited Liability Company Agreement of AVM, dated August 20, 1999, and refers the Court to that document for its true and correct contents. Except as specifically admitted herein, Cilento and Crockett deny the allegations in Paragraph 28.

29. Answering Paragraph 29, Cilento and Crockett note that Paragraph 29 contains Redleaf's characterization of this action as well as legal conclusions to which no response is required. To the extent that Paragraph 29 purports to contain factual assertions requiring a response, Cilento and Crockett deny the allegations in Paragraph 29.

30. Answering Paragraph 30, Cilento and Crockett note that Paragraph 30 contains Redleaf's characterization of this action as well as legal conclusions to which no response is required. To the extent that Paragraph 30 purports to contain factual assertions requiring a response, Cilento and Crockett admit that they were managing members of AVM. Except as specifically admitted herein, Cilento and Crockett deny the allegations in Paragraph 30.

31. Answering Paragraph 31, Cilento and Crockett note that Paragraph 31 contains Redleaf's characterization of this action, as well as legal conclusions, to which no response is required. To the extent that Paragraph 31 purports to contain factual assertions requiring a response, Cilento and Crockett deny the allegation in Paragraph 31.

6.

TAYLOR & CO.
LAW OFFICES, LLP

ANSWER OF THIRD-PARTY DEFENDANTS ALEXANDER P. CILENTO AND DAVID CROCKETT TO REDLEAF GROUP, INC.'S THIRD-PARTY COMPLAINT: CASE NO. C-07-05350 JW (PVT)

32. Answering Paragraph 32, Cilento and Crockett admit that as of April 1, 2002, Redleaf was admitted to Aspen as a limited partner. Cilento and Crockett also admit that Redleaf made capital calls totaling almost $3 million from which Aspen obtained SBA leverage. Except as specifically admitted herein, Cilento and Crockett lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32 and, on that basis, deny them.

33. Answering Paragraph 33, Cilento and Crockett note that Paragraph 33 contains legal conclusions to which no response is required. To the extent that Paragraph 33 purports to contain factual allegations requiring a response, Cilento and Crockett deny the allegations in Paragraph 33.

34. Answering Paragraph 34, Cilento and Crockett lack knowledge and information sufficient to form a belief as to whether or not Redleaf received the quarterly financial reports and AVM operating budget that were sent to Redleaf. Except as specifically admitted herein, Cilento and Crockett deny the allegations in Paragraph 34.

35. Answering Paragraph 35, Cilento and Crockett note that Paragraph 35 contains Redleaf's characterization of this action, as well as legal conclusions, to which no response is required. To the extent that Paragraph 35 purports to contain factual assertions requiring a response, Cilento and Crockett admit that certain of Aspen's Series A investments were co-investments with Aspen Ventures West II, L.P. ("Aspen II"), a fact that was made known to Redleaf. Cilento and Crockett also admit that as of December 31, 2002, the SBA determined that Aspen II was capitally impaired, and that on or about April 25, 2003, the SBA transferred Aspen II to liquidation status. Except as specifically admitted herein, Cilento and Crockett deny the allegations in Paragraph 35.

36. Answering Paragraph 36, Cilento and Crockett admit that funds from Series B had been invested in a company called "Reasoning," which was also an Aspen II portfolio company, and that this investment was disclosed to Redleaf in the First Quarter Report to Limited Partners, as well as in subsequent quarterly financial reports. Cilento and Crockett also admit that as of June 2003, AVM had advised Redleaf that it was not seeking to raise additional capital for the new Redleaf Series B fund, and that AVM believed the Redleaf Series B fund was an initiative

7.

