Gregory C. Nuti (Bar No. 151754)
SCHNADER HARRISON SEGAL & LEWIS LLP
One Montgomery Street, Suite 2200
San Francisco, CA 94104-5501
Telephone: 415-364-6700
Facsimile: 415-364-6785
E-mail: gnuti@schnader.com

Beverley Hazlewood Lewis
Trial Attorney, Office of General Counsel
U.S. Small Business Administration
409 3rd Street, S.W., Suite 7200
Washington, D.C. 20416
Telephone (202) 619-1605
Facsimile (202) 481-0468

Attorneys for Plaintiff,
United States Small Business Administration in its capacity as Receiver for Aspen Ventures III, L.P.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES SMALL BUSINESS ADMINISTRATION IN ITS CAPACITY AS RECEIVER FOR ASPEN VENTURES III, L.P., <br><br> Plaintiff, <br><br> vs. <br><br> REDLEAF GROUP, INC., <br><br> Defendants. <br><br> REDLEAF GROUP, INC., <br><br> Third-Party Plaintiff, <br><br> vs. <br><br> ASPEN VENTURES MANAGEMENT III, LLC, a Delaware Limited Liability Company, ALEXANDER P. CILENTO, a California resident, and DAVID CROCKETT, a California resident, and DOES 1-10, <br><br> Third-Party Defendants. | Case No.: C06-04032 JW <br><br> Case No.: C07-05350 JW <br><br> **RECEIVER'S RESPONSE TO ORDER TO SHOW CAUSE RE ALTERNATIVE RECEIVER** <br><br> Date: July 7, 2008 <br> Time: 9:00 a.m. <br> Location: 280 South First Street, Courtroom 8, 4th Floor, San Jose, CA 95113 <br> Judge: Hon. James Ware |

PHDATA 3105830_1

1

RESPONSE TO OSC

## I. INTRODUCTION

Plaintiff, the United States Small Business Administration in its capacity as Receiver for Aspen Ventures III, L.P. ("Receiver") hereby responds to the Court's Order to Show Cause Re Appointment of Alternate Receiver ("OSC") issued June 27, 2008 in the above captioned matters. In the OSC, the Court raised the issue of whether a conflict exists in having the Small Business Administration ("SBA") act as Receiver in this case such that an alternate receiver should be appointed.

There is no actual conflict of interest of SBA as Receiver in fulfilling its duty to maximize assets of the receivership on behalf of all creditors (including SBA as a major creditor of Aspen Ventures III, L.P.).[1] The fact that SBA has statutory authority to license and regulate SBICs, or that in its statutorily authorized capacity as a preferred limited partner the SBA has a distribution priority, does not create a conflict with SBA's statutorily authorized role as Receiver. Further, there has been no administrative claim brought by Redleaf against SBA as a federal agency which might cause a potential conflict. Therefore, there are no facts to support or warrant the appointment of an alternative receiver.

## II. ASPEN VENTURES IS PLACED IN RECEIVERSHIP.

This Court appointed the SBA as Receiver pursuant to the terms of the Stipulation for Consent Order of Receivership dated October 4, 2006 ("Consent Order). The Receiver was appointed for the purpose of, among other things, preserving and pursuing claims of Aspen Ventures. Under the terms of the Consent Order:

- This Court took exclusive jurisdiction of Aspen Ventures and all its assets and property. Consent Order ¶ 1.
- The Receiver was given all power, authority, right and privilege possessed by the general partner, officers and directors of Aspen

---

[1] The underlying issue is that the SBA's role as Receiver in this case is to pursue the claims of Aspen Ventures III, L.P. The Receiver is doing exactly what the former management of Aspen Ventures III, L.P. was required to do and should have done and what this Court has ordered the Receiver to do.

Ventures under applicable state and federal law, the applicable limited partnership agreements, all powers and authority of a receiver at equity, including to assume and control the operations of Aspen Ventures and *pursue and preserve all its claims*. Consent Order, ¶ 2. (emphasis added).

- The Receiver took possession of all assets, bank accounts, books and records related to Aspen Ventures. Consent Order, ¶ 5.
- All parties and prospective parties to any civil legal proceedings of any nature involving Aspen Ventures are enjoined from commencing or continuing any legal proceeding and further enjoined from taking any further action with respect to pursuing such claims until further order of this Court. Consent Order, ¶ 7.
- Any applicable statute of limitation for all causes of action accrued or accruing in favor of Aspen Ventures against third parties is tolled during the period in which the injunction is in effect preventing the commencement of the cause of action. Consent Order, ¶ 8.

Pursuant to the terms of the Consent Order, the Receiver has taken possession of Aspen Ventures' assets, books and records. The Receiver conducted an investigation of potential claims in favor of Aspen Ventures. The Receiver has determined that it has claims against Redleaf Group, Inc. for its unfunded capital commitment in the amount of $10,600,000.00.

