1  MATTHEW G. BALL (CA BAR 208881)
   DEIRDRE M. DIGRANDE (CA BAR 199766)
2  **KIRKPATRICK & LOCKHART PRESTON GATES ELLIS LLP**
   55 Second Street, Suite 1700
3  San Francisco, CA  94105-3493
   Tel:  (415) 882-8200
4  Fax:  (415) 882-8220
   matthew.ball@klgates.com
5  deirdre.digrande@klgates.com

6
   MARTIN D. TECKLER (*pro hac vice*)
7  **KIRKPATRICK & LOCKHART PRESTON GATES ELLIS LLP**
   1601 K Street, NW
8  Washington, DC  20006-1600
   Tel:  (202) 778-9000
9  Fax:  (202) 778-9100
   martin.teckler@klgates.com
10
   Attorneys for Defendant
11 REDLEAF GROUP, INC.

12              **UNITED STATES DISTRICT COURT**

13             **NORTHERN DISTRICT OF CALIFORNIA**

14                  **SAN JOSE DIVISION**

15 | UNITED STATES SMALL BUSINESS | Case No. C-07-05350 JW (PVT)
   | ADMINISTRATION in its capacity as
16 | Receiver for Aspen Ventures III,

17                          Plaintiffs,

18        v.                               **REDLEAF GROUP, INC.'S RESPONSE
                                            TO ORDER TO SHOW CAUSE**
19 REDLEAF GROUP, INC.,

20        Defendant and Third-Party Plaintiff,   Date:  July 7, 2008
                                                  Time:  9:00 a.m.
21        v.                                      Judge:  Hon. James Ware

22 ASPEN VENTURES MANAGEMENT III,
   LLC, a Delaware Limited Liability Company,
23 ALEXANDER P. CILENTO, a California
   resident, and DAVID CROCKETT, a
24 California resident, and DOES 1-10,

25                    Third-Party Defendants.

26

27

28

The United States Small Business Administration ("SBA") as regulator of Aspen Ventures III, L.P. ("Aspen") acted inappropriately in its oversight of Aspen and therefore facilitated Aspen Ventures Management III, L.L.C. and the other third-party defendant's fraudulent actions inducing Redleaf Group, Inc. ("Redleaf") into making the commitment.  Now, SBA as receiver seeks to benefit from that fraud by ignoring its earlier misdeeds as regulator and dismissing Redleaf's defenses on the basis of procedural form over substance.  To prevent the inherent conflict in SBA's duel roles, Redleaf urges SBA's removal as receiver and asks that SBA be replaced by a disinterested individual or entity qualified to serve in that capacity and mutually agreed upon by the parties.

## BACKGROUND

On June 29, 2006, the matter of <u>United States of America on Behalf of its Agency, the U.S. Small Business Administration v. Aspen Ventures III, L.P.,</u> Case No. C-06-04032 (the "Receivership matter") was filed.  In that matter, the United States argued that, pursuant to Section 311 of the Small Business Investment Act of 1958, 15 U.S.C. § 687c, if the SBA determines that a Small Business Investment Company ("SBIC") such as Aspen Ventures III, L.P. ("Aspen") has violated any provision of the Small Business Investment Act of 1958, or the regulations promulgated thereunder, the SBA may seek from the appropriate United States Federal District Court an order enjoining or restraining such actions, and granting appointment of SBA to act as receiver for such SBIC.

On October 4, 2006, this Court entered its Order granting the receivership and appointing SBA as receiver (the "Receivership Order").  This Order was stipulated to for Aspen by E. David Crockett on behalf of its General Partner, Aspen Ventures Management III, L.L.C. ("AVM").

1
2
3
4
5
6
7
8
9

The Defendant in this matter, Redleaf Group, Inc. ("Redleaf") had no actual notice of the filing of the complaint in the Receivership matter. Instead on December 14, 2006, by letter, SBA as regulator of Aspen notified Redleaf that Aspen had been placed into Receivership and SBA had been appointed Receiver. The letter enclosed a copy of the Receivership Order. On May 9, 2007, by letter, SBA, as receiver, made demand on Redleaf for payment of its unfunded commitment to Aspen. It did so in spite of numerous discussions between SBA as regulator of Aspen and Redleaf, in which Redleaf advised SBA of the inequity and the unlawfulness of SBA's involvement with Aspen as regulator.

