Honorable James Ware

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES SMALL BUSINESS ADMINISTRATION in its capacity as Receiver for Aspen Ventures III, <br><br> Plaintiffs, <br><br> v. <br><br> REDLEAF GROUP, INC., <br><br> Defendant and Third-Party Plaintiff, <br><br> v. <br><br> ASPEN VENTURES MANAGEMENT III, LLC, a Delaware Limited Liability Company, ALEXANDER P. CILENTO, a California resident, and DAVID CROCKETT, a California resident, and DOES 1-10, <br><br> Third-Party Defendants. | Case No. C-07-05350 JW (PVT) <br><br><br> **ORDER REMOVING SBA AS RECEIVER FOR ASPEN VENTURES III** |

## ORDER

This order is made on the Court's own initiative, following the answer of third-party defendant in this adversary proceeding initiated by the United States Small Business Administration ("SBA") as the receiver, relative to Aspen Ventures III, L.P. ("Aspen").  SBA was appointed receiver on October 4, 2006.  The receivership is pending before this Court as Case No. C-06-04032.

1

On or about October 19, 2007, the receiver initiated this adversary proceeding against Redleaf Group, Inc. ("Redleaf").

The Court, on consideration of the proceedings in the receivership matter, and on all of the proceedings had to date regarding this action against Redleaf, finds:

1.     The receiver was appointed by the court, and stipulated to by Aspen, for the purposes of the purpose of marshaling and liquidating all of Aspen's assets and satisfying the claims of creditors therefrom in the order of priority as determined by this Court.

2.     Pursuant to 15 U.S.C. § 687c(c), the SBA is available to serve as receiver where the facts and circumstances render such service equitable and appropriate.

3.     As receiver, SBA moved the Court for leave to file the current action against Redleaf.

4.     Here, the defenses asserted by Redleaf, and made known to the SBA prior to the initiation of this action, raise questions regarding SBA's conflicting roles as prior regulator and current receiver.

5.     Based on the apparent conflict between allegations related to SBA's role as regulator and its current position as receiver, the provisions of 15 U.S.C. § 687c(c) allowing SBA to serve as receiver where equitable and appropriate are no longer met in this case.

6.     The objects of the receivership have not yet been fully accomplished; for those objects to be properly completed, it is necessary that the original receiver be removed and a successor receiver be appointed.

It is ordered, therefore, that:

1.    SBA is removed as the receiver of Aspen Ventures III, L.P.

2.    _____, residing in _____, _____ County, California, is appointed as the successor receiver of the mentioned properties, with all of the powers and duties conferred by the order of this court, entered on October 4, 2006, appointing the original receiver.

3.    Prior to commencing duties as a successor receiver, the successor receiver must execute and file with the court a bond, with sufficient sureties, in the sum of $_____, conditioned on the faithful performance of all duties as the successor receiver.

4.    On filing of the bond by the successor receiver, the original receiver shall immediately deliver to the successor receiver all assets of the receivership estate in the possession of the original receiver.


Dated: July _____, 2008.

_____

Honorable James Ware