TAYLOR & CO.
LAW OFFICES, LLP

ANSWER OF THIRD-PARTY DEFENDANTS ALEXANDER P. CILENTO AND DAVID CROCKETT TO REDLEAF GROUP, INC.'S THIRD-PARTY COMPLAINT: CASE NO. C-07-05350 JW (PVT)

that had not worked out and should be wrapped up professionally. Cilento and Crockett also admit that at some time in early 2003, Redleaf sought the SBA's approval for Redleaf to contribute assets to Aspen in exchange for a release from its capital commitment and that the SBA approved Redleaf's request. Cilento and Crockett further admit that Redleaf's Board of Directors decided in late 2003 not to contribute approximately $24 million in assets to Aspen in order to satisfy its capital commitment. Except as specifically admitted herein, Cilento and Crockett lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36 and, on that basis, deny them.

37. Answering Paragraph 37, Cilento and Crockett deny the allegations in Paragraph 37.

38. Answering Paragraph 38, Cilento and Crockett lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 38 and, on that basis, deny them.

39. Answering Paragraph 39, Cilento and Crockett deny the allegations in Paragraph 39.

40. Answering Paragraph 40, Cilento and Crockett deny the allegations in Paragraph 40.

41. Answering Paragraph 41, Cilento and Crockett admit that Aspen's Report to Limited Partners of March 31, 2004 indicates that the value of the Series A portfolio was $29,204,319. Cilento and Crockett also admit that the Aspen's Report to Limited Partners dated June 30, 2004 indicates that the value of the Series A portfolio was $12,906,140. Cilento and Crockett further admit that in or about September 2004, the SBA determined that Aspen was capitally impaired, and that the SBA subsequently transferred Aspen into liquidation status. Except as specifically admitted herein, Cilento and Crockett lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 41 and, on that basis, deny them.

42. Answering Paragraph 42, Cilento and Crockett lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 42 and, on that basis, deny

8.

TAYLOR & CO.
LAW OFFICES, LLP

ANSWER OF THIRD-PARTY DEFENDANTS ALEXANDER P. CILENTO AND DAVID CROCKETT TO REDLEAF GROUP, INC.'S THIRD-PARTY COMPLAINT: CASE NO. C-07-05350 JW (PVT)

1  them.

2  43.   Answering Paragraph 43, Cilento and Crockett incorporate their responses to
3  Paragraphs 1 through 42 as though fully set forth herein.

4  44.   Answering Paragraph 44, Cilento and Crockett note that Paragraph 44 contains
5  legal conclusions to which no response is required.  To the extent that Paragraph 44 purports to
6  contain factual assertions requiring a response, Cilento and Crockett admit that the Complaint
7  purports to reference the LP Agreement and GP Agreement, and refer the Court to those
8  documents for their true and correct contents.  Except as specifically admitted herein, Cilento and
9  Crockett deny the allegations in Paragraph 44.

10  45.   Answering Paragraph 45, Cilento and Crockett note that Paragraph 45 contains
11  legal conclusions to which no response is required.  To the extent that Paragraph 45 purports to
12  contain factual assertions requiring a response, Cilento and Crockett deny the allegations in
13  Paragraph 45.

14  46.   Answering Paragraph 46, Cilento and Crockett note that Paragraph 46 contains
15  legal conclusions to which no response is required.  To the extent that Paragraph 46 purports to
16  contain factual assertions requiring a response, Cilento and Crockett deny the allegations in
17  Paragraph 46.

18  47.   Answering Paragraph 47, Cilento and Crockett deny the allegations in
19  Paragraph 47.

20  48.   Answering Paragraph 48, Cilento and Crockett incorporate their responses to
21  Paragraphs 1 through 47 as though fully set forth herein.

22  49.   Answering Paragraph 49, Cilento and Crockett note that Paragraph 49 contains
23  legal conclusions to which no response is required.  To the extent that Paragraph 49 purports to
24  contain factual assertions requiring a response, Cilento and Crockett admit that the Complaint
25  purports to reference the LP Agreement and GP Agreement, and refer the Court to those
26  documents for their true and correct contents.  Except as specifically admitted herein, Cilento and
27  Crockett deny the allegations in Paragraph 49.