The Consent Order appointing the SBA as Receiver mimics terms that have been used nationwide and issued in numerous jurisdictions for numerous SBIC's that have been placed in receivership, including in this District. *U.S. v. Royal Business Funds Corp.*, 29 BR 777 (E.D.N.Y. Bankr. Ct. 1983) *affirmed* 724 F. 2d 12 (2d Cir. 1983); *U.S. v. Norwood Capital*

*Corp.*, 273 F. Supp 236 (D.C.S.C. 1967), *U.S. v. Prospero Ventures, L.P.,case no.* 04-4351, United States District Court for the Northern District of California.[2]

On October 19, 2007, the Receiver filed its Complaint asserting a single claim against Redleaf for breach of contract for failing to make its capital contribution in the amount of $10.6 million to Aspen Ventures.

### III. ARGUMENT

**A.  The Receiver Is Fulfilling Its Duty To Maximize The Value Of Aspen Ventures Receivership Estate.**

In pursuing its claim for the unfunded capital commitment against Redleaf, the Receiver is fulfilling its duty to maximize the value of the receivership estate.  In doing so, it is fulfilling its specific obligations under the terms of the Consent Order.  Pursuant to paragraph 2 of the Consent Order, the Receiver is "shall assume and control the operation of the Licensee and *shall* pursue and preserve all of its claims.  Consent Order, ¶ 2 (emphasis added).  Further, "[a]ll persons and entities owing any obligation, debt, or distribution, with respect to a partnership interest to the Licensee, shall, until further ordered by this Court, pay all such obligations in accordance with the terms thereof to the Receiver and its receipt for such payments shall have the same force and effect as if the Licensee had received such payments."  Consent Order, ¶ 4.

The Receiver is not acting on behalf of the SBA pursuing a government interest.  Rather, it is pursuing a private right of action between Aspen Ventures and one of its limited partners[3].  In *Ledo Financial Corp. v. Summers*, 122 F.3d 825, (9th Cir. 1997)("*Ledo Financial*"), the Court of Appeals, in analyzing whether state or federal law applied to claims

---

[2]  There, the Receiver also filed complaints seeking payment of unfunded commitments. See U.S. Small Business Administration, as Receiver for Prospero Ventures, L.P. v. John Murphy, et. al., case no. 07-03737, United States District Court for the Northern District of California.

[3]  This is not to say the SBIC Act and Regulations do not affect the relationship between the parties.  To the contrary, the SBIC Act and Regulations form the backdrop, and in fact dictate, to a certain extent, the terms agreed to by the parties.  The fact that this agreement is subject to government regulation does not however, change the fact that it remains a private agreement.

being asserted by the FDIC acting as receiver for a failed savings and loan, looked to the nature of the underlying claim. It determined that the receiver was pursuing strictly private claims, although in the context of a regulated industry:

> In light of *Atherton* and *O'Melveny,* we now consider whether it is appropriate to apply federal common law in this case. We conclude that no unique federal interest exists to justify application of federal common law. In the instant case, the FDIC is simply acting as a receiver of the failed Sun Savings & Loan Association. *It is not pursuing the interest of the United States*. Unlike in *D'Oench,* the FDIC has not itself acquired the note. The Court has explained that simply because a bank is federally insured or federally chartered does not justify application of [federal law]….When the FDIC acts as receiver, it stands in the shoes of the insolvent bank.

*Id* at 829 (emphasis added); *see also Atherton v. FDIC,* 136 L. Ed. 2d 656, 117 S. Ct. 666 (1997)("The FDIC is acting only as a receiver of a failed institution; it is not pursuing the interest of the Federal Government as a bank insurer-an interest likely present whether the insured institution is state, or federally, chartered.");*O'Melveny& Myers v. FDIC,* 512 U.S. 79, 129 L. Ed. 2d 67, 114 S. Ct. 2048 (1994)("But the FDIC is not the United States, and even if it were we would be begging the question to assume that it was asserting its own rights rather than, as receiver, the rights of ADSB").

As in *Ledo Financial*, the SBA as Receiver is pursuing its claim against Redleaf under state law for the benefit of the receivership estate; it is not pursuing a claim on behalf of the SBA. Any recovery will be placed into the receivership estate and will not be distributed without further order of this Court. Consent Order, ¶ 1.