10
11
12
13
14
15
16

As part of the discussions between SBA as regulator of Aspen and Redleaf, it was agreed that certain documentation of Aspen and AVM and Redleaf would be exchanged by SBA and Redleaf. The documentation was exchanged in the Spring of 2007. It was not until the time of that exchange that Redleaf discovered the full extent that the behavior of SBA as regulator of Aspen played in facilitating the inequitable solicitation of Redleaf's commitment by AVM and the other third-party defendants in this matter.

17
18
19
20
21
22

On July 20, 2007, SBA as receiver, moved to reopen the Receivership matter for purposes of lifting a stay of litigation to bring an action against Redleaf. On October 1, 2007, that motion was granted, and an Order was entered on October 3, 2007 to that effect. On October 18, 2007, SBA as receiver for Aspen filed the case under consideration against Redleaf. Redleaf's defense of this suit is based, in part, on the actions and omissions of SBA as regulator.

23
24
25
26

This Court has seen through SBA's subterfuge and is now rightfully asking why an alternate receiver should not be appointed given SBA's obvious conflict of interest as regulator of Aspen on the one hand and receiver on the other hand.

27
28

**DISCUSSION**

It is elementary that a receiver be an ***impartial person or entity*** appointed by the court to "receive the rents, issues, or profits of land, or other thing in question in this court, pending the suit, where it does not seem reasonable to the court that either party should do it." *Booth v. Clark,* 58 U.S. 322, 331, 15 L.Ed. 164 (1855); *see also, U.S. v. Royal Business Funds Corp.,* 724 F.2d 12, 16 (2nd Cir. 1983) ("a receivership created under 15 U.S.C. § 687c is governed by principles applicable to federal equitable receivers generally.")

Although the SBA may, under certain circumstances, fulfill this role Congress has explicitly recognized that sometimes the facts preclude SBA from equitably and appropriately fulfilling such a position.  15 U.S.C. § 687c(c); *see also, United States v. First Carolina Fund,* 276 F.Supp. 767, 769 (D.S.C. 1967) (declining plaintiff's invitation to appoint the SBA as the receiver concluding instead that "the ends of justice would best be served by appointing a disinterested local qualified person as receiver.")

The Court has the latitude under the applicable statute to appoint an alternative receiver.  In this regard, 15 U.S.C. § 687c(c) provides:

> Upon request by the Administration, the court may appoint the Administration to act in such capacity [as receiver of an SBIC] unless the court deems such appointment inequitable or otherwise inappropriate by reason of the special circumstances involved.

Here, as the Court has recognized, the equities and circumstances involved cry out for the appointment of an alternative receiver.  The record in this case is replete with misdeeds bordering on fraud by SBA as regulator of Aspen in facilitating AVM and the third-party defendants' fraudulent inducement of Redleaf's commitment.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CONCLUSION

Given the current posture of this proceeding, SBA can no longer adequately serve as an impartial receiver and Redleaf urges the appointment of a qualified alternate receiver to ensure that the issues raised by the parties can be adequately and accurately adjudicated in the pending action.

Dated:  July 2, 2008                                KIRKPATRICK & LOCKHART PRESTON GATES ELLIS LLP


By:  Matthew G. Ball /s/
     Matthew G. Ball, Esq. (CA Bar 208881)
     55 Second Street, Suite 1700
     San Francisco, CA  94105
     Telephone:  (415) 882-8200
     Facsimile:  (415) 882-8220
     (matthew.ball@klgates.com)

     Martin D. Teckler (*pro hac vice*)
     martin.teckler@klgates.com
     Kirkpatrick & Lockhart Preston Gates Ellis LLP
     1601 K Street, NW Washington, DC, 20006-1600
     Telephone: (202) 778-9000
     Facsimile: (202) 778- 9100
     (martin.teckler@klgates.com)

     Attorneys for Defendant/Third-Party Plaintiff
     Redleaf Group, Inc.

REDLEAF GROUP, INC.'S RESPONSE TO ORDER TO SHOW CAUSE
CASE NO. C 07-05350 JW PVT