28  50.   Answering Paragraph 50, Cilento and Crockett deny the allegations in

9.

TAYLOR & CO.
LAW OFFICES, LLP

ANSWER OF THIRD-PARTY DEFENDANTS ALEXANDER P. CILENTO AND DAVID CROCKETT TO REDLEAF GROUP, INC.'S THIRD-PARTY COMPLAINT: CASE NO.  C-07-05350 JW (PVT)

Paragraph 50.

51. Answering Paragraph 51, Cilento and Crockett deny the allegations in Paragraph 51.

52. Answering Paragraph 52, Cilento and Crockett lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 52 and, on that basis, deny them.

53. Answering Paragraph 53, Cilento and Crockett incorporate their responses to Paragraphs 1 through 52 as though fully set forth herein.

54. Answering Paragraph 54, Cilento and Crockett deny the allegations in Paragraph 54.

55. Answering Paragraph 55, Cilento and Crockett deny the allegations in Paragraph 55.

56. Answering Paragraph 56, Cilento and Crockett deny the allegations in Paragraph 56.

57. Answering Paragraph 57, Cilento and Crockett deny the allegations in Paragraph 57.

58. Answering Paragraph 58, Cilento and Crockett deny the allegations in Paragraph 58.

59. Answering Paragraph 59, Cilento and Crockett deny the allegations in Paragraph 59.

60. Answering Paragraph 60, Cilento and Crockett incorporate their responses to Paragraphs 1 through 59 as though fully set forth herein.

61. Answering Paragraph 61, Cilento and Crockett deny the allegations in Paragraph 61.

62. Answering Paragraph 62, Cilento and Crockett deny the allegations in Paragraph 62.

63. Answering Paragraph 63, Cilento and Crockett deny the allegations in Paragraph 63.

TAYLOR & CO.
LAW OFFICES, LLP

ANSWER OF THIRD-PARTY DEFENDANTS ALEXANDER P. CILENTO AND DAVID CROCKETT TO REDLEAF GROUP, INC.'S THIRD-PARTY COMPLAINT: CASE NO. C-07-05350 JW (PVT)

64. Answering Paragraph 64, Cilento and Crockett deny the allegations in Paragraph 64.

65. Answering Paragraph 65, Cilento and Crockett deny the allegations in Paragraph 65.

66. Answering Paragraph 66, Cilento and Crockett deny the allegations in Paragraph 66.

67. Answering Paragraph 67, Cilento and Crockett incorporate their responses to Paragraphs 1 through 66 as though fully set forth herein.

68. Answering Paragraph 68, Cilento and Crockett admit that on or about October 19, 2007, the SBA filed suit against Redleaf seeking various damages and other relief. Except as specifically admitted herein, Cilento and Crockett lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 68 and, on that basis, deny them.

69. Answering Paragraph 69, Cilento and Crockett note that Paragraph 69 contains legal conclusions to which no response is required. To the extent that Paragraph 69 purports to contain factual assertions requiring a response, Cilento and Crockett deny the allegations in Paragraph 69.

70. Answering Paragraph 70, Cilento and Crockett note that Paragraph 70 contains legal conclusions to which no response is required. To the extent that Paragraph 70 purports to contain factual assertions requiring a response, Cilento and Crockett deny the allegations in Paragraph 70.

71. Answering Paragraph 71, Cilento and Crockett note that Paragraph 71 contains legal conclusions to which no response is required. To the extent that Paragraph 71 purports to contain factual assertions requiring a response, Cilento and Crockett deny the allegations in Paragraph 71.