**B.   SBA's Interest As A Creditor And Role As A Receiver Pursuing The Unfunded Capital Commitment Does Not Create A Conflict**

A conflict is a situation in which a person has a duty to more than one person or organization with potentially adverse interests. Black's Dictionary defines "conflict of interest" as follows:

> "Term used in connection with public officials and fiduciaries and their relationship to matters of private interest or gain to them. Ethical problems connected therewith are covered by statutes in most jurisdictions and by federal statutes on the federal level. The Code of Professional Responsibility and Model Rules of Professional Conduct set forth standards for actual or potential conflicts

of interest between attorney and client.  Generally, when used to suggest disqualification of a public official from performing his sworn duty, term 'conflict of interest'   refers to a clash between public interest and the private pecuniary interest of the individual concerned.  *Gardner v. Nashville Housing Authority of Metropolitan Government of Nashville and Davison County, Tenn., C.A.Tenn.*, 514 F.2d 38, 41.  A situation in which regard for one duty tends to lead to disregard of another.  *U.S. v. Miller*, C.A.Mass., 463 F.2d 600, 602.  A conflict of interest arises when a government employee's personal or financial interest conflicts or appears to conflict with his official responsibility.  18 U.S.C.A. § 203 et. seq."

In this case, the SBA, in its role as Receiver for Aspen Ventures owes a duty to all private limited partners, other creditors of Aspen Ventures, and to its preferred limited partner to maximize the value of the receivership estate.  As set forth above, the Receiver is fulfilling that duty.   The interest of SBA as Receiver does not *conflict* with the SBA's interest as a preferred limited partner; they are in fact aligned.  In other words, the Receiver, in pursuing the claim against Redleaf, cannot be accused of ignoring its duty to the receivership estate for the benefit of the SBA in its role as preferred limited partner.  This is not a situation where regard for one duty tends to lead to disregard of another.  The analysis does not change just because, in this particular situation, the SBA as preferred limited partner stands to benefit the most.  Assume that all leverage had been repaid but there remained outstanding debts owed by Aspen Ventures.  The Receiver would be under the same obligation to pursue Redleaf for its unfunded commitment.  Further, even if the dual role of SBA were deemed a conflict, which the Receiver strongly disagrees with, such a dual role by a Government agency is permissible.  Although not a receivership case, in <u>Nevada v. United States et al Truckee-Carson Irrigation District, etal.</u> 463 U.S. 110, when addressing the Government's dual responsibilities the Court stated.

> "the Government cannot follow the fastidious standards of a private fiduciary, who would breach his duties to his single beneficiary solely by representing potentially conflicting interests without the beneficiary's consent. The Government does not "compromise" its obligation to one interest that Congress obliges it to represent by the mere fact that it simultaneously performs  another task for another interest that Congress has obligated it by statute to do. <u>Id.</u> at 128.

In the SBIC program in general and in this case in particular, Congress, by statute has given SBA a dual role in receiverships: (1) Receiver and (2) preferred limited partner in the various participating securities SBICs in which it invests, such as Aspen Ventures.  SBA as Receiver is not acting as a private limited partner. *See, U.S. Small Business Administration as Receiver for Acorn Technology Fund, L.P. v. Chimicles*, 447 F.3d 207, 210 (3d Cir. 2006) Congress has also given SBA the authority to regulate these SBICS and to be appointed Receiver.   There is no conflict of interest, rather SBA is fulfilling its statutorily mandated duties.

### C. SBA's Role As A Regulator Of Aspen Ventures III, L.P. Does Not Conflict With SBA's Role As Receiver Of Aspen Ventures III, L.P.

Congress has trusted SBA with the dual role of regulator of SBICs and receiver of SBICs. In this case, Redleaf attempts to allege that ex-SBA employees failed to perform their regulatory duties prior to SBA's appointment as Receiver.  However, Redleaf has brought no claim against SBA regarding these allegations, and as discussed in the Receiver's previous briefs, such claims are without merit and do not create a conflict for SBA as Receiver.  See United States v. Acorn Technology Fund, L.P., 429 F.3d 438 (3rd Cir. 2005) (Federal Tort Claims Act bars suits against federal agencies for discretionary functions).

## IV. CONCLUSION

The SBA in its role of Receiver is not disregarding a duty owed to the receivership estate in order to benefit the SBA at the receivership's expense. There is no conflict of interest. The appointment of an alternative receiver will have no effect on the prosecution of the claim against Redleaf. It would only unnecessarily increase the cost of administration.

Wherefore, the Receiver prays for an order finding good cause not to appoint an alternative receiver.

Dated: July 2, 2008                         SCHNADER HARRISON SEGAL & LEWIS LLP

By: /s/ Gregory C. Nuti
    Gregory C. Nuti
    Attorneys for Plaintiff, the United States
    Small Business Administration in its
    capacity as Receiver for Aspen Ventures III,
    L.P.

Dated: July 2, 2008                         U.S. Small Business Administration

By: /s/ Beverley Hazlewood Lewis
    Beverley Hazlewood Lewis
    Office of General Counsel
    Attorneys for Plaintiff,
    United States Small Business
    Administration in its capacity as Receiver

SCHNADER HARRISON SEGAL & LEWIS LLP
ONE MONTGOMERY STREET, SUITE 2200
SAN FRANCISCO, CA 94104-5501
TELEPHONE: 415-364-6700

PHDATA 3105830_1                          8                           RESPONSE TO OSC