72. Answering Paragraph 72, Cilento and Crockett deny the allegations in Paragraph 72.

73. Answering Paragraph 73, Cilento and Crockett deny the allegations in Paragraph 73.

TAYLOR & CO.
LAW OFFICES, LLP

ANSWER OF THIRD-PARTY DEFENDANTS ALEXANDER P. CILENTO AND DAVID CROCKETT TO REDLEAF GROUP, INC.'S THIRD-PARTY COMPLAINT: CASE NO. C-07-05350 JW (PVT)

74. Answering Paragraph 74, Cilento and Crockett incorporate their responses to Paragraphs 1 through 73 as though fully set forth herein.

75. Answering Paragraph 75, Cilento and Crockett admit that on or about October 19, 2007, the SBA filed suit against Redleaf seeking various damages and other relief. Except as specifically admitted herein, Cilento and Crockett lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 75 and, on that basis, deny them.

76. Answering Paragraph 76, Cilento and Crockett deny the allegations in Paragraph 76.

77. Answering Paragraph 77, Cilento and Crockett note that Paragraph 77 contains legal conclusions to which no response is required. To the extent that Paragraph 77 purports to contain factual assertions requiring a response, Cilento and Crockett deny the allegations in Paragraph 77.

78. Answering Paragraph 78, Cilento and Crockett deny the allegations in Paragraph 78.

79. Answering Paragraph 79, Cilento and Crockett incorporate their responses to Paragraphs 1 through 78 as though fully set forth herein.

80. Answering Paragraph 80, Cilento and Crockett note that Paragraph 80 contains legal conclusions to which no response is required.

81. Answering Paragraph 81, Cilento and Crockett deny the allegations in Paragraph 81.

82. Answering Paragraph 82, Cilento and Crockett deny the allegations in Paragraph 82.

83. Answering Paragraph 83, Cilento and Crockett deny the allegations in Paragraph 83.

84. Answering Paragraph 84, Cilento and Crockett incorporate their responses to Paragraphs 1 through 83 as though fully set forth herein.

85. Answering Paragraph 85, Cilento and Crockett deny the allegations in Paragraph 85.

TAYLOR & CO.
LAW OFFICES, LLP

ANSWER OF THIRD-PARTY DEFENDANTS ALEXANDER P. CILENTO AND DAVID CROCKETT TO REDLEAF GROUP, INC.'S THIRD-PARTY COMPLAINT: CASE NO. C-07-05350 JW (PVT)

1    86.    Answering Paragraph 86, Cilento and Crockett deny the allegations in Paragraph 86.

2    87.    Answering Paragraph 87, Cilento and Crockett deny the allegations in Paragraph 87.

3    88.    To the extent that any response is required to Redleaf's Prayer for Relief, Cilento and Crockett deny the allegations contained therein.

## AFFIRMATIVE AND OTHER DEFENSES

Third-Party Defendants Cilento and Crockett assert the following affirmative and other defenses. In asserting these defenses, Cilento and Crockett do not assume the burden of proof with respect to any issue as to which applicable law places the burden of proof upon Redleaf.

### First Defense

The Third-Party Complaint, and each cause of action therein, fails to state a claim upon which relief can be granted.

### Second Defense

The Third-Party Complaint fails to plead fraud with the particularity required by Rule 9(b) of the Federal Rules of Civil Procedure and otherwise fails properly to identify the alleged false or misleading statements of which Redleaf complains.

### Third Defense

Redleaf's claims are barred, in whole or in part, by the applicable statute of limitations, including but not limited to Del. Code Ann. tit. 10 § 8106.

### Fourth Defense

Redleaf's claims are barred, in whole or in part, by the doctrines of waiver, estoppel, ratification and/or unclean hands.

### Fifth Defense

Redleaf is barred from claiming injury or damage, if any, because it failed to make reasonable efforts to mitigate such injury or damage, which would have prevented its injury or damages, if any.

13.

Taylor & Co.
Law Offices, LLP

ANSWER OF THIRD-PARTY DEFENDANTS ALEXANDER P. CILENTO AND DAVID CROCKETT TO REDLEAF GROUP, INC.'S THIRD-PARTY COMPLAINT: CASE NO. C-07-05350 JW (PVT)

### Sixth Defense

Redleaf was negligent and did not exercise due care to discover the existence of some or all facts alleged in the Third-Party Complaint upon which it asserts liability against Cilento and Crockett. Thus, the actual and proximate cause of the damage to Redleaf, if any, in whole or in part, is Redleaf's negligence and its failure to exercise reasonable care.

### Seventh Defense

Redleaf's Third-Party Complaint, and each claim alleged therein, is barred by the application of the doctrine of laches.

### Eighth Defense

Redleaf, with full knowledge of all the facts in any way connected with or relating to the matters alleged against Cilento and Crockett in the Third-Party Complaint, duly ratified, acquiesced to, consented to, authorized and confirmed in all respects the conduct of Cilento and Crockett as alleged in the Third-Party Complaint.

### Ninth Defense

Any damages alleged in Redleaf's Third-Party Complaint, and each claim alleged therein, were due to no act or omission on the part of Cilento and Crockett. The actual or proximate cause of any damages or harm alleged in the Third-Party Complaint, if any there were, was due to the independent actions of third parties or Redleaf itself.

### Tenth Defense

Redleaf's Third-Party Complaint, and each claim alleged therein, is barred in that Redleaf did not justifiably rely upon any alleged representation, act or omissions of Cilento and Crockett, or anyone acting on their behalf.

### Eleventh Defense

Redleaf's Third-Party Complaint, and each claim alleged therein, is barred to the extent that Redleaf assumed the risk of the conduct of the transactions alleged in the Third-Party Complaint and/or assumed the risk of the conduct of Cilento and Crockett as alleged in the Third-Party Complaint.

Taylor & Co.
Law Offices, LLP

14.

ANSWER OF THIRD-PARTY DEFENDANTS ALEXANDER P. CILENTO AND DAVID CROCKETT TO REDLEAF GROUP, INC.'S THIRD-PARTY COMPLAINT: CASE NO. C-07-05350 JW (PVT)

**Twelfth Defense**

Redleaf's Third-Party Complaint, and each claim alleged therein, is barred to the extent that Redleaf is guilty of comparative fault.

**Thirteenth Defense**

Third-Party Defendants performance of obligations under contracts and/or pursuant to any duties, if any, was prevented by the incapacitation and death of a key person, Thaddeus J. Whalen, as a result of terminal cancer.

**Fourteenth Defense**

Redleaf alleges that it had knowledge that Third-Party Defendants acted in ways that constitute alleged breaches of the applicable partnership agreements and Redleaf waived its right to performance on those dates, in that Redleaf elected to treat the agreements as still alive, viable, and binding, and Redleaf accepted further performance of the agreements from Third-Party Defendants.

**Fifteenth Defense**

Prior to the date of any alleged injuries, namely, on or about April 1, 2002, Redleaf executed written indemnity agreements related to any and all actions taken or omitted to be taken with regard to Aspen. A true and correct copy of the August 20, 1999 Aspen Amended and Restated Limited Partnership Agreement ("LP Agreement") is attached hereto as Exhibit 1; a true and correct copy of the April 1, 2002 Aspen First Amendment to Amended and Restated Limited Partnership Agreement is attached hereto as Exhibit 2; and a true and correct copy of the April 1, 2002 Aspen Series B Admission and Amendment Agreement is attached hereto as Exhibit 3, and each is made a part hereof, as if set forth in full herein. By the terms of those Agreements and, including without limitation Section 10.13 thereof, Redleaf, in consideration of being admitted as a Series B Limited Partner of Aspen, expressly released and discharged Third-Party Defendants from any and all liability for any action taken or omitted to be taken in good faith and/or in acting or refraining to act in good faith in reliance upon the opinion or advice of counsel.

///

TAYLOR & CO.
LAW OFFICES, LLP

15.
ANSWER OF THIRD-PARTY DEFENDANTS ALEXANDER P. CILENTO AND DAVID CROCKETT TO REDLEAF GROUP, INC.'S THIRD-PARTY COMPLAINT: CASE NO. C-07-05350 JW (PVT)

### Sixteenth Defense

Prior to the date of alleged injuries, namely, on or about April 1, 2002 Redleaf executed written indemnity agreements related to any and all actions taken or omitted to be taken with regard to AVM. A true and correct copy of the August 20, 1999 AVM Amended and Restated Limited Liability Agreement ("GP Agreement") is attached hereto as Exhibit 4; a true and correct copy of the April 1, 2002 AVM First Amendment to Amended and Restated Limited Liability Company Agreement is attached hereto as Exhibit 5; and a true and correct copy of the April 1, 2002 AVM Assignment and Amendment Agreements is attached hereto as Exhibit 6, and each is made a part hereof, as if set forth in full herein. By the terms of those Agreements and, including without limitation Section 12.7 thereof, Redleaf, by and through its representatives John Kohler and Lloyd Mahaffey, and in its own capacity, in consideration of being admitted as Series B Managing members and/or assignees of AVM, expressly released and discharged Third-Party Defendants from any and all liability for any action taken or omitted to be taken in good faith and/or in acting or refraining to act in good faith in reliance upon the opinion or advice of counsel.

### Seventeenth Defense

The matters complained of in Redleaf's Third-Party Complaint and attributed to Third-Party Defendants as wrongfully done or omitted were performed or abstained from in good faith by Third-Party Defendants in conformity with regulations promulgated by the SBA and/or the laws of the United States of America.

### Eighteenth Defense

The matters complained of in Redleaf's Third-Party Complaint and attributed to Third-Party Defendants as wrongfully done or omitted were performed or abstained from in the exercise of business judgment and are protected by the business judgment rule.

### Nineteenth Defense (Cilento & Crockett Only)

Third-Party Defendants Cilento and Crockett were the agents of Third-Party Defendant AVM, and that the Third-Party Complaint alleges only that they perpetrated acts in furtherance of the alleged conspiracy while acting in that official capacity on behalf of AVM, and not as individuals acting for their own individual advantage or beyond the scope of their authority.

16.

TAYLOR & CO.
LAW OFFICES, LLP

ANSWER OF THIRD-PARTY DEFENDANTS ALEXANDER P. CILENTO AND DAVID CROCKETT TO REDLEAF GROUP, INC.'S THIRD-PARTY COMPLAINT: CASE NO. C-07-05350 JW (PVT)

**Additional Defenses**

Cilento and Crockett reserve the right to assert additional affirmative defenses once the precise nature of the relevant circumstances or events is determined through discovery.

WHEREFORE, Third-Party Defendants Alexander P. Cilento and David Crockett pray that the Court enter judgment as follows:

**PRAYER FOR RELIEF**

1. That judgment be entered in favor of Third-Party Defendants Alexander P. Cilento and David Crockett;

2. That Redleaf take nothing from Third-Party Defendants Alexander P. Cilento and David Crockett by its Third-Party Complaint, and that the same be dismissed with prejudice;

3. For attorneys' fees, and costs incurred herein; and

4. For such other relief as the Court deems just and proper.

Dated: June 25, 2008

Respectfully submitted,

TAYLOR & COMPANY LAW OFFICES, LLP

By: _____/s/ Jessica L. Grant_____
Jessica L. Grant

Attorneys for Third-Party Defendants
ALEXANDER P. CILENTO and DAVID CROCKETT

TAYLOR & CO.
LAW OFFICES, LLP

17.
ANSWER OF THIRD-PARTY DEFENDANTS ALEXANDER P. CILENTO AND DAVID CROCKETT TO REDLEAF GROUP, INC.'S THIRD-PARTY COMPLAINT: CASE NO. C-07-05350 JW (PVT)